UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re

RUDOLPH W. GIULIANI
a/k/a RUDOLPH WILLIAM GIULIANI

Debtor
-------------------------------------------------------X

Chapter 11

Case No.: 23-12055

**DEBTOR'S MOTION FOR AN ORDER MODIFYING THE STAY FOR THE LIMITED PURPOSES OF ALLOWING THE DEBTOR TO FILE POST TRIAL MOTIONS TO MODIFY THE JUDGMENT AND ON FOR A NEW TRIAL AND TO FILE A NOTICE OF APPEAL**

**TO: THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE**

Rudolph W. Giuliani, the Debtor and Debtor-in-Possession herein, by and through his proposed attorneys, Berger, Fischoff, Shumer, Wexler & Goodman, LLP, as and for his motion to modify the automatic stay for the limited purpose of allowing the Debtor in the case "*Freeman, et al. v. Giuliani*, U.S. District Court, District of Columbia (Washington D.C.) Case No.: 21-cv-03754-BAH" to file a motion to modify the judgment and/or for a new trial, and if necessary file notice or notices of appeal respectfully, represents as follows:

1. On December 21, 2023, the Debtor filed with the Clerk of the Court, a petition for relief from creditors pursuant to Chapter 11 of the Bankruptcy Code.

2. He has thereafter continued in possession of his property and is managing as a debtor and debtor-in-possession his business affairs pursuant to Sections 1107 and 1108 of the Bankruptcy Code. As of this date no committee of creditors of general unsecured creditors has been formed. No trustee or examiner has been appointed.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue of this proceeding and this Motion are proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

4. The statutory basis for the relief sought in this Motion are 11 U.S.C. §§105, 362 and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

5. On December 23, 2021, Ruby Freeman and Wandrea Moss ("Plaintiffs") commenced an action in the Federal District Court for the District of Columbia against Rudolph W. Giuliani and others, alleging damages attributed to various claims of defamation. On December 15, 2023 the jury in that case returned a verdict in favor of Plaintiffs and against Guiliani finding damages of $148,000,000.00.

6. On December 20, 2023, the D.C. Court entered an order granting Plaintiffs leave to register the judgment in any district and lifting the thirty day automatic stay of execution of collection.

7. On December 21, 2023, the Debtor filed his petition for relief from creditors pursuant to Chapter 11 of the Bankruptcy Code. The Debtor intends to file a motion to modify the D.C. judgment and/or request a new trial. In the event these motions are not successful, the Debtor intends to file an appeal or appeals as deemed necessary and appropriate by his counsel in that case.

8. The Debtor is advised by counsel that the time, within which to take such steps, expires on January 16, 2024 but in accordance with applicable non bankruptcy law pursuant to §108

(b)(2) of the Bankruptcy Code the time is automatically extended for sixty days after the petition date or February 18, 2024.

**RELIEF REQUESTED**

9. Pursuant to Section 362(c) of the Bankruptcy Code, the Debtor requests an order modifying the automatic stay for the limited purpose of allowing the *Freeman* case to proceed to the extent of Giuliani filing such post judgment motions to modify the judgment and/or for a new trial and for Plaintiffs to participate in such motion if, in the discretion of Debtor's special litigation, it is deemed necessary to file a notice or notices of appeal in that proceeding and for Plaintiffs to participate in such appeal.

10. To be clear, the stay modification would be for the post verdict motions and appeals. It would not be to authorize the Plaintiffs to take any steps to perfect any additional liens or otherwise proceed with further collection of the judgment except to participate in the post-judgment litigation.

**ARGUMENT**

11. Bankruptcy Code Section 362(d) sets forth the general standard for obtaining relief from the automatic stay. This provision provides, "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay…for cause…." 11 U.S.C. §362(d)(1). The Bankruptcy Code does not define "cause" and courts must determine when relief from the automatic stay is appropriate on a case-by-case basis.

12. In determining whether "cause" exists to life the say, Courts consider the factors set out in *In re Sonnax Indus, Inc. v. Tri Components Prods. Corp.*, 907 F.2d 1280, 1285 (3 Circ. 1990):

i. whether relief would result in a partial or complete resolution of the issues,

ii. the lack of any connection with interference with the bankruptcy case,

iii. whether the other proceeding involves the debtor as a fiduciary,

iv. whether a specialized tribunal with the necessary expertise has been established to hear the cause of action,

v. whether the debtor's insurer has assumed full responsibility for defending the action,

vi. whether the action primarily involves third parties,

vii. whether litigation in another forum would prejudice the interests of other creditors,

viii. whether the judgment claim arising from the other action is subject to equitable subordination,

ix. whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor,

x. the interests of judicial economy and the expeditious and economical resolution of litigation,

xi. whether the parties are ready for trail in the other proceeding, and

xii. the impact of the stay on the parties and the balance of harms.

Id. at 1286; *In re New York Medical Grp., PC,* 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). Not all of the Sonnax Factors are relevant in every case, and "cause" is a flexible concept

that must be determined on a case-by-case basis. *Spencer v. Bogdanovich (In re Bogdanovich),* 292 f.3D 104, 110 (2d Cir. 2002) (citing *Mazzeo v. Lenhart* (*In re Mazzeo*), 167 F.3d 139, 143 (2d Cir. 1999)).

13. This Court found Movant was entitled to the same relief requested herein in *In re Mildred Deli Grocery, Inc.*, 2018 Bankr. Lexis 546 (U.S.B.C., S.D.N.Y., Case No: 18-10077(MG)). Justice Glenn found that, like here, the primary reason for the Debtor's bankruptcy is the prior litigation. Efficient resolution of the Debtor's post-judgment motion(s) and/or appeal(s) from the judgment in the District Court will assist resolution of the bankruptcy action. Because the judgment was already rendered in the District Court action, the Debtor should be entitled to seek post-judgment relief as expeditiously as possible.

14. The automatic stay of 11 U.S.C. §362(a) is meant to protect the interests of the Debtor. Here, the Debtor himself is the one requesting modification of the stay, albeit solely to file post-judgment motions and/or appeal(s) in the District Court. Those procedural actions in that Court will assist in the instant bankruptcy proceeding.

15. In this instance the $148,000,000.00 judgment was the immediate precipitating cause of the Debtor's Chapter 11 filing. The Debtor believes the outsized judgment is unreasonable on its face and does not reflect the true damages, if any, suffered by Plaintiffs. The Debtor expects to be successful in having the judgment modified or vacated. As such a substantial reduction in the *Freeman* claim would render a substantial benefit to the Debtor, his estate and his creditors. Accordingly it is extremely important the Debtor be authorized to continue with the post judgment process.

## CONCLUSION

16. Based upon the foregoing, the Debtor respectfully request this Court enter an order modifying the stay solely to the of authorizing the filing of post judgment motions or notice of appeals by the Debtor.

Dated: Syosset, New York
January 5, 2024

BERGER, FISCHOFF, SHUMER,
WEXLER & GOODMAN, LLP
*Proposed Attorneys for the Debtor*

____________________________
Gary C. Fischoff, Esq.
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791

# SCHEDULE A

**All Creditors of the Debtor**

**Office of the United States Trustee**