UNITED STATES BANKRUPTY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re                                                                                    Chapter 11

RUDOLPH W. GIULIANI                                          Case No.: 23-12055
a/k/a RUDOLPH WILLIAM GIULIANI

                                    Debtor
------------------------------------------------------------X

## APPLICATION IN SUPPORT FOR AN ORDER
## SCHEDULING AN EXPEDITED HEARING

Gary C. Fischoff, an attorney duly admitted to practice before this Court status under the penalties of perjury:

1. I am a member of the firm Berger, Fischoff, Shumer, Wexler & Goodman, LLP, attorneys for Rudolph W. Giuliani, the above captioned Debtor and Debtor-in-Possession (the "Debtor").

2. On December 21, 2023 the Debtor filed the within Chapter 11 case. The Debtor has continued in possession of its property and management of his business affairs as a debtor-in-possession pursuant to 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee of general unsecured creditors has been appointed.

3. I am submitting this affirmation for an order pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9077 in support of the Debtor's request for an Order Scheduling a Hearing on Shortened Notice for an Order pursuant to Section 362(d)(1) of the United States Code authorizing the modification of the stay for purposes of post judgment motions and appeals, but not collection.

4. The Debtor is proceeding by Order Scheduling a hearing, rather than by notice of motion because the immediate precipitating cause of the Debtor's filing was the $148,000,000.00 judgment in the *Freeman* case.

5. The Debtor's proposed Special Litigation Counsel (whose retention application will be filed next week) intends to file a post judgment motion to modify the judgment and or for a new trial. The outcome of the post trial motions will impact the Debtor's Chapter 11 proceeding. The sooner the *Freeman* judgment can be addressed, the sooner the Debtor will be in a position to file a proposed Plan of Reorganization.

6. Based upon the above circumstances and as set forth in the motion, the Debtor believes that the Court should schedule an expedited hearing.

7. No previous request for relief sought in the motion has been made to this or any other Court.

Dated: Syosset, New York
January __, 2024

BERGER, FISCHOFF, SHUMER,
WEXLER & GOODMAN, LLP
*Proposed Counsel to the Debtor*
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791

_____
Gary C. Fischoff, Esq.