UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                          Chapter 11

RUDOLPH W. GIULIANI                                   Case No: 23-12055
a/k/a RUDOLPH WILLIAM GIULIANI


                              Debtor
------------------------------------------------------- X

### DEBTOR'S APPLICATION FOR RETENTION AND EMPLOYMENT OF AIDALA, BERTUNA & KAMINS, P.C. AS SPECIAL COUNSEL <u>EFFECTIVE DECEMBER 21, 2023</u>

**TO THE HONORABLE SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**


The Application of Rudolph W. Giuliani, by and through his attorneys, Berger, Fischoff, Shumer, Wexler & Goodman, LLP respectfully represents:

### JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

2. The basis for the relief requested herein are sections 105, 327(e) and 330 of the Bankruptcy Code, Rule 2014 of the Bankruptcy Rules and Rules 2014-1 and 2016-1 of the Local Rules for the Bankruptcy Court for the Southern District of New York.

### BACKGROUND

3. On December 21, 2023 (the "Petition Date"), the Debtor filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.  The Debtor continues in possession and management of his assets and is managing as a debtor and debtor-in-possession pursuant to Bankruptcy Code §§1107 and 1108.

5.  By this Application, the Debtor requests the entry of an Order pursuant to Section 327(e) of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure, approving the employment and retention of Aidala, Bertuna & Kamins, P.C. ("AB&K") as special counsel to the Debtor.

6.  The Debtor requests authority to employ the Aidala, Bertuna & Kamins, P.C. (ABK) firm as special counsel so they can continue in their capacity as the Debtor's primary representation in the attorney disciplinary proceedings pending in the State of New York and Washington, D.C. as well as the state criminal case in Georgia.  Two of these proceedings are civil actions by a governmental unit to enforce their regulatory powers and the third is a criminal proceeding.  Accordingly, these proceedings are not subject to the provisions of the automatic stay.

7.  Pursuant to the declaration of Hon. John M. Leventhal, Esq. (Ret.), a partner at ABK (the "Declaration"), ARK requests to be retained as special counsel to continue representing the Debtor *"In the matter of Rudolph W. Giuliani admitted as Rudolph William Giuliani, a suspended attorney, Case No: 2021-0056"* pending before the Attorney Grievance Committee for the First Judicial Department and similar matters pending in Washington D.C. and the criminal case in Georgia.[1]

8.  It is important to the Debtor and the estate that the Debtor continue to defend himself in the pending attorney disciplinary proceedings.  Currently the Debtor is suspended from the

---

[1] The Washington matter is captured "In the Matter of Rudolph W. Giuliani, Esq. Bar No: 237255, A Temporarily Suspended Member of the Bar of the District of Columbia Court of Appeals, Admitted: December 2, 1976 BDS: 2-BD-027, DDN:2020-D253.  The Georgia matter is captioned The State of Georgia v. Trump, Giuliani et al, Indictment #23SC188947.

practice of law. This disables him from the representation of potential clients. The inability to practice law has had a profound negative impact on the Debtor's ability to earn income to the detriment of his creditors. Therefore, the continued representation by ABK in the disciplinary case may provide a substantial benefit to the estate and its creditors.

9. The Debtor believes ABK is well qualified to continue its representation. ABK was selected because of ABK's expertise and extensive experience in attorney disciplinary matters. The retention of ABK would be for the purpose of continuing its pre-petition representation of the Debtor in the pending attorney disciplinary matters. ABK and its attorneys have been involved in numerous cases involving attorney disciplinary proceedings and are fully versed in such matters. Because they are already representing the Debtor in these cases, they are already fully familiar with the case history it is efficient and cost effective for them to continue.

10. ABK will be compensated for professional services at the firm's usual and customary rate for matters of this nature. It will also be entitled to reimbursement of actual, necessary expenses incurred in connection with the retention subject to Court's approval in accordance with Section 330(a) of the Bankruptcy Code and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and Orders of the Court. ABK has agreed to charge a much reduced hourly rate to continue its representation of Debtor in the disciplinary matters.

11. The retention of ABK would be for the purpose to continue its pre-petition representation of the Debtor in the pending state criminal case in Georgia. Two of ABK's partners, John Esposito, a former supervising attorney in the Manhattan District Attorney's office also has

33 years of criminal defense experience, David Lewis, a former Court of Claims Judge who has extensive criminal law experience both as a judge and as a defense attorney, have been admitted Pro Hac Vice in Georgia to serve as Debtor's attorneys along with local Georgia counsel in the criminal case. ABK seeks permission of the Court to enter into a retainer agreement with Debtor to represent him in the Georgia criminal matter. ABK has agreed to charge a much reduced hourly rate in the criminal matter.

12. ABK does not have any connection with or represent any interest adverse to the Debtor, the Estate, creditors, or any other parties in interest.  As of the filing date ABK had outstanding invoices totaling $427,369.37.  As set forth in the declaration of Hon. John Leventhal, Esq. (Ret.), ABK will not seek collection of the pre-petition amounts except as provided in a confirmed plan of reorganization.  ABK will also not participate in the Chapter 11 proceeding as a creditor except to file a proof of claim for its pre-petition amounts for the filing of or fee application for its post-petition billing.  Nothing herein shall prevent ABK from being paid by third party sources that have helped from time to time pay some of the Debtor's legal bills and that also waive any claim for reimbursement from the estate.

13. Applicant believes that it would be economical and in the best interest of the Estate for ABK to be retained as Special Counsel to the Debtor in the two disciplinary matters and the Georgia state criminal proceeding.

WHEREFORE, Applicant respectfully requests entry of the attached proposed Order, and for such other and further relief as is just and proper, for which previously application has not been made.

Dated: Syosset, New York
January 5, 2024

BERGER, FISCHOFF, SHUMER,
WEXLER & GOODMAN, LLP
*Proposed Attorneys for the Debtor*

_____

Gary C. Fischoff, Esq.
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791