UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                              Chapter 11

RUDOLPH W. GIULIANI                                  Case No: 23-12055
a/k/a RUDOLPH WILLIAM GIULIANI

                                    Debtor
----------------------------------------------------------X

### DECLARATION OF HON. JOHN M. LEVENTHAL, ESQ.(RET.) IN SUPPORT OF THE APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF AIDALA, BERTUNA & KAMINS P.C. AS SPECIAL COUNSEL TO THE DEBTOR EFFECTIVE DECEMBER 21, 2023

I, John Leventhal, Esq, hereby declare, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct, to the best of my knowledge and belief after due inquiry as described herein:

1. I am a partner in the law firm of Aidala, Bertuna & Kamins, P.C. ("ABK") located at, among other places 546 Fifth Avenue, 6th Floor, New York, New York 10036.

2. I am familiar with the matters set forth herein and make this declaration in support of the application (the "Application") of Rudolph W. Giuliani, the Debtor and Debtor-in-Possession herein to retain ABK as his special counsel in this case. Specifically, the Debtor seeks to retain ABK as his special counsel to represent the Debtor in connection with the representation in two attorney disciplinary matters pending in New York State and Washington D.C. and one state criminal proceeding in Georgia.

### ABK'S QUALIFICATIONS

3. The Debtor seeks to retain ABK because ABK's expertise and extensive experience and knowledge of attorney disciplinary matters. Barry Kamins, Esq. and I have the primary responsibility for the Debtor's disciplinary matters. We have extensive experience with

attorney disciplinary matters. Barry Kamins is the past Chairman of the Grievance Committee of the 2nd and 11th Judicial Districts and has represented many attorneys in disciplinary matters. I was an Associate Justice of the Appellate Division, Second Department for thirteen years where one of my duties was to rule on attorney disciplinary matters and to impose an appropriate sanction if warranted.

4. Two of ABK's partners, John Esposito, a former supervising attorney in the Manhattan District Attorney's office who has 33 years of criminal defense experience, and David Lewis, a former Court of Claims Judge who has extensive criminal law experience both as a judge and as a defense attorney, have been admitted Pro Hac Vice in Georgia, to serve as Debtor's attorneys along with local Georgia counsel in the criminal case. We seek permission of the Court to enter into a retainer agreement with Debtor to represent him in the Georgia criminal matter.

5. ABK has represented Debtor in two concluded matters, In Re Search Warrant dated April 21, 2021 (21 Mag. 4335)(SDNY), In Re Search Warrant dated April 28, 2021 (21 Mag.4591), In Re Search Warrant dated November 4, 2021 (19 Mag. 10346) serving as co-counsel with Robert Costello, Esq. and in defense of the Appellate Division, First Department Grievance Committee's motion for an interim suspension.

## PROFESSIONAL COMPENSATION

6. ABK intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of actual, necessary expenses incurred in connection with the engagement subject to the Court's approval in accordance with Section 330(a) of the Bankruptcy Code and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures

and orders of the Court. The hourly rates AB&K will use in this Chapter 11 case are the same as the hourly rates ABK generally uses in similar representations, regardless of the location of the matter.

7. AB&K's current hourly rates for the scope of its representation range as follows:

    Former Judges Kamins, Leventhal and Lewis hourly rate is $1,100

    Although we charged our full rate in the search warrant matters,

    we have accommodated debtor in the past in some of his matters, charging only $850/ hour in the Interim Suspension matter, billing $136,671.50, but agreeing with a cap of only $100,000; $950/ hour in the New York and Washington DC attorney disciplinary matters.

    Mr. Esposito's hourly rate is $900

    All the attorneys involved have agreed to bill at a reduced rate of $500/hour in the future due to the Debtor's bankruptcy filing

    Any associates will bill at $250/hour

    Paralegals will bill at $150/hour

8. ABK will absorb the travel, lodging and meal expenses of John Esposito and former Judge David Lewis relating to the Georgia state criminal case.

9. ABK's hourly rates are set at a level designated to compensate ABK fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses. Hourly rates vary with experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

10. It is ABK's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also ABK's policy to charge its clients only the amount actually incurred by ABK in connection with such items. Examples of such expenses include overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research and photocopying.

11. ABK will charge $0.10 per page for standard duplication in its offices in accordance with E.D.N.Y. LBR 2016-1(a) and the *Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases*. ABK does not charge its clients for incoming or outgoing facsimile transmissions. ABK has negotiated a discounted rate for Westlaw/Lexis Nexis computer-assisted legal research. Computer-assisted legal research is used whenever the researcher determines that using it is more costs effective than using traditional (non-computer-assisted legal research) techniques.

### ABK'S DISINTERESTEDNESS AND LACK OF ADVERSE INTERST

12. ABK in connection with its proposed retention by the Debtor in this Chapter 11 case, undertook to determine whether it had any conflicts or other relationships that might cause it not to be determined or to hold or represent an interest adverse to the Debtor or his estate. Specifically, ABK obtained from the Debtor's counsel, including various filings by the Debtor, the names of individuals and entities that may be parties in interest in this Chapter 11 case or otherwise have material connections to this case (the "Potential Parties in Interest") and such parties are listed in Schedule 1 hereto. Schedule 1 includes all creditors disclosed on Debtor's schedules, and all the Debtor's affiliates disclosed on the Debtor's

Schedules. ABK has searched its electronic database for its connections to the entities and people listed in Schedule 1.

13. To the best of my knowledge, (a) ABK is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtor's estate, and (b) ABK has no material connection to the Debtor, his creditors, or other parties in interest, except as may be disclosed in this Declaration.

14. In accordance with section 1103(b) of the Bankruptcy Code, ABK will not, while employed by the Debtor in this Chapter 11 case, represent any person or other entity having an adverse interest in connection with this Chapter 11 case,

15. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I, ABK, nor any partner, of counsel or associate thereof, insofar as I have been able to ascertain, have any connection with the Debtor, his creditors, or any other parties in interest, their respective attorneys and accountants, the Office of the United States Trustee for the Eastern District of New Yor (the "U.S. Trustee"), any person employed in the Office of the U.S. Trustee, and Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Southern District of New York, any District Judge currently serving on the United States District Court of the Southern District of New York, or the Clerk and Deputy Clerk of the United States Bankruptcy Court for the Eastern District of New York.

16. ABK will continue to conduct periodic conflict analyses to determine whether it is performing or has performed services for any Potential Parties in Interest in this Chapter 11 case, and ABK will promptly updated this Declaration to disclose any material

developments regarding the Debtor, his creditors, or any other pertinent relationship that comes to ABK's attention.

17. To the best of my knowledge, after due inquiry, ABK:

   a. Is not an equity security holder, or an "insider" of the Debtor;

   b. Is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and

   c. Does not have an interest materially adverse to the interest of the Debtor's estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker, or for any other reason.

18. ABK is a creditor of the Debtor as ABK has been representing the Debtor in the disciplinary matters pending in New York, Washington D.C. and the criminal state proceeding in Georgia – the same matters upon where we seek retention.

19. During the course of the pre-petition representation which commenced on or about March 4, 2021 and May 2021 for the two completed matters set out in ¶5 and the two extant attorney disciplinary matter (New York and Washington DC) commenced on or about June 29, 2021, upon information and belief after a review of the records provided me, we had billed the Debtor a total of $881,887.94, of which $427,369.37 remains outstanding. During the course of the representation, ABK has been paid by the Debtor $50,000. We have also received payments of $404,518.57 from two Giuliani Defense Funds.

20. If we are approved by the Court to continue our representation post-petition, we will not seek to be paid the pre-petition amounts except as provided through a confirmed plan of

reorganization. We will not participate in the Chapter 11 as creditors except to file a proof of claim as a general unsecured creditor.

21. Since the filing of the petition, our office has continued representing the Debtor to meet Court deadlines. ABK has earned approximately $12,000 in post-petition fees. Therefore, we request the retention be approved *nunc pro tunc* to the filing date.

22. Accordingly, I believe ABK is "disinterested", as that term is defined in section 101(14) of the Bankruptcy Code, and, pursuant to section 327(a) of the Bankruptcy Code, is not disqualified from being retained as special counsel to the Trustee.

23. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on January 8, 2024

Hon. John M, Leventhal, Esq., (Ret.)