UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                               Chapter 11

RUDOLPH W. GIULIANI                                  Case No: 23-12055
a/k/a RUDOLPH WILLIAM GIULIANI

                            Debtor
-------------------------------------------------------X

**DEBTOR'S APPLICATION FOR RETENTION AND EMPLOYMENT OF
CAMARA & SIBLEY, LLP AS SPECIAL LITIGATION COUNSEL
<u>EFFECTIVE DECEMBER 21, 2023</u>**

**TO THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE**

The Application of Rudolph W. Giuliani, by and through his attorneys, Berger, Fischoff, Shumer, Wexler & Goodman, LLP respectfully represents:

### JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

2. The basis for the relief requested herein are sections 105, 327(e) and 330 of the Bankruptcy Code, Rule 2014 of the Bankruptcy Rules and Rules 2014-1 and 2016-1 of the Local Rules for the Bankruptcy Court for the Southern District of New York.

### BACKGROUND

3. On December 21, 2023 (the "Petition Date"), the Debtor filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. The Debtor continues in possession and management of his assets and is managing as a debtor and debtor-in-possession pursuant to Bankruptcy Code §§1107 and 1108.

5. By this Application, the Debtor requests the entry of an Order pursuant to Section 327(e) of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure, approving the employment and retention of Camara & Sibley, LLP ("C&S") as special litigation counsel to the Debtor.

6. The Debtor requests authority to employ the C&S firm as special litigation counsel so they can continue in their capacity as the Debtor's primary representation in the tort case styled "Case No. 1:21-cv-03354-BAH FREEMAN et al. v. GIULIANI" ("Matter") pending the United States District Court for the District of Columbia.

7. Pursuant to the declaration of Joseph Sibley, Esq., a partner at C&S (the "Declaration"), C&S requests to be retained as special litigation counsel to continue representing the Debtor with the Matter.

8. It is important to the Debtor and the estate that the Debtor continue to defend himself in the Matter.

9. The Debtor believes C&S is well qualified to continue its representation. C&S was selected because C&S's expertise and extensive experience in defamation and First Amendment matters. The retention of C&S would be for the sole purpose to continue its pre-petition representation of the Debtor in the Matter and to pursue an appeal, if necessary. C&S and its attorneys have been involved in numerous cases involving defamation and First Amendment law and are fully versed in such matters. Because they are already representing the Debtor in these cases, they are already fully familiar with the case history it is efficient and cost effective for them to continue.

10. C&S will be compensated for professional services at the firms usual and customary rate for matters of this nature. It will also be entitled to reimbursement of actual, necessary expenses incurred in connection with the retention subject to Court's approval in accordance with Section 330(a) of the Bankruptcy Code and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and Orders of the Court.

11. C&S does not have any connection with or represent any interest adverse to the Debtor, the Estate, creditors, or any other parties in interest. As set forth in the declaration of Joseph Sibley, Esq., C&S is not a creditor of debtor. C&S has worked on approximately ten matters for debtor since February of 2021 and has been paid approximately $500,000.00 for such work, with all except an initial retainer of $20,000.00 and a subsequent payment of $10,000.00 coming from third-party legal defense funds. C&S has conferred with these legal funds and have received assurances and representations that all future costs and fees will be reimbursed / paid for by the legal defense funds and C&S will look to these funds first and foremost for any fees or expenses incurred in this representation. C&S will also not participate in the Chapter 11 proceeding as a creditor except, possibly, to file a fee application for its post-petition billing. Nothing herein shall prevent C&S from being paid from third party sources that have helped from time to time pay some of the Debtor's legal bills and that also waive any claim for reimbursement from the estate.

12. Applicant believes that it would be economical and in the best interest of the Estate for C&S to be retained as Special Litigation Counsel to the Debtor.

WHEREFORE, Applicant respectfully requests entry of the attached proposed Order, and for

such other and further relief as is just and proper, for which previously application has not been made.

Dated: Syosset, New York
     January 5, 2024

                                  BERGER, FISCHOFF, SHUMER,
                                  WEXLER & GOODMAN, LLP
                                  *Proposed Attorneys for the Debtor*

                                  /s/ Gary C. Fischoff
                                  Gary C. Fischoff, Esq.
                                  6901 Jericho Turnpike, Suite 230
                                  Syosset, New York 11791