UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| RUDOLPH W. GIULIANI a/k/a RUDOLPH WILLIAM GIULIANI, | ) Case No. 23-12055 |
| Debtor. | ) |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
THE HERRING PARTIES' MOTION FOR ENTRY OF ORDER
CLARIFYING WHETHER THE AUTOMATIC STAY APPLIES
TO STAY DISCOVERY IN CONSOLIDATED LITIGATION**

Herring Networks, Inc. d/b/a One America News Network, Charles Herring, Robert Herring, Sr., and Chanel Rion (collectively, the "Herring Parties") state as follows in support of their *Motion for Entry of Order Clarifying Whether the Automatic Stay Applies to Stay Discovery in Consolidated Litigation* (the "Motion"):

**Relief Requested**

1. The Herring Parties seek an order, pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code"), clarifying whether the automatic stay prohibits the continuation of discovery, in whole or in part, in certain litigation so that the Herring Parties and other litigation parties may avoid violating the automatic stay. The Herring Parties request a status conference on this Motion and are serving same on all parties to the Litigation (defined below). All but one party to the Litigation have either agreed to or have stated that they do not oppose the filing of this Motion.

**Jurisdiction & Venue**

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for relief requested herein are sections 105 and 362 of the Bankruptcy Code, Rule 4001(d) of the Federal Rules of Bankruptcy Procedure, and Rule 4001-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

**Background**

5. On December 21, 2023 (the "Petition Date"), Rudolph W. Giuliani (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. Prior to the Petition Date, U.S. Dominion, Inc. ("Dominion") filed five separate lawsuits against the Debtor and other non-debtor defendants, including the Herring Parties, arising out of the Debtor's and other defendants' public statements about the 2020 presidential election. These lawsuits, all pending in the same court in the District of Columbia (the "D.C. Court"), are:

- Civil Action No. 1:21-cv-00040 (CJN); *U.S. Dominion, Inc., et al. v. Sidney Powell, et al.*; in the United District Court for the District of Columbia; filed January 8, 2021 (the "Powell Case");

- Civil Action No. 1:21-cv-00213 (CJN); *U.S. Dominion, Inc., et al. v. Rudolph W. Giuliani, et al.*; in the United District Court for the District of Columbia; filed January 25, 2021 (the "Giuliani Case");

- Civil Action No. 1:21-cv-0045 (CJN); *U.S. Dominion, Inc., et al. v. My Pillow, Inc., et al.*; in the United District Court for the District of Columbia; filed February 22, 2021 (the "My Pillow Case");

- Civil Action No. 1:21-cv-02131 (CJN); *U.S. Dominion, Inc., et al. v. Patrick Byrne, et al.*; in the United District Court for the District of Columbia; filed August 10, 2021 (the "Byrne Case"); and

- Civil Action No. 1:21-cv-02130 (CJN); *U.S. Dominion, Inc., et al. v. Herring Networks, Inc., et al.*; in the United District Court for the District of Columbia; filed August 10, 2021 (the "OAN Case")

(each, a "Case" and collectively, the "Litigation"). Several defendants in the Litigation, including the Herring Parties, filed counterclaims, cross-claims, and third-party claims, in some instances related to claims already pending in the Litigation, and in some instances not. For instance, in the OAN Case, the Herring Parties filed claims against the Dominion plaintiffs and third-party defendants for tortious interference and/or contractual indemnity involving a contract that is not at issue in the other Cases.

7. Despite filing the Cases at different times and initially proceeding separately, Dominion moved the D.C. Court to consolidate discovery for the Litigation. Multiple defendants opposed Dominion's request for consolidation. Nonetheless, on July 24, 2023, the D.C. Court entered an order (the "Consolidation Order") consolidating the Litigation under the OAN Case for the purpose of discovery and ordering a discovery schedule. The Consolidation Order is attached hereto as **Exhibit 1**.

8. Under the Consolidation Order, the deadline for fact discovery, including depositions (the "Discovery"), runs on May 30, 2024. The Herring Parties are unsure of the status of responses to written Discovery at this time, but substantial Discovery has been ongoing and will continue up to the May 30, 2024 deadline, and potentially thereafter as the Litigation develops. Specifically, the Herring Parties anticipate that parties to the Litigation may issue subpoenas to third parties for further Discovery, including depositions, over the next few months. Due to the consolidation, Discovery obtained in one Case is distributed to, and may be used in, every other Case. Similarly, every defendant is entitled to participate in every deposition, regardless of the Case the deposition is noticed in. The Debtor listed the Giuliani Case in his Top 20 List [Docket No. 2], but he is also a participant (though not a named party) in the other four Cases by

3

virtue of the consolidation of Discovery in the Litigation. The Debtor may want to participate in this Discovery or quash Dominion's or other defendants' efforts to obtain Discovery from third parties. Notably, the Debtor made four of the statements that are alleged to be defamatory in Dominion's complaint against the Herring Parties. Parties to the Litigation may also want to take the Debtor's deposition or propound written discovery on him, which would directly implicate the automatic stay. Additionally, as the Debtor has not been severed from the Consolidation Order, it is unclear whether he must still be served with Discovery obtained from or directed to other parties or third parties, or whether such actions would violate the automatic stay.

9. The Herring Parties file this motion out of an abundance of caution to seek the Court's clarification as to whether the Discovery may proceed or is in any way limited by the automatic stay. The Herring Parties do not wish to cause any delays in the Litigation but do not want to risk violating the automatic stay.

## Basis for Relief

10. Section 105 of the Bankruptcy Code authorizes a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) therefore authorizes a bankruptcy court to issue injunctions and take other necessary steps in aid of its jurisdiction. *See, e.g.*, *United States v. Sutton*, 786 F.2d 1305, 1307 (5th Cir. 1986); *MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 93 (2d Cir. 1988). Such orders are appropriate where they are essential to the debtor's reorganization efforts and do not burden creditors. *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994) (holding that, as courts of equity, bankruptcy courts are empowered to invoke equitable principles to achieve fairness and justice in the reorganization process).

4

11. Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition:

> operates as a stay, applicable to all entities, of—
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1). Given its fundamental importance to a debtor's reorganization, courts broadly construe the stay provisions of Bankruptcy Code § 362. *In re NextWave Pers. Commc'ns., Inc.*, 244 B.R. 253, 271 (Bankr. S.D.N.Y. 2000) ("The automatic stay is broadly written and broadly construed.").

12. The Giuliani Case is undoubtedly a "proceeding against the Debtor." 11 U.S.C. § 362(a)(1). The remaining Cases are not brought against the Debtor.

13. Upon Dominion's request (and over multiple defendants' objections), the Litigation has been consolidated solely for the purposes of the Discovery. That said, the Litigation may now be considered a "proceeding against the Debtor" by virtue of the consolidation of Discovery in the five Cases. 11 U.S.C. § 362(a)(1).

14. The Herring Parties seek this Court's clarification as to whether the automatic stay prohibits the continuation of Discovery under the Consolidation Order, or limits it in any manner. At this time, the Herring Parties are not aware of outstanding Discovery due from the Debtor. However, it is anticipated that the parties to the Litigation may seek the Debtor's deposition as well as other Discovery that could distract from the Debtor's efforts to reorganize, and more generally, Discovery proceeding in the absence of the Debtor could potentially impinge on Debtor's ability to defend the Litigation.

5

15. This Court, rather than the D.C. Court, is the proper forum in which to decide whether the automatic stay applies. *See Time Warner Cable v. M.D. Elecs.*, 101 F.3d 278, 282 (2d Cir. 1996) ("We think that considerations of proper judicial administration suggest that Time Warner seek the relief it most urgently requires from the bankruptcy court, so that unnecessary conflict between courts perhaps may be avoided."). Deciding whether the Discovery may proceed and with what limitations, if any, involves a balance of fulfilling the Bankruptcy Code's objectives and allowing the debtor a "breathing spell" in which to reorganize versus the non-debtor litigants' ability to obtain evidence to prosecute their claims effectively. *In re Johns-Manville Corp.*, 41 B.R. 926, 931-32 (S.D.N.Y. 1984).

16. This Court's guidance is needed because the Discovery is sought regarding claims, counter claims, cross-claims, and third party claims by and among multiple parties, only one of which is the Debtor. The Litigation is undoubtedly complex and sensitive on multiple levels. Parties to the Litigation do not wish to "wait and see" whether the Discovery runs afoul of this Court's interest in protecting its Debtor.

## Conclusion

17. The Herring Parties respectfully request the Court enter an order (a) clarifying the extent and scope of the automatic stay as to the Discovery and (b) granting such further relief as the Court deems appropriate.

## Notice

18. The Herring Parties will provide notice of this Motion to: (a) the Debtor; (b) the Office of the U.S. Trustee for the Southern District of New York; (c) the parties to the Litigation; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no further notice need be given.

**WHEREFORE**, the Herring Parties respectfully request (1) entry of an order, substantially in the form attached hereto as **Exhibit 2**, setting a status conference on this Motion, and (2) clarification on whether the automatic stay enjoins or limits Discovery in the Litigation.

Dated: January 12, 2024                                  Respectfully submitted,

                                                         By: */s/ Victoria Argeroplos*

                                    **JACKSON WALKER LLP**
                                    Charles L. Babcock (NY State Bar No. 5451117)
                                    cbabcock@jw.com
                                    Matthew D. Cavenaugh (*pro hac vice* pending)
                                    mcavenaugh@jw.com
                                    Joel Glover (NY State Bar No. 5697487)
                                    jglover@jw.com
                                    Victoria Argeroplos (*pro hac vice* pending)
                                    vargeroplos@jw.com
                                    1401 McKinney St, Suite 1900
                                    Houston, TX 77010
                                    T: (713) 953-4200
                                    F: (713) 752-4221

                                    *Counsel for the Herring Parties*

**Certificate of Service**

I certify that on January 12, 2024, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will electronically mail notification of the filing to all counsel of record who are registered ECF users.

                                                 /s/ *Victoria Argeroplos*
                                                 Victoria Argeroplos

**Certificate of Conference**

I certify that on January 10-12, 2024, I conferred with the following counsel for consolidated Defendants in the Litigation, who, having reviewed this motion, indicated that they: (1) agree that additional guidance from the Court regarding the scope of the automatic stay is both necessary and appropriate, and (2) consent to the relief requested in this motion.

Gregory M. Singer
gsinger@laurosinger.com
LAURO & SINGER
400 N. Tampa St., 15th Floor
Tampa, FL 33602
(813) 222-8990
*Counsel for Consolidated Defendant Christina Bobb*

Alfred Carry
acarry@mcglinchey.com
McGlinchey Stafford
1275 Pennsylvania Ave. NW, Suite 420
Washington, DC  20004
(202-802-9951
*Counsel for Consolidated Defendant Patrick Byrne*

Teresa Cinnamond
Teresa.cinnamond@kennedyslaw.com
Kennedys
120 Mountain View Boulevard
Basking Ridge, New Jersey  07920
(908) 848-6307
*Counsel for Consolidated Defendant Sidney Powell and Sidney Powell, P.C.*

Joseph Pull
pull@parkerdk.com
Parker Daniels Kibort
888 Colwell Building
123 North Third Steet
Minneapolis, MN  55401
(612)355-4100
*Counsel for Consolidated Defendant MyPillow*

Marc J. Eisenstein, Esq.
marc@coburngreenbaum.com
Coburn & Greenbaum PLLC
1710 Rhode Island Avenue, Northwest
Second Floor

Washington, DC 20036
Telephone: 703-963-7164
*Counsel for Consolidated Defendant Defending the Republic*

I further certify that I conferred with the following counsel for U.S. Dominion, Inc., who stated that Dominion does not oppose OAN seeking clarification that the stay does not apply to the other consolidated for discovery cases. To be clear, Dominion opposes any suggestion that the automatic stay applies to those cases.

Jonathan Ross
jross@susmangodfrey.com
Katie Sammons
ksammons@susmangodfrey.com
Susman Godfrey L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: 713-653-7813
*Counsel for U.S. Dominion, Inc.*

I further certify that on January 10-12, 2024, I separately conferred with counsel for the following parties regarding the contents of this motion, who did not state any opposition to the filing of this motion.

Gary Fischoff
gfischoff@bfslawfirm.com
Berger, Fischoff, Shumer, Wexler, & Goodman, LLP
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
Telephone: 516-747-1136
*Counsel for the Debtor*

/s/ *Victoria Argeroplos*
Victoria Argeroplos

2