**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>RUDOLPH W. GIULIANI<br>a/k/a RUDOLPH WILLIAM GIULIANI,<br><br>Debtor. | Objection to Docket No. 49<br><br>Case No. 23-12055<br><br>Chapter 11 |

**LIMITED OPPOSITION OF THE DOMINION PARTIES TO
THE HERRING PARTIES' NOTICE OF PRESENTMENT OF
PROPOSED ORDER SETTING STATUS CONFERENCE ON
MOTION FOR ENTRY OF ORDER REGARDING THE AUTOMATICS STAY
AND UNDERLYING MOTION REGARDING THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE** that US Dominion, Inc., Dominion Voting Systems, Inc. and Dominion Voting Systems Corporation (collectively, "Dominion"), creditors of debtor Rudolph Giuliani (the "Debtor") in this chapter 11 case, by and through their undersigned counsel of record, hereby file this limited opposition to (1) the *Notice of Presentment of Proposed Order Setting Status Conference on Motion for Entry of Order Clarifying Whether the Automatic Stay Applies to Stay Discovery in Consolidated Litigation* [Docket No. 49] (the "Notice of Presentment") and (2) the underlying *Motion and Memorandum of Law in Support of The Herring Parties' Motion for Entry of Order Clarifying Whether the Automatic Stay Applies to Stay Discovery in Consolidated Litigation* [Docket No. 49] (the "Motion") filed by Herring Networks, Inc. d/b/a One America News Network, Charles Herring, Robert Herring, Sr., and Chanel Rion (collectively, the "Herring Parties"), as follows.

### INTRODUCTION

1.      Dominion filed five separate and distinct lawsuits against the Debtor and other non-debtor defendants, including the Herring Parties, arising out of the Debtor's and the other non-debtor defendants' public statements about Dominion. All of these cases are pending before the United States District Court for the District of Columbia (the "District Court Litigation").

-1-

2. These cases have been consolidated <u>solely</u> for purposes of discovery per the District Court's Consolidation Order.[1] The Debtor is a defendant in the Giuliani Case. The Herring Parties are defendants in the OAN Case. The Herring Parties have not filed any cross-claims against the Debtor in the OAN Case. The Debtor has not scheduled the Herring Parties as creditors in this chapter 11 case. *See* Docket No. 1 (Schedule D and Schedule E/F).

3. While the Herring Parties do not have standing to obtain the relief requested in the Motion and have employed the wrong procedure for seeking such relief, Dominion submits that the Court should promptly enter an order finding that the automatic stay of section 362(a) of the Bankruptcy Code[2] does not operate as a stay of the District Court Litigation and its consolidated discovery process.

4. As discussed below, the automatic stay protects only the Debtor and does not preclude continued prosecution of actions against non-debtor co-defendants, let alone disparate defendants in separate actions that have only been consolidated for purposes of discovery. Further, the automatic stay does not preclude conducting discovery even as against the Debtor where the purpose of that discovery pertains to the claims asserted against non-debtor co-defendants and disparate non-debtor parties (*i.e.*, where discovery is being sought against the Debtor as a witness with respect to claims against non-debtor parties, as opposed to claims against the Debtor).

5. The Motion further invokes section 105(a) in support of the relief requested. To be clear, to the extent that the Herring Parties are seeking to extend the automatic stay to non-debtor parties, <u>only</u> the Debtor has standing to pursue such action through an adversary proceeding under section 105 and any such effort would fail on the merits in any event.

6. Putting aside the Herring Parties' standing and procedural deficiencies, Dominion respectfully requests that the Court enter an order unequivocally stating that the automatic stay does not preclude discovery from proceeding in the District Court Litigation against either (i) the Herring Parties and the other non-debtor defendants under any circumstances, or (ii) the Debtor insofar as such discovery does not pertain to the further pursuit of claims against the Debtor, for

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

[2] All statutory references are to title 11 of the United States Code (the "Bankruptcy Code") unless otherwise noted.

the reasons stated herein.  In the alternative, if the Court deems it appropriate to set a hearing, Dominion requests that the Court forego the request for a status conference in the Notice of Presentment and set a briefing schedule and a hearing on the substance of the requested relief.

## ARGUMENT

### A. The Herring Parties Do Not Appear to Be Parties in Interest Entitled to the Relief Sought in the Notice of Presentment or the Motion.

7. The Herring Parties do not have sufficient standing as parties in interest under the Bankruptcy Code with respect to the relief sought in the Notice of Presentment and the Motion. Section 1109(b) provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

8. A "party in interest" under section 1109(b) is any person or entity with a direct financial stake in the outcome of the case. *See, e.g.*, *Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.)*, 640 F.3d 53, 60 (2d Cir. 2011) (finding that a non-creditor of the debtor with no financial stake in the outcome of the bankruptcy case was not a party in interest under section 1109(b)). Even though section 1109(b) broadly defines "party in interest", "the phrase invites interpretation and 'is generally understood to include all persons whose pecuniary interests are directly affected by the bankruptcy proceedings.'" *See Nintendo Co. v. Patten (In re Alpex Computer Corp.)*, 71 F.3d 353, 356 (10th Cir. 1995) (quoting *Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 756 (4th Cir. 1993)).

9. Further, whether a party qualifies as a party in interest is made on a case-by-case basis, with the main consideration being whether that party has a sufficient stake in the outcome of a bankruptcy proceeding. *See Church Mut. Ins. Co. v. Am. Home Assur. Co. (In re Heating Oil Partners, LP)*, 422 Fed. Appx. 15, 17 (2nd Cir. 2011) (citing *In re Stone Barn Manhattan LLC*, 405 B.R. 68 (Bankr. S.D.N.Y. 2009)).

10. In both *Heating Oil Partners* and *Stone Barn Manhattan*, the courts readily found that the parties' rights were implicated by the bankruptcy case. In *Heating Oil Partners,* the movant had a direct impact on the enforceability of a default judgment against the debtor for which

-3-

the movant would have been held responsible to satisfy, thereby satisfying the standing requirements of section 1109(b). *Heating Oil Partners*, 422 Fed. Appx. at 17. Similarly, in *Stone Barn Manhattan*, the objecting party had a direct financial interest in the escrow account being used to fund a settlement since the debtors held a claim against the objecting party. *Stone Barn Manhattan*, 405 B.R. at 74.

11. Here, by contrast, the Herring Parties do not have a direct financial stake in the outcome of the Debtor's chapter 11 case. They are not creditors of the Debtor. They have not asserted any cross-claims against the Debtor in the OAN Case.[3] The Debtor has not asserted any claims against the Herring Parties.

12. Accordingly, the Herring Parties do not meet the requisite standing requirement as a party in interest under section 1109(b) entitled to appear and be heard in this case with respect to their Notice of Presentment and the underlying Motion. Nonetheless, Dominion believes that the underlying District Court Litigation would be well-served by entry of an order determining that the automatic stay ***does not*** apply to the Herring Parties, the other non-debtor defendants, or the Debtor (to the extent discovery is sought from the Debtor as a witness with respect to claims asserted against non-debtors) as outlined below.

### B. The Herring Parties Have Improperly Used Local Bankruptcy Rule 9074-1 with Respect to their Notice of Presentment.

13. Even if the Herring Parties have standing, they have improperly used the notice of presentment procedures for the relief they seek. They state in their Motion that "[t]he Herring Parties do not wish to cause any delays in the Litigation[,]" but their improper use of the notice of presentment procedures runs the risk of doing just that. *See* Motion, ¶ 9.

14. Local Bankruptcy Rule 9074-1(b)(1) provides that "[u]nless the Court orders otherwise, where it is anticipated that a motion, application, or objection of a type set forth below will be uncontested, the motion, application, or objection may be made upon notice of presentment conforming substantially to the appropriate form following this rule . . . :" L. BANKR. R. 9074-1(b)(1).

---

[3] All papers filed in the OAN Case (as well as the Powell Case, the My Pillow Case, the Byrne Case, and the Giuliani Case) are a matter of public record and are available on their respective case dockets at https://ecf.dcd.uscourts.gov/.

-4-

15. Local Bankruptcy Rule 9074-1(b)(1) then lists fourteen categories of relief for which the notice of presentment procedure applies, including (i) applications to confirm the sale of property, (ii) motions to avoid judicial liens, (iii) objection to exemptions, (iv) applications to employ professionals, and (v) Rule 2004 examinations. L. BANKR. R. 9074-1(b)(1)(A) through (N). Nowhere in that rule is any reference to motions under section 362 dealing with the automatic stay. Even the catchall for "[a]ny other type of motion, application, or objection as ordered by the Court in a particular case" does not apply here, as this Court has not issued any standing orders permitting such relief as sought in the Notice of Presentment.

16. Rule 4001 of the Federal Rules of Bankruptcy Procedure governs motions for relief from the automatic stay of section 362, which may include requests to terminate, annul, modify or condition such stay. FED R. BANKR. P. 4001(a); *see also* 11 U.S.C. § 362(d). If the Herring Parties have standing under section 1109(b), they should have filed their Motion using the proper procedures and promptly set it for hearing.[4]

17. It seems that the Herring Parties have improperly employed this notice of presentment procedure with a desire to set a further status conference, and then presumably further briefing on the Motion, and then a further hearing on the Motion. Such a process does not comport with their desire to "not cause any delays in the Litigation." Such delay is severely prejudicial to Dominion's rights, as well as the rights of other parties, given that the District Court set May 30, 2024 as the deadline for the completion of fact discovery. *See* Consolidation Order attached as Exh. 1 to the Motion.

18. Putting these procedural defects aside, Dominion submits that, rather than set a further status conference on this matter, based on the authorities cited herein, the Court should simply enter an order finding that the automatic stay does not apply to the Herring Parties, the other non-debtor defendants, or even the Debtor (to the extent discovery is sought from him as a witness with respect to claims against non-debtor defendants). In the alternative, if the Court is not

---

[4] Curiously, the Herring Parties cite to Bankruptcy Rule 4001(d) as the basis for relief for their Motion. *See* Motion, ¶ 4. That rule pertains solely to agreements relating to relief from the automatic stay as specified in that rule. *See* FED. R. BANKR. P. 4001(d)(1)(A). No such agreement exists in this case. If the Herring Parties and the Debtor would like to agree on the record during the January 19, 2024 hearing on the Debtor's stay relief motion (or any subsequent hearing) that the automatic stay does not prohibit discovery from proceeding in the District Court Litigation, the Dominion Parties would welcome such an order memorializing that agreement under Rule 4001(d).

BN 80504195V7

prepared to make such a ruling at this time based on the clear law governing the Motion, the Court should set a briefing schedule and prompt hearing on the Motion so as not to cause any further delay.

      **C.    The Automatic Stay Does Not Extend to Non-Debtor Defendants or Third Parties in the District Court Litigation (or Even the Debtor with Respect to Certain Limited Discovery).**

19.    If the Court is inclined to rule on the Motion on its merits, the Court should find that the automatic stay does not preclude discovery from going forward in the District Court Litigation against the non-debtor third parties and even the Debtor himself to the extent such discovery is sought to obtain the Debtor's testimony relative to claims against non-debtor parties (*e.g.*, where the Debtor is a witness). Section 362(a) operates as a stay, applicable to all entities, of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case[,]" among other things. 11 U.S.C.§ 362(a). As discussed below, in the context of multi-party litigation, the stay applies to the pursuit of claims against a debtor, but not against other non-debtor defendants. Relatedly, the automatic stay does not preclude discovery of a debtor where such discovery pertains primarily to the pursuit of claims against the non-debtor, third-party defendants.

      *1.    The automatic stay does not extend to or protect non-debtor defendants.*

20.    It is well-established that the scope of the automatic stay extends only to a debtor and does not give shelter to non-debtor co-defendants or third parties. *See Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) (citation omitted); *see, e.g., Gray v. Hirsch*, 230 B.R. 239, 242-43 (S.D.N.Y. 1999) (collecting cases). "Even when an action is pending as of the petition date against a corporate debtor which is a codefendant with its officers and directors, the lawsuit is typically stayed only as to the debtor." *In re First Cent. Fin. Corp.*, 238 B.R. 9, 18 (Bankr. E.D.N.Y. 1999) (citation omitted).

21.    While an action against third parties, such as co-defendants, is not stayed, a court retains the power to enjoin the action if continuation of the action would interfere substantially with the debtor's reorganization. 3 COLLIER ON BANKRUPTCY ¶ 362.03[3][d] (16th ed. rev. 2023). Extension of a stay to a non-debtor only "arises when there is such identity between the debtor and

-6-

[non-debtor] that the debtor may be said to be the real party defendant and that a judgment against the [non-debtor] will in effect be a judgment . . . against the debtor." *Gray v. Hirsch (In re Gray)*, 230 B.R. 239, 242 (S.D.N.Y. 1999) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986). In those circumstances, standing to bring the adversary proceeding to extend the automatic stay under section 105 rests with the debtor, the debtor in possession or the trustee, and not with the third party. *In re Munoz*, 73 B.R. 283, 285 (Bankr. D.P.R. 1987).

22. Here, there is no basis to find that the stay applies to the non-debtor defendants in the OAN Case, the Powell Case, the My Pillow Case, and the Byrne Case (as defined in the Motion). The Debtor is not a defendant in any of those actions nor have the non-debtor defendants in those actions filed any claims against the Debtor. If the Court is inclined to rule on the Herring Parties' Motion, it should unequivocally rule that the automatic stay in the Debtor's bankruptcy case does not prevent discovery from proceeding (or the pursuit of claims) with respect to the Herring Parties and the other non-debtor defendants.

> 2. *The automatic stay does not prevent Dominion or any other non-debtor defendant from taking discovery of the Debtor with respect to prosecution of claims against parties other than the Debtor.*

23. Courts have routinely held that the automatic stay of section 362(a) does not apply to taking discovery against a debtor even when that debtor is a co-defendant in the litigation (stayed only as to that debtor) where the purpose of such discovery is for the pursuit of claims against non-debtor defendants. *See In re Residential Cap., LLC*, 480 B.R. 529, 536-37 (Bankr. S.D.N.Y. 2012) (adopting this standard but noting that debtors cannot be required "to provide discovery in a manner that threatens the [d]ebtors' ability to reorganize"). The *Le Metier Beauty* court similarly found that

> While it would violate the automatic stay provided by Section 362(a) for Plaintiffs to subpoena the Debtor in its capacity as a party-defendant in this proceeding, Section 362(a) does not prevent litigants from obtaining discovery from a debtor as a third-party witness where the requests pertain to claims against the nondebtor parties.

*Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC*, 2014 U.S. Dist. LEXIS 136152 at *11-12 (S.D.N.Y. 2014) (finding that the automatic stay did not preclude obtaining discovery from

-7-

the debtor as a third-party witness where the requests pertain to claims against the non-debtor parties).

24. Similarly, the court in *Mommy's Jamaican Market* recognized that the stay under section 362(a) cannot extend to the discovery of information from debtors because, if it did, "a debtor could never be called as a witness (even in actions where the debtor is not a party) without relief from the stay. Such an interpretation of section 362(a) defies common sense and the spirit of the Code." *Sun Yeul Hong v. Mommy's Jamaican Market Corp.*, 2023 U.S. Dist. LEXIS 87263, at *6 (S.D.N.Y. May 18, 2023) (quoting *In re Miller*, 262 B.R. 499, 505 (B.A.P. 9th Cir. 2001)).

25. It should also be noted that courts have allowed the discovery of a debtor even when the information sought might later be used against the debtor. *See Residential Cap.*, 480 B.R. at 536-37 (citing *Miller*, 262 B.R. at 505). Specifically, the *Miller* court stated, "[i]nformation is information, and we believe the discovery of it as part of the development of a case against non-debtor parties is permissible, even if that information could later be used against the party protected by the automatic stay." *Miller*, 262 B.R. at 505.

26. Here, there is no basis to find that the stay applies to protect the Debtor from the pursuit of discovery by Dominion (or the non-debtor defendants) in the OAN Case, the Powell Case, the My Pillow Case, and the Byrne Case (as defined in the Motion) to the extent that such discovery is not intended for the further prosecution of claims against the Debtor. Again, if the Court is inclined to rule on the Motion, it should unequivocally hold that the automatic stay in the Debtor's bankruptcy case does not prevent discovery from proceeding with respect to the Debtor except for discovery related to the further prosecution of claims against the Debtor (as to which the Dominion Parties understand that relief from the stay would be required).

## CONCLUSION

27. For the reasons stated above, Dominion respectfully requests that the Court enter an order finding that the automatic stay does not preclude discovery from proceeding in the District Court Litigation against either (i) the Herring Parties and the other non-debtor defendants under any circumstances or (ii) the Debtor insofar as such discovery does not pertain to the further pursuit of claims against the Debtor. If the Court is not inclined to enter such order, Dominion

requests that the Court establish a briefing schedule and a prompt hearing on the Motion rather than a status conference as requested in the Notice of Presentment.

DATED: January 18, 2024        BUCHALTER, a Professional Corporation

By: */s/ Anthony J. Napolitano*
    JOEL G. SAMUELS
    ANTHONY J. NAPOLITANO

BUCHALTER, a Professional Corporation
Joel G. Samuels (admitted *pro hac vice*)
   jsamuels@buchalter.com
Anthony J Napolitano (admitted *pro hac vice*)
   anapolitano@buchalter.com
1000 Wilshire Boulevard, 15th Floor
Los Angeles, California 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

SUSMAN GODFREY LLP
Stephen Shackelford (NY Bar No. 5393657)
   sshackelford@susmangodfrey.com
1301 6th Avenue, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Davida Brook (*pro hac vice* forthcoming)
   dbrook@susmangodfrey.com
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3105
Facsimile: (310) 789-3150

Attorneys for US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION

BN 80504195V7