Berger, Fischoff, Shumer, Wexler & Goodman, LLP
Proposed Attorneys for the Debtor
and Debtor-in-Possession
Heath S. Berger, Esq.
Gary C. Fischoff
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
(516) 747-1136

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| RUDOLPH W. GIULIANI<br>a/k/a RUDOLPH WILLIAM GIULIANI | Case No.: 23-12055<br><br>**ORDER AUTHORIZING**<br>**EMPLOYMENT OF**<br>**CAMARA & SIBLEY,**<br>**LLP, AS SPECIAL**<br>**LITIGATION COUNSEL** |
| Debtor. | |

-----------------------------------------------------------------X

Upon the application of RUDOLPH W. GIULIANI, the above-named Debtor and Debtor-In Possession (the "Debtor"), for entry of an order, pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, authorizing the employment of the law firm of Camara & Sibley, LLP, as Special Litigation Counsel to represent the Debtor, and upon the Declaration of Joseph Sibley, Esq. which is annexed to the Application (the "Declaration"); and it appearing that Camara & Sibley, LLP is a "disinterested person" within the meaning of sections 101(14) and 327 of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtor's estate; and this Court having determined that employment of Camara & Sibley, LLP by the Debtor is in the best interests of the Debtor, its estate and its creditors; and adequate notice of the Application having been given; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that pursuant to section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtor is authorized to employ Camara & Sibley, LLP as Special Litigation Counsel for the Debtor effective December 21, 2023; and it is further

ORDERED that nothing herein prevents Camara & Sibley, LLP from submitting a separate retention application for retention of the Debtor on pending or future representation other than in the Freeman case; and it is further

ORDERED that Camara & Sibley, LLP shall be compensated in accordance with and will file interim and final fee applications for allowances of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law; and it is further

ORDERED that prior to any increases in Camara & Sibley, LLP's rates for any individual retained by Camara & Sibley, LLP and providing services in this case, Camara & Sibley, LLP shall file a supplemental affidavit with the Court and provide ten business days' prior notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether Camara & Sibley, LLP's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that Camara & Sibley, LLP's legal fees and expenses shall be paid by the Guiliani Freedom Fund Legal Defense T.R. Fund and Giuliani Defense and Camara & Sibley, LLP shall not request payment by the Debtor; and it is further

ORDERED that the Giuliani Freedom Fund Legal Defense T.R. Fund shall not file a claim in this case or otherwise seek reimbursement of any funds advanced on the Debtor's behalf for legal fees, expenses or any other purpose; and it is further

ORDERED that Giuliani Defense shall not file a claim in this case or otherwise seek reimbursement of any funds advanced on the Debtor's behalf for legal fees, expenses or any other purpose.