Berger, Fischoff, Shumer, Wexler & Goodman, LLP
Proposed Attorneys for the Debtor
and Debtor-in-Possession
Heath S. Berger, Esq.
Gary C. Fischoff, Esq.
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
(516) 747-1136

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                              Chapter 11

RUDOLPH W. GIULIANI                                              Case No.: 23-12055
a/k/a RUDOLPH WILLIAM GIULIANI

                              Debtor                                              **AFFIDAVIT**
------------------------------------------------------------X

STATE OF NEW YORK)
COUNTY OF NASSAU ) ss;

       Gary C. Fischoff, being duly sworn, deposes and says:

       1.    I am an attorney admitted to practice before this Court and I am a member of the firm Berger, Fischoff, Shumer, Wexler & Goodman, LLP, which maintains offices at 6901 Jericho Turnpike, Suite 230, Syosset, New York 11791.

       2.    This affidavit is submitted pursuant to sections 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the Debtor's Application for an Order authorizing the debtor and debtor-in-possession (the "Debtor") to employ and retain Berger, Fischoff, Shumer, Wexler & Goodman, LLP ("BFSWG") as counsel in this chapter 11 case. Unless otherwise stated in this Affidavit, the facts set forth herein are based upon personal knowledge.

       3.    BFSWG has an established practice in the field of debtor's and creditor's rights, reorganization and bankruptcy law, as well as expertise in secured lending, finance, corporate,

real estate, litigation and other practice areas which are of value in this case.

4. In accordance with the provisions of Section 327(a) of the Bankruptcy Code BFSWG is not connected with the Debtor, its creditors, other parties-in-interest or the United States Trustee or any person employed by the Office of the United States Trustee, and to the best of my knowledge BFSWG does not, by reason of any direct or indirect relationship to, connection with or interest in the Debtor or other parties-in-interest hold or represent any interest adverse to the Debtor, or to the estate with respect to the matters upon which it is to be engaged. We checked the names of the creditors of the Debtor as prior and existing clients in our computer database to confirm that we have no prior or existing relationship with any of them.

5. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I, BFSWG, nor any partner, of counsel or associate thereof, insofar as I have been able to ascertain, have any connection with the Debtor, his creditors, or any other parties in interest, their respective attorneys and accountants, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), any person employed in the Office of the U.S. Trustee, any Bankruptcy Judges currently serving on the United States Bankruptcy Court for the Southern District of New York, any District Court Judges currently serving on the United States District Court of the Southern District of New York, or the clerk and Deputy Clerk of the United States Bankruptcy Court. See Schedule 1 annexed hereto.

6. To the best of my knowledge, neither I, BFSWG, nor any member, counsel or associate of the Firm represents any entities other than the Debtor in connection with the Debtor's chapter 11 case. In addition, to the best of my knowledge, neither I, BFSWG, nor any member, counsel or associate of the Firm represents any party-in-interest, except as disclosed herein, other than the Debtor in this chapter 11 case.

6. BFSWG does not represent any entity, other than the Debtor in matters related to the Debtor or this Chapter 11.

7. BFSWG is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that BFSWG, its members, counsel and associates:

(a) are not creditors or insiders of the Debtor;

(b) are not and were not investment bankers for any outstanding securities of the Debtor;

(c) have not been within, three (3) years of the Petition Date, investment bankers for securities of the Debtor or an attorney for such an investment banker in connection with the offer, sale, or issuance of the Debtor's securities; and are not and were not, within two (2) years of the Petition Date, a director, officer or employee of the Debtor or of any investment banker as specified in sub-paragraph (b) or (c) above.

7. Accordingly, to the best of my knowledge, I have ascertained that neither I, BFSWG, nor any of its members, counsel or associates, represents any other entity having an adverse interest in connection with this chapter 11 case. This was determined by reviewing the list of creditors against a check of the Firm's computer list of clients. Further, to the best of my knowledge, except as otherwise set forth herein, I have ascertained that BFSWG holds no interest adverse to the Debtor or its estates and is disinterested with respect to the matters upon which BFSWG is to be employed.

9. It is contemplated that BFSWG will seek compensation based on its normal hourly rate in effect for the period in which services are rendered and will seek reimbursement of necessary and reasonable out-of-pocket expenses, in accordance with S.D.N.Y. LBR 2016-1(a)

and the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases.*

10. BFSWG will utilize partners and associates in various areas of expertise to prosecute these cases. The rates to be charged by professionals from BFSWG who will work on this matter range from $585 - $675 per hour for partners, $425 - $510 per hour for associates and its rates for paraprofessionals are $210 per hour. The attorneys who will be primarily to be responsible for providing services to the Debtor and their respective billing rates are as follows:

| | |
|---|---|
| Gary C. Fischoff, Partner | $675.00 |
| Heath S. Berger, Partner | $585.00 |
| Dawn Traina, Paralegal | $210.00 |
| Angelique Filardi, Paralegal | $210.00 |

11. These are BFSWG's hourly rates for work of this nature and are subject to periodic adjustments (usually in January of each year) to reflect economic and other conditions. The Debtor understands that other attorneys and paralegals may serve the Debtor from time to time in connection with these cases. The hourly rates set forth above are the standard rates charged to bankruptcy and non-bankruptcy clients for the types of services to be performed herewith. These rates are set at a level designed to fairly compensate BFSWG for the work of its attorneys and paralegals and to cover routine overhead expenses. It is BFSWG's standard policy to charge its clients for all expenses incurred in connection with a client's case, including, telephone and telecopier charges, photocopying charges and travel expenses. The amounts charged by BFSWG for such expenses are consistent with charges billed to other similar clients.

12. Prior to the Petition Date the Debtor has caused BFSWG to be paid a retainer of $70,000.00 in this matter, (the "Retainer") to cover the fees and expenses of advising the Debtor in connection with financial matters and the preparation of the Debtor's petition and schedules and BFSWG did not receive any other payments, for bankruptcy work, from the Debtor within

the one-year period prior to the commencement of the Debtor's case. The retainer was paid by third parties, Guiliani Defense and the Rudy Giuliani Freedom Fund Legal Defense R.R. Fund, both of which have signed Lar-Dan declarations attached hereto, who have waived reimbursement. Prior to the filing $9,465.00 was charged against the retainer. The balance of $60,535.00 is retained in our Firm's escrow account pending further Order from the Court.

13. No promises have been received by or made to BFSWG, any of its members, counsel or associates, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. BFSWG has not agreed to share compensation received in connection with these cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 in respect of the sharing of compensation among members of BFSWG.

14. The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Appendix B Guidelines.

Question: Did you agree to any variations from, or alternatives to your standard or customary billing arrangements for this engagement:

Response: No. The hourly rates Berger, Fischoff, Shumer, Wexler & Goodman, LLP will bill for this engagement are consistent with the rates that Berger, Fischoff, Shumer, Wexler & Goodman, LLP charges other comparable clients, and the rate structure provided by Berger, Fischoff, Shumer, Wexler & Goodman, LLP is appropriate and is not significantly different from (a) the rates that Berger, Fischoff, Shumer, Wexler & Goodman, LLP charges in other non-bankruptcy representations or (b) the rates of other comparably skilled professionals for similar engagements.

Question: Do any of the professionals included in this engagement vary their rate

based on the geographic location of the bankruptcy case:

Response: No.

Question: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response: Berger, Fischoff, Shumer, Wexler & Goodman, LLP has not represented the client in the 12 months prepetition. In the ordinary course, Berger, Fischoff, Shumer, Wexler & Goodman, LLP reviews and adjusts its hourly rates in January of each year. When Berger, Fischoff, Shumer, Wexler & Goodman, LLP was initially engaged in December 2023, Berger, Fischoff, Shumer, Wexler & Goodman, LLP initially charged the Debtor its hourly rates applicable for 2024.

Question: Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Response: Berger, Fischoff, Shumer, Wexler & Goodman, LLP discussed fees generally with the Debtor but has not proposed a budget.

14. Berger, Fischoff, Shumer, Wexler & Goodman, LLP is willing to act as lead counsel to the Debtor in this Chapter 11 case, and to render the necessary professional services described in the Application. As additional tasks are identified that are not generally described in the Application, Berger, Fischoff, Shumer, Wexler & Goodman, LLP will file a supplemental declaration in accordance with Bankruptcy Rule 2014 and Part F of the Appendix B Guidelines and provide notice of the filing sufficient to afford parties in interest an opportunity to object. The timeliness of a disclosure will be assessed based on the facts and circumstances of the

situation, including whether earlier disclosure would reveal privileged information or compromise the Debtor's abilities to perform his statutory responsibilities under the Bankruptcy Code.

15. The foregoing constitutes the statement of BFSWG pursuant to sections 327, 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

_____
Gary C. Fischoff, Esq.

Sworn to me this
30th day of January, 2024

_____
Notary Public

STEVEN E. SHUMER
Notary Public, State of New York
No. 02SH5007184
Qualified in Suffolk County
Commission Expires January 25, 2027