## Exhibit 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>RUDOLPH W. GIULIANI<br>a/k/a RUDOLPH WILLIAM GIULIANI,<br><br>Debtor. | Re: Docket Nos. 49, 58<br><br>Case No. 23-12055<br><br>Chapter 11 |

**ORDER APPROVING STIPULATION CONCERNING THE
SCOPE OF THE AUTOMATIC STAY OF 11 U.S.C. § 362(a) WITH
RESPECT TO CERTAIN NON-BANKRUPTCY LITIGATION MATTERS**

The Court having reviewed and considered (i) the *Stipulation Concerning the Scope of the Automatic Stay of 11 U.S.C. § 362(a) with Respect to Certain Non-Bankruptcy Litigation Matters* [Docket No. __] (the "Stipulation") entered into effective as of February 6, 2024 by and among the Dominion Parties[1] and the Herring Parties, (ii) the *Motion and Memorandum of Law in Support of The Herring Parties' Motion for Entry of Order Clarifying Whether the Automatic Stay Applies to Stay Discovery in Consolidated Litigation* [Docket No. 49] (the "Stay Motion"), (iii) the *Limited Opposition of the Dominion Parties to The Herring Parties' Notice of Presentment of Proposed Order Setting Status Conference on Motion for Entry of Order Regarding the Automatic Stay and Underlying Motion Regarding the Automatic Stay* [Docket No. 58] (the "Dominion Opposition"), and (iv) the record in this Bankruptcy Case, and finding that notice of the Stipulation was proper, and good cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.     The Stipulation is approved in its entirety and shall be binding and effective in accordance with its terms.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Stipulation.

2. The automatic stay of section 362(a) arising in this Bankruptcy Case stays the continued prosecution of the Dominion Parties' claims against the Debtor in the Giuliani Case, absent relief from such stay.

3. The automatic stay of section 362(a) arising in this Bankruptcy Case does not:

a. preclude or otherwise stay the continued prosecution of the Dominion Parties' claims against each of the defendants in the Powell Case, the My Pillow Case, the OAN Case, or the Byrne Case;

b. preclude or otherwise stay the pursuit of discovery under the Consolidation Order by each of the parties in the Powell Case, the My Pillow Case, the OAN Case, or the Byrne Case; or

c. the taking of discovery of the Debtor under the Consolidation Order by any of the parties in the Powell Case, the My Pillow Case, the OAN Case, or the Byrne Case solely to the extent that such discovery is not for the purpose of the pursuit or further prosecution of any claims against the Debtor.

4. Copies of all discovery served pursuant to paragraph 3 of this Stipulation shall be served on the Debtor, and the service of such discovery shall not be deemed to violate the automatic stay.

5. To the extent that the Debtor believes that any such discovery permitted under Paragraph 3.c. hereof constitutes a violation of the automatic stay of section 362(a), the Debtor may obtain a hearing on shortened time respecting such violation with such hearing to occur not less than seven (7) court days from the date that the Debtor raises such alleged violation, unless a shorter period is ordered by the Court. Any opposition shall be filed no less than three (3) court days from the date of such hearing, unless a shorter period is ordered by the Court.

DATED:

By: _____
HON. SEAN H. LANE
United States Bankruptcy Judge