**Exhibit A**

**Stipulation**

3

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>**RUDOLPH W. GIULIANI**<br>a/k/a RUDOLPH WILLIAM GIULIANI,<br><br>Debtor. | **Objection to Docket No. 49**<br><br>Case No. 23-12055<br><br>Chapter 11 |

## STIPULATION CONCERNING THE SCOPE OF THE AUTOMATIC STAY OF 11 U.S.C. § 362(a) WITH RESPECT TO CERTAIN NON-BANKRUPTCY LITIGATION MATTERS

This *Stipulation Concerning the Scope of the Automatic Stay of 11 U.S.C. § 362(a) with Respect to Certain Non-Bankruptcy Litigation Matters* (the "Stipulation") is entered into effective as of January 26, 2024 by and among US Dominion, Inc., Dominion Voting Systems, Inc. and Dominion Voting Systems Corporation (collectively, the "Dominion Parties"), on the one hand, and Herring Networks, Inc. d/b/a One America News Network, Charles Herring, Robert Herring, Sr., and Chanel Rion (collectively, the "Herring Parties"), on the other hand, by and through their respective counsel of record as follows.

### RECITALS

A.  The debtor ("Debtor") filed a voluntary petition commencing the chapter 11 bankruptcy case designated as *In re Rudolph W. Giuliani*, Case No. 23-12055-shl (the "Bankruptcy Case") in the United States Bankruptcy Court, Southern District of New York (the "Bankruptcy Court"), on December 21, 2023.

B.  Prior to the commencement of the Bankruptcy Case, certain of the Dominion Parties commenced the following actions pending in the United States District Court, District of Columbia (the "District Court"):

- *U.S. Dominion, Inc., et al. v. Sidney Powell, et al.*, Case No. 1:21-cv-00040 (CJN) (D.D.C. 2021) filed on January 8, 2021 (the "Powell Case");

-1-

BN 80628874V4

- *U.S. Dominion, Inc., et al. v. Rudolph W. Giuliani, et al.*, Case No. 1:21-cv-00213 (CJN) (D.D.C. 2021) filed on January 25, 2021 (the "Giuliani Case");

- *U.S. Dominion, Inc., et al. v. My Pillow, Inc., et al.*, Case No. 1:21-cv-00445 (CJN) (D.D.C. 2021) filed on February 22, 2021 (the "My Pillow Case");

- *U.S. Dominion, Inc., et al. v. Herring Networks, Inc., et al.*, Case No. 1:21-cv-02130 (CJN) (D.D.C. 2021) filed on August 10, 2021 (the "OAN Case"); and

- *U.S. Dominion, Inc., et al. v. Patrick Byrne, et al.*, Case No. 1:21-cv-02131 (CJN) (D.D.C. 2021) filed on August 10, 2021 (the "Byrne Case")

(collectively, the "District Court Litigation").

C. In connection with the District Court Litigation, the District Court on motion of the Dominion Parties entered on July 24, 2023 its *Order Granting in Part and Denying in Party Dominion's Motion for Entry of a Scheduling Order & Consolidation* (the "Consolidation Order") thereby consolidating the District Court Litigation (other than the Byrne Case, which is not formally consolidated but which is coordinating voluntarily and on the same schedule) for discovery purposes only under the OAN Case.[1]

D. On January 12, 2024, the Herring Parties filed their (1) *Notice of Presentment of Proposed Order Setting Status Conference on Motion for Entry of Order Clarifying Whether the Automatic Stay Applies to Stay Discovery in Consolidated Litigation* [Docket No. 49] (the "Notice of Presentment") and (2) the underlying *Motion and Memorandum of Law in Support of The Herring Parties' Motion for Entry of Order Clarifying Whether the Automatic Stay Applies to Stay Discovery in Consolidated Litigation* [Docket No. 49] (the "Stay Motion") seeking from the Bankruptcy Court a determination as to the applicability of the automatic stay of section 362(a) of the Bankruptcy Code[2] to discovery in the District Court Litigation.

E. On January 18, 2024, Dominion filed its *Limited Opposition of the Dominion Parties to The Herring Parties' Notice of Presentment of Proposed Order Setting Status Conference on Motion for Entry of Order Regarding the Automatic Stay and Underlying Motion Regarding the Automatic Stay* [Docket No. 58] (the "Dominion Opposition") opposing any

---

[1] A true and complete copy of the Consolidation Order is attached as Exhibit 1 to the Stay Motion (as defined herein).

[2] All statutory references are to title 11 of the United States Code (the "Bankruptcy Code") unless otherwise noted.

-2-

BN 80628874V4

determination that the automatic stay precludes further prosecution of the District Court Litigation (with the exception of the Giuliani Case) or the taking of discovery pursuant to the terms of the Consolidation Order in the District Court Litigation (with the exception of any discovery directed toward the Debtor solely with respect to the further prosecution of any claims against the Debtor).

**NOW, THEREFORE,** to resolve the issues arising under the Stay Motion and the Dominion Opposition, the Dominion Parties and the Herring Parties (collectively, the "Parties" and each a "Party") hereby enter into this Stipulation seeking the entry of an order, in the form attached hereto as Exhibit "1", regarding the scope of the automatic stay arising in this Bankruptcy Case.

## STIPULATION

1. The foregoing Recitals are incorporated into this stipulated agreement as if set forth herein in full.

2. The Parties agree that the automatic stay of section 362(a) arising in this Bankruptcy Case stays the continued prosecution of the Dominion Parties' claims against the Debtor in the Giuliani Case, absent relief from such stay.

3. The Parties agree that the automatic stay of section 362(a) arising in this Bankruptcy Case does not:

    a. preclude or otherwise stay the continued prosecution of the Dominion Parties' claims against each of the defendants in the Powell Case, the My Pillow Case, the OAN Case, or the Byrne Case;

    b. preclude or otherwise stay the pursuit of discovery under the Consolidation Order by each of the parties in the Powell Case, the My Pillow Case, the OAN Case, or the Byrne Case; or

    c. the taking of discovery of the Debtor under the Consolidation Order by any of the parties in the Powell Case, the My Pillow Case, the OAN Case, or the Byrne Case solely to the extent that such discovery is not for the purpose of the pursuit or further prosecution of any claims against the Debtor. By way of example, any of the parties in the Powell Case, the My Pillow Case, the OAN Case, or the Byrne Case may seek documents or testimony from the Debtor

BN 80628874V4

with respect to any matter that relates to any claim against non-debtor parties or any defense in their respective actions. For the avoidance of doubt, absent relief from the automatic stay (which the Dominion Parties reserve the right to seek by future motion), the Debtor need not submit responses to *Plaintiffs' Second Set of Interrogatories to Defendant Rudolph W. Giuliani* served in the Giuliani Case on December 18, 2023.

4. Copies of all discovery served pursuant to paragraph 3 of this Stipulation shall be served on the Debtor (and such service shall not be deemed to violate the automatic stay).

5. To the extent that the Debtor believes that any such discovery permitted under Paragraph 3.c. hereof constitutes a violation of the automatic stay of section 362(a), the Parties hereby agree that the Debtor may obtain a hearing on shortened time respecting such violation with such hearing to occur no less than seven (7) court days from the date that the Debtor raises such alleged violation, unless a shorter period is ordered by the Court. Any opposition shall be filed no less than three (3) court days from the date of such hearing, unless a shorter period is ordered by the Court.

6. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter set forth herein and supersedes all other prior agreements and understandings, whether written or oral, between or among the Parties with respect to the subject matter hereof.

7. Each individual whose signature appears below represents and warrants that he or she is authorized to enter into this Stipulation on behalf of his or her respective client(s).

8. This Stipulation may be executed in electronic counterparts and shall be deemed complete and effective as if it were executed as one original document.

9. Dominion and the Herring Parties consent to the entry of an order, substantially in the form attached as Exhibit "1" hereto, approving this Stipulation by the Bankruptcy Court.

**[SIGNATURE PAGE FOLLOWS]**

BN 80628874V4

DATED: February 6, 2024          BUCHALTER, a Professional Corporation

By: *Joel G. Samuels*
JOEL G. SAMUELS
ANTHONY J. NAPOLITANO

Attorneys for US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION

DATED: February 6, 2024          JACKSON WALKER LLP

By: _____
CHARLES L. BABCOCK
VICTORIA ARGEROPLOS

Attorneys for HERRING NETWORKS, INC. d/b/a ONE AMERICA NEWS NETWORK, CHARLES HERRING, ROBERT HERRING, SR. and CHANEL RION

-5-

**Exhibit 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>RUDOLPH W. GIULIANI<br>a/k/a RUDOLPH WILLIAM GIULIANI,<br><br>Debtor. | Re: Docket Nos. 49, 58<br><br>Case No. 23-12055<br><br>Chapter 11 |

**ORDER APPROVING STIPULATION CONCERNING THE
SCOPE OF THE AUTOMATIC STAY OF 11 U.S.C. § 362(a) WITH
RESPECT TO CERTAIN NON-BANKRUPTCY LITIGATION MATTERS**

The Court having reviewed and considered (i) the *Stipulation Concerning the Scope of the Automatic Stay of 11 U.S.C. § 362(a) with Respect to Certain Non-Bankruptcy Litigation Matters* [Docket No. __] (the "Stipulation") entered into effective as of February 6, 2024 by and among the Dominion Parties[1] and the Herring Parties, (ii) the *Motion and Memorandum of Law in Support of The Herring Parties' Motion for Entry of Order Clarifying Whether the Automatic Stay Applies to Stay Discovery in Consolidated Litigation* [Docket No. 49] (the "Stay Motion"), (iii) the *Limited Opposition of the Dominion Parties to The Herring Parties' Notice of Presentment of Proposed Order Setting Status Conference on Motion for Entry of Order Regarding the Automatic Stay and Underlying Motion Regarding the Automatic Stay* [Docket No. 58] (the "Dominion Opposition"), and (iv) the record in this Bankruptcy Case, and finding that notice of the Stipulation was proper, and good cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Stipulation is approved in its entirety and shall be binding and effective in accordance with its terms.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Stipulation.

2. The automatic stay of section 362(a) arising in this Bankruptcy Case stays the continued prosecution of the Dominion Parties' claims against the Debtor in the Giuliani Case, absent relief from such stay.

3. The automatic stay of section 362(a) arising in this Bankruptcy Case does not:

    a. preclude or otherwise stay the continued prosecution of the Dominion Parties' claims against each of the defendants in the Powell Case, the My Pillow Case, the OAN Case, or the Byrne Case;

    b. preclude or otherwise stay the pursuit of discovery under the Consolidation Order by each of the parties in the Powell Case, the My Pillow Case, the OAN Case, or the Byrne Case; or

    c. the taking of discovery of the Debtor under the Consolidation Order by any of the parties in the Powell Case, the My Pillow Case, the OAN Case, or the Byrne Case solely to the extent that such discovery is not for the purpose of the pursuit or further prosecution of any claims against the Debtor.

4. Copies of all discovery served pursuant to paragraph 3 of this Stipulation shall be served on the Debtor, and the service of such discovery shall not be deemed to violate the automatic stay.

5. To the extent that the Debtor believes that any such discovery permitted under Paragraph 3.c. hereof constitutes a violation of the automatic stay of section 362(a), the Debtor may obtain a hearing on shortened time respecting such violation with such hearing to occur not less than seven (7) court days from the date that the Debtor raises such alleged violation, unless a shorter period is ordered by the Court. Any opposition shall be filed no less than three (3) court days from the date of such hearing, unless a shorter period is ordered by the Court.

DATED:

                                                                                 By: _____
                                                                                      HON. SEAN H. LANE
                                                                                      United States Bankruptcy Judge