

| | |
|---|---|
| 6901 Jericho Turnpike, Suite 230<br>Syosset, New York 11791<br>Ph: 516.747.1136 \| Fax: 516.747.0382<br><br>2801 Emmons Avenue, Suite 10<br>Brooklyn, New York 11235<br>Ph: 718.934.8811 \| Fax: 718.934.8992<br><br>Reply to: [ ] Syosset Office<br>         [ ] Brooklyn Office | Heath S. Berger<br>Maryanne Buatti<br>Gary C. Fischoff*<br>Peter J. Goodman<br>Steven E. Shumer<br>Joel G. Wexler<br><br>Dana Goldstein<br>Brad A. Schlossberg<br>Randi E. Taub<br><br>of counsel:<br>Lawrence P. Krasin<br>Andrew M. Lamkin<br>also admitted in New Jersey* |

February 13, 2024

Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

       Re: Rudolph W. Giuliani
       Chapter 11 Case No: 23-12055

Dear Judge Lane:

We are the attorneys for the Debtor, Rudolph W. Giuliani, with regards to the above referenced Chapter 11 proceeding.

On January 19, 2024 we appeared on the Debtor's behalf on his motion to modify the automatic stay to allow for the filing of post judgment motions and a notice of appeal in the Freeman litigation pending in the Federal District Court in the District of Columbia.

At that time the Court indicated that the relief was conditioned upon the Sibley Law Firm retention being approved and agreeing to only seek compensation from the non-debtor defense funds. Mr. Sibley has confirmed in writing that he will not seek any payment nor file a claim in the Chapter 11 proceeding for legal fees and costs in the Freeman litigation.

While we have filed a retention package on his behalf, some issues have arisen concerning the third party defense funds which we believe with respect to the Office of the United States Trustee are close to or are actually resolved. There may be one or two issues remaining on the retention with the Creditor Committee which if not resolved will be brought to the Court's attention. However, the time to file the motions and notice of appeal are fast approaching and the proposed order of retention for the Sibley Law Firm may not be fully resolved in time.

Accordingly, we are requesting a conference on the afternoon of Wednesday, February 14, 2024 so that all parties can be heard on the Debtor's request allowing the order modifying the automatic stay (of which most of the terms have been resolved) be entered prior to the order of the Sibley retention.

Thank you in advance for your courtesies and cooperation in this matter

        Respectfully,

        */s/ Heath S. Berger*

        Heath. S. Berger

**MEMORANDUM ENDORSED ORDER:**

The Court has already provided extensive guidance to the parties as to the appropriate resolution of the motion to lift stay.  In addition, there has been ample time for the Debtor to address the issues relating to the payment of proposed Special Counsel, issues that were addressed in detail at recent hearings.  Accordingly, the Court fully expects that the parties will act expeditiously and in good faith to promptly resolve these issues.

This letter does not actually provide the deadline by which the Debtor must file its contemplated motion with the United States District Court for the District of Columbia.  This omission is unhelpful as the Court has little idea of the actual urgency here.  But based on the response to Debtor's request submitted by the Official Committee of Unsecured Creditors, it appears that the parties contemplated a deadline of February 15th to object to the Debtor's retention of Special Counsel.  Given these facts, it appears premature to schedule a hearing on February 14th.  But in the unfortunate event that no resolution is achieved by the objection deadline, the Court will hold a hearing on Friday, February 16, 2024 at 11:00 a.m. by Zoom.

So Ordered.

Dated: February 13, 2024

*/s/ Sean H. Lane*
**United States Bankruptcy Judge**

www.bfslawfirm.com
East Islip, New York | Centereach, New York
(by appointment only)