AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Proposed Counsel to the Official Committee*
*of Unsecured Creditors of Rudolph W. Giuliani*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **RUDOLPH W. GIULIANI** | : | **Case No. 23-12055 (SHL)** |
| **a/k/a RUDOLPH WILLIAM GIULIANI,** | : | |
| | : | |
| **Debtor.** | : | |

-----------------------------------------------------------------x

**NOTICE OF HEARING**
**ON APPLICATION OF THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS OF RUDOLPH**
**W. GIULIANI TO RETAIN AND EMPLOY AKIN GUMP STRAUSS**
**HAUER & FELD LLP AS COUNSEL, EFFECTIVE AS OF JANUARY 16, 2024**

**PLEASE TAKE NOTICE** that on February 14, 2024, the Official Committee of

Unsecured Creditors (the "Committee") appointed in the chapter 11 case of the above-captioned

debtor and debtor in possession filed the *Application of the Official Committee of Unsecured*

*Creditors of Rudolph W. Giuliani to Retain and Employ Akin Gump Strauss Hauer & Feld LLP as*

*Counsel, Effective as of January 16, 2024* (the "Application").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Application will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "Court"), 300 Quarropas Street, White Plains, New York 10601, on **March 13, 2024 at 10:00 a.m. (prevailing Eastern Time)**. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, must make an electronic appearance (an "eCourt Appearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. eCourt Appearances must be made by **March 12, 2024 at 4:00 p.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Application shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of this chapter 11 case by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at *http://www.nysb.uscourts.gov*); and (d) be served so as to be actually received by the Court and the Committee no later than **March 6, 2024 at 4:00 p.m. (prevailing Eastern Time).**

**PEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Application, or if you want the Court to hear your position on the Application, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Application and may enter an order granting the relief requested by the Committee. If no responses or objections are timely filed

2

and served with respect to the Application, the Committee may submit to the Court an order substantially in the form of the proposed order attached to the Application as <u>Exhibit A</u>, which order may be entered with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application and other pleadings filed in this chapter 11 case may be obtained by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: February 14, 2024          By: */s/ Philip C. Dublin*
      New York, New York          **AKIN GUMP STRAUSS HAUER & FELD LLP**
                               Ira S. Dizengoff
                               Philip C. Dublin
                               Abid Qureshi
                               One Bryant Park
                               New York, New York 10036
                               Tel:    (212) 872-1000
                               Fax:    (212) 872-1002
                               Email:  idizengoff@akingump.com
                                          pdublin@akingump.com
                                          aqureshi@akingump.com

                               - and -

                               Rachel Biblo Block (admitted *pro hac vice*)
                               2300 N. Field St., Suite 1800
                               Dallas, Texas 75201
                               Tel:    (214) 969-2800
                               Fax:    (214) 969-4343
                               Email:  rbibloblock@akingump.com

                               *Proposed Counsel to the Official Committee*
                               *of Unsecured Creditors of Rudolph W. Giuliani*

3

AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Proposed Counsel to the Official Committee*
*of Unsecured Creditors of Rudolph W. Giuliani*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **RUDOLPH W. GIULIANI** | : | **Case No. 23-12055 (SHL)** |
| **a/k/a RUDOLPH WILLIAM GIULIANI,** | : | |
| | : | |
| **Debtor.** | : | |

-------------------------------------------------------------x

**APPLICATION OF THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS OF RUDOLPH W. GIULIANI**
**TO RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER &**
**FELD LLP AS COUNSEL, EFFECTIVE AS OF JANUARY 16, 2024**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the

chapter 11 case of Rudolph W. Giuliani a/k/a Rudolph William Giuliani (the "Debtor") submits

this application (this "Application"), pursuant to sections 328(a) and 1103(a) of title 11 of the

United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules

of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern

District of New York (the "Local Rules"), for entry of an order, substantially in the form attached

hereto as **Exhibit A**, authorizing the Committee to retain and employ Akin Gump Strauss Hauer & Feld LLP ("Akin") as its counsel in connection with this chapter 11 case, effective as of January 16, 2024. In support of this Application, the Committee submits the declaration of Philip C. Dublin, a partner of Akin (the "Dublin Declaration"), and the declaration of Wandrea' ArShaye Moss, solely in her capacity as chair of the Committee (the "Moss Declaration"), attached hereto as **Exhibit B** and **Exhibit C**, respectively. Notably, as will be discussed in further detail below, Akin is committed to serving clients in need and has agreed to take on the representation of the Committee in this chapter 11 case on a *pro bono* basis, subject to the terms described in this Application and Court approval. In further support of this Application, the Committee respectfully represents as follows.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Committee confirms its consent to the Court's entering a final order in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and rule predicates for the relief requested herein are Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4.      On December 21, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petition Date").  The Debtor has continued in possession of his property and is managing his affairs as a debtor and debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No request for the appointment of a trustee or examiner has been made in this chapter 11 case.

5.      On January 12, 2024, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102 [Docket No. 46].  On January 16, 2024, the Committee selected Akin as its proposed counsel.  On February 9, 2024, the Committee selected Global Data Risk LLC ("Global Data") as its proposed specialized forensic financial advisor.

## RELIEF REQUESTED

6.      The Committee seeks to retain and employ Akin as its counsel, pursuant to Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rule 2014 and Local Rule 2014-1, effective as of January 16, 2024.

## RETENTION OF AKIN

7.      The Committee respectfully submits that it is necessary and appropriate for it to engage legal counsel in this chapter 11 case.  The Committee believes that Akin possesses the requisite knowledge and expertise in the areas of law relevant to this chapter 11 case and is well-qualified to represent the Committee.  In selecting counsel, the Committee sought attorneys with considerable experience and expertise in the fields of reorganization, creditors' rights and tort bankruptcies, given, among other things, the nature of the claims at issue in this case.  The professionals at Akin have such expertise and have substantial experience in representing official creditors' committees in many significant chapter 11 cases, including tort bankruptcies.

8.     Akin is recognized as one of the premier firms in the nation representing official creditors' committees and various other parties in interest in connection with complex bankruptcy matters of all kinds.  For example, Akin is currently representing, and has represented, official creditors' committees in significant chapter 11 cases, including:  *In re Diamond Sports Group, LLC*, No. 23-90116 (CML) (Bankr. S.D. Tex.); *In re SVB Financial* Group, No. 23-10367 (MG) (Bankr. S.D.N.Y.); *In re Yellow Corporation*, No. 23-11069 (CTG) (Bankr. D. Del.); *In re Alexander E. Jones*, No. 22-33553 (CML) (Bankr. S.D. Tex.); *In re GWG Holdings, et al.,* No. 22-90032 (MI) (Bankr. S.D. Tex.); *In re Pipeline Health System, LLC*, No. 22-90291 (MI) (Bankr. S.D. Tex.); *In re Strike, LLC*, No. 21-90054 (DRJ) (Bankr. S.D. Tex.); *In re BBGI US, Inc. (f/k/a Brooks Brothers Grp., Inc.)*, No. 20-11785 (CSS) (Bankr. D. Del.); *In re Diamond Offshore Drilling, Inc.*, No. 20-32307 (DRJ) (Bankr. S.D. Tex.); and *In re Southern Foods Group, LLC formerly d/b/a Dean Foods*, No. 19-36313 (DRJ) (Bankr. S.D. Tex.).

9.     Moreover, Akin represents, or has represented, official committees in cases involving significant tort and/or mass tort bankruptcies including the following:  *In re Rite Aid Corporation*, Case No. 23-18993(MBK) (Bankr. D.N.J.); *In re Alexander E. Jones*, Case No. 22-33553 (CML) (Bankr. S.D. Tex.); *In re Endo International PLC*, No. 22-22549 (JLG) (Bankr. S.D.N.Y.); *In re TPC Group Inc.*, No. 22-10493 (CTG) (Bankr. D. Del.); *In re HONX, Inc.*, No. 22-90035 (MI) (Bankr. S.D. Tex.); *In re Mallinckrodt plc,* No. 20-12522 (JTD) (Bankr. D. Del.); *In re Purdue Pharma L.P.*, No. 19-23649 (SHL) (Bankr. S.D.N.Y.); and *In re Insys Therapeutics, Inc.*, No. 19-11292 (KG) (Bankr. D. Del.).  Akin has acted as special counsel to the Coalition of Abused Scouts for Justice in *In re Boy Scouts of America and Delaware BSA, LLC* and well as counsel, on a *pro bono* basis, to certain Texas plaintiffs in the now dismissed subchapter V cases of InfoW, LLC, which were defendants in litigation brought by certain Sandy Hook families (the "<u>Sandy</u>

4

Hook Families").[1]  In addition, Akin previously represented the Sandy Hook Families, also on a

*pro bono* basis, in both: (i) the subchapter V case of Free Speech Systems, LLC[2] and (ii) the

individual chapter 11 case of Alexander E. Jones (the "Jones Bankruptcy Case").

10.     In light of the foregoing, the Committee believes that Akin is well qualified to

represent the Committee in this chapter 11 case and submits that the Committee's employment of

Akin is appropriate and in the best interests of the Debtor's unsecured creditors.

## SERVICES TO BE PROVIDED

11.     The Committee respectfully submits that it is necessary and appropriate for it to

retain and employ Akin to, among other things:

(a)     advise the Committee with respect to its rights, duties and powers in this chapter 11 case;

(b)     assist and advise the Committee in its consultations and negotiations with the Debtor and other parties in interest regarding the administration of this chapter 11 case;

(c)     investigate and analyze any claims belonging to the Debtor's estate;

(d)     assist the Committee in analyzing all aspects of the claims of the Debtor's creditors, including, without limitation, the dischargeability thereof, and in negotiating with holders of claims;

(e)     assist the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor and related entities and of the Debtor's affairs, including, without limitation, analysis of the Debtor's schedules of assets and liabilities and statement of financial affairs, and each of the foregoing may include, without limitation, discovery and litigation in connection therewith;

(f)     assist the Committee in its analysis of, and negotiations with, the Debtor or any third party, concerning matters related to, among other things, the assumption or rejection of certain executory contracts, asset dispositions, asset sale transactions, other transactions and the terms of one or more plans of reorganization and/or

---

[1]     *In re InfoW, LLC*, No. 22-60020 (Bankr. S.D. Tex. 2022); *In re IWHealth, LLC*, No. 22-60021 (Bankr. S.D. Tex. 2022); *In re Prison Planet TV, LLC,* No. 22-60022 (Bankr. S.D. Tex. 2022).

[2]     *In re Free Speech Systems, LLC*, No. 22-60043 (Bankr. S.D. Tex. 2022).

liquidation for the Debtor and accompanying disclosure statements and related plan documents;

(g)    assist and advise the Committee as to its communications to the general creditor body regarding significant matters in this chapter 11 case;

(h)    represent the Committee at all hearings and other proceedings before the Court;

(i)    review and analyze applications, orders, statements of operations and schedules filed with the Court and advise the Committee as to their propriety and, to the extent deemed appropriate by the Committee, support, join or object thereto;

(j)    assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

(k)    assist the Committee in its review and analysis of the Debtor's various agreements;

(l)    assist and advise the Committee with respect to issues concerning the applicability of the automatic stay and non-bankruptcy litigation to which the Debtor is a party;

(m)    prepare, on behalf of the Committee, any pleadings, including, without limitation, motions, memoranda, complaints, adversary complaints, objections, discovery requests or comments in connection with any matter related to the Debtor or this chapter 11 case; and

(n)    perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee and its constituency in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

12.    Because of the extensive legal services that the Committee requires in connection with this chapter 11 case, and the fact that the full nature and extent of such services are not known at this time, the Committee believes that the employment of Akin to provide the services described above, and such other services as may be necessary for the Committee to satisfy its obligations to the Debtor's unsecured creditor constituency, is appropriate and in the best interests of the Debtor's estate and his unsecured creditors.

## PROFESSIONAL COMPENSATION

13.      As noted above, and in recognition of the unique and important circumstances of this chapter 11 case, Akin has agreed to serve as counsel to the Committee on a *pro bono* basis, with one contingent qualification:  Akin reserves the right to seek allowance under the applicable rules of all actual, reasonable and necessary fees and expenses incurred in connection with this representation in the event that the Debtor obtains confirmation of a chapter 11 plan or other resolution of this chapter 11 case that is not supported by the Committee.  In that event, all fees and expenses authorized by the Court and paid by the Debtor's estate to Akin in connection with this representation will be contributed to the Debtor's unsecured creditors.

14.      Notwithstanding the foregoing agreement by Akin, the Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by Akin in this chapter 11 case be treated as administrative expenses of the Debtor's estate pursuant to Bankruptcy Code sections 328, 330, 331, 503(b) and 507(a)(2), subject to approval by the Court when, and if, payment of such fees is requested by the Committee.  For the avoidance of doubt, Akin will not be seeking current payment of such fees and expenses on a monthly or interim basis but reserves the right to seek allowance of such fees and expenses at any time prior to the conclusion of this chapter 11 case for the sole purpose of contributing any and all allowed amounts to the Debtor's unsecured creditors.

15.      Subject to Court approval and the terms set forth herein, Akin will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered in accordance with Bankruptcy Code sections 328, 330 and 331.  In light of the unique facts and circumstances of this chapter 11 case, and specifically Akin's agreement to be retained as Committee counsel on a *pro bono* basis and the terms described herein, Akin requests a waiver of its obligations to apply for compensation and reimbursement of

expenses on a monthly basis in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules and any other applicable order of the Court.  Akin also requests, to the extent otherwise applicable, a waiver of compliance with the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*, 78 Fed. Reg. 36248, effective as of November 1, 2013 ("Appendix B")[3] and the *United States Trustee's Guidelines for Reviewing Applications for Compensation Filed Under 11 U.S.C. § 330 in (1) Large Chapter 11 Cases by Those Seeking Compensation who are not Attorneys, (2) All Chapter 11 Cases Below the Larger Case Threshold, and (3) Cases under Other Chapters of the Bankruptcy Code*, 61 Fed. Reg. 24890, effective as of January 30, 1996 ("Appendix A" and, together with Appendix B, the "U.S. Trustee Guidelines"), in connection with monthly, interim and final fee applications.  Notwithstanding the foregoing, Akin will provide the Committee, the Debtor and the U.S. Trustee with monthly summary invoices of the fees and expenses incurred by Akin in connection with its representation of the Committee.  This proposed arrangement with respect to Akin's compensation was approved in the Jones Bankruptcy Case, and attached hereto as **Exhibit D** is the order entered by the United States Bankruptcy Court for the Southern District of Texas approving such relief.

---

[3]    Appendix B applies to chapter 11 cases with $50 million or more in assets and $50 million or more in liabilities. According to the Debtor's *Summary of Assets and Liabilities and Certain Statistical Information* [Docket No. 71], the Debtor has less than $50 million in assets.

16.     Akin's hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions.[4]    Akin's 2024 standard hourly rates for professionals and paraprofessionals employed in its domestic offices are provided below:

| **Billing Category** | **2024 Range** |
|---|---|
| Partners | $1,440 – $2,195 |
| Senior Counsel | $1,055 – $1,800 |
| Counsel | $1,295 – $1,825 |
| Associates | $840 – $1,350 |
| Paraprofessionals | $255 – $530 |

17.     It is Akin's policy to charge its clients in all areas of practice for expenses incurred in connection with its representation of a client.  The expenses charged to clients include, among other things, photocopying charges, travel expenses, expenses for "working meals" and computerized research.  Akin will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services provided to the Committee but will not bill the Debtor's estate for such expenses during the pendency of this chapter 11 case subject to the foregoing qualifications.

## NO ADVERSE INTEREST

18.     Upon information and belief, and as set forth in the Dublin Declaration, Akin does not represent and does not hold any interest adverse to the Debtor's estate or his creditors in the matters upon which Akin is to be engaged.  Akin is, however, a large firm with a national and

---

[4]     For example, like many of its peer law firms, Akin typically increases the hourly billing rate of attorneys and paraprofessionals periodically in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing in seniority and promotion; and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority.  The step increases do not constitute "rate increases" (as the term is used in the U.S. Trustee Guidelines).  While the rate ranges provided for herein may change if an individual leaves or joins Akin, and if any such individual's billing rate falls outside the ranges disclosed above, Akin does not intend to update the ranges for such circumstances.

international practice and may represent or may have represented certain of the Debtor's creditors, related parties or other parties in interest in matters unrelated to this chapter 11 case.

## NO DUPLICATION OF SERVICES

19.    The proposed Committee professionals are cognizant of the need to manage any fees and expenses incurred in this chapter 11 case.  While Akin is the only law firm currently contemplated to be retained by the Committee, Akin will use reasonable efforts to avoid any duplication of services between and among any of the Committee's other retained professionals in this chapter 11 case, including Global Data.

## RELIEF EFFECTIVE AS OF JANUARY 16, 2024

20.    The Committee believes that the employment of Akin, effective as of January 16, 2024, the date the Committee selected Akin as its proposed counsel, is warranted under the circumstances of this chapter 11 case.  Upon its selection, the Committee requested that Akin commence work immediately on time-sensitive matters and devote substantial resources to this chapter 11 case prior to the submission and approval of this Application.  Thus, Akin has provided, and will continue to provide, valuable services to the Committee.

## NOTICE

21.    Notice of this Application has been provided to: (i) the U.S. Trustee; (ii) bankruptcy counsel to the Debtor; and (iii) all parties requesting notice under Bankruptcy Rule 2002.  Due to the nature of the relief requested herein, the Committee submits that no other or further notice need be provided.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court (i) enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to retain and employ Akin as its counsel, effective as of January 16, 2024 and (ii) grant such other and further relief as the Court may deem just, proper and equitable.

Dated: February 14, 2024

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS APPOINTED IN THE CHAPTER 11 CASE OF RUDOLPH W. GIULIANI**

*/s/ Wandrea' ArShaye Moss*

Wandrea' ArShaye Moss, solely in her capacity as chair of the Official Committee of Unsecured Creditors appointed in the chapter 11 case of Rudolph W. Giuliani and not in any other capacity

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

In re:                                                  :          **Chapter 11**
                                                        :
**RUDOLPH W. GIULIANI**                                 :          **Case No. 23-12055 (SHL)**
**a/k/a RUDOLPH WILLIAM GIULIANI,**                     :
                                                        :
                              Debtor.                   :

-----------------------------------------------------------------x

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE
### OF UNSECURED CREDITORS OF RUDOLPH W. GIULIANI
### TO RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER &
### FELD LLP AS COUNSEL, EFFECTIVE AS OF JANUARY 16, 2024

Upon the application (the "Application")[1] of the Official Committee of Unsecured
Creditors (the "Committee") appointed in the chapter 11 case of Rudolph W. Giuliani a/k/a
Rudolph William Giuliani (the "Debtor") for entry of an order authorizing the Committee to retain
and employ Akin Gump Strauss Hauer & Feld LLP ("Akin") as its counsel in connection with the
Debtor's chapter 11 case, effective as of January 16, 2024; and the Court having jurisdiction over
this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this proceeding being a core proceeding
pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding being proper pursuant to 28 U.S.C.
§§ 1408 and 1409; and due and proper notice of the Application having been provided to the
necessary parties; and the Court having found that no other or further notice is necessary; and the
Court having reviewed the Application, the declaration of Philip C. Dublin, a partner of Akin (the
"Dublin Declaration"), and the declaration of Wandrea' ArShaye Moss, solely in her capacity as
chair of the Committee (the "Moss Declaration" and, together with the Dublin Declaration, the
"Declarations"); and the Court finding, based on the representations made in the Application and
the Declarations, that Akin does not represent any interest adverse to the Committee or the

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Debtor's estate with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b); and the Court having found that the terms and conditions of Akin's employment as set forth in the Application are reasonable as required by Bankruptcy Code section 328(a); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and the Court having found that the retention and employment of Akin is in the best interests of the Debtor's estate and his unsecured creditors; and any objections to the relief requested in the Application having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Application is granted as set forth herein.

2.      In accordance with Bankruptcy Code sections 328 and 1103(a), Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, the Committee is hereby authorized and empowered to retain and employ Akin as its counsel to represent it in this chapter 11 case and related matters and proceedings on the terms set forth in the Application and the Declarations, effective as of January 16, 2024.

3.      In light of the unique facts and circumstances of this chapter 11 case and Akin's retention by the Committee on a *pro bono* basis, Akin shall not be required to apply for compensation on a monthly or interim basis in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules and any other applicable order of the Court.  In addition, Akin shall be excused from complying with the U.S. Trustee Guidelines in connection with monthly, interim and final fee applications.  Notwithstanding the foregoing, Akin will provide the Committee, the Debtor and the

U.S. Trustee with monthly summary invoices of the fees and expenses incurred by Akin in connection with its representation of the Committee.

4.      In the event that the Debtor obtains confirmation of a chapter 11 plan or other resolution of this chapter 11 case that is not supported by the Committee, Akin shall be entitled to seek approval by this Court and payment by the Debtor, in accordance with all applicable rules, of all fees and related costs and expenses incurred by the Committee on account of services rendered by Akin in connection with this chapter 11 case prior to the conclusion of this chapter 11 case.

5.      Akin shall provide ten (10) days' notice to the Debtor and the U.S. Trustee before any increases in rates are implemented, other than with respect to those rates set forth in the Application and the Dublin Declaration, and shall file such notice with the Court.  Except with respect to those rates set forth in the Application and the Dublin Declaration, the U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

6.      Akin will review its files periodically during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Akin will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

7.      Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.      The Committee and Akin are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

9.      To the extent the Application or the Declarations are inconsistent with this Order, the terms of this Order shall govern.

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     During the pendency of this chapter 11 case, the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: _____


_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

**Dublin Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re:                                                    :        **Chapter 11**
                                                          :
**RUDOLPH W. GIULIANI**                                   :        **Case No. 23-12055 (SHL)**
**a/k/a RUDOLPH WILLIAM GIULIANI,**                       :
                                                          :
                        Debtor.                           :
-------------------------------------------------------------x

## DECLARATION OF PHILIP C. DUBLIN IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF RUDOLPH W. GIULIANI TO RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER & FELD LLP AS COUNSEL, EFFECTIVE AS OF JANUARY 16, 2024

I, Philip C. Dublin, under penalty of perjury, declare as follows:

1.      I am an attorney admitted to practice in the State of New York.  I am a partner at the firm of Akin Gump Strauss Hauer & Feld LLP ("Akin").  Akin maintains offices at, among other places, One Bryant Park, New York, New York 10036.  There are no disciplinary proceedings pending against me.

2.      I am familiar with the matters set forth herein and make this declaration (this "Declaration") in support of the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of Rudolph W. Giuliani a/k/a Rudolph William Giuliani (the "Debtor") seeking approval to retain and employ Akin as counsel to the Committee.

3.      On January 12, 2024, United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102 [Docket No. 46].  On January 16, 2024, the Committee selected Akin as its proposed counsel.  On February

---

[1]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

9, 2024, the Committee selected Global Data Risk LLC ("Global Data") as its proposed specialized forensic financial advisor.

4.    I am not, nor is Akin, an insider of the Debtor.  To the best of my knowledge and information, neither Akin nor I hold directly any claim or debt of the Debtor.

5.    To the best of my knowledge and information, no partner or employee of Akin has been, within two years from the Petition Date, an employee of the Debtor as specified in Bankruptcy Code section 101(14)(B).

6.    Akin does not have an interest materially adverse to the interests of the Debtor's estate or of any class of creditors, by reason of any direct or indirect relationship to, connection with or interest in, the Debtor, as specified in Bankruptcy Code section 101(14)(C) or for any other reason.

7.    Akin does not currently represent the Debtor or, to the best of my knowledge and information, any of his related parties, affiliates and/or partners, if applicable.  Moreover, except as further described herein, Akin has not undertaken, and will not undertake, the representation of any party other than the Committee in connection with this chapter 11 case.

8.    To the best of my knowledge and information, Akin neither holds nor represents any interest adverse to the Committee, the Debtor, his known creditors or other parties in interest or their respective attorneys in this chapter 11 case.  Based upon information available to me, I believe that Akin is a "disinterested person" within the meaning of Bankruptcy Code section 101(14).

9.    In connection with its proposed retention by the Committee in this chapter 11 case, Akin undertook a thorough review of its computerized database (the "Conflicts Database") to determine whether it had any conflicts or other relationships that might cause it not to be

disinterested or to hold or represent an interest adverse to the Debtor.  The Conflicts Database is designed to include every matter on which Akin is now and has been engaged and, in each instance, the identity of related parties, adverse parties and certain of the professionals in the firm that are knowledgeable about the matter.  It is the policy of Akin that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the Conflicts Database the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter and the related and adverse parties.  Accordingly, Akin maintains and systematically updates this system in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records.

10.     In particular, and in connection with preparing this Declaration, through my colleagues, I submitted to the Conflicts Database the names set forth on a list of parties in interest identified by the Debtor, as well as the names of certain additional parties identified by Akin, which are categorized for ease of reference.  A copy of the list of the parties searched by Akin is attached hereto as **Schedule 1** (collectively, the "Searched Parties").

11.     Where an entity has a name similar to a party on **Schedule 1** or is possibly related to such party in matters wholly unrelated to this chapter 11 case, those parties have also been searched in the Conflicts Database.  The information listed on **Schedule 1** may have changed without Akin's knowledge and may change during the pendency of this chapter 11 case.  Akin will update or supplement this Declaration as necessary and when Akin becomes aware of additional material information.

**REPRESENTATION OF PARTIES IN INTEREST**

12.     Set forth on **Schedule 2** attached hereto is a list of the Searched Parties from **Schedule 1** that Akin either (i) currently represents (or represents a related party of the Searched Party) (the "Current Clients") in matters unrelated to this chapter 11 case or (ii) has, in the past

3

three calendar years, represented (or represented a related party of the Searched Party) in matters wholly unrelated to this chapter 11 case (the "Former Clients").[2]  In connection with the services to be rendered to the Committee, Akin will not commence a cause of action against any Current Client with respect to this chapter 11 case unless Akin has received a waiver from the Current Client allowing Akin to commence such an action.  In connection with this chapter 11 case, to the extent any causes of action are commenced by or against any Current Client, and a waiver is not obtained permitting Akin to participate in such action, the Committee will retain conflicts counsel to represent the Committee in connection therewith.

13.    As part of its diverse restructuring practice, Akin routinely represents informal and official creditors' committees.  In that regard, set forth on **Schedule 3** attached hereto is a listing of those Searched Parties from **Schedule 1** and/or certain related parties that currently serve or have served, within the last three calendar years, on informal or official creditors' committees in chapter 11 cases (other than this chapter 11 case) represented by Akin.

14.    As part of its restructuring practice, Akin appears in cases, proceedings and transactions involving many different professionals, including attorneys, accountants, financial consultants and investment bankers, some of which may represent claimants and parties in interest in this chapter 11 case.  In addition, Akin may have in the past or may currently be representing

---

[2]    For purposes of the disclosures set forth herein, Akin has searched for connections with clients with whom time has been posted in the last three calendar years.  "Current Clients" are those clients (or related parties thereof) in which the Conflicts Database shows that one or more timekeepers have posted time to such client matters in the last 12 months and are not listed in the Conflicts Database as "closed" matters.  "Former Clients" are those clients in which the Conflicts Database shows that Akin previously represented such clients (or related parties thereof) within the last three calendar years and (i) no time has been posted to such client matters in the last 12 months or (ii) such client matters are otherwise listed as "closed" within the Conflicts Database.  To the extent that a client (or related party thereof) is both a Current Client and a Former Client on separate matters, such client is listed only once on **Schedule 2** as a Current Client.  Notwithstanding the foregoing, whether an actual client relationship exists can only be determined by reference to the documents governing Akin's representation rather than its potential listing in the Conflicts Database.  As such, for purposes of the disclosures set forth herein, some of the disclosures set forth herein and on **Schedule 2** may be over-inclusive.

other professionals involved in this chapter 11 case in matters unrelated to this chapter 11 case. Based on our current knowledge of the professionals involved, Akin does not represent or have a relationship with any attorneys, accountants, financial consultants or investment bankers that would be materially adverse to the Debtor, his estate or the Committee in matters upon which Akin is to be employed, and none are in connection with this chapter 11 case.

15.     Akin and certain of its partners, senior counsel, counsel and associates also may have in the past represented, may currently represent and likely in the future will represent creditors or other parties in interest in this chapter 11 case in connection with matters unrelated to this chapter 11 case. Akin believes that its representation of such creditors or other parties in interest in such unrelated matters will not affect its representation of the Committee in this chapter 11 case.

16.     Moreover, Akin currently represents, and/or has in the past represented, and likely in the future will represent entities that are adverse and/or potentially adverse to one or more of the Searched Parties in matters unrelated to this chapter 11 case.   Akin believes that its representation of such parties in such unrelated matters will not affect its representation of the Committee in this chapter 11 case.

17.     Based on the conflicts search conducted to date and described herein, to the best of my knowledge, I do not believe there is any connection between Akin and the U.S. Trustee, any person employed with the U.S. Trustee or any bankruptcy judge currently serving on the United States Bankruptcy Court for the Southern District of New York, except as disclosed or otherwise described herein.

18.     Akin will periodically review its Conflicts Database during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Akin will use reasonable efforts to

identify such further developments and to promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## SPECIFIC DISCLOSURES

### A.   Connections with Parties Representing 1% or More of Akin's Revenue for 2023

19.    At the inception of each engagement for which a declaration is required pursuant to Bankruptcy Rule 2014, Akin reviews the information relating to the parties involved in a bankruptcy case to determine whether any such party, together with its known related entities, were clients of Akin and made payments to Akin for services rendered in the calendar year prior to the date of review that in the aggregate for each such party exceeds 1% of Akin's total revenues for such calendar year.

20.    Akin's revenues for services rendered on behalf of each of the parties in interest identified on **Schedule 1** make up, in the aggregate, with respect to each such party in interest, less than 1% of Akin's annual revenue in calendar year 2023.

### B.   Connections with Members of the Committee

21.    Except with respect to Akin's representation of the Committee in this chapter 11 case (in which Akin represents the Committee and not any individual Committee member in its individual capacity), Akin does not currently represent, and has not in the past three years represented, any member of the Committee in its individual capacity in connection with this chapter 11 case or on any such other matters.

### C.   Connections with Counsel to Committee Members

22.    Sophie Dizengoff, the daughter of Akin partner Ira Dizengoff, is a law clerk at Willkie Farr & Gallagher LLP ("Willkie") in its litigation group.  Willkie is counsel to Committee member Ms. Wandrea' ArShaye Moss and creditor Ms. Ruby Freeman.  Akin has been advised by Willkie that Ms. Dizengoff will not be working on this matter.

6

**D.**    **Connections with the Debtor and Debtor's Affiliates**

23.    Akin has not represented and will not represent the Debtor or the Debtor's affiliates in connection with this chapter 11 case.

24.    In connection with preparing this Application, Akin sent a firmwide email asking all employees to report if, to the best of their knowledge, they, or a member of their immediate family, has any personal, business and/or other relationship with the Debtor. Akin received two responses.

25.    *First*, one of Akin's current partners previously worked at what was then the law firm of Bracewell & Giuliani LLP, of which the Debtor was a named partner. This Akin partner left Bracewell & Giuliani LLP in 2009 and, upon information and belief, did not work on any cases directly with the Debtor while at Bracewell & Giuliani LLP.

26.    *Second*, a senior counsel at Akin worked as a political aid in the Office of the Mayor of New York City for a brief period in the late 1990s. In the ordinary course of such job, this Akin senior counsel interacted with the Debtor intermittently. Since leaving this junior position, this senior counsel has not had any direct contact with the Debtor.

27.    Akin has over 1,000 attorneys and advisors and many other employees. Although no additional responses were received to the firmwide email that Akin sent, given the Debtor's experience in the political arena, it is possible that some Akin professionals and/or other employees may have been involved in political events, activities or otherwise related directly or indirectly to the Debtor. In addition, Akin has a renowned lobbying and public policy practice, and it is possible that some of Akin's work may relate indirectly to the Debtor and/or matters and issues in which the Debtor is or has been involved.

28.    I do not believe that any of the connections disclosed above preclude Akin from meeting the disinterested standard under the Bankruptcy Code.

**E.      Connections with Bankruptcy Judges and Court Staff for the Southern District of New York**

29.      Judge Lisa B. Beckerman, a bankruptcy judge with the United States Bankruptcy Court for the Southern District of New York, is a former partner at Akin.  Judge Beckerman was an attorney at Akin from 1999 to February 2021.  Judge Beckerman is not involved in this chapter 11 case.

**F.      Other Connections and General Disclosures**

30.      Akin performed general diligence to determine any connections beyond what is disclosed in the attached schedules.  Akin may have represented in the past and/or may currently represent or in the future represent entities (other than parties in the attached schedules) not currently known to Akin in matters unrelated to this chapter 11 case who may be parties in interest in this chapter 11 case.

31.      In addition, Akin regularly represents informal groups of creditors of companies that are facing financial distress, which financial distress may not have been publicly disclosed. Some of these companies may be or become parties in interest in this chapter 11 case.  Akin will only represent such informal groups in matters wholly unrelated to this chapter 11 case.

32.      None of Akin's representations of creditors or other parties in interest who are involved in this chapter 11 case comprise a material component of Akin's practice, nor does Akin currently represent such parties on any issue relating to this chapter 11 case.  For the reasons stated herein, Akin represents no interests adverse to the Debtor's individual creditors or the Committee and, therefore, is capable of fulfilling its duties to the Committee.

## PROFESSIONAL COMPENSATION

33.      As noted in the Application, and in recognition of the unique and important circumstances of this chapter 11 case, Akin has agreed to serve as counsel to the Committee on a

*pro bono* basis, with one contingent qualification: Akin reserves the right to seek allowance under the applicable rules of all actual, reasonable and necessary fees and expenses incurred in connection with Akin's representation of the Committee in this chapter 11 case in the event that the Debtor proposes and obtains confirmation of a chapter 11 plan or other resolution of this chapter 11 case that is not supported by the Committee.  In that event, all fees and expenses approved by the Court and paid by the Debtor's estate to Akin in connection with its representation of the Committee in this chapter 11 case will be contributed to the Debtor's unsecured creditors.

34.     In the event that Akin seeks allowance of fees and expenses, Akin will make appropriate applications to the Court pursuant to Bankruptcy Code sections 330 and 331 for compensation and reimbursement of out-of-pocket expenses, in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable order of the Court. Subject to the Court's approval, Akin will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to Bankruptcy Code sections 328, 330 and 331.

35.     Akin's hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions.[3]   Akin's 2024 standard hourly rates for professionals and paraprofessionals employed in its domestic offices are provided below:

| **Billing Category** | **2024 Range** |
|:---:|:---:|
| Partners | $1,440 – $2,195 |
| Senior Counsel | $1,055 – $1,800 |
| Counsel | $1,295 – $1,825 |

---

[3]   For example, like many of its peer law firms, Akin typically increases the hourly billing rate of attorneys and paraprofessionals periodically in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing in seniority and promotion; and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority.  The step increases do not constitute "rate increases" (as the term is used in the U.S. Trustee Guidelines).  While the rate ranges provided for herein may change if an individual leaves or joins Akin, and if any such individual's billing rate falls outside the ranges disclosed above, Akin does not intend to update the ranges for such circumstances.

| **Billing Category** | **2024 Range** |
|---|---|
| Associates | $840 – $1,350 |
| Paraprofessionals | $255 – $530 |

36.    The hourly rates set forth above are Akin's standard hourly rates for work of this nature.  These rates are set at a level designed to compensate Akin fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  Akin operates in a complicated, national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, the lawyer's area of specialization, the firm's expertise, performance and reputation, the nature of the work involved and other factors.  Akin's hourly rates vary with the experience and seniority of the individuals assigned.  Akin's hourly rates, including those adjustments as set forth herein, are consistent with (i) market rates for comparable services and (ii) the rates that Akin charges and will charge other comparable chapter 11 clients, regardless of the location of this chapter 11 case.

37.    It is Akin's policy to charge its clients in all areas of practice for expenses incurred in connection with its representation of a client.  The expenses charged to clients include, among other things, photocopying charges, travel expenses, expenses for "working meals" and computerized research.  Akin will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services provided to the Committee.  In the event that Akin seeks reimbursement for such expenses in accordance with paragraph 33, it will do so pursuant to, among other things, any applicable guidelines established by the Office of the U.S. Trustee, but will not bill the Debtor's estate for such expenses during the pendency of this chapter 11 case, subject to the foregoing qualifications.

38.     No agreement exists, nor will any be made, to share any compensation received by Akin for its services with any other person or firm other than members of Akin, except as described herein in connection with the potential contribution to the Debtor's unsecured creditors.

39.     For the reasons stated herein, Akin represents no interest adverse to the Debtor's individual creditors or the Committee and, therefore, is capable of fulfilling its duties to the Committee and the unsecured creditors that the Committee represents.

40.     The foregoing constitutes the statement of Akin pursuant to Bankruptcy Code sections 329, 504 and 1103(a), Bankruptcy Rules 2014(a) and 2016(b) and Local Rules 2014-1 and 2016-1.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

41.     The Committee and Akin intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines in connection with the Application.  Akin has, however, requested a waiver of any requirements to comply with the U.S. Trustee Guidelines in connection with the requirement to file monthly, interim and final fee applications in the course of its engagement.  The Committee and Akin reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines in respect of any application for employment or compensation in this chapter 11 case that falls within the ambit of the U.S. Trustee Guidelines.

42.     The following is provided in response to the request for additional information set forth in Section D.1 of Appendix B.[4]

    (a)     Akin did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement except as set forth in paragraph 33 above.  The hourly rates set forth herein are consistent with (i) market rates for comparable services and (ii) the rates that Akin charges and

---

[4] Although Appendix B may not be applicable to the Debtor's case, this additional information is being provided out of an abundance of caution.

will charge clients in other comparable chapter 11 cases, regardless of the location of this chapter 11 case.  Nevertheless, as discussed herein, Akin has agreed to represent the Committee on a *pro bono* basis and therefore will not be seeking current payment of such fees and expenses on a monthly or interim basis.  In the event that the Debtor obtains confirmation of a chapter 11 plan or other resolution of this chapter 11 case that is not supported by the Committee, Akin reserves the right to seek approval by this Court and payment by the Debtor, in accordance with all applicable rules, of all fees and expenses incurred by the Committee on account of services rendered by Akin in connection with this chapter 11 case prior to the conclusion of this chapter 11 case.

(b)     No rate for any of the professionals included in this engagement varies based on the geographic location of this chapter 11 case.

(c)     Akin did not represent any member of the Committee in connection with this chapter 11 case prior to its retention by the Committee.

(d)     In light of Akin's agreement to be retained as counsel to the Committee in this chapter 11 case on a *pro bono* basis, Akin does not intend to develop a budget in this chapter 11 case.

(e)     The Committee has approved Akin's proposed hourly billing rates.


I declare under penalty of perjury that the foregoing is true and correct on this 14th day of February, 2024.

*/s/ Philip C. Dublin*
Name: Philip C. Dublin

## Schedule 1

### Schedule of Searched Parties

**The Official Committee of Unsecured Creditors**

NOELLE DUNPHY                                WANDREA' ARSHAYE MOSS
U.S. DOMINION INC.

**Counsel to Individual Members of the Official Committee of Unsecured Creditors**

ABRAMS FENSTERMAN LLP                        DUBOSE & MILLER
BUCHALTER, A PROFESSIONAL                     SUSMAN GODFREY LLP
   CORPORATION                 WILLKIE FARR & GALLAGHER LLP

**Professionals of the Official Committee of Unsecured Creditors**

Global Data Risk

**Debtor**

RUDOLPH W. GIULIANI

**Debtor's Affiliates**

GIULIANI PARTNERS, LLC                       GIULIANI GROUP, LLC
GIULIANI & COMPANY, LLC                      GIULIANI SECURITY & SAFETY, LLC
GIULIANI COMMUNICATIONS, LLC                 WORLD CAPITAL PAYROLL CORP.

**Debtor's Professionals**

AIDALA, BERTUNA & KAMINS, P.C.               CAMARA & SIBLEY, LLP
BERGER, FISCHOFF, SHUMER,
   WEXLER & GOODMAN, LLP

**Creditors**

BST & CO. CPAS, LLC                          DISCOVER
CHASE BANK                                   EMERALD DUNES CLUB
CIRICARDS/AMERICAN AIRLINES                  ERIC COOMER, PH.D.
   AADVANTAGE                  GIULIANI PARTNERS LLC
CITIBANK/BROOKS BROTHERS                      IRS
CITIGOLD                                     IRS - CENTRALIZED INSOLVENCY
DANIEL GILL                                     OPERATION
DAVIDOFF HUTCHER & CITRON LLP                LAW OFFICES OF AIDALA, BERTUNA
DIAMOND PHARMACY (INDIANA, PA)                  & KAMINS

MOMENTUM TELECOM, INC
MORNINGSTAR SENIOR SOLUTIONS
NEW YORK STATE DEPARTMENT OF
   TAXATION & FINANCE
NOELLE DUNPHY
NYC DEPARTMENT OF FINANCE
NYS DEPARTMENT OF TAXATION &
   FINANCE
NYS DEPARTMENT OF TAXATION &
   FINANCE - BANKRUPTCY UNIT-TCD

ROBERT HUNTER BIDEN
RUBY FREEMAN & WANDREA MOSS
SMARTMATIC USA CORP
TABNER, RYAN K KENIRY, LLP
THE SOUTHLAKE CONDOMINIUM
   ASSOCIATION
TRUMP INTERNATIONAL GOLF CLUB
   L.C.
WANDREA' ARSHAYE MOSS
US DOMINION, INC.

**Judge Sean H. Lane's Chambers Staff**

CHRISTINA AZZARO
LIZA EBANKS

SARAH ROSENTHAL
JACQUELINE TRAN

**Bankruptcy Court Judges – Southern District of New York**

CHIEF JUDGE MARTIN GLENN
JUDGE LISA G. BECKERMAN
JUDGE PHILIP BENTLEY
JUDGE JAMES L. GARRITY, JR.
JUDGE DAVID S. JONES

JUDGE SEAN H. LANE
JUDGE JOHN P. MASTANDO III
JUDGE CECELIA G. MORRIS
JUDGE MICHAEL E. WILES

**Clerk of the Court and Deputy – Bankruptcy Court Southern District of New York**

VITO GENNA
MIKE PAEK

**District Court Judges – Southern District of New York**

RONNIE ABRAMS
RICHARD M. BERMAN
VINCENT L. BRICCETTI
VERNON S. BRODERICK
NAOMI REICE BUCHWALD
VALERIE E. CAPRONI
ANDREW L. CARTER JR.
KEVIN CASTEL
DENISE L. COTE
JOHN P. CRONAN
PAUL A. CROTTY
GEORGE B. DANIELS
PAUL A. ENGELMAYER
KATHERINE POLK FAILLA
JESSE M. FURMAN

PAUL G. GARDEPHE
CHARLES S. HAIGHT
PHILIP M. HALPERN
ALVIN K. HELLERSTEIN
LEWIS A. KAPLAN
KENNETH M. KARAS
JOHN F. KEENAN
JOHN G. KOELTL
LEWIS J. LIMAN
VICTOR MARRERO
COLLEEN MCMAHON
ALISON J. NATHAN
J. PAUL OETKEN
LORETTA A. PRESKA
JED S. RAKOFF

EDGARDO RAMOS

NELSON S. ROMAN

LORNA G. SCHOFIELD

CATHY SEIBEL

LOUIS L. STANTON

SIDNEY H. STEIN

RICHARD J. SULLIVAN, CIRCUIT
  JUDGE SITTING BY DESIGNATION

LAURA TAYLOR SWAIN

ANALISA TORRES

MARY KAY VYSKOCIL

KIMBA M. WOOD

GREGORY H. WOODS

**Magistrate Judges – District Court Southern District of New York**

STEWART D. AARON

SARAH L. CAVE

JAMES L. COTT

PAUL E. DAVISON

KEVIN N. FOX

DEBRA FREEMAN

MARTIN R. GOLDGERG

GABRIEL W. GORENSTEIN

ANDREW E. KRAUSE

ROBERT W. LEHRBURGER

JUDITH C. MCCARTHY

BARBARA MOSES

SARAH NETBURN

KATHARINE H. PARKER

ONA T. WANG

**Clerk of the Court – District Court Southern District of New York**

RUBY J. KRAJICK

**U.S. Trustee's Office – Southern District of New York**

ZEYNEP AKAN

VICTOR ABRIANO

SUSAN ARBEIT

MARK BRUH

AMANDA D. CASSARA

SHARA CORNELL

WILLIAM HARRINGTON

BENJAMIN J. HIGGINS

NADKARNI JOSEPH

BRIAN S. MASUMOTO

ERCILIA A. MENDOZA

MARY V. MORONEY

RICHARD C. MORRISSEY

ALABA OGUNLEYE

LINDA A. RIFFKIN

ILUSION ROGRIGUEZ

ANDREA B. SCHWARTZ

PAUL K. SCHWARTZBERG

SHANNON SCOTT

SYLVESTER SHARP

TARA TIANTIAN

ANDY VELEZ-RIVERA

DANIEL RUDEWICZ

MADELEINE VESCOVACCI

VALENTINA VLASOVA

ANNIE WELLS

GREG M. ZIPES

**Parties Filing Notice of Appearance, as of February 9, 2024**[1]

| | |
|---|---|
| BOARD OF DIRECTORS OF 45 EAST 66TH STREET OWNERS' CORPORATION | CAIN & SKARNULIS PLLC
FREDERICK E. SCHMIDT, JR.
SGO CORPORATION LIMITED |

---

[1]    Only new entities not already included in any other category on this **Schedule 1** are included in this Notice of Appearance category.

## Schedule 2

### Schedule of Searched Parties and/or Certain Related Parties that
### Akin Currently Represents, or Has in the Past Three Calendar Years
### Represented, in Matters Unrelated to the Chapter 11 Case

**The Official Committee of Unsecured Creditors**

*Akin has not in the past three calendar years represented and currently does not represent these parties.*

**Professionals of the Official Committee of Unsecured Creditors**

*Akin has not in the past three calendar years represented and currently does not represent this party.*

**Counsel to Individual Members of the Official Committee of Unsecured Creditors**

*Akin has not in the past three calendar years represented and currently does not represent these parties.*

**Debtor**

*Akin has not in the past three calendar years represented and currently does not represent this party.*

**Debtor Affiliates**

*Akin has not in the past three calendar years represented and currently does not represent these parties.*

**Debtor's Professionals**

*Akin has not in the past three calendar years represented and currently does not represent these parties.*

**Creditors**

*Akin currently represents the following entity and/or related parties of such entity on matters wholly unrelated to the chapter 11 case:*

| | |
|---|---|
| CHASE BANK | CITIBANK/BROOKS BROTHERS |
| CITICARDS/AMERICAN AIRLINES AADVANTAGE | CITIGOLD |

**Judge Sean H. Lane's Chambers Staff**

*Akin has not in the past three calendar years represented and currently does not represent these parties.*

**Bankruptcy Court Judges – Southern District of New York**

*Akin has not in the past three calendar years represented and currently does not represent these parties.*

**Clerk of the Court and Deputy – Bankruptcy Court Southern District of New York**

*Akin has not in the past three calendar years represented and currently does not represent these parties.*

**District Court Judges – Southern District of New York**

*Akin has not in the past three calendar years represented and currently does not represent these parties.*

**Magistrate Judges – District Court Southern District of New York**

*Akin has not in the past three calendar years represented and currently does not represent these parties.*

**Clerk of the Court – District Court Southern District of New York**

*Akin has not in the past three calendar years represented and currently does not represent this party.*

**U.S. Trustee's Office – Southern District of New York**

*Akin has not in the past three calendar years represented and currently does not represent these parties.*

**Parties Listed on Filed Notices of Appearance, as of February 9, 2024**

*Akin has not in the past three calendar years represented and currently does not represent these parties.*

## Schedule 3

**Schedule of Searched Parties and/or Certain Related Parties
that are Currently Serving, or Have in the Past Three Calendar Years Served,
on Informal and/or Official Creditors' Committees Represented by Akin**

CHASE BANK
CITICARDS/AMERICAN AIRLINES AADVANTAGE
CITIBANK/BROOKS BROTHERS
CITIGOLD

**<u>EXHIBIT C</u>**

**Moss Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:                                                     :        **Chapter 11**
                                                           :
**RUDOLPH W. GIULIANI**                                    :        **Case No. 23-12055 (SHL)**
**a/k/a RUDOLPH WILLIAM GIULIANI,**                        :
                                                           :
                                    **Debtor.**            :
-----------------------------------------------------------------x

**DECLARATION OF**
**WANDREA' ARSHAYE MOSS IN SUPPORT OF**
**THE APPLICATION OF THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS OF RUDOLPH W. GIULIANI**
**TO RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER &**
**FELD LLP AS COUNSEL, EFFECTIVE AS OF JANUARY 16, 2024**

Under 28 U.S.C. § 1746, I, Wandrea' ArShaye Moss, declare as follows under penalty of

perjury:

1.      I am making this declaration (this "Declaration") in my capacity as chair of the

Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of

Rudolph W. Giuliani a/k/a Rudolph William Giuliani (the "Debtor").  I am competent to make this

declaration in support of the *Application of the Official Committee of Unsecured Creditors of*

*Rudolph W. Giuliani to Retain and Employ Akin Gump Strauss Hauer & Feld LLP as Counsel,*

*Effective as of January 16,2024* (the "Application").[1]

2.      I submit this Declaration in support of the Application, pursuant to Section D.2. of

Appendix B.[2]  Except as otherwise noted, all facts in this Declaration are based on my personal

knowledge of the matters set forth herein, information gathered from my review of relevant

documents and information supplied to me by Akin.

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

[2]   Although Appendix B may not be applicable to the Debtor's case, this Declaration is being provided out of an
      abundance of caution.

3.      I am informed by Akin that Appendix B requests that any application for employment of an attorney under Bankruptcy Code section 1103 be accompanied by a verified statement from the client that addresses the following:

(a)      The identity and position of the person making the verification.

(b)      The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

(c)      The number of firms the client interviewed.

(d)      If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

(e)      The procedures the client has established to supervise the applicant's fees and expenses and to manage costs.  If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside counsel, explain how and why.  In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

## THE COMMITTEE'S SELECTION OF COUNSEL

4.      Following its formation, the Committee interviewed several law firms to represent the Committee as counsel in this chapter 11 case.  After interviewing each of these firms, the Committee found Akin to be uniquely qualified to represent the Committee in light of (i) Akin's long history of, and expertise in, representing official committees in chapter 11 cases and related matters and proceedings (including tort bankruptcies) and (ii) Akin's agreement to be retained as Committee counsel on a *pro bono* basis.  Therefore, on the basis of Akin's broad-based, deep and directly applicable skill set, the Committee has decided to retain Akin.

## RATE STRUCTURE

5.      Akin has informed the Committee that its rates and terms for bankruptcy representations are comparable to the rates and terms Akin charges and agrees to for

non-bankruptcy representations and comparable to the rates and terms of other comparably skilled professionals. The Committee has approved Akin's proposed rates, as set forth in the Application and the Dublin Declaration. Akin has informed the Committee that its hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions. The Committee has consented to such ordinary course rate increases.

### COST SUPERVISION

6.      The Committee recognizes its responsibility to monitor the billing practices of its counsel to ensure that any fees and expenses to be paid by the Debtor's estate remain consistent with the Committee's expectations and the exigencies of this chapter 11 case. Akin has agreed to serve as counsel to the Committee on a *pro bono* basis, with one contingent qualification: Akin reserves the right to seek allowance under the applicable rules of all actual, reasonable and necessary fees and expenses incurred in connection with Akin's representation of the Committee in this chapter 11 case in the event that the Debtor obtains confirmation of a chapter 11 plan or other resolution of this chapter 11 case that is not supported by the Committee. In that event, Akin has informed the Committee that all fees and expenses approved by the Court and paid by the Debtor's estate to Akin in connection with its representation of the Committee in this chapter 11 case will be contributed to the Debtor's unsecured creditors.

7.      Akin has advised the Committee that, in light of Akin's agreement to serve as counsel to the Committee in this chapter 11 case on a *pro bono* basis, Akin does not intend to develop a budget in this chapter 11 case. In addition, Akin has informed the Committee that, due to the unique facts and circumstances of Akin's retention, Akin has requested a waiver of any additional requirement to comply with the U.S. Trustee Guidelines governing monthly, interim or final requests for compensation. Notwithstanding the foregoing, Akin will provide the Committee,

the Debtor and the U.S. Trustee with monthly summary invoices of the fees and expenses incurred

by Akin in connection with its representation of the Committee.

I declare under penalty of perjury that the foregoing is true and correct on this 14th day of
February, 2024.

> **THE OFFICIAL COMMITTEE OF UNSECURED
> CREDITORS APPOINTED IN THE CHAPTER 11
> CASE OF RUDOLPH W. GIULIANI**
>
> */s/ Wandrea' ArShaye Moss*
> Wandrea' ArShaye Moss, solely in her capacity as
> chair of the Official Committee of Unsecured Creditors
> appointed in the chapter 11 case of Rudolph W. Giuliani
> and not in any other capacity

## **Exhibit D**

**Jones Bankruptcy Case Order**

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

February 13, 2023

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ALEXANDER E. JONES, | ) | Case No. 22-33553 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE
### OF UNSECURED CREDITORS OF ALEXANDER E. JONES
### TO RETAIN AND EMPLOY AKIN STRAUSS HAUER &
### FELD LLP AS COUNSEL, EFFECTIVE AS OF DECEMBER 19, 2022

Upon the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of Alexander E. Jones (the "Debtor," and such case, the "Chapter 11 Case") for entry of an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules") authorizing the Committee to retain and employ Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as its counsel in connection with the Chapter 11 Case, effective as of December 19, 2022; and upon the declaration of David M. Zensky, a partner of Akin Gump (the "Zensky Declaration"), filed contemporaneously with the Application; the declaration of Leonard Pozner and Robert Parker, each in his capacity as co-chair of the Committee (the "Pozner and Parker Declaration"), filed contemporaneously with the Application; and the supplemental declaration of David M. Zensky, dated February 6, 2023 [ECF

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

No. 135] (the "<u>Supplemental Zensky Declaration</u>" and together with the Zensky Declaration and the Ponzer and Parker Declaration, the "<u>Declarations</u>"); and it appearing that the attorneys of Akin Gump who will perform services on behalf of the Committee in the Chapter 11 Case are duly qualified to practice before the Court; and the Court finding, based on the representations made in the Application and the Declarations, that Akin Gump does not represent any interest adverse to the Committee or the Debtor's estate with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), that its employment is necessary and in the best interests of the Committee and the Debtor's estate; and finding that adequate notice of the Application having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1.  The relief requested in the Application is granted as set forth herein.

2.  In accordance with Bankruptcy Code sections 328 and 1103(a), Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, the Committee is hereby authorized and empowered to retain and employ Akin Gump as its counsel to represent it in the Chapter 11 Case and related matters and proceedings on the terms set forth in the Application and the Declarations, effective as of December 19, 2022.

3.  In light of the unique facts and circumstances of the Chapter 11 Case and Akin Gump's retention by the Committee on a *pro bono* basis, Akin Gump shall not be required to apply for compensation on a monthly or interim basis in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules and any other applicable order of the Court. In addition, Akin Gump shall be excused from complying with the U.S. Trustee Guidelines in connection with interim and final fee applications

except as otherwise provided herein. Notwithstanding the foregoing, Akin Gump will provide the Committee, the Debtor and the U.S. Trustee with monthly summary invoices of the fees and expenses incurred by Akin Gump in connection with its representation of the Committee.

4.     In the event that the Debtor obtains confirmation of a chapter 11 plan or other resolution of the Chapter 11 Case that is not supported by the Committee, Akin Gump shall be entitled to seek approval by this Court and payment by the Debtor, in accordance with all applicable rules, of all fees and related costs and expenses incurred by the Committee on account of services rendered by Akin Gump in connection with the Chapter 11 Case prior to the conclusion of the Chapter 11 Case. Such fees shall be sought in a final fee application complying with all U.S. Trustee Guidelines. For the avoidance of doubt, the rights of the Debtor and all other parties in interest to object to such fees on any basis permitted by the Bankruptcy Code and applicable rules, including those typically raised as objection to employment applications, are expressly reserved.

5.     Akin Gump shall provide ten (10) business days' notice to the Debtor and the U.S. Trustee before any increases in rates are implemented, other than with respect to those rates set forth in the Application and the Zensky Declaration, and shall file such notice with the Court. Except with respect to those rates set forth in the Application and the Zensky Declaration, the U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

6.     Akin Gump shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in the Chapter 11 Case.

3

7.      Akin Gump will review its files periodically during the pendency of the Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Akin Gump will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

8.      The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

9.      To the extent the Application is, or the Declarations are, inconsistent with this Order, the terms of this Order shall govern.

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Signed: February 13, 2023

_____
Christopher Lopez
United States Bankruptcy Judge