UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                                Chapter 11

RUDOLPH W. GIULIANI                                           Case No: 23-12055
a/k/a RUDOLPH WILLIAM GIULIANI

                            Debtor
--------------------------------------------------------- X

## SUPPLEMENTAL DECLARATION OF JOSEPH SIBLEY, ESQ. IN SUPPORT OF THE APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CAMARA & SIBLEY, LLP AS SPECIAL COUNSEL TO THE DEBTOR EFFECTIVE DECEMBER 21, 2023

I, Joseph Sibley, Esq., hereby declare, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct, to the best of my knowledge and belief after due inquiry as described herein:

1. I am a partner in the law firm of Camara & Sibley, LLP ("C&S") located at, among other places 1108 Lavaca St, Ste 110263, Austin, TX 78701.

2. I am familiar with the matters set forth herein and make this declaration in support of the application (the "Application") of Rudolph W. Giuliani, the Debtor and Debtor-in-Possession herein to retain C&S as his special counsel in this case. Specifically, the Debtor seeks to retain C&S as his special counsel to represent the Debtor in connection with the representation in Case No. 1:21-cv-03354-BAH FREEMAN et al. v. GIULIANI" ("Matter") pending the United States District Court for the District of Columbia.

### C&S'S QUALIFICATIONS

3. The Debtor seeks to retain C&S because of C&S's expertise and extensive experience and knowledge of defamation matters and First Amendment matters, which is the nature of the Matter. I will have the primary responsibility for the Debtor's matters and I have extensive

experience with defamation and First Amendment matters, having handled dozens of such matters over my career.

### PROFESSIONAL COMPENSATION

4. C&S intends to apply for compensation for professional services rendered on a flat fee basis of $50,000.00 (half of which has been paid and is being held in the C&S IOLTA account) and reimbursement of actual, necessary expenses incurred in connection with the engagement subject to the Court's approval in accordance with Section 330(a) of the Bankruptcy Code and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. The flat fee C&S will use in this Chapter 11 case is the same as the fees C&S generally uses in similar representations, regardless of the location of the matter.

5. It is expected that the bulk of the partner-level services on this case will be provided by myself.

6. C&S's flat fees are set at a level designated to compensate C&S fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses.

7. It is C&S's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also C&S's policy to charge its clients only the amount actually incurred by C&S in connection with such items. Examples of such expenses include overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research and photocopying.

8. C&S will charge $0.10 per page for standard duplication in its offices in accordance with S.D.N.Y. LBR 2016-1(a) and the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases.* C&S does not charge its clients for incoming or outgoing facsimile transmissions. Computer-assisted legal research is used whenever the researcher determines that using it is more cost effective than using traditional (non-computer-assisted legal research) techniques.

**C&S'S DISINTERESTEDNESS AND LACK OF ADVERSE INTERST**

9. C&S in connection with its proposed retention by the Debtor in this Chapter 11 case, undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtor or his estate. Specifically, C&S obtained from the Debtor's counsel the names of individuals and entities that may be parties in interest in this Chapter 11 case or otherwise have material connections to this case (the "Potential Parties in Interest") and such parties are listed in Schedule A hereto. Schedule A includes all creditors disclosed on Debtor's schedules, and all the Debtor's affiliates disclosed on the Debtor's Schedules. C&S has searched its electronic database of closed/prior matter files in cloud storage for its connections to the entities and persons listed in Schedule A and there are no connections to the Potential Parties in Interest with any closed/prior matters. I am responsible for all matters C&S currently works on and, therefore, have personal knowledge that C&S currently has no connection to any of the Potential Parties in Interest except for Robert Costello, which is discussed separately below.

10. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I, C&S, nor any partner, of counsel or associate thereof, insofar as I

have been able to ascertain, have any connection with the Debtor (other than the legal matters I have represented him and his affiliates in, see Schedule C), his creditors, or any other parties in interest, their respective attorneys and accountants, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), any person employed in the Office of the U.S. Trustee, and Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Southern District of New York, any District Judge currently serving on the United States District Court of the Southern District of New York, or the Clerk and Deputy Clerk of the United States Bankruptcy Court for the Southern District of New York. Please see the annexed Schedule A.

11. Although I currently represent Robert Costello—who is a principle of one of debtor's creditors, Davidoff Huchter & Citron LLP in the matter of *Biden v. Giuliani, et al.*, Case 2:23-cv-08032-HDV-KS, in the United States District Court for the Central District of California, along with certain of Debtor's affiliated companies—the parties' interests are aligned as they have filed a joint motion to dismiss. However, as of the date of this filing, I have informed Mr. Costello that he will need to find separate counsel to replace me so as to avoid any potential conflict with the Debtor and my representation of Debtor as special counsel. Mr. Costello and his firm have agreed with this course of action. I will withdraw as counsel for Mr. Costello in the *Biden* matter promptly.

12. In the *Biden* matter, I have not made an appearance on behalf of Debtor because this bankruptcy was filed prior to his answer being due. I have only appeared for GIULIANI PARTNERS, LLC; GIULIANI GROUP, LLC, GIULIANI SECURITY & SAFETY, LLC, and ROBERT J. COSTELLO and have filed a motion to dismiss on those parties' behalf which is currently pending.

13. C&S has no other connection with any other party in interest with respect to the Matter.

14. C&S will disclose in the future if it performs or has performed services for any Potential Parties in Interest in this Chapter 11 case, and C&S will promptly update this Declaration to disclose any developments regarding the Debtor, his creditors, or any other pertinent relationship that comes to C&S's attention that would require disclosure under Fed. R. Bankr. P. 2014. C&S has not received a retainer, advance or any other property of the Debtor or other person in connection with its prior representation of the Debtor in this case. However, as discussed herein, C&S received a partial payment of $25,000.00 from the Rudy Giuliani Freedom Fund toward the $50,000.00 flat fee for the post-petition appeal of the Matter, which C&S is holding in trust.

15. To the best of my knowledge, (a) C&S is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtor or the Debtor's estate with respect to the Matter on which C&S is being employed, and (b) C&S has no connection to the Debtor, his creditors, or other parties in interest, except as is disclosed in this Declaration.

16. To the best of my knowledge, after due inquiry, C&S:

    a. Is not an equity security holder, or an "insider" of the Debtor;

    b. Is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and

    c. Does not have an interest materially adverse to the interest of the Debtor's estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker, or for any other reason.

17. C&S was paid all pre-petition fees owed and is, therefore, not a creditor in this bankruptcy. C&S has worked on several matters for Debtor since February of 2021 (see Schedule C) and has been paid approximately $578,035.15 for such work (see Schedule B), with all except an initial retainer of $20,000.00 and a subsequent payment of $10,000.00 coming from third-party legal defense funds. The attached Schedule B is list of all payments and sources received by C&S since the inception of its representation of the Debtor.

18. C&S has agreed that it will not seek payment of any legal fees or costs in connection with the Matter, directly from the Debtor. It will file any application for an award of fees and expenses in this case to be payable from the Rudy Giuliani Freedom Fund or the Giuliani Defense fund (or other third-party funding). It will not seek payment from the Debtor.

19. Certain appellate and other deadlines are approaching on February 20, 2024 in the Matter and we will need to be approved as counsel expeditiously to ensure those deadlines do not pass.

20. Accordingly, I believe C&S is "disinterested", as that term is defined in section 101(14) of the Bankruptcy Code, and, pursuant to section 327(e) of the Bankruptcy Code, is not disqualified from being retained as special counsel to the Trustee.

21. The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Appendix B Guidelines.

Question: Did you agree to any variations from, or alternatives to your standard or customary billing arrangements for this engagement:

Response: No. The flat fee Camara & Sibley, LLP will charge for this engagement is consistent with the rates that Camara & Sibley, LLP charges other comparable clients, and the rate structure provided by Camara Sibley, LLP is appropriate and is not significant different from

(a) the rates that Camara & Sibley, LLP charges in other non-bankruptcy representations or (b) the rates of other comparably skilled professional for similar engagements and the flat fee is based on the hourly rates previously charged to Debtor pre-petition, which are $600.00 per hour for partner services.

Question: Do any of the professional included in this engagement vary their rate based on the geographic location of the bankruptcy case:

Response: No.

Question: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response: Camara & Sibley, LLP represented the client in the 12 months prepetition. In the ordinary course, Camara & Sibley, LLP reviews and adjusts its hourly rates annually. Camara & Sibley, LLP is charging the Debtor a discounted rate for this matter, which is the same it has charged since the inception of the various matters in 2021. Camara & Sibley, LLP's billing rates for 2023 for this client was $600.00 for partners, $400.00 for associates, and $200.00 for paraprofessionals. In October 2023, I agreed to suspend hourly billing on the Matter and, instead, accept a flat fee to finalize matters in the trial court on the Matter for $125,000.00.

Question: Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Response: Camara Sibley, LLP has agreed to a flat fee for the appeal (to be paid by third parties) of $50,000.00 not including out of pocket costs and $25,000.00 of this has already been paid by the Rudy Giuliani Freedom Fund and is being held in trust. The client/Debtor agrees

with this fee/budget. I agreed to do the work on a flat fee basis for this amount because I believe this amount will be lower than what an hourly fee would be, and I understand the legal defense funds have many obligations on behalf of Debtor for a variety of matters. I am, in essence, donating time to Debtor because of my relationship to him with the flat fee so that his legal defense funds can pay for other legal work he needs to have done. Nevertheless, Camara & Sibley LLP shall maintain time records in tenths of an hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered, and the amount of compensation requested.

22. Camara Sibley LLP agrees that it will not share fees other than in compliance with Section 504 of the Bankruptcy Code.

23. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on February 15, 2024

_Joe Sibley_
Joseph Sibley, Esq.

SCHEDULE A: **CREDITORS**

BST & CO. CPAS, LLC
250 PARK AVENUE, 7TH FLOOR
NEW YORK, NY 10177

DANIEL GILL
C/O LAW OFFICE OF RONALD L. KUBY
119 WEST 23RD STREET, SUITE 900
NEW YORK, NY 10011

DAVIDOFF HUTCHER & CITRON LLP
605 THIRD AVENUE
NEW YORK, NY 10158

ERIC COOMER, PH.D.
C/O CAIN & SKARNULIS, PLLC
PO BOX 1064
SALIDA, CO 81201

GIULIANI PARTNERS LLC
45 EAST 66TH STREET
APARTMENT 10W
NEW YORK, NY 10065

IRS
CENTRALIZED INSOLVENCY OPERATION
PO BOX 7346
PHILADELPHIA, PA 19101-7346

LAW OFFICES OF AIDALA, BERTUNA & KAMINS
546 FIFTH AVENUE, 6TH FLOOR
NEW YORK, NY 10036

MOMENTUM TELECOM, INC
C/O ABRAMSON BROOKS LLP
1051 PORT WASHINGTON BOULEVARD, #322
PORT WASHINGTON, NY 11050

NEW YORK STATE DEPARTMENT OF TAXATION & FINANCE
BANKRUPTCY SECTION
PO BOX 5300
ALBANY, NEW YORK 12205-0300

NOELLE DUNPHY
C/O ABRAMS FENSTERMAN, LLP
1 METROTECH CENTER, SUITE 1701
BROOKLYN, NY 11201

NYS DEPARTMENT OF TAXATION & FINANCE
BANKRUPTCY UNIT-TCD
BLDG 8 ROOM 455
ALBANY, NY 12227

ROBERT HUNTER BIDEN
C/O WINSTON AND STRAWN, LLP
1901 L STREET NW
WASHINGTON, DC 20036

RUBY FREEMAN & WANDREA MOSS
C/O WILKIE FARR & GALLAGHER LLP
1875 K STREET NW
WASHINGTON, DC 20006

SMARTMATIC USA CORP
C/O KISHNER MILLER HIMES P.C.
40 FULTON STREET, 12TH FLOOR
NEW YORK, NY 10038-1850

TABNER, RYAN K KENIRY, LLP
18 CORPORATE WOODS BOULEVARD, SUITE 8
ALBANY, NY 12211

US DOMINION, INC.
C/O SUSMAN GODFREY LLP
1000 LOUISIANA STREET, SUITE 5100
HOUSTON, TX 77002


**DEBTOR AFFILIATES**


GIULIANA PARTNERS, LLC
45 EAST 66TH STREET, APARTMENT 10W
NEW YORK, NEW YORK 10036

GIULIANI GROUP, LLC
45 EAST 66TH STREET, APARTMENT 10W
NEW YORK, NEW YORK 10036

GIULIANI SECURITY & SAFETY, LLC
45 EAST 66TH STREET, APARTMENT 10W
NEW YORK, NEW YORK 10036

Camara Sibley, LLP
Schedule B (method of payment indicated for past 90 day payments)

A. Paid directly by the Debtor for general matters:

| February 2021 | $20,000.00 |
| July 2022 | $10,000.00 |

B. *Giuliani Defense* Payments (Andrew Giuliani)

September 12, 2023   $100,000.00 – General Giuliani Matters
September 12, 2023   $100,000.00 – General Giuliani Matters
November 27, 2023   $60,000.00 – Hunter Biden motion to dismiss (on behalf of all Defendants) plus $10,000.00 for local counsel which was wired to local counsel / wire.

C. *Rudy Giuliani Freedom Fund TR* Fund Payments (Jake Menges)

| January 16, 2024 | $25,000.00 – appeal partial fee / wire (currently held in trust account) |
| January 3, 2024 | $2,535.15 – expense reimbursement from Freeman Trial / wire |
| December 4, 2023 | $50,000.00 – Freeman Trial Partial Fee / wire |
| November 15, 2023 | $25,000.00 – Freeman Trial Partial Fee / wire |
| October 11, 2023 | $50,000.00 – Freeman Trial Partial Fee / wire |
| September 28, 2023 | $38,000.00 – General Giuliani Matters / wire |
| September 14, 2023 | $10,000.00 – General Giuliani Matters |
| September 12, 2023 | $50,000.00 – General Giuliani Matters |
| September 6, 2023 | $10,000.00 – General Giuliani Matters |
| November 29, 2022 | $2,500.00 – General Giuliani Matters |
| June 27, 2022 | $5,000.00 – General Giuliani Matters |
| June 21, 2022 | $5,000.00 – General Giuliani Matters |
| June 15, 2022 | $5,000.00 – General Giuliani Matters |
| June 1, 2022 | $5,000.00 – General Giuliani Matters |
| May 13, 2022 | $5,000.00 – General Giuliani Matters |

Total Received                                                                $578,035.15

SCHEDULE C – C&S Matters for Debtor

| MATTER | STATUS OF MATTER |
| --- | --- |
| Case 1:21-cv-00213-CJN-MAU US DOMINION, INC. et al v. GIULIANI (D.D.C.) | ACTIVE – STAYED |
| Smartmatic USA Corp. et al. v. Fox Corp et al., N.Y. Sup. Ct. Index No. 151136/2021 (N.Y. SUPERIOR COURT) | ACTIVE – STAYED AS TO DEBTOR |
| Case 1:21-cv-03354-BAH FREEMAN et al. v. GIULIANI (D.D.C.) | ACTIVE – STAYED |
| Case No. 2020cv34319; Coomer v DJTFP et al (Denver County Dist. Ct.) | ACTIVE – STAYED AS TO DEBTOR |
| Case 2:23-cv-08032-HDV-KS Robert Hunter Biden v. Rudolph W. Giuliani | ACTIVE – STAYED AS TO DEBTOR |
| Case 1:21-cv-00586-APM SWALWELL v. TRUMP et al (D.D.C.) | DISMISSED AS TO DEBTOR ON DEBTOR'S MOTION |
| Case 1:21-cv-00400-APM THOMPSON v. TRUMP et al (D.D.C.) | DISMISSED AS TO DEBTOR ON DEBTOR'S MOTION |
| Case 1:22-cv-00257-JEB VINDMAN v. TRUMP et al (D.D.C.) | DISMISSED AS TO DEBTOR ON DEBTOR'S MOTION |
| Hudson v. Trump et al., N.Y. Sup. Ct. Index No. 150701/2021 (N.Y. SUPERIOR COURT) | DISMISSED AS TO DEBTOR ON DEBTOR'S MOTION |
| January 6th Special Committee Subpoena Response | INACTIVE – Did not make appearance. |
| Savage v. Trump, et al. (No. 211002495) (Philadelphia County Common Pleas) | ACTIVE – STAYED AS TO DEBTOR (Never completed pro hac vice admission and no longer working on this case) |