Berger, Fischoff, Shumer, Wexler & Goodman, LLP
Proposed Attorneys for the Debtor
and Debtor-in-Possession
Heath S. Berger, Esq.
Gary C. Fischoff
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
(516) 747-1136

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

In re:                                                                    Chapter 11

RUDOLPH W. GIULIANI                                                       Case No.: 23-12055
a/k/a RUDOLPH WILLIAM GIULIANI

**ORDER AUTHORIZING EMPLOYMENT OF CAMARA & SIBLEY, LLP, AS SPECIAL LITIGATION COUNSEL**

Debtor.
-----------------------------------------------------------------------X

Upon the application of RUDOLPH W. GIULIANI, the above-named Debtor and Debtor-In Possession (the "Debtor"), for entry of an order, pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, authorizing the employment of the law firm of Camara & Sibley, LLP, as Special Litigation Counsel to represent the Debtor for a specified special purpose, and upon the Declaration of Joseph Sibley, Esq., annexed to the Application (the "Declaration") [ECF No. 40]; and upon the Amended Application [ECF No. 87] and upon the Second Supplemental Declaration of Joseph Sibley, LLP; and upon the Third Supplemental Declaration of Joseph Sibley [ECF No. 116] (collectively, the "Sibley Declarations"); and it appearing that Camara & Sibley, LLP is a "disinterested person" within the meaning of sections 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtor or the Debtor's estate with respect to the matters upon which Camara & Sibley, LLP is to be retained as Special Litigation Counsel; and

this Court having determined that employment of Camara & Sibley, LLP by the Debtor is in the best interests of the Debtor, his estate and his creditors; and adequate notice of the Application having been given; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that pursuant to section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtor is authorized to employ Camara & Sibley, LLP as Special Litigation Counsel for the Debtor effective December 21, 2023, to provide the following services:

1. representation of the Debtor in the Freeman case pending in the Federal District Court of the District of Columbia; and it is further

ORDERED that nothing herein prevents Camara & Sibley, LLP from submitting a separate retention application seeking authorization to represent the Debtor in other litigations pending against the Debtor, set forth in the Third Supplemental Declaration of Joseph Sibley, that currently are stayed; and it is further

ORDERED that Camara & Sibley, LLP shall be compensated in accordance with and will file interim and final fee applications for allowances of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law; and it is further

ORDERED that Camara & Sibley LLP shall maintain time records in tenths of an hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested.

ORDERED that prior to any increases in Camara & Sibley, LLP's rates for any individual retained by Camara & Sibley, LLP and providing services in this case, Camara & Sibley, LLP shall file a supplemental affidavit with the Court and provide ten business days' prior notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether Camara & Sibley, LLP's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that Camara & Sibley, LLP's legal fees and expenses, as set forth in the Application and clarified in the Second Sibley Declaration filed in support of the Application, shall be paid by the Guiliani Freedom Fund Legal Defense T.R. Fund and Giuliani Defense and Camara & Sibley, LLP shall not request payment by the Debtor; and it is further

ORDERED that neither the Giuliani Freedom Fund Legal Defense T.R. Fund nor Giuliani Defense may file claims against the Debtor in this case or otherwise seek reimbursement of any funds advanced on the Debtor's behalf for legal fees, expenses or any other purpose; and it is further

ORDERED, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that notwithstanding any provision to the contrary in the Application, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to the Application, and the implementation of this Order.

Dated:   White Plains, New York
         February _____, 2024

                                            _____
                                            HONORABLE SEAN H. LANE
                                            UNITED STATES BANKRUPTCY JUDGE