UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| RUDOLPH W. GIULIANI<br>a/k/a RUDOLPH WILLIAM GIULIANI | Case No.: 23-12055 |
| Debtor. | |

-----------------------------------------------------------------------X

## ORDER AUTHORIZING EMPLOYMENT OF
## CAMARA & SIBLEY, LLP AS SPECIAL LITIGATION COUNSEL

Upon the application of RUDOLPH W. GIULIANI, the above-named debtor and debtor in possession (the "Debtor"), for entry of an order, pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, authorizing the employment of the law firm of Camara & Sibley, LLP ("C&S"), as special litigation counsel to represent the Debtor in the Freeman Litigation (as defined below), and upon (a) the Declaration of Joseph Sibley, Esq., annexed to the Application [ECF No. 40], (b) the Amended Application [ECF No. 87] (the "Application"), (c) the Second Supplemental Declaration of Joseph Sibley, LLP and (d) the Third Supplemental Declaration of Joseph Sibley [ECF No. 116] ((a) through (d), collectively, the "Sibley Declarations" and together, with all such other filings made or submitted by the Debtor, Andrew Giuliani and/or James Menges in connection with the Debtors' proposed retention of C&S, the "C&S Filings"); and it appearing that C&S is a "disinterested person" within the meaning of sections 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtor or the Debtor's estate with respect to the Matter (as defined in Application); and this Court having determined that employment of C&S by the Debtor with respect to the Matter as set forth herein is in the best

interests of the Debtor, his estate and his creditors; and after due deliberation and sufficient cause appearing therefor;

it is hereby

ORDERED, that pursuant to section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtor is authorized to employ C&S as special litigation counsel for the Debtor effective December 21, 2023 in *Freeman v. Giuliani*, No. 21-cv-03354 (BAH) (D.D.C. 2021) (the "Freeman Litigation"), and, unless approved pursuant to further order of the Court, solely for the following purposes in the Freeman Litigation: (1) to file and litigate in the United States District Court for the District of Columbia a post-trial motion (or motions) under Federal Rule of Civil Procedure 50 and/or Federal Rule of Civil Procedure 59, and (2) to file a notice of appeal from the judgment entered in the Freeman Litigation on December 18, 2023; and it is further

ORDERED that nothing herein prevents the Debtor from submitting a separate retention application seeking authorization to retain C&S in other litigations pending against the Debtor, set forth in the Third Supplemental Declaration of Joseph Sibley, that currently are stayed; and it is further

ORDERED that C&S shall be compensated in accordance with and will file interim and final fee applications for allowances of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law; and it is further

ORDERED that C&S shall maintain time records in tenths of an hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering

services, the category of services rendered and the amount of compensation requested; and it is further

ORDERED that prior to any increases in C&S's rates for any of its professionals providing services in this case, C&S shall file a supplemental affidavit with the Court and provide ten business days' prior notice to the Debtor, the United States Trustee and the Official Committee of Unsecured Creditors.  The supplemental affidavit shall explain the basis for the requested rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that, notwithstanding anything to the contrary in any of the C&S Filings, in connection with the retention approved in this Order, (a) C&S's legal fees and expenses shall be paid solely by the Guiliani Freedom Fund Legal Defense T.R. Fund and Giuliani Defense and only following Court approval of such legal fees and expenses; (b) other than as set forth in (a) of this paragraph, C&S shall not be paid by any third party without further order of the Court approving such payment; (c) C&S shall not seek payment of any legal fees or expenses directly or indirectly from the Debtor and the Debtor shall not directly or indirectly pay any such legal fees or expenses; and (d) C&S shall not have any claim against the Debtor or his estate and shall be deemed to waive any and all such claims against the Debtor and his estate whether arising prior to, on the date of, or after the entry of, this Order; and it is further

ORDERED that neither the Giuliani Freedom Fund Legal Defense T.R. Fund nor Giuliani Defense may file claims against the Debtor in this case or otherwise seek reimbursement of any funds advanced on the Debtor's behalf for legal fees, expenses or any other purpose and shall be

deemed to have waived any and all claims against the Debtor and his estate whether arising prior to, on the date of, after the entry of, this Order; and it is further

ORDERED, that to the extent any of the C&S Filings are inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that notwithstanding any provision to the contrary in any of the C&S Filings, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to the Debtor's retention of C&S and the implementation of this Order.

Dated:    White Plains, New York
         February 20, 2024

*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE