# EXHIBIT H

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RUBY FREEMAN<br><br>and<br><br>WANDREA' MOSS,<br><br>       Plaintiffs,<br><br>   v.<br><br>RUDOLPH W. GIULIANI,<br><br>       Defendant. | Civil Action No. 21-3354 (BAH) |

## JOINT STIPULATION REGARDING ENTRY OF FINAL JUDGMENT

The parties continued to meet and confer over the weekend and have reached the following agreement regarding certain outstanding matters relating to the final judgment in this case:

1. In resolution of any setoff claim Defendant Giuliani may have arising from Plaintiffs' May 31, 2022 settlement agreement with the other defendants in this litigation, the parties agree that each Plaintiff's award of compensatory damages should be reduced by one half of the amount of any payment made as consideration for that settlement agreement. *See* ECF No. 67 ¶ 5.

2.      Based on the law of this case and in resolution of Plaintiffs' claim for declaratory relief and subject to Defendant Giuliani's reservation of rights in Paragraph 3 herein,[1] the parties agree that the Court should enter declaratory relief as follows, and that such declaratory relief is consistent with the default judgment and other related orders entered in this case:

> It is hereby DECLARED pursuant to 28 U.S.C. § 2201(a), as between Plaintiffs and Defendant: (1) that the Actionable Statements set forth in the Amended Complaint (ECF No. 22) are false; (2) that those statements are defamatory and defamatory per se; (3) that those statements were of and concerning Plaintiffs; (4) that Defendant made those statements with actual malice; (5) that Defendant published those statements to third parties without privilege; and (6) that those statements caused Plaintiffs harm.

> It is further hereby DECLARED pursuant to 28 U.S.C. § 2201(a), as between Plaintiffs and Defendant: (1) that Defendant Giuliani engaged in extreme and outrageous conduct which (2) intentionally and maliciously (3) caused the Plaintiffs to suffer severe emotional distress.

> It is hereby DECLARED pursuant to 28 U.S.C. § 2201(a), as between Plaintiffs and Defendant: (1) that Defendant Giuliani entered into an agreement on or before December 3, 2020, with Donald J. Trump, Christina Bobb, Herring Networks, Inc., d/b/a OAN, Robert Herring, Charles Herring, Chanel Rion, and members of the Trump 2020 Presidential Campaign, including members of the Trump Legal team headed by Giuliani, who caused statements to be published about Plaintiffs or participated in such publications, (2) to participate in defamation of and intentional infliction of emotional distress on Plaintiffs, and (3) that Plaintiffs were injured by unlawful overt acts performed by parties to the agreement pursuant to, and in furtherance of, the common scheme.

---

[1] Defendant Giuliani agrees to the entry of the declaratory relief herein only because, based on the existing default judgment and other orders of this Court, this reflects the law of the case. Giuliani does not herein concede the truths of the matters asserted in the declaratory relief, including, but not limited to, whether the statements were false, whether Giuliani had actual knowledge of the alleged falsity of the statements, whether the statements were statements of fact as opposed to non-actionable opinion, and whether there was any conspiracy to harm Plaintiffs. Nor, as outlined in Paragraph 3, does he hereby waive any properly preserved rights to appeal the default judgment and any other orders of this Court.

It is hereby DECLARED pursuant to 28 U.S.C. § 2201(a), as between Plaintiffs and Defendant: that Defendant's conduct was intentional, malicious, wanton, and willful, such that Plaintiffs are entitled to punitive damages.

3.      This agreement does not affect Defendant Giuliani's ability to raise any properly preserved challenge to the appropriateness of the default judgment itself (or any orders affecting the appropriateness of the default judgment) in this Court or on appeal. This agreement further does not affect Defendant Giuliani's ability to raise any other issue in this Court or on appeal that was properly preserved regarding the propriety of the default judgment, the jury's verdict, or the Court's forthcoming final judgment. Should Giuliani be successful in this Court or on appeal in setting aside or otherwise challenging the propriety of the default judgment (or any orders affecting the appropriateness of the default judgment or the forthcoming final judgment), the parties agree that the declaratory relief contemplated herein will be conformed to the decision entered, to the extent any such decision entered still supports an award of declaratory relief.

4.      The parties further agree that Plaintiffs will not, in this action, pursue the injunctive relief demanded in the Amended Complaint, or any claim to prejudgment interest.[2]

5.      The parties agree that with these matters resolved, the Court should promptly enter final judgment accordingly, and have attached a proposed order to that effect.


DATED: December 18, 2023                              Respectfully submitted,

---

[2] The parties understand that the federal post-judgment interest rate for judgments entered this week, which is "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment," 28 U.S.C. § 1961, will become available when the Federal Reserve releases the relevant data at 4:15 p.m. Eastern Time. *See* https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15.

/s/ Michael J. Gottlieb
**WILLKIE FARR & GALLAGHER LLP**
Michael J. Gottlieb (974960)
Meryl C. Governski (1023549)
Aaron E. Nathan (1047269)
J. Tyler Knoblett (1672514)
Timothy P. Ryan (1719055)
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com
mgovernski@willkie.com
anathan@willkie.com
jknoblett@willkie.com
tryan@willkie.com


**WILLKIE FARR & GALLAGHER LLP**
M. Annie Houghton-Larsen*
787 7th Avenue
New York, New York
Tel: (212) 728-8164
Fax: (212) 728-9164
mhoughton-larsen@willkie.com


**UNITED TO PROTECT DEMOCRACY**
John Langford*
Rachel Goodman*
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org


**DUBOSE MILLER LLC**
Von A. DuBose*
75 14th Street NE, Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com


**UNITED TO PROTECT DEMOCRACY**
Brittany Williams*
15 Main Street, Ste. 312
Watertown, MA 02472
Tel: (202) 579-4582

/s/ Joseph D. Sibley
**CAMARA & SIBLEY L.L.P.**
Joseph D. Sibley IV
DC Bar ID: TX0202
1108 Lavaca St.
Suite 110263
Austin, TX 78701
Telephone: (713) 966-6789
Fax: (713) 583-1131
Email: sibley@camarasibley.com


***Counsel for Defendant***

brittany.williams@protectdemocracy.org

**UNITED TO PROTECT DEMOCRACY**
Christine Kwon*
P.O. Box 341423
Los Angeles, CA 90013
Tel: (202) 579-4582
christine.kwon@protectdemocracy.org

**UNITED TO PROTECT DEMOCRACY**
Sara Chimene-Weiss*
7000 N 16th Street Ste. 120, #430
Phoenix, AZ 85020
Tel: (202) 579-4582
sara.chimene-weiss@protectdemocracy.org

*Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss*

*Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served on counsel for all parties on December 18, 2023, by

filing it with the Court's CM/ECF system.

s/ *Michael J. Gottlieb*