Hearing Date and Time: **TBD**
**Objection Deadline: March 8, 2024 at 4:00 p.m. ET**

| | |
|---|---|
| AKIN GUMP STRAUSS HAUER & FELD LLP<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Abid Qureshi<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002 | BERGER, FISCHOFF, SHUMER, WEXLER & GOODMAN, LLP<br>Gary C. Fischoff<br>Heath S. Berger<br>6901 Jericho Turnpike, Suite 230<br>Syosset, New York 11791<br>(516) 747-1136<br><br>*Proposed Attorneys for the Debtor* |

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Proposed Counsel to the Official Committee
of Unsecured Creditors of Rudolph W.
Giuliani*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------x
In re:                                          :   Chapter 11
                                                :
RUDOLPH W. GIULIANI                             :   Case No. 23-12055 (SHL)
a/k/a RUDOLPH WILLIAM GIULIANI,                 :
                                                :
                    Debtor.                     :
----------------------------------------------------------------x
```

**JOINT MOTION OF THE DEBTOR AND THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
ORDER APPROVING STIPULATION CONCERNING DEADLINE
FOR CREDITORS TO CHALLENGE DISCHARGEABILITY OF DEBTS**

The above-captioned debtor (the "Debtor") and the Official Committee of Unsecured Creditors appointed in the Debtor's chapter 11 case (the "Committee" and together with the Debtor, the "Parties") submit this motion (this "Motion"), pursuant to section 523(c) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 4007(c) and 9006(b)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in

the form attached hereto as **Exhibit 1** to **Exhibit A** (the "Proposed Order"), approving the stipulation (the "Stipulation") by and between the Debtor and the Committee extending the deadline for all creditors to file complaints objecting to the dischargeability of their respective debts under Bankruptcy Code section 523(c) (the "Dischargeability Challenge Deadline") by sixty (60) days, through and including June 7, 2024 (the "Extended Dischargeability Challenge Deadline"),[1] without prejudice to the Parties' rights to agree to further extensions and to the right of any party in interest to file a motion seeking approval of further extensions. In further support of this Motion, the Parties respectfully represent as follows.

## JURISDICTION AND VENUE

1.	The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Parties confirm their consent to the Court's entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the Parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.	Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.	The statutory and rule predicates for the relief requested herein are Bankruptcy Code section 523(c) and Bankruptcy Rules 4007(c) and 9006(b)(3).

---

[1] For the avoidance of doubt, the Extended Dischargeability Challenge Deadline and all relief requested in this Motion shall apply to all creditors, the Committee and the U.S. Trustee.

2

## BACKGROUND

4. On December 21, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of his property and is managing his affairs as a debtor and debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. To date, no request for the appointment of a trustee or examiner has been made in this chapter 11 case.

5. On January 12, 2024, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102 [Docket No. 46]. On January 16, 2024, the Committee selected Akin Gump Strauss Hauer & Feld LLP as its proposed counsel. On February 9, 2024, the Committee selected Global Data Risk LLC as its proposed specialized forensic financial advisor.

6. Pursuant to the *Notice of Chapter 11 Bankruptcy Case* [Docket No. 67], filed on January 24, 2024, the Debtor's meeting of creditors pursuant to Bankruptcy Code section 341(a) (the "341 Meeting") was scheduled for February 7, 2024, and accordingly, by operation of Bankruptcy Rule 4007(c), the Dischargeability Challenge Deadline was set for April 8, 2024.

7. On January 26, 2024, the Debtor filed his schedules of assets and liabilities [Docket No. 70] (the "Initial Schedules") and statement of financial affairs [Docket No. 73] (the "Initial SOFA"); however, the Initial Schedules and the Initial SOFA were missing key information and contained inaccuracies.

8. On February 5, 2024, the Debtor filed amended schedules of assets and liabilities [Docket No. 100] (together with the Initial Schedules, the "Amended Initial Schedules") and an amended statement of financial affairs [Docket No. 99] (together with the Initial SOFA, the "Amended Initial SOFA").

3

9. On February 7, 2024, the U.S. Trustee commenced the 341 Meeting, and, as a result thereof, the Debtor was required to file further amended schedules of assets and liabilities (together with the Amended Initial Schedules, the "Further Amended Schedules") and a further amended statement of financial affairs to disclose additional information and correct inaccuracies. Accordingly, the 341 Meeting remains open.

10. On February 27, 2024, the Debtor filed the Further Amended Schedules [Docket No. 129]; however, further amendments and disclosures are necessary.

11. The Further Amended Schedules list more than $152 million of unsecured claims against the Debtor, including numerous claims related to lawsuits filed against the Debtor, which are in various stages, such as, among others:

- *US Dominion, Inc., et al. v. Giuliani*, United States District Court for the District of Columbia, No. 1:21-cv-00213-CJN:  U.S. Dominion, Inc.'s lawsuit against the Debtor for defamation, which case has not yet gone to trial;

- *Dunphy vs. Giuliani, et al.*, New York Supreme Court, Index No. 650033 / 2023: Ms. Noelle Dunphy's lawsuit against the Debtor alleging claims for gender-motivated violence, battery, assault, gender discrimination and sexual harassment, hostile work environment, retaliatory discharge, breach of contract, violation of New York labor law and breach of fiduciary duty, which case has not yet gone to trial; and

- *Freeman, et al. v. Giuliani*, United States District Court for the District of Columbia, No. 1:21-cv-03354-BAH:  Ms. Wandrea' ArShaye "Shaye" Moss and Ms. Ruby Freeman's lawsuit against the Debtor in which the court entered a default judgment for defamation, intentional infliction of emotional distress, civil conspiracy and punitive damages and a jury awarded approximately $148 million in damages against the Debtor.

12. In light of the Debtor's understanding of his obligation to, and agreement to, provide additional information to the Committee and the Parties' desire to conserve estate resources and facilitate consensual resolutions with the Debtor's creditors concerning their claims and the dischargeability thereof, the Parties agreed that cause exists to extend the Dischargeability Challenge Deadline and to extend the Dischargeability Challenge Deadline by sixty (60) days,

4

through and including June 7, 2024. The Parties' agreement is memorialized in the stipulation (the "Stipulation") attached hereto as **Exhibit A**.

## RELIEF REQUESTED

13. By this Motion, the Parties seek to extend the Dischargeability Challenge Deadline by sixty (60) days, through and including June 7, 2024, without prejudice to the Parties' rights to agree to further extensions and to the right of any party in interest to file a motion seeking approval of further extensions.

14. Bankruptcy Code section 523 provides that certain debts of an individual debtor are not discharged by a chapter 11 plan, if, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge. *See* 11 U.S.C. §§ 523(a), (c).

15. Bankruptcy Rule 4007(c) sets the deadline by when a creditor must file a complaint objecting to its debt being discharged pursuant to section 523: "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of the creditors under § 341(a)." Fed. R. Bankr. P. 4007(c). Notwithstanding the foregoing, a party in interest may file a motion to extend the deadline by when a complaint to determine the dischargeability of a debt must be filed, and the court may "for cause" extend the time. *See* Fed. R. Bankr. P. 4007(a), (c); *see also* Fed. R. Bankr. P. 9006(b)(3) (providing that the "court may enlarge the time for taking action under" Rule 4007(c) "only to the extent and under the conditions stated in" that rule).

16. Here, the Parties submit that cause exists to extend the Dischargeability Challenge Deadline. "Cause" is not defined in the Bankruptcy Code, and the determination of what constitutes cause falls within the Court's discretion. *See, e.g.*, *In re Gotay*, No. 05-12118 (ALG),

5

2005 Bankr. LEXIS 3479, at *4 (Bankr. S.D.N.Y. Aug. 30, 2005) (citations omitted).  Courts in this Circuit have looked to the following factors as relevant to the determination of cause:

> 1) whether the creditor had sufficient notice of the deadline and the information to file an objection; 2) the complexity of the case; 3) whether the creditor exercised diligence; 4) whether the debtor refused in bad faith to cooperate with the creditor; and 5) the possibility that proceedings pending in another forum will result in collateral estoppel on the relevant issues.

*Id.* (citations omitted).

17.     The Parties submit that application of the relevant factors leads to the conclusion that cause exists here to extend the Dischargeability Challenge Deadline.

- Factor 1:  Notice of the deadline has been provided in a timely manner; however, a significant number of claims against the Debtor relate to lawsuits that are stayed by the chapter 11 case and have not gone to trial.  In such cases, more information may be needed in order to file an objection.  Additionally, more than a month has passed since the Debtor filed the Initial Schedules and the Initial SOFA, and the information therein continues to change, which makes filing an objection challenging and possibly premature until the Debtor has made complete and accurate filings.

- Factor 2:  The Debtor's case is complex in the sense that he has a large number of claims asserted against him and the types of claims are diverse and many are fact-intensive, litigation-based claims.  Overlaying this complexity is the Debtor's self-reported limited assets (that the Committee continues to investigate), which overlay generally makes expensive dischargeability litigation with all of his creditors less favorable than consensual resolutions.  Accordingly, negotiations with creditors to attempt to reach agreement on claims and the dischargeability thereof require more time.

- Factor 3:  The Committee and its constituents have exercised diligence, but many of the claims against the Debtor that may require a dischargeability determination are stayed by the Debtor's chapter 11 case and remain in various stages.  Therefore, creditors cannot advance the litigation underlying their claims without the Debtor's agreement (or an order of the Court), and the Parties require additional time to reach such agreement.

- Factor 4:  Parties have asserted that the Debtor has engaged in inequitable conduct.  The Debtor disputes these contentions.  The Committee is investigating the claims against the Debtor and the Debtor's conduct.

6

- <u>Factor 5</u>: As the majority of lawsuits against the Debtor for which a claim may not be dischargeable are stayed, this factor is not applicable.

Accordingly, cause exists to extend the Dischargeability Challenge Deadline on the terms set forth in the Stipulation, and thus the Parties submit that entry of the Proposed Order is appropriate.

## **RESERVATION OF RIGHTS**

18. The Debtor reserves all of his rights and remedies with respect to the Motion and the Stipulation.

19. The Committee reserves all of its rights and remedies with respect to the Motion, the Stipulation and the Debtor and all other matters related to this chapter 11 case.

## **NOTICE**

20. Notice of this Motion has been provided to: (i) the U.S. Trustee; and (ii) all parties requesting notice under Bankruptcy Rule 2002. Due to the nature of the relief requested herein, the Parties submit that no other or further notice need be provided.

*[Remainder of Page Intentionally Left Blank]*

# CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Parties request that the Court enter the Proposed Order and approve the Stipulation.

Dated: March 1, 2024

*/s/ Philip C. Dublin*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
One Bryant Park
New York, New York 10036
Tel:     (212) 872-1000
Fax:    (212) 872-1002
Email:  idizengoff@akingump.com
            pdublin@akingump.com
            aqureshi@akingump.com

- and -

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Tel:     (214) 969-2800
Fax:    (214) 969-4343
Email:  rbibloblock@akingump.com

*Proposed Counsel to the Official Committee*
*of Unsecured Creditors of Rudolph W. Giuliani*

Dated: March 1, 2024

*/s/ Heath S. Berger*
**BERGER, FISCHOFF, SHUMER, WEXLER & GOODMAN, LLP**
Gary C. Fischoff
Heath S. Berger
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
(516) 747-1136

*Proposed Attorneys for the Debtor*

# Exhibit A

**Stipulation**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                          :     Chapter 11
                                                :
RUDOLPH W. GIULIANI                             :     Case No. 23-12055 (SHL)
a/k/a RUDOLPH WILLIAM GIULIANI,                 :
                                                :
                    Debtor.                     :
------------------------------------------------------------x

**STIPULATION CONCERNING DEADLINE
FOR CREDITORS TO CHALLENGE DISCHARGEABILITY OF DEBTS**

The above-captioned debtor (the "Debtor") and the Official Committee of Unsecured Creditors appointed in the Debtor's chapter 11 case (the "Committee" and together with the Debtor, the "Parties"), by and through their undersigned proposed counsel, hereby stipulate and agree as follows (this "Stipulation"):

**RECITALS**

WHEREAS, on December 21, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United Sates Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court");

WHEREAS, on January 12, 2024, the Committee was appointed by the United States Trustee for the Southern District of New York (the "U.S. Trustee") [Docket No. 46], and on January 16, 2024, the Committee selected Akin Gump Strauss Hauer & Feld LLP as its proposed counsel;

WHEREAS, pursuant to the *Notice of Chapter 11 Bankruptcy Case* [Docket No. 67], filed on January 24, 2024, the Debtor's meeting of creditors pursuant to Bankruptcy Code section 341(a) (the "341 Meeting") was scheduled for February 7, 2024, and, pursuant to Rule 4007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the deadline for all creditors to

file complaints objecting to the dischargeability of their respective debts under Bankruptcy Code section 523(c) was set for April 8, 2024 (the "Dischargeability Challenge Deadline");

WHEREAS, on January 26, 2024, the Debtor filed his schedules of assets and liabilities [Docket No. 70] (the "Initial Schedules") and statement of financial affairs [Docket No. 73] (the "Initial SOFA"); however, the Initial Schedules and the Initial SOFA were missing key information and contained inaccuracies;

WHEREAS, on February 5, 2024, the Debtor filed amended schedules of assets and liabilities [Docket No. 100] (together with the Initial Schedules, the "Amended Initial Schedules") and an amended statement of financial affairs [Docket No. 99] (together with the Initial SOFA, the "Amended Initial SOFA");

WHEREAS, on February 7, 2024, the U.S. Trustee commenced the 341 Meeting, and, as a result thereof, the Debtor was required to file further amended schedules of assets and liabilities (together with the Amended Initial Schedules, the "Further Amended Schedules") and a further amended statement of financial affairs in order to disclose additional information and correct inaccuracies; therefore, the 341 Meeting remains open;

WHEREAS, on February 27, 2024, the Debtor filed the Further Amended Schedules [Docket No. 129]; however, further amendments and disclosures are necessary;

WHEREAS, the Further Amended Schedules include more than $152 million of unsecured claims asserted against the Debtor, including numerous claims related to lawsuits filed against the Debtor, which are in various stages; and

NOW THEREFORE, in light of the Debtor's understanding of his obligation to, and agreement to, provide additional information to the Committee and the Parties' desire to conserve

11

estate resources and attempt to facilitate consensual resolutions with the Debtor's creditors concerning their claims and the dischargeability thereof, the Parties have agreed as set forth below:

**STIPULATION**

1. The foregoing recitals are incorporated into this Stipulation as if set forth herein in full.

2. The Parties agree that cause exists to extend the Dischargeability Challenge Deadline for all creditors by sixty (60) days, through and including June 7, 2024 (the "Extended Dischargeability Challenge Deadline").[1]

3. The Parties may agree to further extensions of the Extended Dischargeability Challenge Deadline, which may be effectuated through the submission to the Court of a further stipulation and proposed form of order.

4. Nothing shall prevent the Committee or any other party in interest from seeking to extend the Extended Dischargeability Challenge Deadline or any further extension thereof without the Debtor's agreement by the filing of a motion for such relief.

5. Each of the Parties to this Stipulation represents and warrants that such Party is duly authorized to enter into and be bound by this Stipulation.

6. This Stipulation may be executed in identical counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

7. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter set forth herein and supersedes any and all prior agreements and

---

[1] For the avoidance of doubt, the Extended Dischargeability Challenge Deadline and all relief set forth in this Stipulation shall apply to all creditors, the Committee and the U.S. Trustee.

understandings, whether written or oral, between the Parties with respect to the subject matter hereof.

8.  The Parties hereby consent to the Court's exclusive jurisdiction to resolve any disputes or controversies arising from or related to the implementation of this Stipulation.

9.  The Parties consent to the entry of an order, substantially in the form attached as **Exhibit 1** hereto, approving this Stipulation.

| | |
|---|---|
| Dated: March 1, 2024 | */s/ Philip C. Dublin* <br> **AKIN GUMP STRAUSS HAUER & FELD LLP** <br> Ira S. Dizengoff <br> Philip C. Dublin <br> Abid Qureshi <br> One Bryant Park <br> New York, New York 10036 <br> Tel:  (212) 872-1000 <br> Fax:  (212) 872-1002 <br> Email:  idizengoff@akingump.com <br>  pdublin@akingump.com <br>  aqureshi@akingump.com <br><br> - and - <br><br> Rachel Biblo Block (admitted *pro hac vice*) <br> 2300 N. Field St., Suite 1800 <br> Dallas, Texas 75201 <br> Tel:  (214) 969-2800 <br> Fax:  (214) 969-4343 <br> Email:  rbibloblock@akingump.com <br><br> *Proposed Counsel to the Official Committee* <br> *of Unsecured Creditors of Rudolph W. Giuliani* |

Dated: March 1, 2024            */s/ Heath S. Berger*
**BERGER, FISCHOFF, SHUMER, WEXLER & GOODMAN, LLP**
Gary C. Fischoff
Heath S. Berger
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
(516) 747-1136

*Proposed Attorneys for the Debtor*

## EXHIBIT 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:                                                    :    Chapter 11
                                                          :
RUDOLPH W. GIULIANI                                       :    Case No. 23-12055 (SHL)
a/k/a RUDOLPH WILLIAM GIULIANI,                           :
                                                          :
                    Debtor.                               :
------------------------------------------------------------x

**ORDER APPROVING STIPULATION CONCERNING DEADLINE**
**FOR CREDITORS TO CHALLENGE DISCHARGEABILITY OF DEBTS**

Upon the motion (the "Motion")[1] of the Debtor and the Committee for entry of an order extending the Dischargeability Challenge Deadline for cause for all creditors by sixty (60) days, through and including June 7, 2024; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the necessary parties; and the Court having found that no other or further notice is necessary; and the Court having reviewed the Motion and the Stipulation; and the Court finding, based on the representations made in the Motion and the Stipulation that, pursuant to Bankruptcy Rule 4007(c), cause exists to extend the Dischargeability Challenge Deadline; and the Court having determined that the legal and factual bases set forth in the Motion and the Stipulation establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate and his unsecured creditors; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1. The relief requested in the Motion is granted as set forth herein.

2. Pursuant to Bankruptcy Rule 4007(c), cause exists to extend the Dischargeability Challenge Deadline for all creditors, the Committee and the U.S. Trustee by sixty (60) days, through and including June 7, 2024, and the Dischargeability Challenge Deadline shall be extended for all creditors, the Committee and the U.S. Trustee by sixty (60) days, through and including June 7, 2024 (the "Extended Dischargeability Challenge Deadline").

3. Upon agreement by the Debtor and the Committee, the Extended Dischargeability Challenge Deadline may be further extended through the submission of a further stipulation and proposed form of order (a "Further Order"), and any such further extension shall be effective as of the date of entry of the applicable Further Order.

4. Nothing herein shall prevent the Committee or any other party in interest from seeking to extend the Extended Dischargeability Challenge Deadline or any further extension thereof without the Debtor's agreement by the filing of a motion for such relief.

5. The Committee and the Debtor are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

6. The terms and conditions of this order shall be immediately effective and enforceable upon its entry.

7. The Court retains exclusive jurisdiction with respect to any disputes arising from, or other actions to interpret, administer or enforce the terms and provisions of, the Stipulation and this order.

Dated: _____

                                                 _____
                                                 THE HONORABLE SEAN H. LANE
                                                 UNITED STATES BANKRUPTCY JUDGE