Berger, Fischoff, Shumer,
Wexler & Goodman, LLP
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
Heath S. Berger, Esq.
Gary C. Fischoff, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                              Chapter 11

RUDOLPH W. GIULIANI                                Case No: 23-12055
a/k/a RUDOLPH WILLIAM GIULIANI

                              Debtor
------------------------------------------------------------X

**DEBTOR'S APPLICATION FOR AN ORDER EXTENDING DEBTOR'S
EXCLUSIVE PERIODS DURING WHICH DEBTOR MAY FILE A PLAN
AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO 11 U.S.C. § 1121**

TO:    HONORABLE SEAN H. LANE
       UNITED STATES BANKRUPTCY JUDGE

Rudolph W. Giuliani, the debtor and debtor-in-possession (the "Debtor"), by and through his attorneys, Berger, Fischoff, Shumer, Wexler & Goodman, LLP, respectfully submits this as and for the Debtor's application (the "Application") seeking entry of an Order, substantially in the form of the proposed Order annexed hereto, extending the Debtor's exclusive period during which the Debtor may file a plan and solicit acceptances thereof pursuant to Section 105 and 1121 of Title 11 of the United States Code (the "Bankruptcy Code"), and states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. §§ 157(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1408, et seq.

## BACKGROUND

2. The Debtor commenced a voluntary petition for relief from its creditors under Chapter 11 of the Bankruptcy Code on December 21, 2023.

3. The Debtor continues to manage and operate its business as a debtor-in-possession under Bankruptcy Code Sections 1107(a) and 1108. An Official Committee of unsecured creditors was appointed on January 12, 2024. No trustee or examiner has been appointed in this case.

4. The Debtor is an individual who resides at 45 East 66th Street, New York, New York. The Debtor currently broadcasts a radio show and a podcast as his sole sources of income.

5. The Debtor's assets consists primarily of a New York City co-op and Florida condominium and affiliated entities from which he conducts his broadcasts.

6. The Debtor's liabilities consists of various unliquidated claims by way of various lawsuits and a judgment for defamation in the amount of $148,000,000.00 arising from the case entitled "Freeman v. Giuliani" pending in Federal District Court for Washington D.C.

7. On February 20, 2024 the Court entered an order allowing the Debtor's special litigation counsel Joseph Sibley of Camara & Sibley, LLP to file a motion for a new trial and also file a notice of appeal in the Freeman case. That process has only begun and whether it results in a favorable outcome for the Debtor is unknown, but it is certain that whatever the outcome is it will have a profound impact on the Debtor's bankruptcy process.

8. The Freeman plaintiffs have through their counsel, commenced an adversary proceeding to have the Freeman judgment declared non-dischargeable.

9. As of the date of this motion, the creditors committee counsels' retention has not been approved by the Court.

10. On March 7, 2024 counsel for creditors committee filed an application to conduct document production and 2004 examinations for numerous persons.

11. The date for the Debtor's exclusive right to file a plan expires on April 19, 2024 and the time to solicit acceptances on June 18, 2024.

## RELIEF REQUESTED

12. This case is still in an early stage. Besides allowing some time for the Freeman case to play out, the creditors committee intends to investigate the Debtor's assets and liabilities before they will be in a position to provide input for a plan.

13. By this Application, the Debtor seeks the entry of an Order, substantially in the form of the proposed order annexed hereto, extending the exclusive time to file a plan for 120 days during which only the Debtor may file a plan of reorganization and the 180 Day Period during which the Debtor may solicit acceptances to any such plan (collectively, the "Exclusive Periods") through and including August 17, 2024 and October 16, 2024 respectively, pursuant to section 1121(e) of the Bankruptcy Code.

## LEGAL AUTHORITY

14. Section 1121 of the Bankruptcy Code sets the standard of who may file a plan in a Chapter 11 bankruptcy case. "The Debtor may file a plan with a petition commencing a voluntary case, or at any time in a voluntary case or an involuntary case." 11 U.S.C. § 1121(a). "Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter." 11 U.S.C. § 1121(2).

15. Section 1121 (c) of the Bankruptcy Code provides in pertinent part that:

> Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if –

    (1) a trustee has been appointed under this chapter;

    (2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or

    (3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.

11 U.S.C. § 1121 (c).

16. "Section 1121(d) provides that these exclusivity periods may be shortened or lengthened for 'cause.'" *See In re Lichtin/Wade, L.L.C.*, 478 B.R. 204, 209 (Bankr. E.D.N.C. 2012). Whether "cause" exists to extend a debtor's exclusive periods to file and solicit acceptances of a plan is a decision committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. *See In re Adelphia communis. Corp.*, 352 B.R. 578m 587 (Bankr. S.D.N.Y. 2006); *see also In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *see also In re Texaco, Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987). The legislature intended to give the bankruptcy court maximum flexibility to make such a determination, *Gibson*, 101 B.R. at 409; *citing In re Public Service Company of New Hampshire*, 88 B.R. 521, 524 (Bankr. D. N.H. 1988); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Oh. 1996); *see also,* H.R. Rep. No. 95-595 95th Cong. 2d. Sess. 221-22 and *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405 (Bankr. E.D.N.Y. 1989).

17. In determining whether cause exists to extend a debtor's exclusive periods, courts examine several factors, including the following:

    (1) the size and complexity of the case;

    (2) the existence of unresolved contingency and the need to resolve claims that may have a substantial effect on a plan;

(3) the existence of good faith progress toward reorganization;

(4) whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands; and

(5) whether the debtor is paying its bills as they come due.

*In re Crescent Mfg. Co.*, 122 B.R. 979, 982 (Bankr. N.D. Oh. 1990); *citing Texaco*, 76 B.R. at 322; *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). When evaluating these factors, the goal is to determine whether a debtor has had a reasonable opportunity to negotiate an acceptable plan with various interested parties and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors. *See e.g., McLean*, 87 B.R. at 833-84; *Texaco*, 76 B.R. at 326. Sufficient cause exists in the Debtor's case for the extension of the Exclusive Periods as requested by the Debtor in this Application based on the size and complexity of the case alone.

## ARGUMENT

18. This Court entered an Order for Relief on December 21, 2023, thus the Debtor's exclusive period to file a plan shall terminate on April 19, 2024.

19. The Debtor's Exclusive Periods should be extended because the Debtor's bankruptcy case is complex, there exist unresolved contingencies which may have a substantial effect on a plan, and the Debtor is proceeding in good faith towards resolving those issues.

### *The Debtor's Case is Complex*

20. The Debtor's chapter 11 case is sufficiently large and complex to warrant an extension of the Exclusive Periods as requested herein.

21. The Debtor has multiple pending lawsuits as well as the Freeman litigation. A challenge to that litigation is underway. The Debtor needs additional time to gauge his potential to

help fund a plan. The Debtor also intends to sell his New York City coop unit which should generate in excess of 5 million dollars to help fund a plan. The retention package for the real estate broker for this transaction should be ready for filing shortly. However, all of this will take additional time.

### *There Exist Unresolved Contingencies Which May Have a Substantial Effect on a Plan*

22. The existence of unresolved contingencies and the need to resolve claims that may have a substantial effect on a plan warrants an extension of exclusivity. *Gibson*, 101 B.R. at 310; *In re Swatara Coal Co.*, 49 B.R. 898, 899-900 (Bankr. E.D. Pa. 1985). In this instant chapter 11 proceeding there are numerous unresolved contingencies, not the least of which are the ultimate outcome of the post-petition Freeman litigation but also the complaint filed by the Freeman plaintiff objecting to the dischargeability of the debt and as well other possible additional objections to the dischargeability of certain debts.

### *The Debtor Has Made Progress Toward Resolving the Issues*

23. An extension of a debtor's exclusive periods is also justified by a debtor's progress in resolving issues facing its creditors and estate. *In re Amko Plastics, Inc.*, 197 B.R. at 77 (Bankr. S.D.O.H. 1996); *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986); *In re Swatara Coal Co.*, 49 B.R. at 900. It is still very early in this case that involves a myriad of issues, including pre-petition litigation with numerous claimants as well as post trial activity for the Freeman case. But the Debtor is moving forward with purpose and direction. In this case, the Debtor has made progress and that progress warrants an extension of the Exclusive Periods. The creditors committee have also just filed an application to conduct extensive discovery which is fundamental to their role to learn the nature and extent of the Debtor's assets available to fund a plan.

### *The Debtor is Not Using Exclusivity to Pressure Creditors*

24. Courts have denied extensions of exclusive periods where plan negotiations among parties in interest have broken down, and the continuation of exclusivity would merely give the debtor unfair bargaining leverage over the other parties in interest. *See Gibson*, 101 B.R. at 409; *In re United Press International, Inc., 60 B.R. 265* (Bankr. D.C. 1986). The Debtor's request for an extension of the Exclusive Periods herein, is not a negotiating tactic, but instead a reflection of the fact that this case is not ripe for the formulation and confirmation of a viable plan of reorganization.

### *The Debtor is Paying its Bills as they Come Due*

25. Courts considering an extension of exclusivity also may assess a debtor's liquidity and solvency. *See In re Trainer's Inc.*, 17 B.R. 246, 247 (Bankr. E.D. Pa. 1982) see also *In re McLean Industries, Inc.*, 87 B.R. 830 (Bankr. S.D.N.Y. 1987). The Debtor has been paying its post-petition bills from its limited cash flow and from exempt retirement account withdrawals, as they come due.

### **NO PRIOR REQEUST**

26. No prior application for the relief requested herein has been requested, to this, or any other Court.

WHEREFORE, the Debtor respectfully requests that this Honorable Court: (i) enter an Order substantially in the form annexed hereto, extending the 120 Day Period during which the Debtor may file a plan until August 17, 2024 and the 180 Day Period during which the Debtor may solicit acceptances to a plan, through and including October 16, 2024, pursuant to section 1121 of the Bankruptcy Code; together with (ii) such other and further relief as this Court deems just, proper and equitable.

Dated: Syosset, New York
       March 11, 2024

                                        BERGER, FISCHOFF, SHUMER,
                                        WEXLER & GOODMAN, LLP
                                        *Proposed Attorneys for the Debtor*

                                        _____
                                        Gary C. Fischoff, Esq.
                                        6901 Jericho Turnpike, Suite 230
                                        Syosset, New York 11791