Berger, Fischoff, Shumer, Wexler & Goodman, LLP
Proposed Attorneys for the Debtor
and Debtor-in-Possession
Heath S. Berger, Esq.
Gary C. Fischoff, Esq.
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
(516) 747-1136

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:                                                                    Chapter 11

RUDOLPH W. GIULIANI
a/k/a RUDOLPH WILLIAM GIULIANI                   Case No.: 23-12055

        Debtor.                                                      **AMENDED**
                                                                              **APPLICATION**

----------------------------------------------------------------X

    The application of RUDOLPH W. GIULIANI, Debtor and Debtor-In-Possession, ("Debtor"), respectfully represents:

    1. On December 21, 2023 a voluntary petition under Chapter 11 of the Bankruptcy Code was filed.

    2. The Debtor has continued in possession of its property as Debtor-In-Possession and is managing its property pursuant to 11 U.S.C. Section 1107 and Section 1108.

    3. On January 30, 2024 the Debtor submitted an application for the retention of Berger, Fischoff, Shumer, Wexler & Goodman, LLP. This amended application is submitted to provide additional disclosure as required by Section 327 of the Bankruptcy Code.

    4. The Debtor wishes to employ Berger, Fischoff, Shumer, Wexler, Goodman, LLP, attorneys licensed to practice before this Court ("BFSWG" or the "Firm").

5. The Debtor has selected the Firm because it has considerable experience in matters of insolvency and because the Debtor believes that such Firm is well qualified to represent it as Debtor and Debtor-In-Possession.

6. The services the Firm will render include:

(a) Legal advice with respect to the powers and duties of the Debtor-In-Possession in the continued management of its business and property;

(b) Representing the Debtor before the Bankruptcy Court and at all hearings on matters pertaining to its affairs, as Debtor-In-Possession, including prosecuting and defending litigated matters as they may arise during the Chapter 11 case;

(c) Advising and assisting the Debtor in the preparation and negotiation of a Plan of Reorganization with its creditors;

(d) Preparing all necessary or desirable applications, answers, orders, reports, documents and other legal papers; and

(e) Performing all other legal services for the Debtor which may be desirable and necessary concerning the administration of the Debtor's estate and the reorganization of the Debtor's assets and liabilities.

(f) The scope of the representation includes the ordinary and customary components of an individual Chapter 11. Excluded from this retention is any representation for litigation outside of the Bankruptcy Court, or if such litigation is removed to the Bankruptcy Court, and any appeals in any court. Representation of these matters will need to be handled by special litigation counsel engaged by the Debtor.

7. It is necessary for the Debtor to employ BFSWG to render the professional services set forth herein.

8. To the best of Debtor's knowledge, the Firm does not hold or represent an interest adverse to the estate and is a disinterested person to represent the Debtor.

9. The Debtor and the Firm have memorialized the terms of the retention in a letter dated December 21, 2023, a copy of which is annexed hereto as Exhibit "A".

10. Subject to the approval of the court, the Debtor has agreed to compensate the Firm at the rate of $585 to $675. per hour for partners, $425 to $510 for associates depending on experience and $210 per hour for paralegals, or such other rates as the Firm may from time to time fix, and to reimburse the Firm for its expenses, charges and disbursements. The Debtor has caused the Firm to be paid a retainer of $70,000.00 to be applied against future fees of the Firm incurred by the Debtor in connection with the conduct of these proceedings and for the filing fee in this matter, of which $40,000.00 was paid by the Giulian Freedom Fund Legal Defense T.R. Fund and $30,000.00 was paid by Giuliani Defense. Lar Dan affidavit's stating that these third-party defense funds have waived reimbursement and acknowledge the Firm's responsibility and loyalty is to represent the Debtor's interest only, and not theirs.

11. The Debtor has approved BFSWG's budget and staffing plan. The Debtor recognizes that in chapter 11 cases such as this, it is possible that there may be unforeseen fees and expenses that will need to be addressed by the Debtor and BFSWG. The Debtor also recognizes that it is his responsibility to closely monitor the billing practices of BFSWG to ensure that fees and expenses paid by his estate remain consistent with the Debtor's expectations, taking into account the exigencies of the chapter 11 case. To that end, the Debtor will continue to review and monitor the regular invoices submitted by BFSWG and, together with BFSWG, periodically to amend the

budget and staffing plans to reflect developments in the chapter 11 case, as applicable.

11. The Firm may collect a fee award from the Debtor and/or from either or both the Giuliani Defense Fund and/or the Rudy Giuliani Freedom Fund Legal Defense T.R. Fund; provided, however, BFSWG shall first seek to collect any such awarded fees and expenses from Giuliani Defense Fund and the Rudy Giuliani Freedom Fund Legal Defense T.R. Fund, but should Giuliani Defense Fund and/or the Rudy Giuliani Freedom Fund Legal Defense T.R. Fund have insufficient funds or otherwise refuse to make any such payments, which insufficient funds or refusal shall be documented in writing (which may be via email) and shared with the Committee and the United States Trustee, then BFSWG may seek to collect any such awarded fees and expenses from the Debtor; provided further that any such payment by the Giuliani Defense Fund and/or the Rudy Giuliani Freedom Fund Legal Defense T.R. Fund, as applicable, shall be accompanied by a declaration similar to the declaration filed with the Application wherein any claim for reimbursement of such amounts is waived and any claim against the Debtor and his estate is waived.

12. On January 11, 2024 an Official Committee of Creditors was appointed.

**WHEREFORE**, Debtor requests that it be authorized to employ the Firm as attorneys to represent it as Debtor and Debtor-In-Possession in this case on the terms set forth in this application and that the Debtor has such other relief as is proper.

_____
RUDOLPH W. GIULIANI

Sworn to before me this
12th day of March, 2024

_____
Notary Public

RALPH ECCLES
Commission # HH 374468
Expires April 8, 2027