Berger, Fischoff, Shumer, Wexler & Goodman, LLP
Proposed Attorneys for the Debtor
and Debtor-in-Possession
Heath S. Berger, Esq.
Gary C. Fischoff, Esq.
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
(516) 747-1136

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISRICT OF NEW YORK
------------------------------------------------------------------X
In re:

RUDOLPH W. GIULIANI
a/k/a RUDOLPH WILLIAM GIULIANI

                        Debtor

------------------------------------------------------------------X

Chapter 11

Case No.: 23-12055

**AMENDED**
**AFFIDAVIT**

STATE OF NEW YORK)
COUNTY OF NASSAU ) ss;

    Gary C. Fischoff, being duly sworn, deposes and says:

    1.    I am an attorney admitted to practice before this Court and I am a member of the firm Berger, Fischoff, Shumer, Wexler & Goodman, LLP, which maintains offices at 6901 Jericho Turnpike, Suite 230, Syosset, New York 11791.

    2.    This affidavit is submitted pursuant to sections 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the Debtor's Application for an Order authorizing the debtor and debtor-in-possession (the "Debtor") to employ and retain Berger, Fischoff, Shumer, Wexler & Goodman, LLP ("BFSWG") as counsel in this chapter 11 case. Unless otherwise stated in this Affidavit, the facts set forth herein are based upon personal knowledge.

    3.    BFSWG has an established practice in the field of debtor's and creditor's rights,

reorganization and bankruptcy law, as well as expertise in secured lending, finance, corporate, real estate, litigation and other practice areas which are of value in this case.

4. BFSWG does not hold an interest adverse to the estate and is a disinterested person to represent the Debtor.

5. We have searched our database of prior and existing clients and to the best of my knowledge, neither I, BFSWG, nor any partner, of counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtor, his creditors, and we have no prior or existing connection to any creditors of the Debtor or any other parties in interest, their respective attorneys and accountants, the United States Trustee (the "U.S. Trustee"), any person employed in the Office of the U.S. Trustee, any Bankruptcy Judges currently serving on the United States Bankruptcy Court for the Southern District of New York, any District Court Judges or Magistrate Judges currently serving on the United States District Court of the Southern District of New York, or the clerk and Deputy Clerk of the United States Bankruptcy Court and the clerk of the District Court. See Schedule 1 annexed hereto.

6. To the best of my knowledge, neither I, BFSWG, nor any member, counsel or associate of the Firm represents any entities other than the Debtor in connection with the Debtor's chapter 11 case. In addition, to the best of my knowledge, neither I, BFSWG, nor any member, counsel or associate of the Firm represents any party-in-interest, except as disclosed herein, other than the Debtor in this chapter 11 case.

7. BFSWG does not represent any entity, other than the Debtor in matters related to the Debtor or this Chapter 11.

8. BFSWG is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that BFSWG, its

members, counsel and associates:

(a)    is not a creditor, an equity security holder, or an insider;

(b)    is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

(c)    does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

9.    Accordingly, to the best of my knowledge, I have ascertained that neither I, BFSWG, nor any of its members, counsel or associates, represents any other entity having an adverse interest in connection with this chapter 11 case. This was determined by reviewing the list of creditors against a check of the Firm's computer list of clients. Further, to the best of my knowledge, except as otherwise set forth herein, I have ascertained that BFSWG neither holds nor represents an interest adverse to the Debtor or its estates and is disinterested.

10.    It is contemplated that BFSWG will seek compensation based on its normal hourly rate in effect for the period in which services are rendered and will seek reimbursement of necessary and reasonable out-of-pocket expenses, in accordance with S.D.N.Y. LBR 2016-1(a) and the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*.

11.    BFSWG will utilize partners and associates in various areas of expertise to prosecute these cases. The rates to be charged by professionals from BFSWG who will work on this matter range from $585 - $675 per hour for partners, $425 - $510 per hour for associates and its rates for paraprofessionals are $210 per hour. The attorneys who will be primarily to be responsible for providing services to the Debtor and their respective billing rates are as follows:

| | |
|---|---|
| Gary C. Fischoff, Partner | $675.00 |
| Heath S. Berger, Partner | $585.00 |
| Dawn Traina, Paralegal | $210.00 |
| Angelique Filardi, Paralegal | $210.00 |

12. These are BFSWG's hourly rates for work of this nature and are subject to periodic adjustments (usually in January of each year) to reflect economic and other conditions. The Debtor understands that other attorneys and paralegals may serve the Debtor from time to time in connection with these cases. The hourly rates set forth above are the standard rates charged to bankruptcy and non-bankruptcy clients for the types of services to be performed herewith. These rates are set at a level designed to fairly compensate BFSWG for the work of its attorneys and paralegals and to cover routine overhead expenses. It is BFSWG's standard policy to charge its clients for all expenses incurred in connection with a client's case, including, telephone and telecopier charges, photocopying charges and travel expenses. The amounts charged by BFSWG for such expenses are consistent with charges billed to other similar clients.

13. That by seventh day of each month, BFSWG shall, via electronic mail, provide to the official committee of unsecured creditors appointed in the Debtor's Chapter 11 Case (the "Committee") and the United States Trustee the amount of fees billed and expenses incurred in the previous month for services provided by BFSWG to the Debtor.

14. On December 21, 2023 the Debtor caused BFSWG to be paid a retainer of $70,000.00 in this matter, (the "Retainer") to cover the fees and expenses of advising the Debtor in connection with financial matters and the preparation of the Debtor's petition and schedules and BFSWG did not receive any other payments, for bankruptcy work, from the Debtor within ninety days prior to the commencement of the Debtor's case. The retainer was paid by third parties, Guiliani Defense Fund, which paid $30,000.00, and the Rudy Giuliani Freedom Fund Legal Defense T. R. Fund,

which paid $40,000.00. Both of the third party payors have signed Lar-Dan declarations attached hereto, who have waived reimbursement. Prior to the filing $9,465.00 was charged against the retainer. The balance of $60,535.00 is retained in our Firm's escrow account pending further Order from the Court.

15. No promises have been received by or made to BFSWG, any of its members, counsel or associates, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. BFSWG has not agreed to share compensation received in connection with these cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 in respect of the sharing of compensation among members of BFSWG.

16. The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Appendix B Guidelines.

Question: Did you agree to any variations from, or alternatives to your standard or customary billing arrangements for this engagement:

Response: No. The hourly rates Berger, Fischoff, Shumer, Wexler & Goodman, LLP will bill for this engagement are consistent with the rates that Berger, Fischoff, Shumer, Wexler & Goodman, LLP charges other comparable clients, and the rate structure provided by Berger, Fischoff, Shumer, Wexler & Goodman, LLP is appropriate and similar to (a) the rates that Berger, Fischoff, Shumer, Wexler & Goodman, LLP charges in other non-bankruptcy representations or (b) the rates of other comparably skilled professionals for similar engagements.

Question: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case:

Response: No.

Question: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response: BFSWG began discussions with the Debtor about a possible chapter 11 filing approximately December 13, 2023. The Firm did not begin to render actual services until December 20, 2023. In the ordinary course, Berger, Fischoff, Shumer, Wexler & Goodman, LLP reviews and adjusts its hourly rates in January of each year. When Berger, Fischoff, Shumer, Wexler & Goodman, LLP was initially engaged in December 2023, Berger, Fischoff, Shumer, Wexler & Goodman, LLP initially charged the Debtor its hourly rates applicable for 2024.

Question: Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Response: Yes, for the period from the Petition Date forward. The Debtor recognizes, however, that it is possible that in the chapter 11 case there may be unforeseen fees and expenses that will need to be addressed by the Debtor and Berger, Fischoff, Shumer, Wexler & Goodman, LLP.

17. Berger, Fischoff, Shumer, Wexler & Goodman, LLP is willing to act as lead counsel to the Debtor in this Chapter 11 case, and to render the necessary professional services described in the Application. The scope of the Firm's services will include advising, counseling and representing the Debtor in connection with the preparation and filing of a petition for

reorganization under Chapter 11 of the Bankruptcy Code. The scope of the representation includes the ordinary and customary components of an individual Chapter 11. Excluded from this retention is any representation for litigation outside of the Bankruptcy Court, or if such litigation is removed to the Bankruptcy Court, and any appeals in any Court. Representation of these matters will need to be handled by special counsel engaged by the Debtor.

18.    The foregoing constitutes the statement of BFSWG pursuant to sections 327, 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

_____
Gary C. Fischoff, Esq.

Sworn to me this
12 day of March 2024

_____
Notary Public

HEATH S. BERGER
Notary Public, State of New York
No. 02BE5008879
Qualified in Suffolk County
Commission Expires March 1, 20 27