Berger, Fischoff, Shumer, Wexler & Goodman, LLP
Proposed Attorneys for the Debtor &
Debtor-in-Possession
Heath S. Berger, Esq.
Gary C. Fischoff, Esq.
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
(516) 747-1136

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In re:                                                      Chapter 11

RUDOLPH W. GIULIANI                                         Case No.: 23-12055
a/k/a RUDOLPH WILLIAM GIULIANI


                        Debtor.

------------------------------------------------------------------X

## SUPPLEMENTAL DECLARATION OF JAMES MENGES[1]

I, James Menges, hereby declare pursuant to 28 U.S.C. §1746 that the following

statements are true and correct to the best of my knowledge and belief after due inquiry as

detailed herein:

      1.      I am the Trustee of the Giuliani Freedom Fund Legal Defense T.R. Fund ("Giuliani

---

[1] This declaration is premised on the requirements set forth in Lar Dan Enterprises, where an insider third party seeks to pay counsel fees of the Debtor. There are five required representations necessary for this declaration. They include: These factors include: (I) the arrangement must be fully disclosed to the debtor/client and the third party payor/insider; (2) the debtor must expressly consent to the arrangement; (3) the third party payor/insider must retain independent legal counsel and must understand that the attorney's duty of undivided loyalty is owed exclusively to the debtor/client; (4) the factual and legal relationship among the third party payor/insider, the debtor, the respective attorneys, and their contractual arrangement concerning the fees, must be fully disclosed to the Court at the outset of the debtor's bankruptcy representation; (5) the debtor's attorney/applicant must demonstrate and represent, to the court's satisfaction, the absence of facts which otherwise create non disinterestedness, actual conflict, or impermissible potential for a conflict of interest. *In re Kelton Motors Inc.,* 109 B.R. at 658.

*In re Lan Dan Enterprises, Inc.,* 221 B.R. 93, 95 (Bankr. S.D.N.Y. 1998)

Freedom Fund") since its inception on or about May 19, 2021.   I am fully familiar with the operations and finances of the Trust Fund.   The donors to the Trust fund number in the hundreds. Most donations are small amounts of $5 to $100.   To the best of my knowledge, we have received larger donations sometimes up to $3,000.00 or more (early on the Trust received two large donations in the amounts of $25,000.00 and $10,000.00).   To the best of my knowledge the Debtor has not donated any funds to the Trust.

2.      The Trust has a website at https://rudygiuliani.freedomfund.com. The Trust generally receives donations by check or credit card.   The checks are deposited into the Trust bank account at TD Bank.   The credit cards are processed by "Win Red", the Trust's credit card processor associated with the website.   The credit card receipts are batched and deposited weekly or sometimes more frequently.   The Trust does not generally know the names of the persons making the credit card donations.

3.      On December 22, 2023 the Giuliani Freedom Fund Legal Defense T.R. Fund has paid to the Law Firm of Berger, Fischoff, Shumer, Wexler & Goodman, LLP $40,000.00 towards a retainer for legal fees to be incurred by Berger, Fischoff, Shumer, Wexler & Goodman, LLP (the "Firm").   The retainer was paid in connection with the Firm's representation of Rudolph W. Giuliani in anticipation of his filing a petition for relief from creditors pursuant to Chapter 11 of the Bankruptcy Code.   Guiliani Freedom Fund waives any and all reimbursement and/or indemnification of the $40,000.00 of the legal fees paid on behalf of the Debtor.

4.      I understand that the Firm has been retained to represent the Debtor.   I also understand that the Firm's obligation is solely for the representation of the Debtor to the exclusion of any other entity or individual, including the Giuliani Freedom Fund.

5.      Giuliani Freedom Fund is not a creditor of the Debtor.   Other than assisting the

Debtor with payments of legal fees to the Firm and other firms, the Giuliani Freedom Fund has

no relationship with the Debtor.

6.      Giuliani Freedom Fund does not intend to bid on any assets of the Debtor and

does not intend to provide any financing to the Debtor beyond the payment of legal fees to the

Firm or on any other retained professionals whose retention on similar terms has been or will be

approved.

7.      Pursuant to 28 U.S.C. §1746 I declare under penalty of perjury that the foregoing

is true and correct to the best of my knowledge and belief.

James Menges