Berger, Fischoff, Simmer, Wexler & Goodman, LLP
Proposed Attorneys for the Debtor &
Debtor-in-Possession
Heath S. Berger, Esq.
Gary C. Fischoff, Esq.
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
(516) 747-1136

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re:

RUDOLPH W. GIULIANI                                    Chapter 11
a/k/a RUDOLPH WILLIAM GIULIANI                         Case No.: 23-12055



                            Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


### SUPPLEMENTAL DECLARATION OF ANDREW GIULIANI[1]

I, Andrew Giuliani, hereby declare pursuant to 28 U.S.C. §1746 that the following

statements are true and correct to the best of my knowledge and belief after due inquiry as

detailed herein:

---

[1] This declaration is premised on the requirements set forth in Lar Dan Enterprises, where an insider third party seeks to pay counsel fees of the Debtor. There are five required representations necessary for this declaration. They include: These factors include: (I) the arrangement must be fully disclosed to the debtor/client and the third party payor/insider; (2) the debtor must expressly consent to the arrangement; (3) the third party payor/insider must retain independent legal counsel and must understand that the attorney's duty of undivided loyalty is owed exclusively to the debtor/client; (4) the factual and legal relationship among the third party payor/insider, the debtor, the respective attorneys, and their contractual arrangement concerning the fees, must be fully disclosed to the Court at the outset of the debtor's bankruptcy representation; (5) the debtor's attorney/applicant must demonstrate and represent, to the court's satisfaction, the absence of facts which otherwise create non disinterestedness, actual conflict, or impermissible potential for a conflict of interest. *In re Kelton Motors Inc.* 109 B.R. at 658.

*In re Lan Dan Enterprises, Inc.*, 221 B.R. 93, 95 (Bankr. S.D.N.Y. 1998)

1.      I am son of Rudolph W. Giuliani and the President of Giuliani Defense Fund

("Giuliani Defense"), which is an FEC political action committee organized on August 4, 2023,

to help defray legal and other expenses for Rudolph W. Giuliani, and I have full authority to

make this declaration.

2.      As President of Giuliani Defense, my responsibilities include general oversight

of all aspects of the PAC. Mr. Kiger and myself are the only two individuals managing the

PAC. Mr. Kiger is responsible for maintaining the books and records including the issuance of

checks. I may, on occasion, receive a check and deposit it into the bank account. Wells Fargo

is the sole depository for the entity. I use the title of President but it is not an official title.

3.      On December 21, 2023 the Giuliani Defense has paid to the Firm of Berger,

Fischoff, Shumer, Wexler & Goodman, LLP , $30,000.00 in total towards a retainer for legal fees to

be incurred by Berger, Fischoff, Shumer, Wexler & Goodman, LLP (the "Firm"). The retainer

was paid in connection with the Firms' representation of Rudolph W. Giuliani in anticipation of

his filing a petition for relief from creditors pursuant to Chapter 11 of the Bankruptcy Code. No

other funds have been paid to Berger, Fischoff, Shumer, Wexler & Goodman, LLP by the Giuliani

Defense. Attached as Schedule "A" is a print out from the Federal Election Commission's

website listing all receipts and disbursements through December 2023.

4.      I understand that the Firm is representing the Debtor.

5.      I fully understand that the Firm's obligation is solely for the representation of the

Debtor to the exclusion of any other entity or individual, including Giuliani Defense.

6.      Giuliani Defense will not seek to be reimbursed in the Chapter 11 nor will it file a

claim in the Chapter 11 for such advances of monies.

7.      Giuliani Defense is not a creditor of the Debtor.   Other than assisting the Debtor

with payments of legal fees to the Firm and other firms, Giuliani Defense has no relationship

with the Debtor.

8.      Giuliani Defense does not intend to bid on any assets of the Debtor and does

not intend to provide any financing to the Debtor beyond the payment of legal fees to the Firm or

on any other retained professionals whose retention on similar terms has been or will be

approved, and from time to time may pay costs, such as, but not limited to, travel and lodging, to

support the Debtor's political activities.  Giuliani Defense also will not seek reimbursement for

any of these payments.

9.      Pursuant to 28 U.S.C. §1746 I declare under penalty of perjury that the foregoing

is true and correct to the best of my knowledge and belief.

Andrew Giuliani