UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

In re:                                                          Chapter 11

RUDOLPH W. GIULIANI                                             Case No.: 23-12055
a/k/a RUDOLPH WILLIAM GIULIANI

                     Debtor.
------------------------------------------------------------------------X

**ORDER AUTHORIZING EMPLOYMENT OF BERGER, FISCHOFF, SHUMER, WEXLER & GOODMAN, LLP AS ATTORNEYS FOR THE DEBTOR**

Upon the amended application of RUDOLPH W. GIULIANI, the above-named Debtor and Debtor-In Possession (the "Debtor"), for entry of an order, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, authorizing the employment of the law firm of Berger, Fischoff, Shumer, Wexler & Goodman, LLP ("BFSWG"), as Attorneys for the Debtor, and upon (a) the Amended Application [ECF No. 144] (the "Application"), (b) the Affidavit of Gary C. Fischoff, Esq., annexed to the Application [ECF No. 144] and (c) all such other filings made or submitted by the Debtor, including the declarations of Andrew Giuliani and James Menges, in connection with the Debtors' proposed retention of BFSWG ((a) through (c), collectively, the "Filings"); and it appearing that BFSWG is a "disinterested person" within the meaning of sections 101(14) of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtor or the Debtor's estate; and the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") having determined that employment of BFSWG by the Debtor with respect to its role as general bankruptcy counsel in this case as set forth herein is in the best interests of the Debtor, his estate and his creditors; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtor is authorized to employ BFSWG as general bankruptcy counsel effective December 21, 2023 to provide the following services:

(a) Legal advice with respect to the powers and duties of the Debtor-In-Possession in the continued management of its business and property;

(b) Representing the Debtor before the Bankruptcy Court and at all hearings on matters pertaining to its affairs, as Debtor-In-Possession, including prosecuting and defending litigated matters as they may arise during the Chapter 11 case;

(c) Advising and assisting the Debtor in the preparation and negotiation of a Plan of Reorganization with its creditors;

(d) Preparing all necessary or desirable applications, answers, orders, reports, documents and other legal papers in the Chapter 11 Case; and

(e) Performing all other legal services for the Debtor which may be desirable and necessary concerning the administration of the Debtor's estate and the reorganization of the Debtor's assets and liabilities.

(f) The scope of the representation includes the ordinary and customary components of an individual Chapter 11. Excluded from this retention is any representation for litigation outside of the Bankruptcy Court, or if such litigation is removed to the Bankruptcy Court, and any appeals in any court. Representation of these matters will need to be handled by special litigation counsel engaged by the Debtor, subject to Bankruptcy Court approval; and it is further

ORDERED that BFSWG shall be compensated in accordance with and will file monthly, interim and final fee applications for allowances of its compensation and expenses and shall be

subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law; and it is further

ORDERED that BFSWG shall maintain time records in tenths of an hour increments and will submit, with any monthly, interim or final fee application, together with the time records, a narrative summary by project category of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested; and it is further

ORDERED that BFSWG may collect a fee award from the Debtor and/or from either or both the Giuliani Defense Fund and/or the Rudy Giuliani Freedom Fund Legal Defense T.R. Fund; provided, however, BFSWG shall first seek to collect any such awarded fees and expenses from Giuliani Defense Fund and the Rudy Giuliani Freedom Fund Legal Defense T.R. Fund, but should Giuliani Defense Fund and/or the Rudy Giuliani Freedom Fund Legal Defense T.R. Fund have insufficient funds or otherwise refuse to make any such payments, which insufficient funds or refusal shall be documented in writing (which may be via email) and shared with the Committee and the United States Trustee, then BFSWG may seek to collect any such awarded fees and expenses from the Debtor;

ORDERED that notwithstanding anything to the contrary herein, and prior to seeking payment for Bankruptcy Court-approved postpetition fees and expenses from the Giuliani Defense Fund, the Rudy Giuliani Freedom Fund Legal Defense T.R. Fund or the Debtor, BFSWG shall apply the remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to order(s) of the Bankruptcy Court awarding fees and expenses to BFSWG; and it is further

ORDERED that prior to any increases in BFSWG's rates for any of its professional providing services in this case, BFSWG shall file a supplemental affidavit with the Bankruptcy Court and provide ten business days' prior notice to the Debtor, the United States Trustee and the Committee.  The supplemental affidavit shall explain the basis for the requested rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase.  The United States Trustee and the Committee retain all rights to object to any rate increase on all grounds including, but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that neither the Giuliani Freedom Fund Legal Defense T.R. Fund nor Giuliani Defense may file claims against the Debtor in this case or otherwise seek reimbursement of any funds advanced on the Debtor's behalf for legal fees, expenses or any other purpose and shall be deemed to have waived any and all claims against the Debtor and his estate whether arising prior to, on the date of, or after entry of, this order (this "Order"); and it is further

ORDERED that to the extent any of the Filings are inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED that notwithstanding any provision to the contrary in any of the Filings, the Bankruptcy Court shall retain jurisdiction to hear and to determine all matters arising from or related to the Debtor's retention of BFSWG and the implementation of this Order.

Dated: White Plains, New York
       March 14, 2024

> */s/ Sean H. Lane*
> Honorable Sean H. Lane
> United States Bankruptcy Judge