AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Proposed Counsel to the Official Committee*
*of Unsecured Creditors of Rudolph W. Giuliani*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **RUDOLPH W. GIULIANI** | : | **Case No. 23-12055 (SHL)** |
| **a/k/a RUDOLPH WILLIAM GIULIANI,** | : | |
| | : | |
| **Debtor.** | : | |

---------------------------------------------------------------x

**NOTICE OF HEARING**
**ON APPLICATION OF THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS OF RUDOLPH W. GIULIANI TO**
**RETAIN AND EMPLOY GLOBAL DATA RISK LLC AS SPECIALIZED**
**FORENSIC FINANCIAL ADVISOR, EFFECTIVE AS OF FEBRUARY 9, 2024**

**PLEASE TAKE NOTICE** that on March 20, 2024, the Official Committee of Unsecured

Creditors (the "Committee") appointed in the chapter 11 case of the above-captioned debtor and

debtor in possession filed the *Application of the Official Committee of Unsecured Creditors of*

*Rudolph W. Giuliani to Retain and Employ Global Data Risk LLC as Specialized Forensic*

*Financial Advisor, Effective as of February 9, 2024* (the "Application").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Application (the "Hearing") will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "Court"), 300 Quarropas Street, White Plains, New York 10601, on **April 4, 2024 at 2:00 p.m. (prevailing Eastern Time)**.  Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, must make an electronic appearance (an "eCourt Appearance") through the Court's website at *https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl*.  eCourt Appearances must be made by **April 3, 2024 at 4:00 p.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Application shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of this chapter 11 case by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at *http://www.nysb.uscourts.gov*); and (d) be served so as to be actually received by the Court and the Committee no later than **March 28, 2024 at 4:00 p.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Application, or if you want the Court to hear your position on the Application, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Application and may enter an order granting the relief requested by the Committee.  If no responses or objections are timely filed

2

and served with respect to the Application, the Committee may submit to the Court an order substantially in the form of the proposed order attached to the Application as Exhibit A, which order may be entered with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application and other pleadings filed in this chapter 11 case may be obtained by visiting the Court's website at *http://www.nysb.uscourts.gov* in accordance with the procedures and fees set forth therein.

Dated: March 20, 2024    By: */s/ Philip C. Dublin*
  New York, New York
           **AKIN GUMP STRAUSS HAUER & FELD LLP**
           Ira S. Dizengoff
           Philip C. Dublin
           Abid Qureshi
           One Bryant Park
           New York, New York 10036
           Tel: (212) 872-1000
           Fax: (212) 872-1002
           Email: idizengoff@akingump.com
              pdublin@akingump.com
              aqureshi@akingump.com

           - and -

           Rachel Biblo Block (admitted *pro hac vice*)
           2300 N. Field St., Suite 1800
           Dallas, Texas 75201
           Tel: (214) 969-2800
           Fax: (214) 969-4343
           Email: rbibloblock@akingump.com

           *Proposed Counsel to the Official Committee*
           *of Unsecured Creditors of Rudolph W. Giuliani*

AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Proposed Counsel to the Official Committee*
*of Unsecured Creditors of Rudolph W. Giuliani*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **RUDOLPH W. GIULIANI** | : | **Case No. 23-12055 (SHL)** |
| **a/k/a RUDOLPH WILLIAM GIULIANI,** | : | |
| | : | |
| **Debtor.** | : | |

---------------------------------------------------------------x

**APPLICATION OF THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS OF RUDOLPH W. GIULIANI TO**
**RETAIN AND EMPLOY GLOBAL DATA RISK LLC AS SPECIALIZED**
**FORENSIC FINANCIAL ADVISOR, EFFECTIVE AS OF FEBRUARY 9, 2024**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the

chapter 11 case of Rudolph W. Giuliani a/k/a Rudolph William Giuliani (the "Debtor") submits

this application (this "Application"), pursuant to sections 328(a) and 1103(a) of title 11 of the

United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local

Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the

Southern District of New York (the "Local Rules"), for entry of an order, substantially in the

form attached hereto as **Exhibit A**, authorizing the Committee to retain and employ Global Data

Risk LLC ("Global Data Risk") as specialized forensic financial advisor to the Committee in

connection with this chapter 11 case, effective as of February 9, 2024.  In support of this

Application, the Committee submits the declaration of Erik Laykin, Chief Executive Officer at

Global Data Risk (the "Laykin Declaration"), attached hereto as **Exhibit B**.  Notably, as will be

discussed in further detail below, in recognition of the unique and important circumstances of

this chapter 11 case, Global Data Risk has agreed to provide its services on a blended and

discounted hourly basis, subject to the terms described in this Application and Court approval.

In further support of this Application, the Committee respectfully represents as follows:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the

"Court") has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the *Amended*

*Standing Order of Reference* from the United States District Court for the Southern District of

New York, entered February 1, 2012.  This matter is a core proceeding within the meaning of 28

U.S.C. § 157(b)(2), and the Committee confirms its consent to the Court's entering a final order

in connection with this Application to the extent that it is later determined that the Court, absent

consent of the parties, cannot enter final orders or judgments in connection herewith consistent

with Article III of the United States Constitution.

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and rule predicates for the relief requested herein are Bankruptcy

Code sections 328(a) and 1103(a), Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and

2016-1.

## BACKGROUND

4.     On December 21, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petition Date").  The Debtor has continued in possession of his property and is managing his affairs as a debtor and debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  To date, no request for the appointment of a trustee or examiner has been made in this chapter 11 case.

5.     On January 12, 2024, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102 [Docket No. 46].  On January 16, 2024, the Committee selected Akin Gump Strauss Hauer & Feld LLP ("Akin"), subject to Court approval, as its proposed counsel.  On February 9, 2024, the Committee selected Global Data Risk, subject to Court approval, as specialized forensic financial advisor to, among other things, aid in its review and analysis of issues related to the Debtor's estate and prepetition transactions and to conduct tracing analyses with respect to the Debtor's assets and income.

## RELIEF REQUESTED

6.     The Committee seeks to retain and employ Global Data Risk as specialized forensic financial advisor, pursuant to Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rule 2014 and Local Rule 2014-1, effective as of February 9, 2024.

## RETENTION OF GLOBAL DATA RISK

7.     The Committee seeks to retain Global Data Risk due to Global Data Risk's preeminent experience and expertise in the field of investigations, including asset tracing and other financial investigations, both inside and outside of bankruptcy cases.

8.     Global Data Risk is a global investigations firm comprising experienced professionals who handle a broad range of matters including: (i) asset tracing and financial

3

investigations; (ii) civil and criminal litigation and arbitration support; (iii) trade secrets, intellectual property and insider threat; (iv) expert testimony; (v) strategic intelligence and political risk assessment; (vi) forensic digital investigations and cyber defense efforts; and (vii) monitorships and compliance examinations. Global Data Risk has developed a very strong reputation for its work on complex investigations globally.

9.    With a presence in New York, Washington D.C., Los Angeles, London, Istanbul, Hong Kong and Shanghai, Global Data Risk maintains a professional staff that includes former members of U.S. federal intelligence and law enforcement agencies, forensic accountants, technical subject matter experts, senior in-house counsel to multinational corporations and journalists, as well as U.S. and international investigators, research analysts, financial crime specialists, forensic financial investigators and computer forensic experts. Global Data Risk leverages independent and objective expertise, combining the best of commercial investigations, forensic accounting and bankruptcy expertise with the methodologies, technologies and global relationships of the Central Intelligence Agent ("CIA"), the Federal Bureau of Investigations and United States Secret Service.

10.    Global Data Risk has worked on complex asset tracing investigations around the world for a variety of clients, including individuals, corporations, governments and entities in bankruptcy. While most of the firm's asset tracing work is confidential and cannot be disclosed, members of the Global Data team, including Mr. Laykin, served as forensic and financial advisor to the bankruptcy examiner in *In re Lehman Brothers Holdings, Inc.* In that role, and consistent with numerous other engagements, Global Data Risk has, among other things, sought to identify, locate, trace and aid in the recovery of assets around the world.

11.     This matter will be staffed by recognized experts in the field of investigations, including asset tracing investigations.  Mr. Laykin will be managing the assignment in partnership with John Bass, President at Global Data Risk.  Mr. Laykin is a proven investigator and expert witness in areas such as intellectual property, financial services, cybersecurity, trade secrets and computer forensics.  He was an early pioneer in complex cyber related investigations and holds deep relationships in Asia and throughout world.  Mr. Bass is a former CIA senior executive and Middle East specialist with deep relationships in Turkey; he holds a wealth of experience in complex international investigations.

12.     The team also includes:  (i) a former CIA senior executive and Chief of Station with numerous postings in Middle East and around the globe, who maintains strong relationships in and has a deep understanding of Ukraine; (ii) a former Secret Service senior executive who served as Chief of Staff during the Trump administration and has experience in transnational financial crimes and money laundering investigations; (iii) a forensic accountant and court appointed receiver with significant and extensive experience in complex litigation, dispute resolution, asset tracing, bankruptcy and financial investigations; and (iv) a former FBI New York City supervisor and attorney with experience in fraud and corruption investigations, including cases in Ukraine, as well as international bankruptcy litigation.

13.     In light of the foregoing, the Committee believes that Global Data Risk is well qualified to represent the Committee in this chapter 11 case and submits that the Committee's employment of Global Data Risk is appropriate and in the best interests of the Debtor's unsecured creditors.

## SERVICES TO BE PROVIDED

14.     The Committee respectfully submits that it is necessary and appropriate for it to retain and employ Global Data Risk to, among other things:

5

(a)     identify and trace the income and assets of the Debtor;

(b)     investigate the Debtor's sources of income, assets and liabilities;

(c)     analyze the Debtor's expenses and budgets;

(d)     investigate the Debtor's ownership of, or interest in potential assets, including corporations, trusts and real estate;

(e)     identify sources of information regarding the Debtor's assets for further investigation and discovery;

(f)     assist in the review of documents obtained by the Committee in furtherance of income and asset tracing efforts;

(g)     identify and investigate prepetition and postpetition transfers of the Debtor's assets;

(h)     assist in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

(i)     assist in the prosecution of Committee investigative activities, including by reviewing the Debtor's pleadings, attending depositions and providing reports or testimony on case issues as requested by the Committee;

(j)     if necessary, provide fact and expert witness testimony, reports and declarations in connection with litigation in this chapter 11 case or related adversary proceedings; and

(k)     render such other consulting or other assistance as the Committee or its counsel may deem necessary that is generally consistent with the role of a specialized forensic financial advisor and not duplicative of services provided by other professionals in this chapter 11 case.

15.    Global Data Risk's extensive experience and expertise in complex asset tracing and financial investigations is particularly necessary in this chapter 11 case to, among other things: (i) assess the accuracy of the Debtor's financial disclosures; (ii) assist the Committee and its counsel in preparing for and conducting examinations of the Debtor and individuals and entities associated with the Debtor; (iii) identify and aid in the preparation of potential preference actions and other litigation as may be deemed necessary and appropriate to further the interests of the Committee and the Debtor's general unsecured creditors; and (iv) enable the Committee to

assess and monitor the Debtor's activities and the progression of this chapter 11 case to maximize the value of the Debtor's estate.

16.     Moreover, as discussed below, Global Data Risk has agreed to perform these services at substantially reduced hourly rates, subject to the terms set forth below, to enable the Committee and its counsel to achieve the objectives of the investigation and other related financial advisory work, in a cost-effective, efficient and timely manner.  As such, the Committee believes that the employment of Global Data Risk to provide the services described above, and such other related services as may be necessary for the Committee to satisfy its obligations to the Debtor's unsecured creditor constituency, is appropriate and in the best interests of the Debtor's estate and its unsecured creditors.

## PROFESSIONAL COMPENSATION

17.     Global Data Risk typically charges market hourly rates of $150 – $775. In recognition of the unique and important circumstances of this chapter 11 case, Global Data Risk has agreed to provide its services at a blended and discounted hourly rate of $275.  The Global Data Risk team consists of formally employed individuals (W2 employees) as well as existing fulltime and part time contractors (1099 employees) and members of our longstanding professional network. Global Data Risk has also agreed that such rate will not be subject to any periodic increases.

18.     Global Data Risk's standard hourly rates for 2024 are as follows:

| Title | Standard Hourly Rates |
|---|---|
| Managing Director | $775 |
| Director | $650 |
| Associate Director | $575 |
| Senior Consultant | $475 |
| Consultant | $325 |
| Analyst | $275 |

| Title | Standard Hourly Rates |
|---|---|
| Administrative | $150[1] |

19.     In addition to compensation for professional services rendered by Global Data Risk personnel, Global Data Risk will seek reimbursement for reasonable out-of-pocket expenses incurred by Global Data Risk in connection with services provided to the Committee during the course of this chapter 11 case, including but not limited to, costs of travel, lodging, legal counsel, research, communications and applicable taxes and other direct expenses. For the avoidance of doubt, to the extent that any third party resources outside of the existing Global Data Risk team are required to be deployed by Global Data Risk at the direction of the Committee, market rates will apply for such resource, and Global Data Risk will not charge a markup with respect to any such amounts billed.

20.     The Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by Global Data Risk in this chapter 11 case be treated as administrative expenses of the Debtor's estate pursuant to Bankruptcy Code sections 328, 330, 331, 503(b) and 507(a)(2), subject to approval by the Court.

21.     The Committee understands that Global Data Risk intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case consistent with Global Data Risk's discounted hourly rates above, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, including sections 330 and 331, the Bankruptcy Rules, the Local Rules, applicable U.S. Trustee guidelines and any applicable procedures and orders of this Court.

---

[1]     Global Data Risk administrative support accounts for less than 5% of Global Data Risk hours in an average project.

22.     Global Data Risk has received no retainer in this chapter 11 case to represent the Committee.  Neither the Committee nor any of its members (or their representatives) are or will be liable for any fees or costs incurred by Global Data Risk in its representation of the Committee.

## NO ADVERSE INTEREST

23.     Upon information and belief, and as set forth in the Laykin Declaration, Global Data Risk does not represent and does not hold any interest adverse to the Debtor's estate or his creditors in the matters upon which Global Data Risk is to be engaged.  Therefore, Global Data Risk believes it is eligible to represent the Committee under Bankruptcy Code section 1103(b).

## RECORD KEEPING AND APPLICATIONS FOR COMPENSATION

24.     Consistent with its ordinary practice, Global Data Risk does not maintain contemporaneous time records or provide or conform to a schedule of hourly rates for its professionals in one-tenth of an hour increments.  Given the foregoing, and notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of this Court or any other guidelines regarding the submission and approval of fee applications, the Committee requests that Global Data Risk professionals be excused from maintaining time records in detailed one-tenth of an hour increments in connection with the services to be rendered to the Committee.  Rather, the Committee requests that Global Data Risk be permitted to maintain reasonably detailed summary time records, in one-half hour increments, which records shall indicate the total hours incurred by each professional for each day and provide a brief description of the nature of the work performed.

## INDEMNIFICATION

25.     In addition to the foregoing, and as a material part of the consideration for Global Data Risk's agreement to furnish services to the Committee pursuant to the terms of this

Application, the Committee requests that the Debtor provide Global Data Risk with the following indemnification (collectively, the "Indemnification Provisions"):

(a)      subject to the provisions of subparagraphs (b) and (c) below and approval by the Court, the Debtor is authorized to indemnify, and shall indemnify, and hold harmless, Global Data Risk for any claims arising from, related to or in connection with Global Data Risk's engagement under this Application, but not for any claim arising from, related to or in connection with Global Data Risk's postpetition performance of any other services, other than those in connection with the engagement described herein, unless such postpetition services and indemnification therefore are approved by this Court;

(b)      The Debtor shall have no obligation to indemnify or hold harmless Global Data Risk for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from Global Data Risk's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct, unless the Court determines that indemnification would be permissible pursuant applicable law or (ii) settled prior to a judicial determination as to Global Data Risk's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct, but is determined by this Court, after notice and a hearing, to be a claim or expense for which Global Data Risk is not entitled to receive indemnity under the terms of this Application; and

(c)      if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this chapter 11 case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this chapter 11 case, Global Data Risk believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification obligations under this Application, including, without limitation, the advancement of defense costs, Global Data Risk must file an application in this Court, and the Debtor may not pay any such amounts to Global Data Risk before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for fees and expenses by Global Data Risk for indemnification, and not as a provision limiting the duration of the Debtor's obligation to indemnify Global Data Risk.

26.      The Committee believes that the indemnification contained in the Indemnification Provisions is necessary and appropriate here in light of the unique circumstances of this chapter 11 case and this Debtor, and that similar indemnification provisions are customary in other chapter 11 cases. In its capacity as an agent for its clients, Global Data Risk typically requires

indemnification from its clients similar to the protection provided by the Indemnification Provisions. Global Data Risk has informed the Committee that it cannot proceed without indemnification in this chapter 11 case, particularly in light of the fact that Global Data Risk is providing its services to the Committee on a significantly discounted blended hourly rate basis. Moreover, the Indemnification Provisions reflect the qualifications and limitations on indemnification provisions that are customary in this district. Accordingly, the Committee submits that the Indemnification Provisions provided above are appropriate and reasonable here.

## NO DUPLICATION OF SERVICES

27.     The proposed Committee professionals are cognizant of the need to manage any fees and expenses incurred in this chapter 11 case. Global Data Risk will use reasonable efforts to avoid any duplication of services between and among any of the Committee's other retained professionals in this chapter 11 case, including Akin.

## RELIEF EFFECTIVE AS OF FEBRUARY 9, 2024

28.     The Committee believes that the employment of Global Data Risk, effective as of February 9, 2024, the date the Committee selected Global Data Risk as its proposed specialized forensic financial advisor, is warranted under the circumstances of this chapter 11 case. Upon its selection, the Committee requested that Global Data Risk commence work immediately on time-sensitive matters and devote substantial resources to this chapter 11 case prior to the submission and approval of this Application. Thus, Global Data Risk has provided, and will continue to provide, valuable services to the Committee.

## NOTICE

29.     Notice of this Application has been provided to: (i) the U.S. Trustee; (ii) bankruptcy counsel to the Debtor; and (iii) all parties requesting notice under Bankruptcy

Rule 2002.  Due to the nature of the relief requested herein, the Committee submits that no other or further notice need be provided.

**<u>CONCLUSION</u>**

WHEREFORE, the Committee respectfully requests that the Court (i) enter an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, authorizing the Committee to retain and employ Global Data Risk as its counsel, effective as of February 9, 2024 and (ii) grant such other and further relief as the Court may deem just, proper and equitable.

Dated:  March 20, 2024

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS APPOINTED IN THE CHAPTER 11 CASE OF RUDOLPH W. GIULIANI**

*/s/ Wandrea' ArShaye Moss*
Wandrea' ArShaye Moss, solely in her capacity as chair of the Official Committee of Unsecured Creditors appointed in the chapter 11 case of Rudolph W. Giuliani and not in any other capacity

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re:                                          :      **Chapter 11**
                                                :
**RUDOLPH W. GIULIANI**                         :      **Case No. 23-12055 (SHL)**
**a/k/a RUDOLPH WILLIAM GIULIANI,**             :
                                                :
                          Debtor.               :
----------------------------------------------------------------x

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE
### OF UNSECURED CREDITORS OF RUDOLPH W. GIULIANI
### TO RETAIN AND EMPLOY GLOBAL DATA RISK LLC AS SPECIALIZED
### FORENSIC FINANCIAL ADVISOR, EFFECTIVE AS OF FEBRUARY 9, 2024

Upon the application (the "Application")[1] of the Official Committee of Unsecured

Creditors (the "Committee") appointed in the chapter 11 case of Rudolph W. Giuliani a/k/a

Rudolph William Giuliani (the "Debtor") for entry of an order authorizing the Committee to

retain and employ Global Data Risk LLC ("Global Data Risk") as specialized forensic financial

advisor in connection with the Debtor's chapter 11 case, effective as of February 9, 2024; and the

Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this

proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this

proceeding being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Application having been provided to the necessary parties; and the Court having found that

no other or further notice is necessary; and the Court having reviewed the Application and the

declaration of Erik Laykin, Chief Executive Officer of Global Data Risk (the "Laykin

Declaration"); and the Court finding, based on the representations made in the Application and

the Laykin Declaration, that Global Data Risk does not represent any interest adverse to the

Committee or the Debtor's estate with respect to the matters upon which it is to be engaged, that

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b); and the Court having found that the terms and conditions of Global Data Risk's employment as set forth in the Application are reasonable as required by Bankruptcy Code section 328(a); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and the Court having found that the retention and employment of Global Data Risk is in the best interests of the Debtor's estate and his unsecured creditors; and any objections to the relief requested in the Application having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Application is granted as set forth herein.

2.      In accordance with Bankruptcy Code sections 328 and 1103(a), Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, the Committee is hereby authorized and empowered to retain and employ Global Data Risk as its forensic financial advisor in this chapter 11 case and related matters and proceedings on the terms set forth in the Application and the Laykin Declaration, effective as of February 9, 2024, to provide the following services:

(a)     identify and trace the income and assets of the Debtor;

(b)     investigate the Debtor's sources of income, assets and liabilities;

(c)     analyze the Debtor's expenses and budgets;

(d)     investigate the Debtor's ownership of, or interest in potential assets, including corporations, trusts and real estate;

(e)     identify sources of information regarding the Debtor's assets for further investigation and discovery;

(f)     assist in the review of documents obtained by the Committee in furtherance of income and asset tracing efforts;

(g)     identify and investigate prepetition and postpetition transfers of the Debtor's assets;

2

(h)  assist in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

(i)  assist in the prosecution of Committee investigative activities, including by reviewing the Debtor's pleadings, attending depositions and providing reports or testimony on case issues as requested by the Committee;

(j)  if necessary, provide fact and expert witness testimony, reports and declarations in connection with litigation in this chapter 11 case or related adversary proceedings; and

(k)  render such other consulting or other assistance as the Committee or its counsel may deem necessary that is generally consistent with the role of a specialized forensic financial advisor and not duplicative of services provided by other professionals in this chapter 11 case.

3.     Global Data Risk shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules, applicable U.S. Trustee guidelines and any applicable procedures and orders of the Court; *provided, however*, that notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable procedures or orders of this Court or any guidelines regarding the submission and approval of fee applications, Global Data Risk professionals shall be granted a limited waiver of the information-keeping requirements of Bankruptcy Rule 2016(a), Local Bankruptcy Rule 2016-1 and any otherwise applicable orders or procedures of the Court in connection with the services to be rendered pursuant to the Application and shall instead be required only to keep reasonably detailed summary time records in half-hour increments, which time records shall indicate the total hours incurred by each professional for each day and provide a brief description of the nature of the work performed.

4.     Notwithstanding anything in the Application or the Laykin Declaration to the contrary, Global Data Risk shall: (i) to the extent that Global Data Risk uses the services of independent contractors or subcontractors (collectively, the "Contractors") in this chapter 11

3

case, pass through the cost of such Contractors at the same rate that Global Data Risk pays the

Contractors; (ii) seek reimbursement for actual costs only; and (iii) ensure that the Contractors

file with the Court such disclosures required by Bankruptcy Rule 2014.

5.      The following indemnification provisions are approved:

(a)     subject to the provisions of subparagraphs (b) and (c) below and approval by the
        Court, the Debtor is authorized to indemnify, and shall indemnify, and hold
        harmless Global Data Risk for any claims arising from, related to or in
        connection with Global Data Risk's engagement under this Application, but not
        for any claim arising from, related to or in connection with Global Data Risk's
        postpetition performance of any other services, other than those in connection
        with the engagement described herein, unless such postpetition services and
        indemnification therefor are approved by this Court;

(b)     The Debtor shall have no obligation to indemnify or hold harmless Global Data
        Risk for any claim or expense that is either (i) judicially determined (the
        determination having become final) to have arisen primarily from Global Data
        Risk's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence
        or willful misconduct, unless the Court determines that indemnification would
        be permissible pursuant applicable law or (ii) settled prior to a judicial
        determination as to Global Data Risk's bad faith, self-dealing, breach of
        fiduciary duty (if any), gross negligence or willful misconduct, but is
        determined by this Court, after notice and a hearing, to be a claim or expense for
        which Global Data Risk is not entitled to receive indemnity under the terms of
        this Application; and

(c)     if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in
        this chapter 11 case (that order having become a final order no longer subject to
        appeal) and (ii) the entry of an order closing this chapter 11 case, Global Data
        Risk believes that it is entitled to the payment of any amounts by the Debtor on
        account of the Debtor's indemnification obligations under this Application,
        including, without limitation, the advancement of defense costs, Global Data
        Risk must file an application in this Court, and the Debtor may not pay any such
        amounts to Global Data Risk before the entry of an order by this Court
        approving the payment. This subparagraph (c) is intended only to specify the
        period of time during which the Court shall have jurisdiction over any request
        for fees and expenses by Global Data Risk for indemnification, and not as a
        provision limiting the duration of the Debtor's obligation to indemnify Global
        Data Risk.

6.      Global Data Risk will review its files periodically during the pendency of this

chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If

4

any new relevant facts or connections are discovered or arise, Global Data Risk will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

7.      Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.      The Committee and Global Data Risk are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

9.      To the extent the Application or the Laykin Declaration are inconsistent with this Order, the terms of this Order shall govern.

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     During the pendency of this chapter 11 case, the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

**Laykin Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re:                                       :      **Chapter 11**
                                             :
**RUDOLPH W. GIULIANI**                       :      **Case No. 23-12055 (SHL)**
**a/k/a RUDOLPH WILLIAM GIULIANI,**           :
                                             :
                       Debtor.               :
-------------------------------------------------------------x

### DECLARATION OF ERIK LAYKIN IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF RUDOLPH W. GIULIANI TO RETAIN AND EMPLOY GLOBAL DATA RISK LLC AS SPECIALIZED FORENSIC FINANCIAL ADVISOR, EFFECTIVE AS OF FEBRUARY 9, 2024

I, Erik Laykin, under penalty of perjury, declare as follows:

1.      I am the chief executive officer of Global Data Risk LLC ("Global Data Risk"). Global Data Risk's business address is 14 Wall Street, 20th Floor, New York, NY 10005.

2.      I am familiar with the matters set forth herein and make this declaration (this "Declaration") in support of the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of Rudolph W. Giuliani a/k/a Rudolph William Giuliani (the "Debtor") seeking approval to retain and employ Global Data Risk as specialized forensic financial advisor to the Committee.

3.      On January 12, 2024, United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102 [Docket No. 46]. On February 9, 2024, the Committee selected Global Data Risk as its proposed forensic financial advisor.

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

## **REPRESENTATION OF PARTIES IN INTEREST**

4.      To the best of my knowledge and information, Global Data Risk, its shareholders, employees and officers: (i) are not creditors of the Debtor or insiders in any of Debtor's businesses; (ii) are not and were not, within two (2) years before the Petition Date, employees of the Debtor or directors, officers or employees of the Debtor's businesses; and (iii) do not have an interest materially adverse to the interests of the Debtor's estate or to any class of creditors, by reason of any direct or indirect relationship to, connection with or interest in the Debtor, or for any other reason.

5.      Global Data Risk does not currently represent the Debtor or, to the best of my knowledge and information, any of his related parties, affiliates and/or partners, as applicable. Moreover, Global Data Risk has not undertaken, and will not undertake, the representation of any party other than the Committee in connection with this chapter 11 case.

6.      To the best of my knowledge and information, Global Data Risk neither holds nor represents any interest adverse to the Committee, the Debtor, his known creditors or other parties in interest or their respective attorneys in this chapter 11 case.  Based upon information available to me, I believe that Global Data Risk is a "disinterested person" within the meaning of Bankruptcy Code section 101(14).

7.      Neither I, Global Data Risk nor any shareholders, officers or employees thereof, insofar as I have been able to ascertain, have any connection with the Committee, the Debtor, the Debtor's creditors or any other parties in interest herein, their respective attorneys and accountants, the U.S. Trustee or any person employed in the office of the U.S. Trustee, except as set forth herein.

8.      Moreover, Global Data Risk has undertaken a review of its conflicts database, which contains the names of clients and other parties interested in particular matters.  Global Data Risk requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to conduct a conflicts check through Global Data Risk's database and to enter conflict information regarding new clients or new matters into that database.  Thus, a review of that conflicts database should reveal any actual or potential conflicts of interest with respect to any given representation.  In particular, an employee of Global Data Risk, under my supervision, entered the names listed on **Schedule 1** attached hereto (the "Interested Parties") into Global Data Risk's conflicts database and conducted a conflict check in that database, which review does not account for connections that concluded more than three years before the date of this Declaration.

9.      Global Data Risk represented, represents and, in the future may represent creditors of the Debtor or other Interested Parties in connection with matters unrelated to the Debtor and this chapter 11 case.  Global Data Risk was, in the past, retained by Akin to assist in matters unrelated to the Debtor and this chapter 11 case.  Global Data Risk has not in the past three calendar years represented and currently does not represent any other Interested Parties identified on **Schedule 1**.

10.     Global Data Risk may in the future represent debtors and creditors' committees in cases unrelated to the Debtor and this chapter 11 case wherein one or more of the law firms representing the members of the Committee or other parties in interest serve as or will serve as professionals to members of those committees.  I, Erik Laykin, maintain a more than 25-year personal friendship with Joel Samuels, who is a shareholder at Buchalter, a Professional Corporation ("Buchalter").  Over the course of the years, this personal friendship also turned into

3

a professional relationship and has included mutual referrals for potential business and support for professional endeavors. Buchalter is counsel to Committee member U.S. Dominion Inc. in connection with this Chapter 11 Case. I do not believe that this relationship precludes Global Data Risk from meeting the disinterested standard under the Bankruptcy Code.

## PROFESSIONAL COMPENSATION

11.    Global Data Risk typically charges market hourly rates of $150 – $775. In recognition of the unique and important circumstances of this chapter 11 case, Global Data Risk has agreed to provide its services at a blended and discounted hourly rate of $275. The Global Data Risk team consists of formally employed individuals (W2 employees) as well as existing fulltime and part time contractors (1099 employees) and members of our longstanding professional network. Global Data Risk has also agreed that such rate will not be subject to any periodic increases.

12.    Global Data Risk's standard hourly rates for 2024 are as follows:

| Title | Standard Hourly Rates |
|---|---|
| Managing Director | $775 |
| Director | $650 |
| Associate Director | $575 |
| Senior Consultant | $475 |
| Consultant | $325 |
| Analyst | $275 |
| Administrative | $150[2] |

13.    In addition to compensation for professional services rendered by Global Data Risk personnel, Global Data Risk will seek reimbursement for reasonable out-of-pocket expenses incurred by Global Data Risk in connection with services provided to the Committee during the course of this chapter 11 case, including but not limited to, costs of travel, lodging, legal counsel,

---

[2]    Global Data Risk administrative support accounts for less than 5% of GDR hours in an average project.

research, communications and applicable taxes and other direct expenses.  For the avoidance of doubt, to the extent that any third party resources outside of the existing Global Data Risk team are required to be deployed by Global Data Risk at the direction of the Committee, market rates will apply for such resource, and Global Data Risk will not charge a markup with respect to any such amounts billed.

### **INDEMNIFICATION**

14.    Global Data Risk requires the Indemnification Provisions described in the Application and cannot proceed without them.  Global Data Risk requires substantially similar terms in substantially all of its engagements and has agreed to the Indemnification Provisions to be consistent with indemnification provisions approved in other chapter 11 cases in this district.


I declare under penalty of perjury that the foregoing is true and correct on this 20th day of March, 2024.

_____

Name: Erik Laykin

## __Schedule 1__

**List of Interested Parties**

## Schedule 1

### Schedule of Searched Parties

**The Official Committee of Unsecured Creditors**

NOELLE DUNPHY
U.S. DOMINION INC.

WANDREA' ARSHAYE MOSS

**Counsel to Individual Members of the Official Committee of Unsecured Creditors**

ABRAMS FENSTERMAN LLP
BUCHALTER, A PROFESSIONAL
  CORPORATION

DUBOSE & MILLER
SUSMAN GODFREY LLP
WILLKIE FARR & GALLAGHER LLP

**Professionals of the Official Committee of Unsecured Creditors**

AKIN GUMP STRAUSS HAUER & FELD LLP

**Debtor**

RUDOLPH W. GIULIANI

**Debtor's Affiliates**

GIULIANI PARTNERS, LLC
GIULIANI & COMPANY, LLC
GIULIANI COMMUNICATIONS, LLC

GIULIANI GROUP, LLC
GIULIANI SECURITY & SAFETY, LLC
WORLD CAPITAL PAYROLL CORP.

**Debtor's Professionals**

AIDALA, BERTUNA & KAMINS, P.C.
BERGER, FISCHOFF, SHUMER,
  WEXLER & GOODMAN, LLP

CAMARA & SIBLEY, LLP

**Creditors**

BST & CO. CPAS, LLC
CHASE BANK
CIRICARDS/AMERICAN AIRLINES
  AADVANTAGE
CITIBANK/BROOKS BROTHERS
CITIGOLD
DANIEL GILL
DAVIDOFF HUTCHER & CITRON LLP
DIAMOND PHARMACY (INDIANA, PA)

DISCOVER
EMERALD DUNES CLUB
ERIC COOMER, PH.D.
GIULIANI PARTNERS LLC
IRS
IRS - CENTRALIZED INSOLVENCY
  OPERATION
LAW OFFICES OF AIDALA, BERTUNA
  & KAMINS

MOMENTUM TELECOM, INC
MORNINGSTAR SENIOR SOLUTIONS
NEW YORK STATE DEPARTMENT OF
    TAXATION & FINANCE
NOELLE DUNPHY
NYC DEPARTMENT OF FINANCE
NYS DEPARTMENT OF TAXATION &
    FINANCE
NYS DEPARTMENT OF TAXATION &
    FINANCE - BANKRUPTCY UNIT-TCD

ROBERT HUNTER BIDEN
RUBY FREEMAN & WANDREA MOSS
SMARTMATIC USA CORP
TABNER, RYAN K KENIRY, LLP
THE SOUTHLAKE CONDOMINIUM
    ASSOCIATION
TRUMP INTERNATIONAL GOLF CLUB
    L.C.
WANDREA' ARSHAYE MOSS
US DOMINION, INC.

**Judge Sean H. Lane's Chambers Staff**

CHRISTINA AZZARO
EMILIE SIMONE
LIZA EBANKS

SARAH ROSENTHAL
JACQUELINE TRAN

**Bankruptcy Court Judges – Southern District of New York**

CHIEF JUDGE MARTIN GLENN
JUDGE LISA G. BECKERMAN
JUDGE PHILIP BENTLEY
JUDGE JAMES L. GARRITY, JR.
JUDGE DAVID S. JONES

JUDGE SEAN H. LANE
JUDGE JOHN P. MASTANDO III
JUDGE CECELIA G. MORRIS
JUDGE MICHAEL E. WILES

**Clerk of the Court and Deputy – Bankruptcy Court Southern District of New York**

VITO GENNA
MIKE PAEK

**District Court Judges – Southern District of New York**

RONNIE ABRAMS
RICHARD M. BERMAN
VINCENT L. BRICCETTI
VERNON S. BRODERICK
NAOMI REICE BUCHWALD
VALERIE E. CAPRONI
ANDREW L. CARTER JR.
KEVIN CASTEL
DENISE L. COTE
JOHN P. CRONAN
PAUL A. CROTTY
GEORGE B. DANIELS
PAUL A. ENGELMAYER
KATHERINE POLK FAILLA

JESSE M. FURMAN
PAUL G. GARDEPHE
CHARLES S. HAIGHT
PHILIP M. HALPERN
ALVIN K. HELLERSTEIN
LEWIS A. KAPLAN
KENNETH M. KARAS
JOHN F. KEENAN
JOHN G. KOELTL
LEWIS J. LIMAN
VICTOR MARRERO
COLLEEN MCMAHON
ALISON J. NATHAN
J. PAUL OETKEN

LORETTA A. PRESKA
JED S. RAKOFF
EDGARDO RAMOS
NELSON S. ROMAN
LORNA G. SCHOFIELD
CATHY SEIBEL
LOUIS L. STANTON
SIDNEY H. STEIN

RICHARD J. SULLIVAN, CIRCUIT
   JUDGE SITTING BY DESIGNATION
LAURA TAYLOR SWAIN
ANALISA TORRES
MARY KAY VYSKOCIL
KIMBA M. WOOD
GREGORY H. WOODS

**Magistrate Judges – District Court Southern District of New York**

STEWART D. AARON
SARAH L. CAVE
JAMES L. COTT
PAUL E. DAVISON
KEVIN N. FOX
DEBRA FREEMAN
MARTIN R. GOLDGERG
GABRIEL W. GORENSTEIN

ANDREW E. KRAUSE
ROBERT W. LEHRBURGER
JUDITH C. MCCARTHY
BARBARA MOSES
SARAH NETBURN
KATHARINE H. PARKER
ONA T. WANG

**Clerk of the Court – District Court Southern District of New York**

RUBY J. KRAJICK

**U.S. Trustee's Office – Southern District of New York**

ZEYNEP AKAN
VICTOR ABRIANO
SUSAN ARBEIT
MARK BRUH
AMANDA D. CASSARA
SHARA CORNELL
WILLIAM HARRINGTON
BENJAMIN J. HIGGINS
NADKARNI JOSEPH
BRIAN S. MASUMOTO
ERCILIA A. MENDOZA
MARY V. MORONEY
RICHARD C. MORRISSEY
ALABA OGUNLEYE

LINDA A. RIFFKIN
ILUSION ROGRIGUEZ
ANDREA B. SCHWARTZ
PAUL K. SCHWARTZBERG
RACHEL SIEGEL
SHANNON SCOTT
SYLVESTER SHARP
TARA TIANTIAN
ANDY VELEZ-RIVERA
DANIEL RUDEWICZ
MADELEINE VESCOVACCI
VALENTINA VLASOVA
ANNIE WELLS
GREG M. ZIPES

3

**Parties Filing Notice of Appearance**[1]

BOARD OF DIRECTORS OF 45 EAST
   66TH STREET OWNERS'
   CORPORATION

CAIN & SKARNULIS PLLC
FREDERICK E. SCHMIDT, JR.
SGO CORPORATION LIMITED

---

[1]   Only new entities not already included in any other category on this **<u>Schedule 1</u>** are included in this Notice of Appearance category.