AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Proposed Counsel to the Official Committee*
*of Unsecured Creditors of Rudolph W. Giuliani*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **RUDOLPH W. GIULIANI** | : | **Case No. 23-12055 (SHL)** |
| **a/k/a RUDOLPH WILLIAM GIULIANI,** | : | |
| | : | |
| **Debtor.** | : | |

----------------------------------------------------------------x

**NOTICE OF FILING OF**
**REVISED PROPOSED ORDER**
**REGARDING APPLICATION OF THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS OF RUDOLPH**
**W. GIULIANI TO RETAIN AND EMPLOY AKIN GUMP STRAUSS**
**HAUER & FELD LLP AS COUNSEL, EFFECTIVE AS OF JANUARY 16, 2024**

**PLEASE TAKE NOTICE** that on February 14, 2024, the Official Committee of

Unsecured Creditors (the "Committee") appointed in the chapter 11 case of the above-captioned

debtor filed the *Application of the Official Committee of Unsecured Creditors of Rudolph W.*

*Giuliani to Retain and Employ Akin Gump Strauss Hauer & Feld LLP as Counsel, Effective as of*

*January 16, 2024* [Docket No. 110] (the "Application"). Attached to the Application as Exhibit A

was a proposed form of order authorizing the Committee to retain and employ Akin Gump Strauss Hauer & Feld LLP as counsel (the "Original Proposed Order").

PLEASE TAKE FURTHER NOTICE that following discussions with the United States Trustee, the Committee has revised the Original Proposed Order (such revised form of order, the "Revised Proposed Order"), a copy of which is attached hereto as **Exhibit A**. A redline of the Revised Proposed Order marked against the Original Proposed Order is attached hereto as **Exhibit B**.

PLEASE TAKE FURTHER NOTICE that copies of the Application and the Revised Proposed Order may be obtained by visiting the Court's website at *http://www.nysb.uscourts.gov* in accordance with the procedures and fees set forth therein.

Dated: March 25, 2024
New York, New York

*/s/ Philip C. Dublin*

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
One Bryant Park
New York, New York 10036
Tel:    (212) 872-1000
Fax:    (212) 872-1002
Email:  idizengoff@akingump.com
        pdublin@akingump.com
        aqureshi@akingump.com

- and -

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Tel:    (214) 969-2800
Fax:    (214) 969-4343
Email:  rbibloblock@akingump.com

*Proposed Counsel to the Official Committee*
*of Unsecured Creditors of Rudolph W. Giuliani*

## EXHIBIT A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **RUDOLPH W. GIULIANI** | : | **Case No. 23-12055 (SHL)** |
| **a/k/a RUDOLPH WILLIAM GIULIANI,** | : | |
| | : | |
| Debtor. | : | |

-------------------------------------------------------------x

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE
### OF UNSECURED CREDITORS OF RUDOLPH W. GIULIANI
### TO RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER &
### FELD LLP AS COUNSEL, EFFECTIVE AS OF JANUARY 16, 2024

Upon the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of Rudolph W. Giuliani a/k/a Rudolph William Giuliani (the "Debtor") for entry of an order authorizing the Committee to retain and employ Akin Gump Strauss Hauer & Feld LLP ("Akin") as its counsel in connection with the Debtor's chapter 11 case, effective as of January 16, 2024; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the necessary parties; and the Court having found that no other or further notice is necessary; and the Court having reviewed the Application, the declaration of Philip C. Dublin, a partner of Akin (the "Dublin Declaration"), the declaration of Wandrea' ArShaye Moss, solely in her capacity as chair of the Committee (the "Moss Declaration") and the supplemental declaration of Philip C. Dublin in support of the Application (the "Supplemental Dublin Declaration" and, together with the Dublin Declaration and the Moss Declaration, the "Declarations"); and the Court having found,

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

based on the representations made in the Application and the Declarations, that Akin does not represent any interest adverse to the Committee or the Debtor's estate with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b); and the Court having found that the terms and conditions of Akin's employment as set forth in the Application are reasonable as required by Bankruptcy Code section 328(a); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and the Court having found that the retention and employment of Akin is in the best interests of the Debtor's estate and his unsecured creditors; and any objections to the relief requested in the Application having been consensually resolved through modifications contained herein, withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Application is granted as set forth herein.

2.      In accordance with Bankruptcy Code sections 328 and 1103(a), Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, the Committee is hereby authorized and empowered to retain and employ Akin as its counsel to represent it in this chapter 11 case and related matters and proceedings, effective as of January 16, 2024, to provide the following services:

  (a)    advise the Committee with respect to its rights, duties and powers in this chapter 11 case;

  (b)    assist and advise the Committee in its consultations and negotiations with the Debtor and other parties in interest regarding the administration of this chapter 11 case;

  (c)    investigate and analyze any claims belonging to the Debtor's estate;

  (d)    assist the Committee in analyzing all aspects of the claims of the Debtor's creditors, including, without limitation, the dischargeability thereof, and in

2

negotiating with holders of claims;

(e)    assist the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor and related entities and of the Debtor's affairs, including, without limitation, analysis of the Debtor's schedules of assets and liabilities and statement of financial affairs, and each of the foregoing may include, without limitation, discovery and litigation in connection therewith;

(f)    assist the Committee in its analysis of, and negotiations with, the Debtor or any third party, concerning matters related to, among other things, the assumption or rejection of certain executory contracts, asset dispositions, asset sale transactions, other transactions and the terms of one or more plans of reorganization and/or liquidation for the Debtor and accompanying disclosure statements and related plan documents;

(g)    assist and advise the Committee as to its communications to the general creditor body regarding significant matters in this chapter 11 case;

(h)    represent the Committee at all hearings and other proceedings before the Court;

(i)    review and analyze applications, orders, statements of operations and schedules filed with the Court and advise the Committee as to their propriety and, to the extent deemed appropriate by the Committee, support, join or object thereto;

(j)    assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

(k)    assist the Committee in its review and analysis of the Debtor's various agreements;

(l)    assist and advise the Committee with respect to issues concerning the applicability of the automatic stay and non-bankruptcy litigation to which the Debtor is a party;

(m)    prepare, on behalf of the Committee, any pleadings, including, without limitation, motions, memoranda, complaints, adversary complaints, objections, discovery requests or comments in connection with any matter related to the Debtor or this chapter 11 case; and

(n)    perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee and its constituency in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

3.    In light of the unique facts and circumstances of this chapter 11 case and Akin's

retention by the Committee on a *pro bono* basis, Akin shall not be required to apply for

compensation on a monthly or interim basis as permitted by the Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules and any other applicable law or order of the Court.  Until such time as Akin applies for compensation on a monthly, interim or final basis, Akin shall be excused from complying with the applicable provisions of these laws and orders of the Court.

4.       In the event that a class of unsecured creditors votes to reject, or is deemed to reject, a chapter 11 plan proposed or supported by the Debtor, and such plan is confirmed, Akin shall be entitled to seek approval from this Court, and payment by the Debtor, of all compensation and expenses pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules and applicable law on account of services rendered by Akin in connection with this chapter 11 case prior to the conclusion of this chapter 11 case.

5.       Prior to any increases in Akin's rates, Akin shall file a supplemental declaration with the Court and provide ten (10) business days' notice to the Debtor and the U.S. Trustee.  The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Committee has consented to the rate increase.  The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Bankruptcy Code section 330.

6.       Akin will review its files periodically during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or connections are discovered or arise, Akin will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

7.      Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.      The Committee and Akin are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

9.      To the extent the Application or the Declarations are inconsistent with this Order, the terms of this Order shall govern.

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     During the pendency of this chapter 11 case, the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT B</u>**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
In re:                                              :      **Chapter 11**
                                                    :
**RUDOLPH W. GIULIANI**                             :      **Case No. 23-12055 (SHL)**
**a/k/a RUDOLPH WILLIAM GIULIANI,**                 :
                                                    :
                         Debtor.                    :
-------------------------------------------------------------- x

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE
### OF UNSECURED CREDITORS OF RUDOLPH W. GIULIANI
### TO RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER &
### FELD LLP AS COUNSEL, EFFECTIVE AS OF JANUARY 16, 2024

Upon the application (the "Application")[1] of the Official Committee of Unsecured
Creditors (the "Committee") appointed in the chapter 11 case of Rudolph W. Giuliani a/k/a
Rudolph William Giuliani (the "Debtor") for entry of an order authorizing the Committee to
retain and employ Akin Gump Strauss Hauer & Feld LLP ("Akin") as its counsel in connection
with the Debtor's chapter 11 case, effective as of January 16, 2024; and the Court having
jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this proceeding being a
core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding being proper
pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having
been provided to the necessary parties; and the Court having found that no other or further notice
is necessary; and the Court having reviewed the Application, the declaration of Philip C. Dublin,
a partner of Akin (the "Dublin Declaration"), and the declaration of Wandrea' ArShaye Moss,
solely in her capacity as chair of the Committee (the "Moss Declaration") and the supplemental
declaration of Philip C. Dublin in support of the Application (the "Supplemental Dublin
Declaration" and, together with the Dublin Declaration and the Moss Declaration, the

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

"Declarations"); and the Court ~~finding~~having found, based on the representations made in the Application and the Declarations, that Akin does not represent any interest adverse to the Committee or the Debtor's estate with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b); and the Court having found that the terms and conditions of Akin's employment as set forth in the Application are reasonable as required by Bankruptcy Code section 328(a); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and the Court having found that the retention and employment of Akin is in the best interests of the Debtor's estate and his unsecured creditors; and any objections to the relief requested in the Application having been consensually resolved through modifications contained herein, withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.    The relief requested in the Application is granted as set forth herein.

2.    In accordance with Bankruptcy Code sections 328 and 1103(a), Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, the Committee is hereby authorized and empowered to retain and employ Akin as its counsel to represent it in this chapter 11 case and related matters and proceedings ~~on the terms set forth in the Application and the Declarations~~, effective as of January 16, 2024~~.~~, to provide the following services:

    (a)    advise the Committee with respect to its rights, duties and powers in this chapter 11 case;

    (b)    assist and advise the Committee in its consultations and negotiations with the Debtor and other parties in interest regarding the administration of this chapter 11 case;

    (c)    investigate and analyze any claims belonging to the Debtor's estate;

(d)    assist the Committee in analyzing all aspects of the claims of the Debtor's creditors, including, without limitation, the dischargeability thereof, and in negotiating with holders of claims;

(e)    assist the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor and related entities and of the Debtor's affairs, including, without limitation, analysis of the Debtor's schedules of assets and liabilities and statement of financial affairs, and each of the foregoing may include, without limitation, discovery and litigation in connection therewith;

(f)    assist the Committee in its analysis of, and negotiations with, the Debtor or any third party, concerning matters related to, among other things, the assumption or rejection of certain executory contracts, asset dispositions, asset sale transactions, other transactions and the terms of one or more plans of reorganization and/or liquidation for the Debtor and accompanying disclosure statements and related plan documents;

(g)    assist and advise the Committee as to its communications to the general creditor body regarding significant matters in this chapter 11 case;

(h)    represent the Committee at all hearings and other proceedings before the Court;

(i)    review and analyze applications, orders, statements of operations and schedules filed with the Court and advise the Committee as to their propriety and, to the extent deemed appropriate by the Committee, support, join or object thereto;

(j)    assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

(k)    assist the Committee in its review and analysis of the Debtor's various agreements;

(l)    assist and advise the Committee with respect to issues concerning the applicability of the automatic stay and non-bankruptcy litigation to which the Debtor is a party;

(m)    prepare, on behalf of the Committee, any pleadings, including, without limitation, motions, memoranda, complaints, adversary complaints, objections, discovery requests or comments in connection with any matter related to the Debtor or this chapter 11 case; and

(n)    perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee and its constituency in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code,

Bankruptcy Rules or other applicable law.

3.      In light of the unique facts and circumstances of this chapter 11 case and Akin's retention by the Committee on a *pro bono* basis, Akin shall not be required to apply for compensation on a monthly or interim basis ~~in accordance with the procedures set forth in~~as permitted by the Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules and any other applicable law or order of the Court. ~~In addition~~Until such time as Akin applies for compensation on a monthly, interim or final basis, Akin shall be excused from complying with the ~~U.S. Trustee Guidelines in connection with monthly, interim and final fee applications. Notwithstanding the foregoing, Akin will provide the Committee, the Debtor and the U.S. Trustee with monthly summary invoices of the fees and expenses incurred by Akin in connection with its representation of the Committee.~~applicable provisions of these laws and orders of the Court.

4.      In the event that ~~the Debtor obtains confirmation of~~a class of unsecured creditors votes to reject, or is deemed to reject, a chapter 11 plan ~~or other resolution of this chapter 11 case that is not~~proposed or supported by the ~~Committee~~Debtor, and such plan is confirmed, Akin shall be entitled to seek approval ~~by~~from this Court, and payment by the Debtor, ~~in accordance with all applicable rules,~~ of all ~~fees and related costs~~compensation and expenses ~~incurred by the Committee~~ pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules and applicable law on account of services rendered by Akin in connection with this chapter 11 case prior to the conclusion of this chapter 11 case.

5.      Prior to any increases in Akin's rates, Akin shall file a supplemental declaration with the Court and provide ten (10) business days' notice to the Debtor and the U.S. Trustee ~~before any increases in rates are implemented, other than with respect to those rates set forth in~~

4

the Application and the Dublin Declaration, and shall file such notice with the Court.  Except with respect to those rates set forth in the Application and the Dublin Declaration, the .  The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Committee has consented to the rate increase.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard set forth provided for in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

6.      Akin will review its files periodically during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships connections are discovered or arise, Akin will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

7.      Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.      The Committee and Akin are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

9.      To the extent the Application or the Declarations are inconsistent with this Order, the terms of this Order shall govern.

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5

11.    During the pendency of this chapter 11 case, the Court retains exclusive

jurisdiction with respect to all matters arising from or related to the implementation of this

Order.


Dated: _____


                                            _____
                                            THE HONORABLE SEAN H. LANE
                                            UNITED STATES BANKRUPTCY JUDGE

| Summary report: Litera Compare for Word 11.7.0.54 Document comparison done on 3/25/2024 11:31:39 AM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** nd://4858-3082-9741/1/Giuliani - Akin Retention Order [Filing Version].docx | |
| **Modified DMS:** nd://4858-3082-9741/6/Giuliani - Akin Retention Order [Filing Version].docx | |
| **Changes:** | |
| Add | 44 |
| Delete | 24 |
| Move From | 8 |
| Move To | 8 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 84 |