UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                              :    Chapter 11
                                                                    :
RUDOLPH W. GIULIANI                                                 :    Case No. 23-12055 (SHL)
a/k/a RUDOLPH WILLIAM GIULIANI,                                     :
                                                                    :
                Debtor.                                         :
---------------------------------------------------------------x

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF RUDOLPH W. GIULIANI
TO RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER &
FELD LLP AS COUNSEL, EFFECTIVE AS OF JANUARY 16, 2024**

Upon the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of Rudolph W. Giuliani a/k/a Rudolph William Giuliani (the "Debtor") for entry of an order authorizing the Committee to retain and employ Akin Gump Strauss Hauer & Feld LLP ("Akin") as its counsel in connection with the Debtor's chapter 11 case, effective as of January 16, 2024; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the necessary parties; and the Court having found that no other or further notice is necessary; and the Court having reviewed the Application, the declaration of Philip C. Dublin, a partner of Akin (the "Dublin Declaration"), the declaration of Wandrea' ArShaye Moss, solely in her capacity as chair of the Committee (the "Moss Declaration") and the supplemental declaration of Philip C. Dublin in support of the Application (the "Supplemental Dublin Declaration" and, together with the Dublin Declaration and the Moss Declaration, the "Declarations"); and the Court having found,

---

[1]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

based on the representations made in the Application and the Declarations, that Akin does not represent any interest adverse to the Committee or the Debtor's estate with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b); and the Court having found that the terms and conditions of Akin's employment as set forth in the Application are reasonable as required by Bankruptcy Code section 328(a); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and the Court having found that the retention and employment of Akin is in the best interests of the Debtor's estate and his unsecured creditors; and any objections to the relief requested in the Application having been consensually resolved through modifications contained herein, withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Application is granted as set forth herein.

2. In accordance with Bankruptcy Code sections 328 and 1103(a), Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, the Committee is hereby authorized and empowered to retain and employ Akin as its counsel to represent it in this chapter 11 case and related matters and proceedings, effective as of January 16, 2024, to provide the following services:

    (a) advise the Committee with respect to its rights, duties and powers in this chapter 11 case;

    (b) assist and advise the Committee in its consultations and negotiations with the Debtor and other parties in interest regarding the administration of this chapter 11 case;

    (c) investigate and analyze any claims belonging to the Debtor's estate;

    (d) assist the Committee in analyzing all aspects of the claims of the Debtor's creditors, including, without limitation, the dischargeability thereof, and in

    negotiating with holders of claims;

(e)  assist the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor and related entities and of the Debtor's affairs, including, without limitation, analysis of the Debtor's schedules of assets and liabilities and statement of financial affairs, and each of the foregoing may include, without limitation, discovery and litigation in connection therewith;

(f)  assist the Committee in its analysis of, and negotiations with, the Debtor or any third party, concerning matters related to, among other things, the assumption or rejection of certain executory contracts, asset dispositions, asset sale transactions, other transactions and the terms of one or more plans of reorganization and/or liquidation for the Debtor and accompanying disclosure statements and related plan documents;

(g)  assist and advise the Committee as to its communications to the general creditor body regarding significant matters in this chapter 11 case;

(h)  represent the Committee at all hearings and other proceedings before the Court;

(i)  review and analyze applications, orders, statements of operations and schedules filed with the Court and advise the Committee as to their propriety and, to the extent deemed appropriate by the Committee, support, join or object thereto;

(j)  assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

(k)  assist the Committee in its review and analysis of the Debtor's various agreements;

(l)  assist and advise the Committee with respect to issues concerning the applicability of the automatic stay and non-bankruptcy litigation to which the Debtor is a party;

(m)  prepare, on behalf of the Committee, any pleadings, including, without limitation, motions, memoranda, complaints, adversary complaints, objections, discovery requests or comments in connection with any matter related to the Debtor or this chapter 11 case; and

(n)  perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee and its constituency in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

3.  In light of the unique facts and circumstances of this chapter 11 case and Akin's retention by the Committee on a *pro bono* basis, Akin shall not be required to apply for

3

compensation on a monthly or interim basis as permitted by the Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules and any other applicable law or order of the Court. Until such time as Akin applies for compensation on a monthly, interim or final basis, Akin shall be excused from complying with the applicable provisions of these laws and orders of the Court.

4. In the event that a class of unsecured creditors votes to reject, or is deemed to reject, a chapter 11 plan proposed or supported by the Debtor, and such plan is confirmed, Akin shall be entitled to seek approval from this Court, and payment by the Debtor, of all compensation and expenses pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules and applicable law on account of services rendered by Akin in connection with this chapter 11 case prior to the conclusion of this chapter 11 case.

5. Prior to any increases in Akin's rates, Akin shall file a supplemental declaration with the Court and provide ten (10) business days' notice to the Debtor and the U.S. Trustee. The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Committee has consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Bankruptcy Code section 330.

6. Akin will review its files periodically during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or connections are discovered or arise, Akin will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

7. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. The Committee and Akin are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

9. To the extent the Application or the Declarations are inconsistent with this Order, the terms of this Order shall govern.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. During the pendency of this chapter 11 case, the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 27, 2024
White Plains, New York

>*/s/ Sean H. Lane*
> THE HONORABLE SEAN H. LANE
> UNITED STATES BANKRUPTCY JUDGE