UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                              :     Chapter 11
                                                    :
RUDOLPH W. GIULIANI                                 :     Case No. 23-12055 (SHL)
a/k/a RUDOLPH WILLIAM GIULIANI,                     :
                                                    :
                    Debtor.                         :
------------------------------------------------------------x

**ORDER GRANTING MOTION
OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR THE ENTRY OF AN
ORDER PURSUANT TO BANKRUPTCY CODE SECTION
105 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004
AUTHORIZING DISCOVERY OF THE DEBTOR AND THIRD PARTIES**

Upon the motion (the "Motion")[1] of the Official Committee of Unsecured Creditors (the "Committee"), for entry of an order pursuant to Bankruptcy Code section 105 and Rule 2004 of the Federal Rules of Bankruptcy Procedure authorizing discovery of the Debtor, his businesses and certain third parties, as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and, after due deliberation, the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, the estate, his creditors and all parties in interest; and it appearing that no notice of the relief sought in the Motion is necessary; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, as set forth herein.

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

2.  The Committee is hereby authorized, pursuant to Rule 2004, to (a) serve document requests as specified below/subpoenas on, and (b) take depositions of, (i) Rudolph W. Giuliani (the "Debtor"); (ii) Giuliani Partners, LLC; (iii) Giuliani Communications, LLC; (iv) Giuliani Security & Safety, LLC; (v) Giuliani Group, LLC; (vi) Giuliani & Co.; (vii) Rudolph W. Giuliani PLLC; (viii) WorldCapital Payroll Corporation; (ix) Rudy Giuliani Freedom Fund Legal Defense Trust Fund; (x) Giuliani Defense; (xi) Robert Kiger; (xii) Andrew Giuliani; (xiii) Jake Menges; (xiv) Maria Ryan; (xv) Ryan Medrano; (xvi) Joseph Ricci; (xvii) Ted Goodman; (xviii) Michael Ragusa; and (xix) any other party the Committee identifies as possessing information relevant to its investigation into the Debtor's assets, liabilities, relevant prepetition conduct and financial position.

3.  The recipients of any such subpoena, other than the Debtor and the entities listed in paragraph 2(ii)-(viii) (the "Debtor Related Entities") are directed to respond to the requests and have completed document production no later than twenty-one (21) calendar days of service, subject to the recipients' rights to object or otherwise properly seek relief from the Court. The Debtor and Debtor Related Entities are directed to respond to the requests within twenty-one (21) calendar days of service and to complete document production no later than May 24, 2024.

4.  The Debtor, individually and on behalf of the Debtor Related Entities, has agreed to an initial limited deposition on April 15, 2024 with respect to topics agreed upon by the Committee and the Debtor. The Committee and Debtor have agreed that this initial deposition is in no way intended to limit or preclude subsequent depositions of the Debtor or Debtor Related Entities following the production of documents.

5.  The Committee is hereby authorized, pursuant to Bankruptcy Rule 2004, to issue additional document requests, subpoenas *duces tecum* and subpoenas *ad testificandum* related to

the identification, investigation and/or recovery of any of the Debtor's assets, the Debtor's liabilities, the Debtor's or other parties' prepetition conduct concerning the Debtor's assets or liabilities or claims of the estate, without further order of the Court.

6.   The Committee reserves all rights to request additional discovery and/or examination, including, without limitation, requests based on any information that may be revealed as a result of discovery authorized pursuant to this Order.

7.   The United States Trustee shall be entitled to access all documents produced by, and attend and participate in all oral examinations of, the parties listed in paragraph 2.

8.   The Committee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9.   The terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

10.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: April 11, 2024

*/s/ Sean H. Lane*
United States Bankruptcy Judge