UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                              Chapter 11

RUDOLPH W. GIULIANI                                                  Case No: 23-12055
a/k/a Rudolph William Giuliani,

                       Debtor
-------------------------------------------------------X

## ORDER AUTHORIZING EMPLOYMENT OF KENNETH CARUSO LAW LLC AS SPECIAL LITIGATION COUNSEL

**UPON THE APPLICATION** of RUDOLPH W. GIULIANI, the above-named Debtor and Debtor In Possession (the "Debtor"), for entry of an order, pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, authorizing the employment of the law firm Kenneth Caruso Law LLC ("KCL"), as Special Litigation Counsel to represent the Debtor for a specified special purpose, and upon the Declaration of Kenneth A. Caruso, Esq., annexed to the Application (the "Declaration"); and it appearing that KCL is a "disinterested person" within the meaning of sections 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtor or the Debtor's estate with respect to the matters upon which KCL is to be retained as Special Litigation Counsel; and this Court having determined that employment of KCL by the Debtor is in the best interests of the Debtor, his estate and his creditors; and adequate notice of the Application having been given; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED**, that pursuant to section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtor is authorized to employ KCL, as Special Litigation Counsel for the Debtor, effective March 20, 2024, to provide the following services:

1

1. Representation of the Debtor in the *Freeman* appeal pending in the United States Court of Appeals for the D.C. Circuit; and it is further

**ORDERED** that KCL shall be compensated in accordance with and will file interim and final fee applications for allowances of its compensation and expenses, and shall be subject, to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law; and it is further

**ORDERED** that KCL shall maintain time records in tenths of an hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested.

**ORDERED** that KCL's legal fees and expenses, as set forth in the Application, shall be paid by the Giuliani Defense fund or other third-party funding and KCL shall not request payment by the Debtor; and it is further

**ORDERED** that neither the Giuliani Defense fund nor any other third-party funder may file claims against the Debtor in this case or otherwise seek reimbursement of any funds advanced on the Debtor's behalf for legal fees, expenses or any other purpose; and it is further

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED**, that notwithstanding any provision to the contrary in the Application, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to the Application, and the implementation of this Order.

Dated:   White Plains, New York
         March _____, 2024

                                                          _____
                                                          HONORABLE SEAN H. LANE
                                                          UNITED STATES BANKRUPTCY JUDGE