**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 872-1000
Facsimile: (214) 969-1002

*Counsel to the Official Committee of*
*Unsecured Creditors of Rudolph W. Giuliani*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **RUDOLPH W. GIULIANI** | : | **Case No. 23-12055 (SHL)** |
| **a/k/a RUDOLPH WILLIAM GIULIANI,** | : | |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------x

## NOTICE OF INTENT TO SERVE A SUBPOENA

**PLEASE TAKE NOTICE** that, on April 19, 2024, pursuant to Rule 2004 of the Federal

Rules of Bankruptcy Procedure, the Official Committee of Unsecured Creditors (the "Committee")

of Rudy W. Giuliani ("Giuliani" or the "Debtor"), by and through its undersigned counsel, will

cause the attached subpoena (the "Subpoena") to be served via process on Andrew Giuliani.  A

true and correct copy of the Subpoena is attached hereto as **Exhibit A**.

Dated:  April 19, 2024
        New York, NY

Respectfully submitted,


By: *Abid Qureshi*　　　　　　　　　　　　　

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
One Bryant Park
New York, New York 10036
Tel:     (212) 872-1000
Fax:     (212) 872-1002
Email:  idizengoff@akingump.com
        pdublin@akingump.com
        aqureshi@akingump.com

*- and -*

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Tel:     (214) 969-2800
Fax:     (214) 969-4343
Email:   rbibloblock@akingump.com

*Counsel to the Official Committee of
Unsecured Creditors of Rudolph W. Giuliani*

## EXHIBIT A

## SUBPOENA

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of _New York_____

In re    Rudolph W. Giuliani a/k/a Rudolph William Giuliani _____

Debtor

Case No.  23-12055 (SHL)_____

Chapter __11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Andrew Giuliani _____

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>aqureshi@akingump.com | May 10, 2024 |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

_____ See Ex. A _____

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/19/2024_____

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Official Committee of Unsecured Creditors  , who issues or requests this subpoena, are:

Abid Qureshi, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, aqureshi@akingump.com  Tel. (212) 872-1000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


    I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **EXHIBIT A**

## **DEFINITIONS**

The following Requests incorporate by reference the definitions and rules of construction set forth in Local Civil Rule 26.3 of the Southern District of New York, as incorporated by Local Rule 2004-1 of the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any other applicable law or rules. For the purposes of these Requests, the following definitions shall apply whether or not such term is capitalized. Unless otherwise defined herein, all words and phrases shall be accorded their usual meaning and shall be interpreted broadly to encompass all facts and information that could otherwise be construed to fall outside their scope.

1.      The term "***Account***" shall mean any arrangement or agreement by which one or more Persons accepts one or more Persons' Assets to hold on behalf of that Person, including but not limited to savings accounts, checking accounts, money market accounts, Certificate of Deposit accounts, brokerage accounts, currency accounts, Cryptocurrency accounts, commodities, commodities futures accounts, trust accounts, bailments, custodial agreements, safe deposit boxes, arrangements or agreements by which Assets are stored and any other accounts held with a financial institution.  For the avoidance of doubt, this includes, but is not limited, to any Accounts or other repositories of Assets, including storage units identified on any of the Schedules and Statements.

2.      The term "***Affiliate***" or "***Affiliates***" shall have the meaning ascribed to the term "Affiliate" under 11 U.S.C. § 101(2).

3.      The term "***Agent***" shall mean any Person or entity and their Professionals acting for or on behalf of another Person or entity.

4.      The terms "***all***," "***any***" and "***each***" shall each be construed as encompassing any and all of these terms.

1

5.      The connectives "*and*" and "*or*" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request all Documents, Communications or responses that might otherwise be construed to be outside of its scope.

6.      The term "*Assets*" shall mean both real assets and intangible assets, including Real Property (whether owned or leased), fixtures, facilities, businesses, business lines, intellectual property, goodwill, contracts, rights to recover under any insurance policy, causes of action, inventory, cash, Cryptocurrency, Cryptocurrency Wallets, cash equivalents, commodities, commodities futures, precious metals, jewelry, watches, furniture, wine, art, firearms, Domain Names, oil and gas leases, mineral rights, automobiles, watercraft, boats, helicopters and any other thing of value.

7.      The term "*Biden Litigation*" shall refer to *Biden v. Giuliani*, United States District Court for the District of Columbia, No. 2:23-cv-08032, the suit filed by Robert Hunter Biden against Giuliani, Giuliani Partners, Giuliani Group, Giuliani Security & Safety and Giuliani's counsel Robert J. Costello for violations of federal and state computer fraud and abuse statutes and for unfair competition via their alleged unauthorized access to and dissemination of Biden's private digital data.

8.      The term "*Certificate of Deposit*" shall mean any savings product offered by a bank or financial institution that earns interest on a fixed sum for a fixed period of time.

9.      The term "*Communication*" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).  For the avoidance of doubt, this may encompass any oral, written, or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, email messages, text messages, Bloomberg messages, chat messages, Instant Bloomberg chat messages, Social Media messages or other messaging

2

platforms, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, microfilm, microfiche, magnetic disks or other media of any kind.

10.     The term "*concerning*" shall mean relating to (however remotely), referring to, describing, evidencing or constituting.

11.     The term "*Corporate Records*" shall include articles of association, company bylaws, articles of incorporation, founding documents, partnership agreements, limited liability company agreements, management agreements, meeting minutes, board presentations, policies and resolutions, records of material transactions, approvals of material contracts, records of sale, purchase of real estate, annual reports, trust agreements, accounting and any other Document concerning an entity's organization or material activities.

12.     The term "*Credit Documents*" shall mean any Documents concerning any application or request for an extension of credit of any kind including, but not limited to, mortgages, personal loans, lines of credit and credit cards.  For the avoidance of doubt, this includes, but is not limited to, the following types of Documents:  (a) W-2 forms; (b) pay stubs; (c) income tax returns; (d) bank Account statements; (e) retirement and investment Account statements; (f) Gift letters; (g) Documents verifying creditworthiness; (h) residential rental Payment histories; (i) other Tax Documents; and (j) any other Document submitted in connection with an application for an extension of credit.

13.     The term "*Cryptocurrency*" shall mean any digital or virtual currency or medium of exchange secured by or otherwise utilizing cryptography.

14.    The term "***Cryptocurrency Wallet***" shall mean any device, physical medium, program, app, service, software or anything similar that stores private keys for Cryptocurrency or Cryptocurrency transactions, whether encrypted or otherwise.

15.    The terms "***Debtor***" or "***Giuliani***" shall mean the Person who filed a petition for chapter 11 relief in the case of *In re Rudolph W. Giuliani*, No. 23-12055 (Bankr. S.D.N.Y.) and who goes by the name of Rudolph W. Giuliani, Rudolph William Giuliani, Rudolph Giuliani, Rudy Giuliani or any other variation of the Debtor's name, including any alter egos, Persons who have apparent authority over the Debtor, Agents of the Debtor and Professionals of the Debtor.

16.    The term "***Debtor Related Entity***" shall refer to and include the following Persons, each as defined herein, and including without limitation any trade names, assumed names or previously registered names:

- Giuliani Partners, LLC

- Giuliani Communications, LLC

- Giuliani Security & Safety, LLC

- Giuliani Group, LLC

- Giuliani & Company, LLC

- Rudolph W. Giuliani, PLLC

- WorldCapital Payroll Corporation

- Giuliani Media, LLC

17.    The term "***Debtor Related Person***" shall refer to and include the following Persons, each as defined herein:

- James Menges

- Joseph Ricci

4

- Maria Ryan

- Michael Ragusa

- Robert Kiger

- Ryan Medrano

- Ted Goodman

- Lisa Osofsky

- Robert Costello

- John Huvane

18.     The term "***Deposit Ticket***" shall mean any Document evidencing a deposit of financial assets to a bank or financial institution with information including, *inter alia*, the date, the name of the depositor, the depositor's Account number and the value of the assets being deposited.

19.     The term "***Document***" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information and other data or data compilations.  This includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, including but not limited to emails, texts, chats, spreadsheets and PowerPoint presentations.  A draft or non-identical copy is a separate document within the meaning of this term.

20.     The term "***Domain Name***" shall mean any sequence of alphanumeric characters that forms all or part of the corresponding internet addresses.

5

21.     The term "***Dominion Litigation***" shall refer to *US Dominion, Inc., et al. v. Giuliani*, United States District Court for the District of Columbia, No. 1:21-cv-00213 CJN, the suit filed against Giuliani by Dominion Voting Systems, who seeks $1.3 billion in damages for harm caused by Giuliani's statements about the 2020 presidential election.

22.     The term "***Dunphy Litigation***" shall refer to *Dunphy vs. Giuliani, et al.*, New York Supreme Court, Index No. 650033 / 2023, the suit filed against Giuliani, Giuliani Partners, Giuliani Group and Giuliani Security & Safety by Giuliani's former employee, Noelle Dunphy, who seeks $10 million in damages for unpaid wages and sexual harassment experienced in her course of employment.

23.     The term "***Financial Records***" shall include any Document or Communication that contains or summarizes information about any Person's or entity's financial activities or condition of the Debtor including, but not limited to, information about the Assets, balance sheets, budgets, cash flow, earnings, revenue, Gifts, Payments, Transfers in Assets or interests, Tax Documents, Credit Documents, Mortgage Documents, QuickBooks files and books and records containing any of the above maintained in the ordinary course of business.

24.     The term "***Freeman Litigation***" shall refer to *Freeman v. Giuliani*, United States District Court for the District of Columbia, No. 1:21-cv-03354-BAH, the defamation trial regarding Giuliani's defamatory statements about two Georgia 2020 election workers that led U.S. District Judge Beryl A. Howell of the District of Columbia to enter a $148 million default judgment against Giuliani.

25.     The term "***Gift***" shall mean any voluntary or involuntary Transfer of an Asset ***not*** made in exchange for any promise, service, product, or other Asset.  For the avoidance of doubt,

"Gift" shall be construed to encompass any engagement rings, other jewelry and things of value exchanged between the Debtor and any Person in connection with any marriage proposal.

26.     The term "*Giuliani Defense Fund*" shall refer to and include The Rudy Giuliani Freedom Fund Legal Defense Trust Fund, Giuliani Defense or any other entity paying, subsidizing or reimbursing legal costs, expenses, judgments, sanctions, monetary awards or penalties incurred or issued in connection with any civil, criminal or bankruptcy proceeding involving Giuliani, including, without limitation, the Freeman Litigation, the Biden Litigation, the Dunphy Litigation and the Dominion Litigation.

27.     The term "*including*" shall mean "including, but not limited to."

28.     The term "*Money Order*" shall mean any prepaid Negotiable Instrument or certificate issued by a government or financial institution that requires the issuer to pay a certain sum of money on demand to a Person.

29.     The term "*Mortgage Documents*" shall include any Documents concerning any application or re-quest for a line of credit secured by a mortgage on any residential or commercial Real Property, including but not limited to:  (a) W-2 forms; (b) pay stubs; (c) income tax returns; (d) bank Account statements; (e) retirement and investment Account statements; (f) Gift letters; (g) Documents verifying creditworthiness; (h) copies of the purchase and sale agreement; (i) deeds of trust; (j) residential rental Payment histories; (k) other Tax Documents; and (l) any other Document submitted in connection with the above.

30.     The term "*Negotiable Instrument*" shall include any unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it (a) is payable to bearer or to order at the time it is issued or first comes into possession of a holder; (b) is payable on demand or at a definite time; and (c) does not state any

other undertaking or instruction by the person promising or ordering Payment to do any act in addition to the Payment of money, and any similar instrument.

31.    The term "*Paycheck Protection Program*" shall refer to the business loan program established by the United States government in 2020 through the Coronavirus Aid, Relief and Economic Security Act to assist certain businesses with continuing to pay their employees.

32.    The term "*Payment*" shall mean any voluntary or involuntary Transfer in exchange for any service, product or other Asset, whether previously provided, provided contemporaneously with the Transfer or to be provided in the future, and whether or not such service, product or other Asset was or will be provided to the Person making or causing the Payment to be made.

33.    The term "*Person*" shall mean any natural person or any legal entity, unincorporated association or group of individuals or legal entities, whether formally or informally established, and their Affiliates and Professionals, including, without limitation, any business or governmental entity or association.

34.    The term "*Professional*" shall mean any Person or entity engaged to provide or involved in providing professional services of any kind at any time, including without limitation, any attorneys, accountants, consultants (including independent consultants), independent contractors, advisors and testifying or non-testifying experts.

35.    The term "*Transfer*" shall have the meaning ascribed in 11 U.S.C. § 101(54)(A)–(D), inclusive.

36.    The term "*Real Property*" shall have the meaning ascribed to the term in section 102 of the New York Real Property Tax Law.

37.    The term "*Schedules and Statements*" shall mean any and all schedules and statements filed by the Debtor, including, without limitation, Schedule A/B; Schedule C; Schedule D; Schedule G; Schedule I, Schedule J, Summary of Assets and Liabilities; Schedule of Executory

Contracts and Statement of Financial Affairs and any amendments or supplements to any of the foregoing.

38.   The term "*Social Media*" shall mean any forum, website, application, or other platform on which persons can create, transmit, share, communicate, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to: Twitter, Rumble, Gab, MeWe, Periscope, Facebook, Discord, Reddit, Imgur, SnapChat, Instagram, Google+, 4chan, 8chan, Tumblr, Youtube, LinkedIn, Flikr, Reddit, Quora, Disquis, Slack, Whisper, Yik Yak, Medium, WordPress, WeChat and instant messaging services such as Signal, WhatsApp, Facebook Messenger, Hangouts, Skype, Line, KakaoTalk, Telegram and CyberDust. Without limiting the foregoing in any manner, and by way of example only, the following are Social Media activity: uploading, posting, commenting, reacting (e.g., "liking" a post), sharing and communicating on comment sections of Social Media.

39.   The term "*Tax Documents*" shall mean any tax return, tax form, tax schedule, declaration, report, claim for refund, assessment or information return, statement or other Document relating to taxes, including any schedules or form or attachment thereto, whether prepared by the taxpayer, in the taxpayer's individual capacity or the taxpayer's capacity as an employer or employee, a tax preparer, a bank or financial institution, the Internal Revenue Service or any other governmental authority.

40.   The term "*Transfer*" shall have the meaning ascribed in 11 U.S.C. § 101(54)(A)– (D), inclusive.

41.   The term "*Wire Transfer*" shall mean any electronic Transfer of financial assets from one Account to another Account.

42.   The term "*Withdrawal Slips*" shall mean any Document prepared in order to withdraw financial assets from any Account with information including, *inter alia*, the date, the

name of the withdrawer, the withdrawer's Account number and the value of the assets being withdrawn.

43.     The terms "***You***," "***Your***" or "***Yours***" shall refer to Andrew Giuliani.

44.     The definitions described above shall apply regardless of whether such term is capitalized or not capitalized.

45.     Any references to a Person shall be deemed to include such Person's Agents, accountants, advisors, employees, attorneys and other Professionals, officers, directors, direct or indirect shareholders, members, managers, representatives, Affiliates, subsidiaries, predecessors, successors, assigns, trustees, fiduciaries, settlors, donors, beneficiaries or any other individual or entity acting or purporting to act on behalf of such Person.  In addition, the reference to any trust shall include any current or former trustees, or other fiduciaries, settlors, donors and beneficiaries.

46.     The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

47.     The use of the present tense includes the past tense, the use of the past tense shall include the present tense and the use of any verb in any tense shall be construed as including the use of that verb in all other tenses.

48.     Words and phrases not defined shall have their ordinary and plain meaning within the context of the Federal Rules of Civil Procedure and in accordance with the generally accepted meaning accorded such words and phrases in everyday use in the English language.

## **INSTRUCTIONS**

1.      These instructions incorporate by reference the requirements and duties of the Federal Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York.

2.      Each Request is continuing in nature.  If at any time additional Documents responsive to the Requests come into Your possession, custody or control or are brought to Your attention, prompt supplementation of Your response to these Requests is required.

3.      You are requested to produce all Documents, Communications and information requested herein that are within Your possession, custody or control or in the possession, custody or control of Your current and former officers, directors, Agents, employees, representatives, Affiliates, Professionals, members, managers, trustees or any other Person or entity acting or purporting to act on Your behalf.

4.      You are requested to produce Documents, Communications and information requested herein on a rolling basis.

5.      If You cannot fully respond to one or more of the Requests after exercising due diligence to secure the information requested thereby, please so state, and specify:  (a) the portion of each Request that cannot be responded to fully and completely; (b) what efforts were made to obtain the requested information; (c) the facts relied upon that support Your contention that the Request(s) cannot be answered fully and completely; and (d) any knowledge, information or belief You have concerning the unanswered portion of any such Request(s).

6.      All Documents shall be produced with metadata in TIFF format with OCR images, provided, however, that documents in Excel format shall be provided in native format.  ***All Documents shall be produced with metadata, including but not limited to the date and time***

*created/sent, author, recipients, cc-copies, bcc-blind copies, family member information, MD-5 hash, subject line and title and whether the document contains redactions.*

7.      If the response to any Request consists, in whole or in part, of an objection on the basis of or including undue burdensomeness, then provide those documents that can be produced without undue burden.  For such documents that are too unduly burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved and the estimated costs of the search.

8.      If You intend to withhold any responsive Document, Communication or other information on the basis of a claim of attorney-client privilege, work product protection or any other ground of non-disclosure, You shall identify such Document, Communication or information in writing by date of the Document's creation, title/file name/"re line"/subject, addressee/to/cc/bcc, addressor/from, Document type and topic covered and listed with a statement of the grounds alleged for withholding such Document, Communication or other information, including any privilege claimed.

9.      If Your response to any Request is any other objection, You must indicate if Documents are being withheld based on the objection(s), provide all Documents not covered by the objection and state the specific basis of the objection.

10.     If any Document responsive to these Requests has been destroyed, lost or discarded, state when the Document was destroyed, lost or discarded; identify the Person who destroyed, lost or discarded the Document; and, in the event the Document was destroyed or discarded, identify the Person who directed that it be destroyed or discarded.  Additionally, detail the reasons for the destruction, loss or discarding; describe the nature of the Document; identify the Persons who

created, sent, received or reviewed the Document; and state in as much detail as possible the contents of the Document.

11.    Subject to Instruction No. 6 above, Documents should be produced in the manner they are kept in the ordinary course of business.  In producing Documents, all Documents that are physically attached to each other, or segregated or separated from other Documents, when originally located, should be produced as is.

12.    All Documents shall be produced in such fashion as to identify the custodian or department in whose possession the Document was found and the business address of each Document's custodian(s).

13.    The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

14.    Unless otherwise specified, the Requests call for the production of Documents and Communications created, drafted, copied or otherwise obtained from January 1, 2019, to the present.

15.    By serving these Requests, the Committee reserves all rights, does not waive any of its rights, and expressly reserves the right to amend, to modify or otherwise to supplement these Requests.

## REQUESTS FOR PRODUCTION

1.      Documents and Communications sufficient to show the nature of any relationship between You and (i) the Debtor, (ii) any Debtor Related Entity or (iii) any Giuliani Defense Fund.

2.      All Documents and Communications concerning Your employment with Giuliani Freedom Fund, including Documents and Communications regarding Your roles, responsibilities and compensation as an employee of Giuliani Freedom Fund.

3.      Documents and Communications sufficient to identify any Gifts or Payments made to Giuliani Freedom Fund, including the amounts of the Gifts or Payments and the Person(s) who made the Gifts or Payments.

4.      All Documents and Communications concerning any fundraising efforts conducted by, on behalf of, or for the benefit of the Debtor or any of the Giuliani Defense Funds, including without limitation any Documents or Communications related to Your participation in those efforts.

5.      All Documents and Communications regarding actual, proposed or potential filings with the Federal Election Commission by or on behalf of any Giuliani Defense Fund.

6.      All Documents and Communications concerning the Debtor's filing of his chapter 11 petition, including all Documents and Communications concerning the planning of the filing of his chapter 11 petition.

7.      All Documents and Communications regarding any of the actual, potential or contemplated assets or liabilities enumerated by the Debtor in the Schedules and Statements, including without limitation all Documents and Communications concerning expenses, fees or other amounts owed to the Debtor, any Debtor Related Entity or any Giuliani Defense Fund by Donald J. Trump, his campaign or the Republican National Committee.

14

8.      All Documents and Communications between You and the Debtor or any other Person concerning any Asset planning or estate planning with respect to, or in consideration of, any creditor's ability to reach any Assets in which the Debtor, directly or indirectly through any third party, including any Debtor Related Entity, has a legal, possessory, beneficial, equitable, pecuniary or disputed interest.

9.      All Documents and Communications regarding any Assets in which the Debtor, directly or indirectly through any third party, including any Debtor Related Entity, has a legal, possessory, beneficial, equitable, pecuniary or disputed interest.

10.     All Documents and Communications concerning any contracts, agreements, Payments, Transfers, Gifts, or distributions of any Assets between You and (i) the Debtor, (ii) any Debtor Related Entity, (iii) any other entity that the Debtor owns, operates, manages or benefits from (directly or indirectly), (iv) any Giuliani Defense Fund, (v) any Debtor Related Person or (vi) any employees, associates or Professionals of the Debtor, any Debtor Related Entity or any Giuliani Defense Fund.

11.     All Documents and Communications concerning the formation, creation, purpose or corporate structure of any Debtor Related Entity, including without limitation any articles of incorporation, LLC agreements, founding Documents, organization Documents, organization charts or other Corporate Records.

12.     All Documents and Communications regarding the total revenue, yearly revenue and monthly revenue received by any of the Debtor Related Entities, including, but not limited to, revenue received from *Common Sense, Uncovering the Truth*, *The Rudy Giuliani Show*, *America's Mayor Live*, the Debtor's appearances on any Media Outlets and from the provision or facilitation of security, legal or consulting services.

15

13.    All Documents and Communications regarding any contracts each of the Debtor Related Entities has entered into, whether oral or written, formal or informal, relating to business dealings, advertisements, endorsements or any other sources of income.

14.    Documents and Communications sufficient to show the extent to which You had, or continue to have, any role in managing, overseeing or providing advice and other services regarding the Accounts, Assets or Financial Records of the Debtor, any Debtor Related Entity or any Giuliani Defense Fund.

15.    All Documents and Communications concerning any actual or potential application (whether or not submitted) for a private loan, including, but not limited to, funds offered through the Paycheck Protection Program, by or on behalf of the Debtor or any Debtor Related Entity.