UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                     :        Chapter 11
                                                           :
RUDOLPH W. GIULIANI                                        :        Case No. 23-12055 (SHL)
a/k/a RUDOLPH WILLIAM GIULIANI,                            :
                                                           :
          Debtor.                                         :
---------------------------------------------------------------x

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF RUDOLPH W. GIULIANI
TO RETAIN AND EMPLOY GLOBAL DATA RISK LLC AS SPECIALIZED
FORENSIC FINANCIAL ADVISOR, EFFECTIVE AS OF FEBRUARY 9, 2024**

Upon the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of Rudolph W. Giuliani a/k/a Rudolph William Giuliani (the "Debtor") for entry of an order authorizing the Committee to retain and employ Global Data Risk LLC ("Global Data Risk") as specialized forensic financial advisor in connection with the Debtor's chapter 11 case, effective as of February 9, 2024; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the necessary parties; and the Court having found that no other or further notice is necessary; and the Court having reviewed the Application, the declaration of Erik Laykin, Chief Executive Officer of Global Data Risk (the "Laykin Declaration") and the supplemental declaration of Erik Laykin (together with the Laykin Declaration, the "Laykin Declarations"); and the Court finding, based on the representations made in the Application and the Laykin Declarations, that Global Data Risk does not hold or represent any interest adverse to the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Committee or the Debtor's estate with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b); and the Court having found that the terms and conditions of Global Data Risk's employment as set forth in the Application, and modified herein, are reasonable as required by Bankruptcy Code section 328(a); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and the Court having found that the retention and employment of Global Data Risk is in the best interests of the Debtor's estate and his unsecured creditors; and the informal objections that the U.S. Trustee raised have been resolved, and any other objections to the relief requested in the Application having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Application is granted as set forth herein.

2. In accordance with Bankruptcy Code sections 328 and 1103(a), Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, the Committee is hereby authorized and empowered to retain and employ Global Data Risk as its forensic financial advisor in this chapter 11 case and related matters and proceedings on the terms set forth in the Application and the Laykin Declarations, effective as of February 9, 2024, to provide the following services:

    (a) identify and trace the income and assets of the Debtor;

    (b) investigate the Debtor's sources of income, assets and liabilities;

    (c) analyze the Debtor's expenses and budgets;

    (d) investigate the Debtor's ownership of, or interest in potential assets, including corporations, trusts and real estate;

    (e) identify sources of information regarding the Debtor's assets for further investigation and discovery;

    (f) assist in the review of documents obtained by the Committee in furtherance of

    income and asset tracing efforts;

(g) identify and investigate prepetition and postpetition transfers of the Debtor's assets;

(h) assist in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

(i) assist in the prosecution of Committee investigative activities, including by reviewing the Debtor's pleadings, attending depositions and providing reports or testimony on case issues as requested by the Committee;

(j) if necessary, provide fact and expert witness testimony, reports and declarations in connection with litigation in this chapter 11 case or related adversary proceedings; and

(k) render such other consulting or other assistance as the Committee or its counsel may deem necessary that is generally consistent with the role of a specialized forensic financial advisor for this chapter 11 case and is not duplicative of services provided by other professionals in this chapter 11 case.

3. Global Data Risk shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules, applicable procedures and orders of the Court and applicable law; *provided, however*, Global Data Risk is hereby authorized to keep reasonably detailed time records in half-hour increments and will submit, with any monthly, interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested.

4. Notwithstanding anything in the Application or the Laykin Declarations to the contrary, Global Data Risk shall: (i) to the extent that Global Data Risk uses the services of independent contractors or subcontractors (collectively, the "Contractors") in this chapter 11 case, pass through the cost of such Contractors at the same rate that Global Data Risk pays the

3

Contractors; (ii) seek reimbursement for actual costs only; and (iii) ensure that the Contractors file with the Court such disclosures required by Bankruptcy Rule 2014.

5. Notwithstanding anything to the contrary in the Application or the Laykin Declarations (the "Engagement Terms"), the Engagement Terms are modified as follows:

    (a) Subject to the provisions of subparagraphs (b) and (c), the Debtor is authorized to indemnify, and shall indemnify, and hold harmless, Global Data Risk for any claims arising from, related to or in connection with Global Data Risk's engagement under this Application, but not for any claim arising from, related to or in connection with Global Data Risk's postpetition performance of any other services, other than those in connection with the engagement described herein, unless such postpetition services and indemnification therefore are approved by this Court;

    (b) All requests for payment of indemnity, contribution or reimbursement pursuant to the Application shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity, contribution or reimbursement conforms to the terms of the Engagement Terms (as modified and restated by this Order) and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity, contribution or reimbursement is sought; provided, however, in no event shall Global Data Risk be indemnified to the extent the Court determines by final order that any claim or expense has resulted from the bad-faith, self-dealing, breach of fiduciary duty, gross negligence or willful misconduct on the part of Global Data Risk;

    (c) In the event that Global Data Risk seeks reimbursement from the Debtor for attorneys' fees in connection with a request for payment of indemnity, contribution or reimbursement pursuant to the Engagement Terms (as modified and restated by this Order), the invoices and supporting time records from such attorneys shall be included in Global Data Risk's application (interim or final as the case may be) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of Bankruptcy Code sections 330 and 331 without regard to whether such attorney has been retained under Bankruptcy Code section 1103 and without regard to whether such attorneys' services satisfy Bankruptcy Code section 330(a)(3)(C);

    (d) Global Data Risk shall not be entitled to reimbursement by the Debtor for any fees, disbursements and other charges of Global Data Risk's counsel other than those incurred in connection with a request of Global Data Risk for payment of indemnity, retention of the Global Data Risk and preparation of fee applications;

4

(e) In no event shall Global Data Risk be entitled to indemnification, contribution, exoneration, reimbursement of attorneys' fees or expenses, or allocation or apportionment of damages, indemnified or exonerated if the Debtor or representatives of the estates assert a claim, to the extent the Court determines by final order that such claim for indemnity arose out of Global Data Risk's own bad-faith, self-dealing, breach of fiduciary duty, gross negligence or willful misconduct.

6. Any limitation of liability, if any, set forth in the Engagement Terms or otherwise, is hereby eliminated for the duration of this chapter 11 case.

7. Prior to any increases in Global Data Risk's rates, Global Data Risk shall file a supplemental declaration with the Court and provide ten (10) business days' notice to the Debtor and the U.S. Trustee. The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Committee has consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Bankruptcy Code section 330.

8. Global Data Risk will review its files periodically during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or connections are discovered or arise, Global Data Risk will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

9. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. The Committee and Global Data Risk are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

11. To the extent the Application or the Laykin Declarations are inconsistent with this Order, the terms of this Order shall govern.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. During the pendency of this chapter 11 case, the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April 19, 2024

                                              */s/ Sean H. Lane*
                                              THE HONORABLE SEAN H. LANE
                                              UNITED STATES BANKRUPTCY JUDGE