UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                              Chapter 11

RUDOLPH W. GIULIANI,                                                 Case No: 23-12055
a/k/a Rudolph William Giuliani,

                           Debtor.
------------------------------------------------------------X

**DEBTOR'S MOTION FOR AN ORDER MODIFYING THE AUTOMATIC STAY FOR THE LIMITED PURPOSE OF ALLOWING THE DEBTOR TO PROCEED WITH PROSECUTING AND PERFECTING THE *FREEMAN* APPEAL BEFORE THE D.C. CIRCUIT**

**TO:    THE HONORABLE SEAN H. LANE
         UNITED STATES BANKRUPTCY JUDGE**

       Rudolph W. Giuliani, the Debtor and Debtor-in-Possession herein (the "Debtor"), by and through his attorneys, Berger, Fischoff, Shumer, Wexler & Goodman, LLP, as and for their motion for an order pursuant to Section 362(d) of the Bankruptcy Code, modifying the automatic stay for the limited purpose of allowing the Debtor to take the steps necessary, in the case of *Freeman et al. v. Giuliani*, Case No. 1:21-cv-03354-BAH (United States District Court for the District of Columbia) (the "*Freeman* case"), to prosecute and perfect his appeal to the United States Court of Appeals for the D.C. Circuit, represents as follows:

       1.     On December 21, 2023 (the "Petition Date"), the Debtor filed his voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

       2.     The Debtor continues to be in possession and management of his assets and is managing as a debtor and debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue of this proceeding and this Motion are proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

4. The statutory basis for the relief sought in this Motion are 11 U.S.C. §§105, 362 and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

5. On December 15, 2023, a jury verdict was entered against Debtor in the *Freeman* case in excess of $148 million, which subsequently led Debtor to commence this bankruptcy case.

6. By Order dated February 20, 2024, ECF 124, this Court modified the automatic stay in this case solely (a) to allow the Debtor and the plaintiffs in the *Freeman* case to litigate post-trial motions in the district court in the *Freeman* case, and (b) to allow the Debtor to file a Notice of Appeal with respect to the Appeal. The Appeal otherwise remains stayed.

7. On March 20, 2024, the Debtor filed a renewed motion for judgment as a matter of law in the *Freeman* case.

8. On April 15, 2024, the district court in the *Freeman* case entered a Memorandum Opinion and an Order denying the Debtor's post-trial motions (the "Post-trial Denial Order").

9. On April 17, 2024, the Debtor filed his application, ECF 169, to retain Kenneth Caruso Law LLC ("KCL") as his special counsel. Specifically, the Debtor moved to retain KCL to represent the Debtor in connection with his appeal from the final judgment in the *Freeman* case to the United States Court of Appeals for the District of Columbia Circuit (the "Appeal").

2

10.     Subsequently, on April 18, 2024, the Clerk of the D.C. Circuit, *sua sponte*, entered a scheduling Order "removing [the] case from abeyance[]" and directing the Debtor (the Appellant in the D.C. Circuit) to make certain filings in the D.C. Circuit, such as the appellant's statement of the issues on appeal and a notice of appearance by counsel for the appellant.

11.     The scheduling Order ordered the Debtor/appellant to make those filings on or before May 20, 2024. The scheduling Order also directed the plaintiffs in the *Freeman* case to make certain filings, as the appellees in the D.C. Circuit, by May 20, 2024. *See* Exhibit A to the accompanying Declaration of Kenneth A. Caruso.

12.     Accordingly, the Debtor respectfully submits that the time has come for the Debtor to perfect and prosecute the appeal to the D.C. Circuit.

13.     The Debtor further expects a favorable decision in the Appeal.

## RELIEF REQUESTED

14.     Pursuant to Section 362(c) of the Bankruptcy Code, the Debtor requests an order modifying the automatic stay for the limited purpose of allowing the Debtor to prosecute and perfect the Appeal.

15.     Specifically, the Debtor asks this Court:

a.     To authorize the Debtor to file an Amended Notice of Appeal, as required by Rule 4(a)(4)(B)(ii), Fed. R. App. P., in order to bring the Post-trial Denial Order up for review on the Appeal; **the deadline for filing the Amended Notice of Appeal is May 15, 2024;**

b.     To authorize counsel for Debtor to comply with the scheduling Order attached as Exhibit A to the Caruso Declaration (including, specifically, to facilitate such

3

compliance, authorizing Mr. Caruso and his colleague David Labkowski, Esq., to move for admission *pro hac vice* in the D.C. Circuit);

c. To authorize counsel for the plaintiffs in the *Freeman* case to comply with the scheduling Order attached as Exhibit A to the Caruso Declaration;

d. To authorize the parties to the Appeal and their counsel to comply with further scheduling orders that the Clerk of the D.C. Circuit will make, such as orders establishing a briefing schedule and fixing a date for oral argument. *See* D.C. Circuit Rule 31(a) ("Parties must serve and file their briefs in accordance with the scheduling order issued by the court[]"); *Handbook of Practices and Internal Procedures* IX(A)(1) at 36-37 ("Normally, the Clerk's Office establishes a briefing schedule after the case has been screened and classified by the Legal Division, and after any pending motions have been resolved. In cases designated as 'Regular Merits' cases, the date for oral argument is announced by separate order after the briefing order has issued[]").

## ARGUMENT

16. Bankruptcy Code Section 362(d) sets forth the general standard for obtaining relief from the automatic stay. This provision provides, "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay…for cause…." 11 U.S.C. §362(d)(1). The Bankruptcy Code does not define "cause" and courts must determine when relief from the automatic stay is appropriate on a case-by-case basis.

17. In determining whether "cause" exists to lift a stay in bankruptcy, Courts consider the factors set out in the decision of *In re Sonnax Indus, Inc. v. Tri Components Prods. Corp.*, 907 F.2d 1280, 1285 (2d Cir. 1990) (citing *In re Curtis,* 40 Bankr. 795 (Bankr. D. Utah 1984)):

4

    i.     whether relief would result in partial or complete issue resolution;

    ii.    the lack of connection with or interference with the bankruptcy case;

    iii.   whether the other proceeding involves the debtor as a fiduciary;

    iv.   whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

    v.    whether the debtor's insurer has assumed full responsibility for defending the action;

    vi.   whether the action primarily involves third parties;

    vii.   whether litigation in another forum would prejudice the interests of other creditors;

    viii.  whether the judgment claim arising from the other action is subject to equitable subordination;

    ix.   whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

    x.    the interests of judicial economy and the expeditious and economical resolution of litigation;

    xi.   whether the parties are ready for trial in the other proceeding; and

    xii.   the impact of the stay on the parties and the balance of harms.

*Id.* at 1286; *In re New York Medical Grp., PC,* 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). Not all of the *Sonnax* factors are relevant in every case, and "cause" is a flexible concept that must be determined on a case-by-case basis. *Spencer v. Bogdanovich (In re Bogdanovich),* 292 F.3d 104, 110 (2d Cir. 2002) (citing *Mazzeo v. Lenhart (In re Mazzeo),* 167 F.3d 139, 143 (2d Cir. 1999)).

5

18. It is respectfully submitted that the modification of the stay, as requested in this motion, will greatly and favorably impact the resolution of this Chapter 11 case. The first factor should weigh heavily, as the relief of a limited lift of the stay will certainly result in partial or complete issue resolution. Second, if the Debtor is successful in the Appeal, it will have a profound effect on the status of the case and will surely accelerate the Debtor's exit strategy. It is imperative to a full and fair resolution of this Chapter 11 proceeding that the Debtor have the *Freeman* judgment reversed or modified.

19. Regarding factor number seven, the Appeal can only assist and not prejudice other creditors, as if the Debtor can avoid a large judgment or have the amount reduced, there will be more funds available to the Debtor to satisfy creditors.

20. In another case, the Court found that a movant was entitled to the same relief requested in this application. *See In re Mildred Deli Grocery, Inc.,* 18-10077 (MG), 2018 Bankr. Lexis 546 (Bankr. S.D.N.Y. Feb. 28, 2018). Judge Glenn found that, like here, the primary reason for the Debtor's bankruptcy is prior litigation. Efficient resolution of the Debtor's post-judgment motion(s) and appeal from the judgment in the *Freeman* case will assist in the resolution of the bankruptcy action. Because the judgment has already been rendered in the *Freeman* case, the Debtor should be entitled to appeal the judgment as expeditiously as possible.

21. In the *Freeman* case, the prosecution and perfection of the Appeal is the logical next step. The district court has denied the post-trial motions and the D.C. Circuit has begun to schedule the steps in the Appeal. This Court should authorize the parties and counsel to comply with the D.C. Circuit's order(s).

6

22.     The automatic stay of 11 U.S.C. §362(a) is meant to protect the interests of the Debtor. Here, the Debtor himself is the party requesting modification of the stay, albeit solely to have the judgment in the Freeman case appealed to the D.C. Circuit.

23.     In this instance, the $148 million verdict and resulting Judgment were the immediate precipitating cause of the Debtor's Chapter 11 filings. The Debtor believes the Judgment is erroneous. The Debtor expects to be successful in having the judgment modified, vacated, or reversed.

24.     As such, a substantial reduction in the amount due would render a substantial benefit to the Debtor, his estate and his creditors. It is extremely important that the Debtor be authorized to continue with the appellate process.

## CONCLUSION

25.     Based upon the foregoing, the Debtor respectfully requests that this Court enter an order modifying the stay solely authorizing the relief requested above with respect to the Appeal.

Dated: Syosset, New York
       April 26, 2024

BERGER, FISCHOFF, SHUMER,
WEXLER & GOODMAN, LLP
*Attorneys for the Debtor*

_____
Gary C. Fischoff, Esq.
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791

7