UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

RUDOLPH W. GIULIANI,
a/k/a Rudolph William Giuliani,

                Debtor.
-----------------------------------------------------------X

Chapter 11

Case No: 23-12055

## DECLARATION OF KENNETH A. CARUSO IN SUPPORT OF THE APPLICATION FOR AN ORDER TO MODIFY THE AUTOMATIC STAY TO ALLOW PROSECUTION OF THE APPEAL (AS DEFINED BELOW)

I, Kenneth A. Caruso, hereby declare, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct, to the best of my knowledge and belief, after due inquiry, as described herein:

1. I am a member of the Bar of this Court and the sole member of Kenneth Caruso Law LLC ("KCL"), 15 West 72nd Street, New York NY 10023.

2. The Court has before it, ECF 169, the application of Rudolph W. Giuliani, the Debtor and Debtor-in Possession, to retain KCL as his special counsel in this case. Specifically, the Debtor has moved to retain KCL to represent the Debtor in connection with his appeal from the final judgment of the United States District Court for the District of Columbia, in *Freeman et al. v. Giuliani*, Case No. 1:21-cv-03354-BAH, to the United States Court of Appeals for the District of Columbia Circuit (the "Appeal").

3. By Order dated February 20, 2024, ECF 124, this Court modified the automatic stay in this case solely (a) to allow the Debtor and the plaintiffs in the *Freeman* case to litigate post-trial motions in the district court in the *Freeman* case, and (b) to allow the Debtor to file a Notice of Appeal with respect to the Appeal. The Appeal otherwise remains stayed.

1

4. On April 15, 2024, the district court in the *Freeman* case entered a Memorandum Opinion and an Order denying the Debtor's post-trial motions (the "Post-trial Denial Order").

5. On April 18, 2024, furthermore, the Clerk of the D.C. Circuit, sua sponte, entered a scheduling Order "removing case from abeyance[]" and directing the Debtor (the Appellant in the D.C. Circuit) to make certain filings in the D.C. Circuit, such as the appellant's statement of the issues on appeal and a notice of appearance by counsel for the appellant. The scheduling Order ordered the Debtor/appellant to make those filings on or before May 20, 2024. The scheduling Order also directed the plaintiffs in the *Freeman* case to make certain filings, as the appellees in the D.C. Circuit, by May 20, 2024. I attach a copy of the scheduling Order as Exhibit A.

6. Accordingly, I respectfully submit that the time has come for the Debtor to perfect and prosecute the Appeal, in order to bring it on for decision in the D.C. Circuit.

7. Therefore, the Debtor now moves this Court for an order that would further modify the automatic stay in this case. Specifically, the Debtor asks this Court:

   a. To authorize the Debtor to file an Amended Notice of Appeal, as required by Rule 4(a)(4)(B)(ii), Fed. R. App. P., in order to bring the Post-trial Denial Order up for review on the Appeal; **the deadline for filing the Amended Notice of Appeal is May 15, 2024;**

   b. To authorize me to comply with the scheduling Order described in paragraph 5 above (and specifically, to facilitate such compliance, authorizing my colleague David Labkowski, Esq., and me to move for admission pro hac vice in the D.C. Circuit);

c. To authorize counsel for the plaintiffs in the *Freeman* case to comply with the scheduling Order described in paragraph 5 above;

d. To authorize the parties to the Appeal and their counsel to comply with further scheduling orders that the Clerk of the D.C. Circuit will make, such as orders establishing a briefing schedule and fixing a date for oral argument. *See* D.C. Circuit Rule 31(a) ("Parties must serve and file their briefs in accordance with the scheduling order issued by the court[]"); *Handbook of Practices and Internal Procedures* IX(A)(1) at 36-37 ("Normally, the Clerk's Office establishes a briefing schedule after the case has been screened and classified by the Legal Division, and after any pending motions have been resolved. In cases designated as 'Regular Merits' cases, the date for oral argument is announced by separate order after the briefing order has issued[]").

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 25, 2024

Kenneth A. Caruso