**Hearing Date and Time: May 14, 2024 at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: May 7, 2024 at 4:00 p.m. (prevailing Eastern Time)**

AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Counsel to the Official Committee of*
*Unsecured Creditors of Rudolph W. Giuliani*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **RUDOLPH W. GIULIANI** | : Case No. 23-12055 (SHL) |
| a/k/a RUDOLPH WILLIAM GIULIANI, | : |
| | : |
| Debtor. | : |
---------------------------------------------------------------x

**NOTICE OF HEARING ON**
**MOTION OF THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS OF RUDOLPH W. GIULIANI TO**
**COMPEL THE DEBTOR TO (I) FILE DELINQUENT MONTHLY OPERATING**
**REPORTS AND (II) FILE TIMELY FUTURE MONTHLY OPERATING REPORTS**

**PLEASE TAKE NOTICE** that on April 26, 2024, the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of the above-captioned debtor and debtor in possession filed the *Motion of the Official Committee of Unsecured Creditors of Rudolph W. Giuliani to Compel the Debtor to (I) File Delinquent Monthly Operating Reports and (II) File Timely Future Monthly Operating Reports* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion (the "Hearing") will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "Court"), 300 Quarropas Street, White Plains, New York 10601, on **May 14, 2024 at 11:00 a.m. (prevailing Eastern Time)**. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, must make an electronic appearance (an "eCourt Appearance") through the Court's website at *https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl*. eCourt Appearances must be made by **May 13, 2024 at 4:00 p.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of this chapter 11 case by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at *http://www.nysb.uscourts.gov*); and (d) be served so as to be actually received by the Court and the Committee no later than **May 7, 2024 at 4:00 p.m. (prevailing Eastern Time).**

**PEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter an order granting the relief requested by the Committee. If no responses or objections are timely filed and

2

served with respect to the Motion, the Committee may submit to the Court an order substantially in the form of the proposed order attached to the Motion as <u>Exhibit A</u>, which order may be entered with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in this chapter 11 case may be obtained by visiting the Court's website at *http://www.nysb.uscourts.gov* in accordance with the procedures and fees set forth therein.

| | |
|---|---|
| Dated: April 26, 2024<br>New York, New York | By: */s/ Philip C. Dublin*<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Abid Qureshi<br>One Bryant Park<br>New York, New York 10036<br>Tel:   (212) 872-1000<br>Fax:   (212) 872-1002<br>Email:  idizengoff@akingump.com<br>            pdublin@akingump.com<br>            aqureshi@akingump.com<br><br>- and -<br><br>Rachel Biblo Block (admitted *pro hac vice*)<br>2300 N. Field St., Suite 1800<br>Dallas, Texas 75201<br>Tel:   (214) 969-2800<br>Fax:   (214) 969-4343<br>Email:  rbibloblock@akingump.com<br><br>*Counsel to the Official Committee of<br>Unsecured Creditors of Rudolph W. Giuliani* |

3

**Hearing Date and Time: May 14, 2024 at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: May 7, 2024 at 4:00 p.m. (prevailing Eastern Time)**

AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Counsel to the Official Committee of Unsecured Creditors of Rudolph W. Giuliani*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                                        :    **Chapter 11**
                                                              :
**RUDOLPH W. GIULIANI**                                       :    **Case No. 23-12055 (SHL)**
a/k/a RUDOLPH WILLIAM GIULIANI,                               :
                                                              :
         **Debtor.**                                          :
---------------------------------------------------------------x

**MOTION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF RUDOLPH W. GIULIANI TO
COMPEL THE DEBTOR TO (I) FILE DELINQUENT MONTHLY OPERATING
REPORTS AND (II) FILE TIMELY FUTURE MONTHLY OPERATING REPORTS**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of Rudolph W. Giuliani a/k/a Rudolph William Giuliani (the "Debtor"), by and through its undersigned counsel, hereby files this motion (this "Motion"), pursuant to sections 105(a) and 1104(a) of title 11 of the United States Code (the "Bankruptcy Code"), section 58.8 of title 28 of the Code of Federal Regulations ("Section 58.8") and the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees* promulgated pursuant to section 586(a)(3) of title 28 of the United States Code (the "U.S. Trustee Guidelines"), for entry of an

order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), compelling the Debtor to (i) file delinquent monthly operating reports; and (ii) file timely future monthly operating reports. In support of this Motion, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1. On April 4, 2024—two weeks after the deadline for filing the Debtor's February monthly operating report—the Debtor's counsel told the Court, "[t]he February operating report, Your Honor, hasn't been filed yet. We did have [a] couple questions with the accountant. He's on board now. He's working with the debtor. Hopefully, we'll have that filed sometime towards the end of the next week."[1] More than three weeks later, the Debtor still has not filed his February monthly operating report, and his March monthly operating report that was due on April 22 likewise has not been filed.

2. This sequence of events follows the Debtor's filing of his December monthly operating report a week late and his January monthly operating report two days late, with limited supporting documentation and in a format that the Debtor knew was unacceptable.[2] Ultimately, following discussions between the Committee's counsel and the Debtor's counsel, the Committee did receive access to some additional supporting documentation for the Debtor's January monthly operating report. That supporting documentation, however, led to more questions than answers and a complete lack of confidence in the Debtor's ability to manage his own affairs. The supporting documentation—credit card statements—revealed something that the Debtor's filed monthly operating report did not: in January, he made various unauthorized

---

[1] *In re Rudolph W. Giuliani*, No. 23-12055 (SHL) (Bankr. S.D.N.Y. Apr. 4, 2024), Hr'g Tr. at 14:1-5.
[2] *In re Rudolph W. Giuliani*, No. 23-12055 (SHL) (Bankr. S.D.N.Y. Feb. 7, 2024), 341 Meeting Tr. at 158:18-22 ("Ms. Schwartz: And you've got American Express listed like forty times on this transfer. So I want to see the American Express statements. Mr. Giuliani: Sure. Mr. Berger: You got it.").

2

payments, including payments of thousands of dollars for the credit card bills of Maria Ryan and one of his businesses.

3.    Unfortunately, the Committee is not surprised by the Debtor's failure to file complete and accurate financial disclosures. This is more of the same. At the hearing on January 31, 2024, with respect to the Debtor's schedules of assets and liabilities and statement of financial affairs, the Court "urge[d] people to get their hands around that as quickly as they can in terms of getting all of the financial information out there . . . . my understanding would be that all of that kind of information is provided at the earliest opportunity."[3]

4.    In a March 1, 2024 stipulation signed by the Debtor's counsel, the Debtor admitted that (i) his initial schedules of assets and liabilities and statement of financial affairs "were missing key information and contained inaccuracies," (ii) he needed to file a further amended statement of financial affairs "to disclose additional information and correct inaccuracies" and (iii) his amended schedules of assets and liabilities require "further amendments and disclosures."[4] Nonetheless, nearly two months later, no further amended schedules and no further amended statement of financial affairs have been filed.

5.    At the hearing on April 4, 2024, with respect to the Debtor's financial disclosures and failure to file his February monthly operating report, the Court explained "the good news is that, as to [the] financial condition of the debtor, that's a fixable problem, and it sounds like it's in progress. And it needs to continue to make significant progress with all deliberate speed . . . . it's a solvable problem, and it needs to be solved promptly."[5] More than three weeks later, the Debtor has not taken any steps, let alone prompt steps, to solve this problem.

---

[3]   *In re Rudolph W. Giuliani*, No. 23-12055 (SHL) (Bankr. S.D.N.Y. Jan. 31, 2024), Hr'g Tr. at 36:3-5, 8-10.
[4]   Docket No. 133, Recitals.
[5]   *In re Rudolph W. Giuliani*, No. 23-12055 (SHL) (Bankr. S.D.N.Y. Apr. 4, 2024), Hr'g Tr. at 58:3-6, 8-9.

3

6. As has been made abundantly clear in filings with the Court, at hearings before the Court and through correspondence with the Debtor's counsel, the Committee does not have confidence in the Debtor's ability to meet his obligations generally as a debtor in possession and specifically related to making timely and accurate required financial disclosures. The Debtor continues to show that he is either incapable or unwilling to do so. The Committee has no intention of letting the Debtor drive his case and creditors off a cliff. Accordingly, the Committee files this Motion as its last-ditch effort to compel the Debtor to meet his fundamental obligations as a debtor in possession and avoid seeking the immediate imposition of more draconian relief.

## JURISDICTION AND VENUE

7. The United States Bankruptcy Court for the Southern District of New York (this "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York entered February 1, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157, and the Committee confirms its consent to the Court's entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the Committee, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

8. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The legal bases for the relief requested herein are Bankruptcy Code sections 105(a) and 1104(a), Section 58.8 and the U.S. Trustee Guidelines.

**GENERAL BACKGROUND**

10. On December 21, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of his property and is managing his affairs as a debtor and debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. To date, no request for the appointment of a trustee or examiner has been made in this chapter 11 case.

11. On January 12, 2024, the Committee was appointed by the United States Trustee for the Southern District of New York (the "U.S. Trustee") [Docket No. 46]. On January 16, 2024, the Committee selected Akin Gump Strauss Hauer & Feld LLP as its counsel. On February 9, 2024, the Committee selected Global Data Risk LLC as its specialized forensic financial advisor.

**THE DEBTOR'S SCHEDULES AND STATEMENT**

12. On January 26, 2024, the Debtor filed his schedules of assets and liabilities [Docket No. 70] (the "Initial Schedules") and statement of financial affairs [Docket No. 73] (the "Initial SOFA"); however, the Initial Schedules and the Initial SOFA were missing key information and contained inaccuracies. On February 5, 2024, the Debtor filed amended schedules of assets and liabilities [Docket No. 100] (the "Amended Schedules") and an amended statement of financial affairs [Docket No. 99] (the "Amended SOFA").

13. On February 7, 2024, the U.S. Trustee commenced the Debtor's meeting of creditors pursuant to Bankruptcy Code section 341(a) (the "341 Meeting"). As a result of the 341 Meeting, the Debtor was required to file further amended schedules of assets and liabilities and a further amended statement of financial affairs to disclose missing information and correct inaccuracies.

5

14. On February 27, 2024, the Debtor filed further amended schedules of assets and liabilities [Docket No. 129] (the "Further Amended Schedules" and, collectively with the Initial Schedules and the Amended Schedules, the "Schedules"). The Schedules, however, require "further amendments and disclosures." *See* Docket No. 133, Recitals.

## THE MONTHLY OPERATING REPORTS

15. On January 29, 2024, the Debtor filed a monthly operating report for the period from the Petition Date to December 31, 2023 [Docket No. 80] (the "December MOR"). The December MOR lists two sources of receipts: (i) a $100,000 withdrawal from an IRA account and (ii) $0.48 of interest income. The December MOR lists four disbursements: (i) a $3,000 cash withdrawal; (ii) $793.79 of American Express payments (with no information regarding for what those payments were made); (iii) a $57.95 bank charge; and (iv) $257.14 for a "Verizon phone bill."

16. On February 23, 2024, the Debtor filed a monthly operating report for the period from January 1, 2024 to January 31, 2024 [Docket No. 127] (the "January MOR"). The January MOR lists four sources of positive receipts:[6] (i) a $47,000 withdrawal from an IRA account, (ii) $4,717.00 in Social Security income; (iii) a $10,830.62 California income tax refund; and (iv) $0.66 of interest income. The January MOR lists four disbursements: (i) $93,436.73 of "checks cleared"; (ii) $22,910.97 of American Express credit card payments (with no information regarding for what those payments were made); (iii) $3,301.90 of Discover credit card payments (with no information regarding for what those payments were made); and (iv) $732.40 to "Con Edison." Immediately following the Debtor's filing of the January MOR, the Committee's counsel reached out to the Debtor's counsel, identified the obvious deficiency

---

[6] The January MOR lists another source of receipts: a $22,435.66 transfer from one of the Debtor's checking accounts to another of the Debtor's checking accounts.

6

of including no information regarding for what the American Express credit card payments and Discover credit card payments were made, and requested the supporting documentation related thereto.

17. Three days later, on February 26, 2024, the Debtor's counsel sent the American Express credit card statements relating to the January MOR.[7] The American Express credit card statements, however, were not just the Debtor's credit card statements but also Maria Ryan's American Express credit card statement and Giuliani Partners' American Express credit card statement. When comparing the January MOR to the American Express credit card statements, it became clear that in January, the Debtor paid thousands of dollars of Maria Ryan's credit card bill and travel and lodging expenses for close associates and employees of his business. The January MOR, alone, does not show that those payments were on account of non-debtor third parties.

18. Moreover, the January MOR reveals nearly $28,000 in payments to his ex-mother in law's nursing home. During the 341 Meeting, on February 7, 2024, the Debtor provided sworn testimony that such payments are pursuant to his divorce settlement.[8] Two months later, the Debtor provided sworn testimony about those same payments—"I took that obligation on and maybe the court would have ordered it."[9]

19. The Debtor has not filed monthly operating reports for February and March.

---

[7] As of the date hereof, and despite ongoing requests, the Debtor has not provided to the Committee his Discover credit card statements.

[8] *See In re Rudolph W. Giuliani*, No. 23-12055 (SHL) (Bankr. S.D.N.Y. Feb. 7, 2024), 341 Meeting Tr. at 23:2-10 ("Mr. Giuliani: "And I also pay for the nursing home for her [my ex-wife's] mom. Ms. Schwartz: And her mom is -- her name is? Mr. Giuliani: Joan. Ms. Schwartz: Joan Stish? Mr. Giuliani: Yes. Ms. Schwartz: Okay. And is that pursuant to the divorce settlement? Mr. Giuliani: Yes.").

[9] *In re Rudolph W. Giuliani*, No. 23-12055 (SHL) (Bankr. S.D.N.Y. Apr. 15, 2024), Deposition of R. Guiliani Tr. at 36:12-13.

7

**RELIEF REQUESTED**

20. By this Motion, the Committee requests entry of the Proposed Order: (i) compelling the Debtor to file his delinquent monthly operating reports; (ii) compelling the Debtor to file timely future monthly operating reports; and (iii) granting related relief.

**BASIS FOR RELIEF**

**A. The Debtor Is Required To File Timely And Accurate Monthly Operating Reports But Is Failing To Do So.**

21. There can be no question that the Debtor is required to file monthly operating reports. "Reorganization is a consensual process propelled by a free flow of information . . . . Complete monthly operating statements have long been required and are necessary to that process. A debtor in possession stands in the shoes of a trustee." *In re Denrose Diamond*, 49 B.R. 754, 759 (Bankr. S.D.N.Y. 1985).

22. In particular, Section 58.8 and the U.S. Trustee Guidelines mandate a debtor's filing of monthly operating reports. First, pursuant to Section 58.8:

> Debtors-in-possession (debtor) and chapter 11 trustees (trustee) must file with the court and serve upon the United States Trustee, any official committee appointed under 11 U.S.C. 1102, any governmental unit charged with responsibility for collection or determination of any tax arising out of the estate's operation, and any requesting party in interest monthly operating reports using UST Form 11–MOR (MOR).

28 C.F.R. § 58.8(b). Section 58.8(b) contains an exhaustive list of the information required to be included in the monthly operating reports. *See id.* at §58.8(b)(1)-(16). Moreover, "each MOR must be filed by no later than the 21st day of the month immediately following the reporting period covered by the MOR." *Id.* at §58.8(e). Without exception, monthly operating reports must be filed every month until (i) the effective date of a confirmed plan of reorganization,

8

(ii) conversion of the chapter 11 case to a case under another chapter or (iii) dismissal of the case. *See id.*

23. Second, the U.S. Trustee Guidelines generally provide that "[t]imely compliance with each of the following requirements [in the U.S. Trustee Guidelines] is essential. Failure to comply may result in a motion . . . for the appointment of a Chapter 11 trustee or examiner, or for imposition of sanctions." U.S. Trustee Guidelines, p. 1. Specifically, the U.S. Trustee Guidelines refer to Section 58.8 and reinforce that chapter 11 debtors in possession are required to file monthly operating reports by the twenty-first day of the month following the reporting period. *See Id.* at ¶ 11. And "[f]ailure to submit required supporting documentation will render the MOR incomplete and may result in a motion to dismiss, convert, or appoint a trustee in the case." *Id.*

24. Additionally, pursuant to Bankruptcy Code section 105(a), "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

25. There can be no question that the Debtor has not filed any monthly operating report by the applicable deadline and has not filed any report at all for February or March. *See generally* docket for Case No. 23-12055. The Committee's counsel has asked the Debtor's counsel countless times when the Debtor will file his February and March operating reports. Those efforts have been met with the Debtor missing self-extended deadlines and more recently, with silence. Accordingly, the Committee is forced to seek assistance from the Court to compel the Debtor to comply with one of his most fundamental obligations as a debtor in possession—providing timely and accurate financial disclosures.

9

B. **Failure To File Timely And Accurate Monthly Operating Reports Is Further Cause For The Appointment Of A Chapter 11 Trustee.**

26. The Committee has been crystal clear about its lack of confidence in the Debtor's ability to fulfill its obligations as a debtor in possession. And the Debtor's failure to file timely and accurate reporting, like monthly operating reports, is yet another grounds for the appointment of a chapter 11 trustee.

27. Bankruptcy Code section 1104(a) provides:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104(a)(1), (2). The causes listed in section 1104(a)(1) are not exclusive and other factors that may constitute cause for the appointment of a trustee include, among others, inadequate record-keeping and reporting, lack of credibility and lack of creditor confidence. *See In re Nestor*, 2024 Bankr. LEXIS 624, at *11 (Bankr. S.D.N.Y. Mar. 13, 2024). And the facts considered by courts deciding whether the appointment of a chapter 11 trustee is in the interests of creditors and the estate include, among others, the trustworthiness of the debtor, the debtor's past and present performance and the creditors' confidence or lack thereof in the debtor. *See id.* at *11-12 (explaining that "the undisputed facts clearly show that the appointment of a trustee is in the best interests of creditors. The Debtor did not timely file operating reports and as a result

10

did not timely disclose her receipts of large amounts of money and her expenditures of the same. . . . The Debtor plainly has not kept adequate records."). Additionally, both a debtor's prepetition conduct and postpetition conduct are relevant to the determination of whether to appoint a chapter 11 trustee. *See In re Ashley River Consulting, LLC*, 2015 Bankr. LEXIS 1008, at *30 (Bankr. S.D.N.Y. Mar. 31, 2015) (finding that cause existed to appoint a chapter 11 trustee based on the debtors' current management's prepetition and postpetition conduct).

28.   As set forth above, the Debtor's financial reporting is inaccurate, incomplete or non-existent. It is no secret that the Committee believes the Debtor lacks credibility and the Committee has no confidence in him. The Debtor's prepetition misconduct in the Freeman Litigation[10] has continued postpetition with respect to, among other things, disregarding the rules applicable to all debtors by filing monthly operating reports late and failing to file any monthly operating reports for February and March. The Debtor's failure to file monthly operating reports and deflecting such failures with (i) made-up timelines for when such reports ultimately will be filed and (ii) more recently, silence lead one to question what he is hiding. And "perceived dishonesty or withholding of information or a debtor's inability to provide adequate records and reports" are themselves independent grounds for the appointment of a chapter 11 trustee. *See In re Plaza Retiro, Inc.*, 417 B.R. 632, 641 (Bankr. D.N.M. 2009).

29.   Additionally, and particularly relevant here, courts have found that where a debtor's financial disclosures raise significant questions and the debtor fails to make any further financial disclosures, "such conduct demands the appointment of a trustee to cure the debtor's

---

[10]   The "Freeman Litigation" means the lawsuit brought by Ms. Ruby Freeman and Ms. Wandrea' ArShaye Moss in the U.S. District Court for the District of Columbia (the "District Court") against Mr. Giuliani in connection with his relentless public defamation of them following the 2020 presidential election. In the Freeman Litigation, Mr. Giuliani continually refused to comply with his discovery obligations and with various court orders, ultimately leading to the District Court's entry of "death penalty sanctions" against him with a default judgment for defamation, intentional infliction of emotional distress, civil conspiracy and punitive damages.

11

incompetence" under Bankruptcy Code section 1104(a)(1) and (2). *See In re Denrose Diamond*, 49 B.R. at 759. This is because, in such circumstances, creditors should be protected through the appointment of a chapter 11 trustee. *See id.* Here, the Debtor's financial disclosures—the Initial Schedules, the Amended Schedules, the Further Amended Schedules, the Initial SOFA, the Amended SOFA and the two monthly operating reports that the Debtor actually filed—raise significant questions about, among other things, unauthorized payments to third parties, exorbitant spending and the Debtor's resources available to fund his bankruptcy case. The Debtor has not made any required financial disclosure since February 27, 2024, instead failing to correct his deficient and inaccurate Schedules and Amended SOFA[11] and filing no operating reports for February or March. Simply put, this is unacceptable and grounds for the appointment of a trustee.

30. Accordingly, while the Committee is not formally requesting the appointment of a chapter 11 trustee to the extent the Debtor files his past due monthly operating reports within two (2) business days of the entry of an order approving this Motion and timely files all future monthly operating reports, the Committee believes cause already exists for the appointment of a trustee and that such appointment would be in the interests of the Debtor's estate and creditors. Nonetheless, the Committee is generously providing the Debtor one more chance to comply with his fiduciary duties as a debtor in possession, and that begins with the Debtor's immediate filing of accurate monthly operating reports for February and March with the required supporting

---

[11] *See, e.g.*, *In re Rudolph W. Giuliani*, No. 23-12055 (SHL) (Bankr. S.D.N.Y. Feb. 7, 2024), 341 Meeting Tr. at 35:13-16 ("Ms. Schwartz: Heath, I think what you will have to do is file another declaration because you do need a declaration, not yours, but a declaration of Mr. Giuliani as to the veracity of the amended schedule that you filed." More than two months later, no such declaration has been filed, and in fact, the Debtor filed another amended schedule without the required declaration.); *id.* at 140:22-25, 142:24-25, 143:3 ("Ms. Schwartz: And also, this is one that I thought was also curious. Charitable contributions and religious donations, zero? Mr. Giuliani: No, I had those too. . . . Ms. Schwartz: Okay. So look, I think that has to be corrected, right? . . . Mr. Giuliani: Yeah. That is a mistake."). It is worth noting that financial disclosures that contain so many errors and inconsistencies that their value is questionable is another ground for the appointment of a trustee. *See In re Plaza de Retiro, Inc.*, 417 B.R. at 642.

documentation. In no uncertain terms, the Committee reserves all rights to seek the appointment of a trustee should the Debtor continue to shirk his duties and reserves all of its rights to seek such appointment on account of the issues raised herein and for any other reason justifying the appointment of a true fiduciary to control the administration of the Debtor's estate.

## **NOTICE**

31.     Notice of this Motion has been provided to: (i) the U.S. Trustee; (ii) bankruptcy counsel to the Debtor; and (iii) all parties requesting notice under Bankruptcy Rule 2002. Due to the nature of the relief requested herein, the Committee submits that no other or further notice need be provided.

## **CONCLUSION**

**WHEREFORE**, the Committee respectfully requests that the Court (i) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A** and (ii) grant the Committee such other and further relief as is just, proper and equitable.

Dated: April 26, 2024  
      New York, New York

      */s/ Philip C. Dublin*  
**AKIN GUMP STRAUSS HAUER & FELD LLP**  
Ira S. Dizengoff  
Philip C. Dublin  
Abid Qureshi  
One Bryant Park  
New York, New York 10036  
Tel:   (212) 872-1000  
Fax:   (212) 872-1002  
Email:  idizengoff@akingump.com  
          pdublin@akingump.com  
          aqureshi@akingump.com

- and -

Rachel Biblo Block (admitted *pro hac vice*)  
2300 N. Field St., Suite 1800  
Dallas, Texas 75201  
Tel:   (214) 969-2800  
Fax:   (214) 969-4343  
Email:  rbibloblock@akingump.com

*Counsel to the Official Committee of*  
*Unsecured Creditors of Rudolph W. Giuliani*

14

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                                                  : Chapter 11
                                                                             :
**RUDOLPH W. GIULIANI**                                  : Case No. 23-12055 (SHL)
a/k/a **RUDOLPH WILLIAM GIULIANI,**       :
                                                                             :
              **Debtor.**                                       :
---------------------------------------------------------------x

## ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF RUDOLPH W. GIULIANI TO COMPEL THE DEBTOR TO (I) FILE DELINQUENT MONTHLY OPERATING REPORTS AND (II) FILE TIMELY FUTURE MONTHLY OPERATING REPORTS

Upon the motion (the "Motion")[1] of the Official Committee of Unsecured Creditors (the "Committee") of Rudolph W. Giuliani (the "Debtor") for entry of an order (this "Order"), pursuant to sections 105(a) and 1104(a) title 11 of the United States Code, section 58.8 of title 28 of the Code of Federal Regulations and the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees* promulgated pursuant to section 586(a)(3) of title 28 of the United States Code, compelling the Debtor to (i) file delinquent monthly operating reports and (ii) file timely future monthly operating reports; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, his creditors and other parties in interest; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is granted.

2. The Debtor shall file a monthly operating report for February and all required supporting documentation, including, without limitation, any relevant credit card statements, within two (2) business days of the entry of this Order.

3. The Debtor shall file a monthly operating report for March and all required supporting documentation, including, without limitation, any relevant credit card statements, within two (2) business days of the entry of this Order.

4. The Debtor shall file all future monthly operating reports and all required supporting documentation, including, without limitation, any relevant credit card statements, by the twenty-first day of the month following the applicable reporting period.

5. Upon the Debtor's failure to comply with the provisions of this Order and the Committee filing a notice of such failure with the Court, the Court shall order the appointment of a chapter 11 trustee.

6. This Court retains exclusive jurisdiction with respect to all matters arising from, or related to, the implementation, interpretation and enforcement of this Order.

Dated: _____, 2024
New York, New York

                                                              THE HONORABLE SEAN H. LANE
                                                              UNITED STATES BANKRUPTCY JUDGE