UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                          Chapter 11

RUDOLPH W. GIULIANI a/k/a RUDOLPH                Case No. 23-12055-SHL
WILLIAM GIULIANI
                                      Debtor.
------------------------------------------------------------x

## DEBTOR'S APPLICATION TO EMPLOY AND RETAIN SOTHEBY'S INTERNATIONAL REALTY AS ITS REAL ESTATE BROKER

Rudolph W. Giuliani, also known as Rudolph William Giuliani (the "Debtor"), hereby moves (the "Application") for entry of an order, pursuant to §§327 and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing the retention of Sotheby's International Realty ("Sotheby's") as the Debtor's real estate broker, and represents as follows:

### BACKGROUND

1. The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on December 21, 2023 (the "Petition Date"), and thereafter continued in possession and management of his assets as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

2. The Debtor owns an apartment at 45 E. 66th Street, Apt. 10W, in New York, New York (the "Residence"). Prior to the Petition Date, the Residence was listed for sale with Sotheby's; however, the prior listing agreement has since terminated.

3. The Debtor desires to continue to list the Residence with Sotheby's in accordance with the Listing Agreement attached hereto as Exhibit A (the "Listing Agreement"). Serena Boardman is the Associate Broker listing the Residence on behalf of the Debtor.

4. Based upon careful consideration, the Debtor selected Ms. Boardman of Sotheby's to act as broker listing the Residence. Among other things, Ms. Boardman is recognized as one of the leading brokers in New York City with respect to the sale of premier and super-luxury residences and apartments. Since joining Sotheby's in 2001, she sold in excess of $4 billion dollars in property. She is currently ranked the highest producing Sotheby's broker. The Wall Street Journal has ranked her as the number one broker in the United States by sales volume. She has set numerous sales records in New York City with respect to cooperative apartments, including selling an apartment at 834 Fifth Avenue for $77.5 million in a transaction where she represented both the buyer and the seller. Sotheby's itself is also recognized as a leading brokerage firm, and virtually synonymous in the marketing of high-quality assets, with a vast network of domestic and overseas contacts and wealthy clients. Ms. Boardman and her team at Sotheby's are qualified to represent the Debtor's estate with respect to the sale of the Residence.

## Proposed Retention of Sotheby's

5. The Debtor is seeking Bankruptcy Court approval of Sotheby's retention pursuant to 11 U.S.C. §§327 and 328(a) and Bankruptcy Rules 2014 and 2016, in accordance with the Listing Agreement and the Declaration of Ms. Boardman (the "Boardman Declaration"), filed contemporaneously herewith.

6. The Listing Agreement outlines the terms and conditions of Sotheby's retention and contains customary provisions for the sale of real property in New York City.

7. Sotheby's shall be paid in accordance with a commission set forth in the Listing Agreement. The agreed upon commission in the Listing Agreement is four (4%) percent of the total purchase price for a direct sale involving no cooperating broker and five (5%) of the total purchase price, with a 2.5% commission paid to Ms. Boardman and 2.5% commission paid to a cooperating

broker if there is a cooperating broker. The Debtor requests that any requirement to maintain itemized or line-item time entries or activity categories be waived for Sotheby's because of the nature of this commission-based compensation.

8.  Sotheby's has been retained for an initial term of six months and seeks retention *nunc pro tunc* to the date on the listing agreement. Courts in this District routinely approve *nunc pro tunc* employment similar to that requested herein. *See, e.g., In re Walter Inv. Mgmt. Corp.*, No 17-13446 (JLG) (Bankr. S.D.N.Y. Dec. 28, 2017); *In re Westinghouse Elec. Co. LLC*, No. 17-10751 (MEW) (Bankr. S.D.N.Y. Aug. 3, 2017); *In re SquareTwo Fin. Servs. Corp.*, No. 17-10659 (JLG) (Bankr. S.D.N.Y. Apr. 28, 2017); *In re Eagle Bulk Shipping Inc.*, No. 14-12303 (SHL) (Bankr. S.D.N.Y. Sept. 19, 2014); *In re MPM Silicones, LLC*, No. 14-22503 (RDD) (Bankr. S.D.N.Y. Apr. 28, 2014); *In re Sbarro LLC*, No. 14-10557 (MG) (Bankr. S.D.N.Y. Apr. 7, 2014).

### Sotheby's Disinterestedness

9.  As set forth in the Boardman Declaration, neither Ms. Boardman nor Sotheby's has any disqualifying relationships with the Debtor, his creditors, or other parties-in-interest. Sotheby's is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code.

### Statutory Basis to Retain Sotheby's

10.  The Debtor's ability as a debtor-in-possession to retain Sotheby's as broker arises from the Debtor's right to seek the engagement of professional persons under 11 U.S.C. §327(a), which provides in relevant portion that:

> the [debtor in possession], with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying

out the [debtor in possession's] duties under this title.

Courts enjoy discretion to approve employment of professionals. *See Bank Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 621 (2d Cir. 1999) ("When evaluating proposed retention, a bankruptcy court should exercise its discretionary powers over the approval of professionals in a manner which takes into account the particular facts and circumstances surrounding each case and the proposed retention") (internal citations and quotation marks omitted).

11. The contingent fee arrangement for payment of commissions, as provided in the Listing Agreement, is authorized by Bankruptcy Code section 328(a), which provides:

> The [debtor in possession] ..., with the court's approval, may employ or authorize the employment of a professional under section 327 or 1103 of this title ... on any reasonable terms and conditions of such employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

12. Decisions relating to the sale of the Residence itself are committed to the exercise of sound business judgment under 11 U.S.C. § 363(b)(1). *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (internal citations omitted); *see also In re Elpida Memory, Inc.*, No. 12-10947 (CSS), 2012 WL 6090194, at *5 (Bankr. D. Del. Nov. 20, 2012) (noting that it is "well-settled" that a debtor may use its assets outside the ordinary course where such use "represents the sound exercise of business judgment"); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335–36 (Bankr. D. Del. 1987) (stating that judicial approval under Section 363 of the Bankruptcy Code requires a showing that the proposed action is fair and equitable, in good faith, and supported

by a good business reason). Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) (stating that "[o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean task").

13.     Given the value of the Residence, sale of the Residence cannot be achieved without the retention of a highly sophisticated and experienced broker to market and sell the Residence. Thus, the retention of Sotheby's and the compensation structure proposed herein is reasonable and easily meets the business judgment test.

### Notice

14.     Notice of this Motion is being provided to the Office of the U.S. Trustee, all creditors, and other parties-in-interest in the Debtor's chapter 11 case.

WHEREFORE, the Debtor respectfully requests entry of the attached order approving the retention of Sotheby's as the Debtor's real estate broker *nunc pro tunc* to the date of the Listing Agreement.

Dated: New York, New York
       May 9, 2024

                                    Berger, Fischoff, Shumer,
                                    Wexler & Goodman, LLP
                                    6901 Jericho Turnpike, Suite 230
                                    Syosset, NY 11791

                                    By: _____
                                        Heath S. Berger, Esq.