# Exhibit F

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,[1]<br><br>Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br>45 East 66th Street, Apt. 10W<br>New York, NY 10065,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT** |

## INTRODUCTION

1. This is an action for injunctive relief to permanently bar Defendant Rudolph W. Giuliani ("Defendant") from persisting in his defamatory campaign against Plaintiffs Ruby Freeman and Wandrea' ArShaye "Shaye" Moss ("Plaintiffs"). Defendant Giuliani has engaged in, and is engaging in, a continuing course of repetitive false speech and harassment—specifically, repeating over and over the same lies that Plaintiffs engaged in election fraud during their service as election workers during the 2020 presidential election.

2. Defendant Giuliani has already been found liable for defamation arising from these same lies in an action currently pending in this Court, captioned *Freeman et al. v. Giuliani*, No. 21-cv-3354 (D.D.C.) (*"Freeman I"*). A copy of the operative complaint in that action is attached

---

[1] Plaintiffs respectfully request relief from Local Civil Rule 5.1(c)'s requirement that their Complaint include the "full residence address" of each Plaintiff for the same reasons Plaintiffs previously requested such relief in the related case. *See* Plaintiffs' *Ex Parte* Mot. & Mem. in Supp. of Mot. for Waiver of Local Civil Rule 5.1(c), *Freeman v. Giuliani*, No. 21-cv-3354 (D.D.C.), ECF No. 2.

to this Complaint as Exhibit A and incorporated herein by reference. On August 31, 2023, the United States District Court for the District of Columbia entered a default judgment as to liability against Defendant Giuliani in *Freeman I*, which had the effect of deeming as true the factual allegations in the operative complaint in *Freeman I*. A copy of the order granting a default judgment is attached to this Complaint as Exhibit B and incorporated herein by reference. A trial on damages has recently been held, although judgment has not yet been entered, in *Freeman I*.

3. Defendant Giuliani continues to spread the very same lies for which he has already been held liable in the *Freeman I* action. For example, on December 11, 2023, Defendant Giuliani held an impromptu press conference before a gaggle of reporters. Standing in front of the cameras, Defendant Giuliani stated that his forthcoming testimony would make: "definitively clear that **what I said was true**, and that, whatever happened to them—which is unfortunate about other people overreacting—**everything I said about them is true.**"[2] When asked whether he regretted his actions, Defendant Giuliani stated: "Of course I don't regret it . . . **I told the truth. They were engaged in changing votes.**" Finally, when a reporter pointed out that there was "no proof of that," Defendant Giuliani stated, "**You're damn right there is** . . . . Stay tuned."

4. On December 15, 2023, just hours after the jury in *Freeman I* returned a $148 million verdict against him, Defendant Giuliani appeared from Washington, D.C. for a live interview on Newsmax, in which he repeatedly asserted, either directly or at minimum by implication, that he was in possession of video evidence demonstrating the truth of his allegations against Plaintiffs.[3] Defendant Giuliani explained that he was unable to present evidence at trial of

---

[2] https://www.youtube.com/watch?v=2W3Emypl4U0 at 0:44-0:56. An ABC News video of Defendant Giuliani's statement is available at https://abcnews.go.com/Politics/video/former-poll-workers-stand-giuliani-defamation-trial-105595918 at 3:01-3:06.

[3] https://www.newsmaxtv.com/Shows/Greg-Kelly-Reports/vid/37e2c0a0-9bcc-11ee-bf63-1b74393babdd at 0:00-10:43.

2

"all the videos at the time" showing "what happened at the arena."[4] Those statements at minimum falsely implied to the reasonable viewer that Mr. Giuliani possesses video evidence that Ms. Freeman and Ms. Moss engaged in election fraud in Georgia during the 2020 Presidential Election.

5. Before filing this lawsuit, Plaintiffs' counsel asked Defendant Giuliani to enter into an agreement to stop publishing these and any similar false claims about Plaintiffs. Defendant Giuliani refused.

6. Defendant Giuliani's statements, coupled with his refusal to agree to refrain from continuing to make such statements, make clear that he intends to persist in his campaign of targeted defamation and harassment. It must stop. In these unique circumstances, the proper remedy is a targeted injunction barring Defendant Giuliani from continuing to repeat the very falsehoods about Plaintiffs that have already been found and held, conclusively, to be defamatory.

## PARTIES

7. Plaintiff Ruby Freeman is a resident and citizen of Georgia. Ms. Freeman is a plaintiff in *Freeman I*.

8. Plaintiff Wandrea' ArShaye "Shaye" Moss is a resident and citizen of Georgia. Ms. Moss is a plaintiff in *Freeman I*.

9. Defendant Rudolph W. Giuliani is a former politician and government official, now a media personality. Defendant Giuliani is a resident and citizen of New York. Defendant Giuliani is a defendant in *Freeman I*.

---

[4] *Id*. at 9:50-10:43.

3

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

11. This Court has personal jurisdiction over Defendant Giuliani pursuant to D.C. Code § 13-423(a)(1) because the action arises from Defendant Giuliani's transacting business within the District of Columbia, and pursuant to D.C. Code § 13-423(a)(3) because the action arises from Defendant Giuliani's causing tortious injury in the District of Columbia by one or more acts in the District of Columbia. The Court also has personal jurisdiction over Defendant Giuliani pursuant to D.C. Code § 13-423(a)(4) because this action arises from Defendant Giuliani's causing tortious injury by acts committed outside the District of Columbia while (1) regularly doing or soliciting business within, (2) engaging in a persistent course of conduct within, and/or (3) deriving substantial revenue from services rendered within the District of Columbia.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in the District of Columbia.

## FACTS

13. Defendant Giuliani is continuing to defame Plaintiffs by repeating his debunked lies about them. His continuing course of repetitive defamatory statements include—but are not limited to—the following representative examples:

14. A statement on December 11, 2023, when Defendant Giuliani held an impromptu press conference before a gaggle of reporters in Washington, D.C. Standing in front of the cameras, Defendant Giuliani stated:

> When I testify, the whole story will be definitively clear that what I said was true, and that, whatever happened to them -- which is unfortunate about other people overreacting -- everything I said about them is true.

4

> Reporter Terry Moran: Do you regret what you did to Ruby and Shaye?
>
> Giuliani: Of course I don't regret it. I told the truth. They were engaged in changing votes.
>
> Moran: There's no proof of that.
>
> Giuliani: You're damn right there is. Stay tuned.[5]

15. A statement on December 15, 2023, when Defendant Giuliani again spoke to reporters in Washington D.C., and stated as follows in response to the following question:

> Q: Do you still believe that what you said about these two women in the wake of the 2020 election is truthful?
>
> A: I, yeah . . . I have no doubt that my comments were made and they were supportable and are supportable today. I just did not have an opportunity to present the evidence that we offered.[6]

16. A statement on December 16, 2023, on Steve Bannon's "War Room" podcast, wherein Defendant Giuliani stated:

> First, I couldn't defend myself on whether I had committed libel or not. Wasn't allowed to put in the videotapes of them doing what I said they did, which I could have demonstrated to the jury. I couldn't call witnesses, who would support what I said. I couldn't put documents on and reports from credible sources that said that fraud took place there.
> . . .
> Never, never, never did any of those jurors see a single piece of evidence that many Americans have seen about how these women acted that would have been totally contrary to the, to their unrebutted, uncorroborated testimony. It's a sham of a trial.[7]

---

[5] https://www.youtube.com/watch?v=2W3Emypl4U0, at 0:38-1:10.

[6] *Rudy Giuliani Comments to Reporters on Elections Workers Defamation Case Verdict*, C-SPAN (Dec. 15, 2023), https://www.c-span.org/video/?532478-101/rudy-giuliani-comments-reporters-election-workers-defamation-case-verdict.

[7] *Episode 3253: The Making of an American First Economy*, Bannon's War Room (Dec. 16, 2023), https://podcasts.apple.com/us/podcast/episode-3253-the-making-of-an-america-first-economy/id1485351658?i=1000638797246

## FIRST CAUSE OF ACTION
### (Defamation/Defamation *Per Se*)

17. Plaintiffs incorporate and re-allege all preceding paragraphs as if fully set forth herein.

18. Defendant Giuliani continues to publish, and intends to continue to publish—and cause to be published—a series of repetitive false and defamatory statements of fact about Plaintiffs, in a manner that also led and will continue to lead to the reasonably foreseeable publication and republication of those and similar statements. The defamatory meanings of Defendant's false statements and implied statements of facts are apparent from the face of the publications, refer to Ms. Freeman and Ms. Moss by name, often are accompanied by images of Ms. Freeman and/or Ms. Moss, and/or are understood to be about them.

19. The statements authored, published, and caused to be published by Defendant about Ms. Freeman and Ms. Moss are reasonably understood to state or imply that they: had a history of engaging in fraudulent behavior; engaged in a criminal conspiracy, along with others, to illegally exclude observers during the counting of ballots "under false pretenses" so that they could engage in election fraud; criminally and/or fraudulently introduced "suitcases" of illegal ballots into the ballot counting process; criminally and/or fraudulently counted the same ballots multiple times; surreptitiously passed around flash drives that were not supposed to be placed in Dominion voting machines; and/or committed crimes and other fraud.

20. Each of these statements and implications is false and defamatory per se. Defendant's statements and implications about Ms. Freeman and Ms. Moss constitute defamation *per se* in that they damaged them in their trade, office, or profession and claimed that they participated in criminal activity punishable by law and, in the full course of his conduct, he has often labeled them a "robber" and a "cheat[er]."

6

21. Each of these statements was or will be viewed, read, or listened to by thousands, and potentially millions, of individuals.

22. Plaintiffs are private figures, but in any event each of these false statements was published with actual malice, *i.e.*, with knowledge of its falsity or with reckless disregard as to its truth. At a minimum, Defendant acted negligently—that is, without an ordinary degree of care in assessing or investigating the truth of the statement prior to publication. Further, Defendant had no applicable privilege or legal authorization to make these false and defamatory statements, or if he did, he abused it.

23. Defendant acted with willful misconduct, malice, fraud, wantonness, oppression, and/or entire want of care which would raise the presumption of conscious indifference to consequences, and he specifically intended to cause Ms. Freeman and Ms. Moss harm.

24. Defendant's statements damaged and continue to damage Ms. Freeman's and Ms. Moss's reputations in the general public, in their professions, in their church communities, in their neighborhood, and with friends, relatives, and neighbors.

25. As a direct and proximate result of Defendant's conduct, Ms. Freeman and Ms. Moss have suffered and continue to suffer significant general, actual, consequential, and special damages including, without limitation, impairment of reputation and standing in the community, personal humiliation, mental anguish and suffering, emotional distress, stress, anxiety, lost earnings, and other pecuniary loss. Among other things, Ms. Freeman and Ms. Moss have lost income. Those harms are ongoing and, if Defendant Giuliani is not prevented from continuing to repeat his defamatory statements about Plaintiffs, those harms will continue.

7

## SECOND CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**

26. Plaintiffs incorporate and re-allege all preceding paragraphs as if fully set forth herein.

27. Defendant Giuliani's course of conduct directed specifically at Ms. Freeman and Ms. Moss was malicious, wanton, and intentional, and reflected a want of care which would raise the presumption of conscious indifference to consequences. That conduct includes deliberately drawing attention to Ms. Freeman and Ms. Moss, encouraging others to scrutinize and disbelieve them, and continuing to fuel the perception held by those receptive to his views that Ms. Freeman and Ms. Moss engaged in criminal wrongdoing during the 2020 Presidential Election.

28. Moreover, Defendant Giuliani specifically intended to cause Ms. Freeman and Ms. Moss harm. Defendant Giuliani understands the nature and extent of the threats and harassment that have previously followed from Defendant Giuliani's intentional repetition of his false and defamatory lies. His continuing repetition of those statements, in light of this documented history, are best understood as a deliberate effort to cause that effect.

29. Defendant's wrongful conduct was extreme and outrageous, and it was calculated to cause harm to Ms. Freeman and Ms. Moss. Defendant's wrongful conduct is so outrageous in character and so extreme in degree that it is beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community. Defendant Giuliani carried out his campaign with actual malice, as he either knew that his accusations were false or published them with reckless disregard for their truth.

30. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered significant general, actual, incidental, and special damages including, without limitation, emotional distress, overwhelming stress and anxiety, lost earnings, and other pecuniary loss. Those

8

harms are ongoing and, if Defendant Giuliani is not prevented from continuing to repeat his defamatory statements about Plaintiffs, those harms will continue.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court award Plaintiffs:

A. Injunctive relief enjoining Defendant from making or publishing, or causing to be made or published, further statements repeating any and all false claims that Plaintiffs engaged in election fraud, illegal activity, or misconduct of any kind during or related to the 2020 presidential election; that either Plaintiff was arrested for any such fraud, illegal activity, or misconduct; and/or that either Plaintiff had any record of engaging in election fraud or related illegal activity or misconduct prior to the 2020 presidential election;

B. The costs of this action, including attorney's fees; and

C. Such other and further relief as this Court deems just and proper.

Dated: December 18, 2023

Respectfully submitted,

John Langford*
Rachel Goodman*
**UNITED TO PROTECT DEMOCRACY, INC.**
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Von A. DuBose*
**DUBOSE MILLER LLC**
75 14th Street NE, Suite 2110
Atlanta, Georgia 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

By: /s/ Michael J. Gottlieb
Michael J. Gottlieb (974960)
Meryl C. Governski (1023549)
Aaron E. Nathan (1047269)
**WILLKIE FARR & GALLAGHER LLP**
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com
mgovernski@willkie.com
anathan@willkie.com

M. Annie Houghton-Larsen*
**WILLKIE FARR & GALLAGHER LLP**
787 7th Avenue
New York, New York

9

        Tel: (212) 728-8164
        Fax: (212) 728-9164
        mhoughton-larsen@willkie.com

*Pro hac vice application forthcoming*

**Counsel for Plaintiffs**