UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:                                                                                  Chapter 11

RUDOLPH W. GIULIANI                                                  Case No: 23-12055
a/k/a Rudolph William Giuliani,

                        Debtor
------------------------------------------------------X

**DEBTOR'S AMENDED APPLICATION FOR RETENTION AND EMPLOYMENT
OF KENNETH CARUSO LAW LLC AS SPECIAL LITIGATION COUNSEL
EFFECTIVE MARCH 20, 2024**

**TO THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE**

The Application of Rudolph W. Giuliani, by and through his attorneys, Berger, Fischoff, Shumer, Wexler & Goodman, LLP, respectfully represents:

**JURISDICTION**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are sections 105, 327(e) and 330 of the Bankruptcy Code, Rule 2014 of the Bankruptcy Rules and Rules 2014-1 and 2016-i of the Local Rules for the Bankruptcy Court for the Southern District of New York.

**BACKGROUND**

3. On December 21, 2023 (the "Petition Date"), the Debtor filed his voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. The Debtor continues in possession and management of his assets and is managing as a debtor and debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

1

5. By this Application, the Debtor requests the entry of an Order, pursuant to Section 327(e) of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure, approving the employment and retention of Kenneth Caruso Law LLC ("KCL") as special litigation counsel to the Debtor.

6. The Debtor requests authority to employ KCL as special litigation counsel so that KCL can serve as Debtor's counsel in the appeal of *Freeman et al. v. Giuliani*, Case No: 2024-cvpri-07021, pending before the United States Court of Appeals for the D.C. Circuit (the "Appeal").

7. Pursuant to the Amended Declaration of Kenneth A. Caruso, Esq., the sole member of KCL (the "Amended Caruso Declaration"), KCL requests to be retained as special litigation counsel to represent the Debtor in the Appeal. Camara and Sibley will withdraw as counsel on the Appeal, and KCL will substitute into the Appeal, as counsel for the appellant (the Debtor in this case). Upon approval of this Application, Mr. Joseph Sibley of Camara & Sibley and Mr. Kenneth Caruso of KCL will execute and file in the D.C. Circuit a formal notice of withdrawal and substitution of counsel. A copy of the notice is annexed as Exhibit A.

8. Given the nature and amount of the judgment in *Freeman et al. v. Giuliani*, it is imperative to the Debtor and the estate that the Debtor succeed in and have excellent representation in the Appeal.

9. The Debtor believes that KCL is highly qualified to represent the Debtor in the Appeal. The Debtor seeks to retain KCL because of its expertise, experience and knowledge with respect to the issues that will arise in the Appeal. *See* Amended Caruso Declaration included with this Application.

10. KCL will be compensated for professional services with a flat fee of $250,000. *See* Amended Caruso Declaration. KCL will also be entitled to reimbursement of actual, necessary expenses incurred in connection with the retention, subject to Court's approval in accordance with Section 330(a) of the Bankruptcy Code and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and Orders of the Court.

11. KCL does not have any connection with or represent any interest adverse to the Debtor, the Estate, creditors, or any other parties in interest, except as disclosed in the Amended Caruso Declaration. As of the filing date, the Debtor did not owe KCL for any outstanding fees or expenses. KCL will not seek payment of its legal fees and expenses from the Debtor. It will seek payment only from third party sources that have helped, from time to time, to pay some of the Debtor's legal bills and that also waive any claim for reimbursement from the estate. *See* the Supplemental "Lar Dan Declarations" annexed hereto.

12. Applicant believes that it would be in the best interest of the Estate for KCL to be retained as Special Litigation Counsel to the Debtor for the Appeal.

WHEREFORE, Applicant respectfully requests entry of the attached proposed Order, and for such other and further relief as is just and proper, for which previously application has not been made.

Dated: New York, New York
       May  , 2024