| | |
|---|---|
| AKIN GUMP STRAUSS HAUER & FELD LLP<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Abid Qureshi<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002 | BERGER, FISCHOFF, SHUMER, WEXLER & GOODMAN, LLP<br>Gary C. Fischoff<br>Heath S. Berger<br>6901 Jericho Turnpike, Suite 230<br>Syosset, New York 11791<br>(516) 747-1136<br><br>*Attorneys for the Debtor* |

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Counsel to the Official Committee of
Unsecured Creditors of Rudolph W. Giuliani*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:                                                       :    Chapter 11
                                                             :
**RUDOLPH W. GIULIANI**                                      :    Case No. 23-12055 (SHL)
**a/k/a RUDOLPH WILLIAM GIULIANI,**                          :
                                                             :
                        **Debtor.**                          :
------------------------------------------------------------x

**STIPULATION CONCERNING A SECOND EXTENSION OF THE
DEADLINE FOR CREDITORS TO CHALLENGE DISCHARGEABILITY OF DEBTS**

The above-captioned debtor (the "Debtor") and the Official Committee of Unsecured Creditors appointed in the Debtor's chapter 11 case (the "Committee" and together with the Debtor, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows (this "Stipulation"):

## RECITALS

WHEREAS, on December 21, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court");

WHEREAS, on January 12, 2024, the Committee was appointed by the United States Trustee for the Southern District of New York (the "U.S. Trustee") [Docket No. 46], and on January 16, 2024, the Committee selected Akin Gump Strauss Hauer & Feld LLP as its counsel;

WHEREAS, pursuant to the *Notice of Chapter 11 Bankruptcy Case* [Docket No. 67], filed on January 24, 2024, the Debtor's meeting of creditors pursuant to Bankruptcy Code section 341(a) (the "341 Meeting") was scheduled for February 7, 2024, and, pursuant to Rule 4007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the deadline for all creditors to file complaints objecting to the dischargeability of their respective debts under Bankruptcy Code section 523(c) was set for April 8, 2024 (the "Dischargeability Challenge Deadline");

WHEREAS, on January 26, 2024, the Debtor filed his schedules of assets and liabilities [Docket No. 70] (the "Initial Schedules") and statement of financial affairs [Docket No. 73] (the "Initial SOFA"); however, the Initial Schedules and the Initial SOFA were missing key information and contained inaccuracies;

WHEREAS, on February 5, 2024, the Debtor filed amended schedules of assets and liabilities [Docket No. 100] (together with the Initial Schedules, the "Amended Initial Schedules") and an amended statement of financial affairs [Docket No. 99] (together with the Initial SOFA, the "Amended Initial SOFA");

WHEREAS, on February 7, 2024, the U.S. Trustee commenced the 341 Meeting, and, as a result thereof, the Debtor was required to file further amended schedules of assets and liabilities (together with the Amended Initial Schedules, the "Further Amended Schedules") and a further

2

amended statement of financial affairs in order to disclose additional information and correct inaccuracies; therefore, the 341 Meeting remains open;

WHEREAS, on February 27, 2024, the Debtor filed the Further Amended Schedules [Docket No. 129]; however, further amendments and disclosures are necessary;

WHEREAS, the Further Amended Schedules include more than $152 million of unsecured claims asserted against the Debtor, including numerous claims related to lawsuits filed against the Debtor, which are in various stages;

WHEREAS, on March 1, 2024, the Parties filed the *Joint Motion of the Debtor and the Official Committee of Unsecured Creditors for Order Approving Stipulation Concerning Deadline for Creditors to Challenge Dischargeability of Debts* [Docket No. 133] (the "Joint Motion") seeking entry of an order approving the stipulation between the Debtor and the Committee extending the deadline for all creditors to file complaints objecting to the dischargeability of their respective debts under Bankruptcy Code section 523(c) by sixty (60) days, through and including June 7, 2024, without prejudice to the Parties' rights to agree to further extensions;

WHEREAS, on March 14, 2024, the Court entered an order [Docket No. 147] (the "First Extension Order") approving the Joint Motion and extending the Dischargeability Challenge Deadline by sixty (60) days, through and including June 7, 2024 (the "Extended Dischargeability Challenge Deadline");

WHEREAS, the First Extension Order authorizes further extensions of the Extended Dischargeability Challenge Deadline by agreement through the submission of a further stipulation and proposed form of order;

NOW THEREFORE, in light of the Debtor's understanding of his obligation to, and agreement to, provide additional information to the Committee, and in recognition of the Parties'

3

desire to conserve estate resources and attempt to facilitate consensual resolutions with the Debtor's creditors concerning their claims and the dischargeability thereof, the Parties have agreed as set forth below:

## STIPULATION

1. The foregoing recitals are incorporated into this Stipulation as if set forth herein in full.

2. The Parties agree that cause exists to extend the Extended Dischargeability Challenge Deadline for all creditors by an additional ninety (90) days, through and including September 5, 2024 (the "Second Extended Dischargeability Challenge Deadline").[1]

3. The Parties may agree to extensions of the Second Extended Dischargeability Challenge Deadline, which may be effectuated through the submission to the Court of a further stipulation and proposed form of order.

4. Nothing shall prevent the Committee or any other party in interest from seeking to extend the Second Extended Dischargeability Challenge Deadline or any further extension thereof without the Debtor's agreement by the filing of a motion for such relief.

5. Each of the Parties to this Stipulation represents and warrants that such Party is duly authorized to enter into and be bound by this Stipulation.

6. This Stipulation may be executed in identical counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

---

[1] For the avoidance of doubt, the Second Extended Dischargeability Challenge Deadline and all relief set forth in this Stipulation shall apply to all creditors, the Committee and the U.S. Trustee.

4

7. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter set forth herein and supersedes any and all prior agreements and understandings, whether written or oral, between the Parties with respect to the subject matter hereof.

8. The Parties hereby consent to the Court's exclusive jurisdiction to resolve any disputes or controversies arising from or related to the implementation of this Stipulation.

9. The Parties consent to the entry of an order, substantially in the form attached as **Exhibit 1** hereto, approving this Stipulation.

Dated: May 15, 2024

*/s/ Philip C. Dublin*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
One Bryant Park
New York, New York 10036
Tel:    (212) 872-1000
Fax:   (212) 872-1002
Email:  idizengoff@akingump.com
           pdublin@akingump.com
           aqureshi@akingump.com

- and -

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Tel:    (214) 969-2800
Fax:   (214) 969-4343
Email:  rbibloblock@akingump.com

*Counsel to the Official Committee of Unsecured Creditors of Rudolph W. Giuliani*

| | |
|---|---|
| Dated: May 15, 2024 | */s/ Heath S. Berger* <br> **BERGER, FISCHOFF, SHUMER, WEXLER & GOODMAN, LLP** <br> Gary C. Fischoff <br> Heath S. Berger <br> 6901 Jericho Turnpike, Suite 230 <br> Syosset, New York 11791 <br> (516) 747-1136 <br><br> *Attorneys for the Debtor* |

6

# EXHIBIT 1

**Proposed Order**

23-12055-shl    Doc 222    Filed 05/15/24    Entered 05/15/24 12:40:49    Main Document
Pg 7 of 10

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re:                                                              :        Chapter 11
                                                                    :
**RUDOLPH W. GIULIANI**                                             :        Case No. 23-12055 (SHL)
**a/k/a RUDOLPH WILLIAM GIULIANI,**                                 :
                                                                    :
                        **Debtor.**                                 :
------------------------------------------------------------x

**ORDER APPROVING STIPULATION**
**PROVIDING FOR SECOND EXTENSION OF THE DEADLINE**
**FOR CREDITORS TO CHALLENGE DISCHARGEABILITY OF DEBTS**

Upon the stipulation (the "Stipulation")[1] of the Debtor and the Committee agreeing to further extend the Extended Dischargeability Challenge Deadline for cause for all creditors and the U.S. Trustee by ninety (90) days, through and including September 5, 2024; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Stipulation having been provided to the necessary parties; and the Court having found that no other or further notice is necessary; and the Court having reviewed the Stipulation; and the Court finding, based on the representations made in the Stipulation that, pursuant to Bankruptcy Rule 4007(c), cause exists to further extend the Extended Dischargeability Challenge Deadline; and the Court having determined that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and the Court having found that the relief requested is in the best interests of the Debtor's estate and his unsecured creditors; and any objections to the relief requested having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

1.      The Stipulation is approved as set forth herein.

2.      Pursuant to Bankruptcy Rule 4007(c), cause exists to further extend the Extended Dischargeability Challenge Deadline for all creditors, the Committee and the U.S. Trustee by ninety (90) days, through and including September 5, 2024, and the Extended Dischargeability Challenge Deadline shall be further extended for all creditors, the Committee and the U.S. Trustee by ninety (90) days, through and including September 5, 2024 (the "Second Extended Dischargeability Challenge Deadline").

3.      Upon agreement by the Debtor and the Committee, the Second Extended Dischargeability Challenge Deadline may be further extended through the submission of a further stipulation and proposed form of order (a "Further Order"), and any such further extension shall be effective as of the date of entry of the applicable Further Order.

4.      Nothing herein shall prevent the Committee or any other party in interest from seeking to extend the Second Extended Dischargeability Challenge Deadline or any further extension thereof without the Debtor's agreement by the filing of a motion for such relief.

5.      The Committee and the Debtor are authorized to take all actions necessary to effectuate the relief granted pursuant to this order.

6.      The terms and conditions of this order shall be immediately effective and enforceable upon its entry.

7. The Court retains exclusive jurisdiction with respect to any disputes arising from, or other actions to interpret, administer or enforce the terms and provisions of, the Stipulation and this order.

Dated: _____

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

3