Hearing Date and Time: **July 10, 2024 at 11:00 a.m. (ET)**
Objection Deadline: **July 3, 2024 at 4:00 p.m. (ET)**

AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile:  (212) 872-1002

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile:  (214) 969-4343

*Counsel to the Official Committee of*
*Unsecured Creditors of Rudolph W. Giuliani*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **RUDOLPH W. GIULIANI** a/k/a RUDOLPH WILLIAM GIULIANI, | Case No. 23-12055 (SHL) |
| **Debtor.** | |

**NOTICE OF HEARING REGARDING**
**MOTION OF THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS FOR THE ENTRY OF AN**
**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES OF COMMITTEE PROFESSIONALS**

**PLEASE TAKE NOTICE** that on June 6, 2024, the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of the above-captioned debtor (the "Debtor") filed the *Motion of the Official Committee of Unsecured Creditors for the Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Committee Professionals* (the "Motion"). A hearing on the Motion will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge for the United States Bankruptcy Court

for the Southern District of New York (the "Court") on **July 10, 2024, at 11:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained by visiting the Court's website at https://www.nysb.uscourts.gov and following the procedures and paying any fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that responses or objections ("Objections"), if any, to the Motion must be in writing, comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and be filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York by no later than **July 3, 2024 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline") and served on or before such date upon: (a) counsel to the Committee, Akin Gump Strauss Hauer & Feld LLP, Attn: Ira S. Dizengoff, Esq., Philip C. Dublin, Esq., Abid Qureshi, Esq. and Rachel Biblo Block, Esq.; (b) counsel to the Debtor, Berger, Fischoff, Shumer, Wexler, & Goodman, LLP, Attn: Gary Fischoff, Esq. and Heath Berger, Esq.; and (c) the Office of the United States Trustee for the Southern District of New York, Attn: Andrea B. Schwartz, Esq.

**PLEASE TAKE FURTHER NOTICE THAT** if you do not want the Court to grant the relief requested in the Motion, or if you want the Court to consider your views on the Motion, then you or your attorney must file an Objection.

2

**PLEASE TAKE FURTHER NOTICE THAT** if no Objections are timely filed and served with respect to the Motion, then the Committee may, after the Objection Deadline and in accordance with the Local Bankruptcy Rules for the Southern District of New York, submit to the Court an order substantially in the form of the proposed order annexed to the Motion, to be entered with no further notice or opportunity to be heard.

Dated: June 6, 2024  
New York, New York

*/s/ Philip C. Dublin*  
**AKIN GUMP STRAUSS HAUER & FELD LLP**  
Ira S. Dizengoff  
Philip C. Dublin  
Abid Qureshi  
One Bryant Park  
New York, New York 10036  
Tel:    (212) 872-1000  
Fax:    (212) 872-1002  
Email: idizengoff@akingump.com  
         pdublin@akingump.com  
         aqureshi@akingump.com

- and -

Rachel Biblo Block (admitted *pro hac vice*)  
2300 N. Field St., Suite 1800  
Dallas, Texas 75201  
Tel:    (214) 969-2800  
Fax:    (214) 969-4343  
Email: rbibloblock@akingump.com

*Counsel to the Official Committee of*  
*Unsecured Creditors of Rudolph W. Giuliani*

Hearing Date and Time: **July 10, 2024 at 11:00 a.m. (ET)**
Objection Deadline: **July 3, 2024 at 4:00 p.m. (ET)**

AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile:  (212) 872-1002

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile:  (214) 969-4343

*Counsel to the Official Committee of*
*Unsecured Creditors of Rudolph W. Giuliani*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
**RUDOLPH W. GIULIANI**                             :    Case No. 23-12055 (SHL)
a/k/a **RUDOLPH WILLIAM GIULIANI**,                 :
                                                    :
                    **Debtor.**                     :
----------------------------------------------------------------x

**MOTION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS FOR THE ENTRY OF AN
ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF COMMITTEE PROFESSIONALS**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of Rudolph W. Giuliani a/k/a Rudolph William Giuliani (the "Debtor"), respectfully states as follows in support of this motion (this "Motion"):

**RELIEF REQUESTED**

1. By this Motion, the Committee seeks entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), approving the Compensation Procedures (defined below) for an orderly, regular process for the allowance and payment of compensation

and reimbursement of expenses for attorneys and other professionals retained by the Committee (the "Committee Professionals"), whose retentions are approved pursuant to section 1103 of title 11 of the United States Code (the "Bankruptcy Code"), and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to Bankruptcy Code sections 330 and 331.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York entered February 1, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are Bankruptcy Code sections 105(a), 330 and 331, Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") and *General Order M-447 Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated as of January 29, 2013 ("General Order M-447").

4.  The Committee consents to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection with this Motion consistent with Article III of the United States Constitution.

## BACKGROUND

5.  On December 21, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. While the Committee has a motion pending for the appointment of a chapter 11 trustee, the Debtor currently is in possession of his property

2

and is managing his affairs as a debtor and debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. On January 12, 2024, the Committee was appointed by the United States Trustee for the Southern District of New York (the "U.S. Trustee") [Docket No. 46]. On January 16, 2024, the Committee selected Akin Gump Strauss Hauer & Feld LLP ("Akin") as its proposed counsel. On February 9, 2024, the Committee selected Global Data Risk LLC as its proposed specialized forensic financial advisor. On March 27, 2024, the Court entered an order [Docket No. 154] authorizing the Committee's retention of Akin. On April 19, 2024, the Court entered an order [Docket No. 189] (the "GDR Retention Order") authorizing the Committee's retention of Global Data Risk LLC.

**PROPOSED INTERIM COMPENSATION PROCEDURES**

7. By this Motion, the Committee seeks entry of an order, substantially in the form of the Proposed Order, authorizing and establishing procedures for the compensation and reimbursement of the Committee Professionals on a monthly basis, on terms comparable to the procedures established in other chapter 11 cases. Such an order will streamline the professional compensation process and enable the Court and all other parties to monitor more effectively the Committee's professional fees incurred in connection with this chapter 11 case.

8. Specifically, the Committee proposes that, except as otherwise provided in any order of the Court authorizing the retention of a particular professional, the Committee Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following proposed procedures (the "Compensation Procedures"):[1]

---

[1] To the extent that there is a conflict between the relief sought in this Motion and the individual orders approving the retention of any professional (each, a "Retention Order"), the applicable Retention Order shall govern.

3

(i) On or before the twentieth day of each calendar month following the month for which compensation is sought, or as soon as reasonably practicable thereafter, each Committee Professional seeking interim allowance of its fees and expenses may file a statement (including the relevant time entry and description and expense detail) with the Court pursuant to Bankruptcy Code section 331 for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Statement"), and serve a copy of such Monthly Fee Statement, by email, hand or first class mail, on the following parties (collectively, (a) through (c), the "Notice Parties"): (a) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), One Bowling Green, Suite 534, New York, NY 10004-1408, (Attn: Andrea B. Schwartz, Esq.); (b) counsel to the Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, (Attn: Ira S. Dizengoff, Esq., Philip C. Dublin, Esq., Abid Qureshi, Esq. and Rachel Biblo Block, Esq.); and (c) counsel to the Debtor, Berger, Fischoff, Shumer, Wexler, & Goodman, LLP, 6901 Jericho Turnpike, Suite 230, Syosset, NY 11791, (Attn: Gary Fischoff, Esq. and Heath Berger, Esq.); *provided, however*, that a courtesy copy of the Monthly Fee Statement does not need to be delivered to Judge Lane's chambers. Fee applications shall also be served by the CM/ECF system for the United States Bankruptcy Court for the Southern District of New York, email, hand or first class mail on all other parties that have requested service of fee applications in this chapter 11 case.

(ii) The Proposed Order is not intended to alter the fee application requirements outlined in Bankruptcy Code sections 330 and 331. Committee Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

(iii) Any Committee Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months.

(iv) All Monthly Fee Statements shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and General Order M-447.

(v) Except as otherwise permitted by a Retention Order or another order of the Court, each Monthly Fee Statement shall contain a list of the individuals who provided services during the period covered by the Monthly Fee Statement, their respective titles (*e.g.*, attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred and

4

    contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour unless otherwise ordered by the Court.[1]

(vi) Each Notice Party will have fourteen (14) days after service of a Monthly Fee Statement (the "<u>Objection Deadline</u>") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (vii) below. At the expiration of the Objection Deadline, the Debtor shall pay, within (5) business days, the applicable Professional an amount (the "<u>Actual Monthly Payment</u>") equal to the lesser of (a) 80% of the fees and 100% of the expenses requested in the Monthly Fee Statements (the "<u>Maximum Monthly Payment</u>") and (b) 80% of the fees and 100% of the expenses not subject to an unresolved objection pursuant to subparagraph (vii) below.

(vii) If any Notice Party objects to a Committee Professional's Monthly Fee Statement, it must, on or before the expiration of the Objection Deadline, file with the Court and serve on such Committee Professional and each other Notice Party a written objection (an "<u>Objection</u>") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees or expenses, including the amount of such objected to fees or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Committee Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within fourteen (14) days after service of the Objection, the affected Committee Professional may either: (a) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Committee Professional (the "<u>Incremental Amount</u>") or (b) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection, if requested by the Committee Professional subject to the Objection.

(viii) With respect to the first four-month period from the Petition Date through April 30, 2024, and each subsequent four-month period, each Committee Professional may file with the Court and serve on the Notice Parties an application (an "<u>Interim Fee Application</u>") for interim allowance of compensation and reimbursement of expenses sought in the Monthly Fee Statements filed during each such four-month period (the "<u>Interim Fee Period</u>") pursuant to Bankruptcy Code section 331. The Interim Fee Application must identify the covered Monthly Fee Statements and include any other information requested by the Court or required by the applicable Local Rules. Interim Fee Applications, if any, shall be filed with the Court

---

[1] For the avoidance of doubt, the GDR Retention Order authorizes Global Data Risk LLC professionals to maintain their time entries in half-hour increments, and such shall apply to all Global Data Risks LLC's fee applications.

5

and served on the Notice Parties within forty-five (45) days after the end of the applicable Interim Fee Period or as soon as reasonably practicable thereafter. Each Committee Professional shall file its first Interim Fee Application, if any, on or before June 14, 2024 or as soon as reasonably practicable thereafter, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including April 30, 2024. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected Committee Professional and the Notice Parties so as to be received on or before the fourteenth (14th) day (or the next business day if such day is not a business day) following service of the Interim Fee Application.

(ix) If any Interim Fee Applications are filed, the Committee shall request that the Court schedule a hearing on Interim Fee Applications at least once every four (4) months or at such other intervals as the Court deems appropriate. Upon allowance by the Court of a Committee Professional's Interim Fee Application, the Debtor shall pay, within (5) business days, such Committee Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(x) The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Committee Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

(xi) Neither (a) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures nor (b) the filing of or the failure to file an Objection to any Monthly Fee Statement or Interim Fee Application will bind the Court with respect to the allowance of interim or final applications for compensation for services and reimbursement of expenses of Committee Professionals. All fees and expenses paid to Committee Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

(xii) Each member of the Committee is permitted to submit statements of expenses incurred in the performance of the duties of the Committee and supporting vouchers to the Committee's counsel, which counsel may, in accordance with the foregoing procedures for compensation and reimbursement of Committee Professionals, collect and submit for approval such statements of expenses and supporting vouchers in Interim Fee Applications.

(xiii) Professionals shall file final applications for compensation and reimbursement (collectively, the "Final Fee Applications") by such deadline as may be established in a confirmed chapter 11 plan or in an order of the Court. All Final Fee Applications shall comply with the applicable

6

        provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable orders of the Court.

(xiv)    Copies of all Monthly Fee Statements, Interim Fee Applications, Final Fee Applications and notices of any hearings thereon (each a "Hearing Notice") must be served upon the Notice Parties and all other parties that have requested service of fee applications in this chapter 11 case. Notice given in accordance with this paragraph (xiv) shall be deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

## BASIS FOR RELIEF

9.    Bankruptcy Code section 331 provides as follows:

> [A]ny professional person employed under [Bankruptcy Code] section 327 or 1103 . . . may apply to the court no more than once every 120 days after an order for relief in a case under . . . [the Bankruptcy Code], or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as provided under [Bankruptcy Code] section 330 . . . . After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

10.    In addition, Bankruptcy Code section 105(a) provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). As set forth below, courts have regularly entered orders, in accordance with Bankruptcy Code section 105(a), establishing procedures providing for the interim compensation and expense reimbursement of professionals on a monthly basis. Courts have determined that interim compensation procedures are appropriate to avoid having professionals fund a debtor's chapter 11 case. *See In re Int'l Horizons, Inc.*, 10 B.R. 895, 897–98 (Bankr. N.D. Ga. 1981).

11.    The proposed Compensation Procedures will enable the Debtor and the Committee to closely monitor administrative costs, forecast cash flows and implement and oversee efficient cash management and preservation procedures. They also will allow the Court and key parties in

interest, including the U.S. Trustee, to ensure the reasonableness and necessity of any compensation and reimbursement requested of the Debtor's estate during this chapter 11 case.

12. Further, courts in this district have granted relief similar to that requested herein. *See*, *e.g.*, *In re Gol Linhas Aereas Inteligentes S.A.,* Case No. 24-10118 (MG) [Docket No. 253] (Bankr. S.D.N.Y. March 11, 2024) (authorizing interim compensation procedures); *In re Eletson Holdings Inc.,* Case No. 23-10322 (JPM) [Docket No. 398] (Bankr. S.D.N.Y. Feb. 7, 2024) (same); *In re Mercon Coffee Corp.,* Case No. 23-11945 (MEW) [Docket No. 108] (Bankr. S.D.N.Y. Jan. 11, 2024) (same); *In re Endo International,* Case No. 22-22549 (JLG) [Docket No. 326] (Bankr. S.D.N.Y. Oct. 3, 2022) (same); *In re Celsius Network LLC,* Case No. 22-10964 (MG) [Docket No. 521] (Bankr. S.D.N.Y. Aug. 17, 2022) (same); *In re Pareteum Corp.,* Case No.: 22-10615 (LGB) [Docket No. 205] (Bankr. S.D.N.Y. July 11, 2022) (same).

13. Accordingly, the Committee submits that the Compensation Procedures are appropriate and consistent with interim compensation procedures established in other chapter 11 cases in this district and will aid the efficient administration of this chapter 11 case.

## **NOTICE**

The Committee will provide notice of this Motion to: (a) counsel to the Debtor, Berger, Fischoff, Shumer, Wexler, & Goodman, LLP, Attn: Gary Fischoff, Esq. and Heath Berger, Esq.; (b) the Office of the United States Trustee for the Southern District of New York, Attn: Andrea B. Schwartz, Esq.; and (c) all parties requesting notice under Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Committee respectfully submits that no other or further notice is necessary.

**WHEREFORE**, the Committee respectfully requests that the Court (i) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A** and (ii) grant the Committee such other and further relief as is just, proper and equitable.

| | |
|---|---|
| Dated: June 6, 2024<br>New York, New York | */s/ Philip C. Dublin*<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Abid Qureshi<br>One Bryant Park<br>New York, New York 10036<br>Tel:    (212) 872-1000<br>Fax:   (212) 872-1002<br>Email: idizengoff@akingump.com<br>            pdublin@akingump.com<br>            aqureshi@akingump.com<br><br>- and -<br><br>Rachel Biblo Block (admitted *pro hac vice*)<br>2300 N. Field St., Suite 1800<br>Dallas, Texas 75201<br>Tel:    (214) 969-2800<br>Fax:   (214) 969-4343<br>Email: rbibloblock@akingump.com<br><br>*Counsel to the Official Committee of*<br>*Unsecured Creditors of Rudolph W. Giuliani* |

## **EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
RUDOLPH W. GIULIANI                                 :    Case No. 23-12055 (SHL)
a/k/a RUDOLPH WILLIAM GIULIANI,                     :
                                                    :    Re: Docket No. ___
                            Debtor.                 :
------------------------------------------------------------x
```

### ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF COMMITTEE PROFESSIONALS

Upon the motion (the "Motion")[1] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of Rudolph W. Giuliani a/k/a Rudolph William Giuliani (the "Debtor") for entry of an order (this "Order") approving the Compensation Procedures for an orderly, regular process for the allowance and payment of compensation and reimbursement of expenses for attorneys and other professionals retained by the Committee (the "Committee Professionals"), whose retentions are approved by the Court pursuant to Bankruptcy Code section 1103, and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to Bankruptcy Code sections 330 and 331; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this Court being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and this Court having found that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion at any hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

(if any) establish just cause for the relief granted herein; and this Court having found, that the relief requested in the Motion is in the best interests of the Debtor's estates, his creditors and other parties in interest; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED:**

1. The Motion is granted to the extent set forth herein.

2. Except as otherwise provided in any order of this Court authorizing the retention of specific professionals, all Committee Professionals in this chapter 11 case retained pursuant to an order of this Court may seek compensation for professional services rendered and reimbursement of expenses incurred in accordance with the following Compensation Procedures:

    (i) On or before the twentieth day of each calendar month following the month for which compensation is sought, or as soon as reasonably practicable thereafter, each Committee Professional seeking interim allowance of its fees and expenses may file a statement (including the relevant time entry and description and expense detail) with the Court pursuant to Bankruptcy Code section 331 for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Statement"), and serve a copy of such Monthly Fee Statement, by email, hand or first class mail, on the following parties (collectively, (a) through (c), the "Notice Parties"): (a) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), One Bowling Green, Suite 534, New York, NY 10004-1408, (Attn: Andrea B. Schwartz, Esq.); (b) counsel to the Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, (Attn: Ira S. Dizengoff, Esq., Philip C. Dublin, Esq., Abid Qureshi, Esq. and Rachel Biblo Block, Esq.); and (c) counsel to the Debtor, Berger, Fischoff, Shumer, Wexler, & Goodman, LLP, 6901 Jericho Turnpike, Suite 230, Syosset, NY 11791, (Attn: Gary Fischoff, Esq. and Heath Berger, Esq.); *provided, however*, that a courtesy copy of the Monthly Fee Statement does not need to be delivered to Judge Lane's chambers. Fee applications shall also be served by the CM/ECF system for the United States Bankruptcy Court for the Southern District of New York, email, hand or first class mail on all other parties that have requested service of fee applications in this chapter 11 case.

    (ii) This Order is not intended to alter the fee application requirements outlined in Bankruptcy Code sections 330 and 331. Committee Professionals are

2

    still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

(iii) Any Committee Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months.

(iv) All Monthly Fee Statements shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and General Order M-447.

(v) Except as otherwise permitted by a Retention Order or another order of the Court, each Monthly Fee Statement shall contain a list of the individuals who provided services during the period covered by the Monthly Fee Statement, their respective titles (*e.g.*, attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour unless otherwise ordered by the Court.[1]

(vi) Each Notice Party will have fourteen (14) days after service of a Monthly Fee Statement (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (vii) below. At the expiration of the Objection Deadline, the Debtor shall pay, within five (5) business days, the applicable Professional an amount (the "Actual Monthly Payment") equal to the lesser of (a) 80% of the fees and 100% of the expenses requested in the Monthly Fee Statements (the "Maximum Monthly Payment") and (b) 80% of the fees and 100% of the expenses not subject to an unresolved objection pursuant to subparagraph (vii) below.

(vii) If any Notice Party objects to a Committee Professional's Monthly Fee Statement, it must, on or before the expiration of the Objection Deadline, file with the Court and serve on such Committee Professional and each other Notice Party a written objection (an "Objection") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees or expenses, including the amount of such objected to fees or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Committee Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within fourteen (14) days after service of the Objection,

---

[1] For the avoidance of doubt, the GDR Retention Order authorizes Global Data Risk LLC professionals to maintain their time entries in half-hour increments, and such shall apply to all Global Data Risks LLC's fee applications.

3

the affected Committee Professional may either: (a) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Committee Professional (the "Incremental Amount") or (b) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection, if requested by the Committee Professional subject to the Objection.

(viii) With respect to the first four-month period from the Petition Date through April 30, 2024, and each subsequent four-month period, each Committee Professional may file with the Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim allowance of compensation and reimbursement of expenses sought in the Monthly Fee Statements filed during each such four-month period (the "Interim Fee Period") pursuant to Bankruptcy Code section 331. The Interim Fee Application must identify the covered Monthly Fee Statements and include any other information requested by the Court or required by the applicable Local Rules. Interim Fee Applications, if any, shall be filed with the Court and served on the Notice Parties within forty-five (45) days after the end of the applicable Interim Fee Period or as soon as reasonably practicable thereafter. Each Committee Professional shall file its first Interim Fee Application, if any, on or before June 14, 2024 or as soon as reasonably practicable thereafter, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including April 30, 2024. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected Committee Professional and the Notice Parties so as to be received on or before the fourteenth (14th) day (or the next business day if such day is not a business day) following service of the Interim Fee Application.

(ix) If any Interim Fee Applications are filed, the Committee shall request that the Court schedule a hearing on Interim Fee Applications at least once every four (4) months or at such other intervals as the Court deems appropriate. Upon allowance by the Court of a Committee Professional's Interim Fee Application, the Debtor shall pay, within (5) business days, such Committee Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(x) The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Committee Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

(xi) Neither (a) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures nor (b) the filing of or the failure to file an

4

    Objection to any Monthly Fee Statement or Interim Fee Application will bind the Court with respect to the allowance of interim or final applications for compensation for services and reimbursement of expenses of Committee Professionals. All fees and expenses paid to Committee Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

(xii) Each member of the Committee is permitted to submit statements of expenses incurred in the performance of the duties of the Committee and supporting vouchers to the Committee's counsel, which counsel may, in accordance with the foregoing procedures for compensation and reimbursement of Committee Professionals, collect and submit for approval such statements of expenses and supporting vouchers in Interim Fee Applications.

(xiii) Professionals shall file final applications for compensation and reimbursement (collectively, the "Final Fee Applications") by such deadline as may be established in a confirmed chapter 11 plan or in an order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable orders of the Court.

(xiv) Copies of all Monthly Fee Statements, Interim Fee Applications, Final Fee Applications and notices of any hearings thereon (each a "Hearing Notice") must be served upon the Notice Parties and all other parties that have requested service of fee applications in this chapter 11 case. Notice given in accordance with this paragraph (xiv) shall be deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

3. The Debtor and the Committee are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order.

4. The Debtor shall include all payments to professionals (retained by him or the Committee, in each case, pursuant to an order of the Court) on his monthly operating reports, detailed so as to state the amount paid to each such professional.

5. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Date: _____, 2024
New York, New York

                                      THE HONORABLE SEAN H. LANE
                                      UNITED STATES BANKRUPTCY JUDGE

6