Hearing Date and Time: July 10, 2024 at 11:00 a.m. (prevailing Eastern Time)
Objection Deadline: July 3, 2024 at 4:00 p.m. (prevailing Eastern Time)

AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Counsel to the Official Committee of*
*Unsecured Creditors of Rudolph W. Giuliani*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **RUDOLPH W. GIULIANI** | : Case No. 23-12055 (SHL) |
| a/k/a RUDOLPH WILLIAM GIULIANI, | : |
| | : |
| **Debtor.** | : |
----------------------------------------------------------------x

**NOTICE OF HEARING**
**ON MOTION OF GLOBAL DATA RISK LLC FOR**
**LEAVE TO REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL**
**INFORMATION RELATED TO GLOBAL DATA RISK LLC'S FEE APPLICATIONS**

**PLEASE TAKE NOTICE** that on June 6, 2024, Global Data Risk LLC, as specialized forensic financial advisor to the Official Committee of Unsecured Creditors appointed in the chapter 11 case of the above-captioned debtor and debtor in possession filed the *Motion of Global Data Risk LLC for Leave to Redact and File Under Seal Certain Confidential Information Related to Global Data Risk LLC's Fee Applications* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion (the "Hearing") will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "Court"), 300 Quarropas Street, White Plains, New York 10601, on **July 10, 2024 at 11:00 a.m.** (**prevailing Eastern Time**). Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, must make an electronic appearance (an "eCourt Appearance") through the Court's website at *https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl*. eCourt Appearances must be made by **July 9, 2024 at 4:00 p.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of this chapter 11 case by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at *http://www.nysb.uscourts.gov*); and (d) be served so as to be actually received by the Court and GDR no later than **July 3, 2024 at 4:00 p.m. (prevailing Eastern Time).**

**PEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter an order granting the relief requested by GDR. If no responses or objections are timely filed and served with respect

2

to the Motion, GDR may submit to the Court an order substantially in the form of the proposed order attached to the Motion as Exhibit A, which order may be entered with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in this chapter 11 case may be obtained by visiting the Court's website at *http://www.nysb.uscourts.gov* in accordance with the procedures and fees set forth therein.

| | |
|---|---|
| Dated: June 6, 2024<br>New York, New York | By: */s/ Philip C. Dublin*<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Abid Qureshi<br>One Bryant Park<br>New York, New York 10036<br>Tel:    (212) 872-1000<br>Fax:   (212) 872-1002<br>Email: idizengoff@akingump.com<br>            pdublin@akingump.com<br>            aqureshi@akingump.com<br><br>- and -<br><br>Rachel Biblo Block (admitted *pro hac vice*)<br>2300 N. Field St., Suite 1800<br>Dallas, Texas 75201<br>Tel:    (214) 969-2800<br>Fax:   (214) 969-4343<br>Email: rbibloblock@akingump.com<br><br>*Counsel to the Official Committee of*<br>*Unsecured Creditors of Rudolph W. Giuliani* |

3

Hearing Date and Time: July 10, 2024 at 11:00 a.m. (prevailing Eastern Time)
Objection Deadline: July 3, 2024 at 4:00 p.m. (prevailing Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                                        :    Chapter 11
                                                              :
**RUDOLPH W. GIULIANI**                                       :    Case No. 23-12055 (SHL)
a/k/a **RUDOLPH WILLIAM GIULIANI**,                           :
                                                              :
         **Debtor.**                                          :
---------------------------------------------------------------x

## MOTION OF GLOBAL DATA RISK LLC FOR LEAVE TO REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION RELATED TO FEE APPLICATIONS

Global Data Risk LLC ("GDR"), as specialized forensic financial advisor to the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of Rudolph W. Giuliani a/k/a Rudolph William Giuliani (the "Debtor"), hereby files this motion (this "Motion"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), permitting GDR to redact and file under seal the names of certain employees (the "Confidential Information") in GDR's Fee Applications (as defined below). In support of this Motion, GDR respectfully states as follows:

**JURISDICTION AND VENUE**

1.  The United States Bankruptcy Court for the Southern District of New York (this "Court") has jurisdiction over this Sealing Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York entered February 1, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and GDR confirms its consent to the Court's entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent

consent of GDR, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The legal bases for the relief requested herein are Bankruptcy Code sections 105(a) and 107(b), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Bankruptcy Rules").

**BACKGROUND**

4.  On December 21, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of his property and is managing his affairs as a debtor and debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On May 28, 2024, the Committee (as defined below) filed a motion for entry of an order directing the immediate appointment of a trustee pursuant to 11 U.S.C. § 1104 [Docket No. 233].

5.  On January 12, 2024, the Committee was appointed by the United States Trustee for the Southern District of New York (the "U.S. Trustee") [Docket No. 46]. On January 16, 2024, the Committee selected Akin Gump Strauss Hauer & Feld LLP as its counsel. On February 9, 2024, the Committee selected GDR as its specialized forensic financial advisor.

6.  On March 20, 2024, the Committee filed an application to retain and employ GDR [Docket No. 150], and on April 19, 2024, the Court entered an order approving GDR's retention [Docket No. 189].

7.  The Committee is filing a motion for entry of an order establishing interim compensation procedures (the "Interim Compensation Motion") contemporaneously herewith,

5

pursuant to which the Committee requests that Committee Professionals (as defined in the Interim Compensation Motion) be permitted to file Monthly Fee Statements, Interim Fee Applications and Final Fee Applications (each as defined in the Interim Compensation Motion) for compensation and reimbursement of expenses. Pursuant to the Interim Compensation Motion, the Monthly Fee Statements, Interim Fee Applications and Final Fee Applications (collectively, the "Fee Applications") will consist of statements or applications, as applicable, which will append the relevant time entry and description and expense detail, which detail necessarily will include timekeepers' names.

## RELIEF REQUESTED

8.      By this Motion, GDR requests entry of the Proposed Order: (i) allowing GDR to redact and file under seal the names of certain employees in GDR's Fee Applications; and (ii) granting related relief.

## BASIS FOR RELIEF

9.      The Bankruptcy Code provides strong support for redacting and filing the Confidential Information under seal. Bankruptcy Code section 107(b)(1) authorizes this Court to issue an order that will protect entities from the potential harm that may result from the disclosure of certain confidential information. The statute provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1). Bankruptcy Rule 9018 further provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

6

Fed. R. Bankr. P. 9018.

10. The Second Circuit has recognized that Bankruptcy Code section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Under this exception, an interested party must show only that that information it wishes to seal is "'confidential' and 'commercial' in nature." *Id.* Commercial information need not rise to the level of a trade secret to be protected under Bankruptcy Code section 107(b). *See id.* at 28. Nor does obtaining protection under Bankruptcy Code section 107(b) require the requesting party to show "good cause" for the relief sought. *See id.*

11. Once a court determines that a party in interest is seeking to protect from public disclosure information that falls within the ambit of Bankruptcy Code section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id.* at 27. Moreover, courts within the Second Circuit have held that a sealing order should be broad, specifically permitting "any order which justice requires." *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018.

12. Here, GDR seeks to redact the names of five employees (the "<u>Subject Employees</u>") in its Fee Applications in order to protect their identities. The Subject Employees play a critical role in GDR's asset tracing and investigation services, and, to be effective in their roles, they must be able to build trust with contacts, including by maintaining confidentiality. Accordingly, GDR, as a matter of regular course, takes steps to protect the identities of the Subject Employees, including by not listing the Subject Employees publicly on GDR's website. Indeed, if the names of the Subject Employees are disclosed, the Subject Employees' ability to do their jobs effectively could be jeopardized—particularly in light of the high profile and politicized nature of this chapter 11 case. Moreover, the Subject Employees live and/or frequently work abroad, including in

7

Eastern Europe, the Middle East and the Caribbean, and their physical safety conceivably could be compromised if their identities are made public.

13. GDR proposes to redact only the Confidential Information (*i.e.*, the Subject Employees' names); the Fee Applications will otherwise be available to the public, so the relief requested herein is narrowly tailored to protect the Subject Employees' safety and ability to continue doing their jobs. GDR requests that, upon entry of the Proposed Order, the Confidential Information remain under seal until further order of the Court and not be made available to anyone other than the U.S. Trustee or any other party as may be agreed to by GDR or required by further order of the Court. Pursuant to the Proposed Order, GDR shall contact the Court to ensure the return or disposition of GDR's sealed Fee Applications as soon as practicable following the effective date of any chapter 11 plan in this chapter 11 case or any successor case or, as applicable, upon dismissal of, or other resolution to, the chapter 11 case.

14. As a result, this Motion complies with Local Rule 9018-1, which requires that a motion to seal include: (i) the grounds for sealing; (ii) the identity of any parties who will have access to the sealed documents; (iii) the duration of the seal; (iv) the time when the movant will either unseal or retrieve the sealed documents; (v) a redacted copy of the documents redacting in good faith only the portions necessary to preserve confidentiality; and (vi) a proposed order that contains language indicating that the order is without prejudice to the rights of any party in interest, or the U.S. Trustee, to see to unseal the documents or any part thereof. Local Rule 9018-1(b); *see also* Proposed Order.

15. Accordingly, GDR respectfully requests that it be permitted to redact the Confidential Information in all of its Fee Applications and file under seal with the Court unredacted copies of GDR's Fee Applications.

## **NOTICE**

16.   Notice of this Motion has been provided to: (i) the U.S. Trustee; (ii) bankruptcy counsel to the Debtor; and (iii) all parties requesting notice under Bankruptcy Rule 2002. Due to the nature of the relief requested herein, GDR submits that no other or further notice need be provided.

## CONCLUSION

**WHEREFORE**, GDR respectfully requests that the Court (i) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A** and (ii) grant GDR such other and further relief as is just, proper and equitable.

Dated: June 6, 2024

                                       */s/ Brian Ebert*
                                       Brian Ebert
                                       Director
                                       Global Data Risk, LLC

                                       *Specialized Forensic Financial Advisor to the Official Committee of Unsecured Creditors of Rudolph W. Giuliani*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re: : Chapter 11
:
RUDOLPH W. GIULIANI : Case No. 23-12055 (SHL)
a/k/a RUDOLPH WILLIAM GIULIANI, :
:
Debtor. :
-----------------------------------------------------------------x

ORDER GRANTING
MOTION OF GLOBAL DATA RISK LLC FOR
LEAVE TO REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL
INFORMATION RELATED TO GLOBAL DATA RISK LLC'S FEE APPLICATIONS

Upon the motion (the "Motion")[1] of Global Data Risk LLC ("GDR"), as forensic financial advisor to the Official Committee of Unsecured Creditors of Rudolph W. Giuliani (the "Debtor"), for entry of an order (this "Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), granting GDR leave to redact and file under seal certain Confidential Information in GDR Fee Applications; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York entered February 1, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, his creditors and other parties in interest; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is granted.

2. GDR is authorized to file all of its Fee Applications, including any exhibits thereto, that contain Confidential Information under seal.

3. All Confidential Information filed under seal pursuant to this Order shall remain under seal until further order of the Court.

4. The unredacted versions of GDR's fee applications shall not be made available to anyone other than the U.S. Trustee or any other party as may be agreed to by GDR or required by further order of the Court.

5. To the extent Confidential Information in GDR's Fee Applications is referenced in any future filings by any party granted access to the Confidential Information in the sealed Fee Applications under paragraph 4 of this Order, the party shall also file such portions of its future filings referencing the Confidential Information under seal, consistent with paragraph 2 of this Order.

6. GDR shall contact the Clerk's Office regarding the return or disposition of GDR's sealed Fee Applications as soon as practicable following the effective date of any chapter 11 plan in the above-captioned chapter 11 case or any successor case or, as applicable, upon dismissal of, or other resolution to, the chapter 11 case.

7. This Order is without prejudice to the rights of any party in interest or the U.S. Trustee to seek to unseal GDR's Fee Applications.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by such notice.

9. GDR is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. This Court retains exclusive jurisdiction with respect to all matters arising from, or related to, the implementation, interpretation and enforcement of this Order.

Dated: _____, 2024
New York, New York

        THE HONORABLE SEAN H. LANE
        UNITED STATES BANKRUPTCY JUDGE