UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                           Chapter 11

RUDOLPH W. GIULIANI a/k/a RUDOLPH                 Case No. 23-12055-SHL
WILLIAM GIULIANI
                                    Debtor.
------------------------------------------------------------x

## ORDER AUTHORIZING AND APPROVING THE DEBTOR'S RETENTION OF SOTHEBY'S INTERNATIONAL REALTY AS ITS REAL ESTATE BROKER

Upon the application (the "Application") of Rudolph W. Giuliani, also known as Rudolph William Giuliani (the "Debtor"), seeking authority to retain Sotheby's International Realty ("Sotheby's") as the Debtor's real estate broker pursuant to 11 U.S.C. §§327(a) and 328, and applicable Bankruptcy Rules, together with the Declaration submitted by Marissa Ghesquiere on behalf of Sotheby's (the "Boardman Declaration"); and the Court being satisfied that the retention of Sotheby's is a sound exercise of business judgment and otherwise in the best interests of the Debtor's estate; it is hereby

**ORDERED**, that pursuant to Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rule 2014, and Local Rule 2014-1, the Debtor is authorized and approved to retain Sotheby's International Realty, as his broker, effective as of May 8, 2024, to market and sell the Debtor's apartment at 45 E. 66th Street, Apt. 10W, New York, New York (the "Residence") in accordance with this Order and the terms and conditions set forth in the listing agreement attached to the Application as Exhibit A (the "Listing Agreement"), as modified herein, to market and facilitate a potential sale of the Residence; and, it is further

**ORDERED**, that Sotheby's shall file a final fee application for allowance of its compensation and expenses pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy

Rules, the Local Rules, and in accordance with the terms of the Listing Agreement, as modified herein; and it is further

**ORDERED**, that the commission set forth in the Listing Agreement of four (4%) percent of the total purchase price for a direct sale involving no cooperating broker and five (5%) of the total purchase price, with a 2.5% commission paid to Ms. Boardman and 2.5% commission paid to a cooperating broker if there is a cooperating broker is hereby approved and may be paid only upon further Order of this Court approving a sale of the Residence; and it is further

**ORDERED**, that Sotheby's shall not be required to file monthly fee statements or maintain time records; *provided, however*, that Sotheby's shall file with its fee application, a declaration in connection with the sale or other disposition of the Residence setting forth, among other things, the compensation earned by Sotheby's; notwithstanding anything herein to the contrary, the U.S. Trustee shall retain all rights to object to Sotheby's fee application on any ground, including reasonableness pursuant to Bankruptcy Code section 330; and it is further

**ORDERED**, that upon receipt of any offer to acquire the Residence, Sotheby's, having received the Debtor's full permission to do, shall provide counsel for the Official Committee of Unsecured Creditors such offer, in full form, and all related documents substantially contemporaneously with such offering being provided to the Debtor and, in each case, no later than one (1) calendar day following receipt of such offer; *provided, however*, such offer, in full form, and all related documents must be provided to counsel for the Official Committee of Unsecured Creditors before any decision is made to accept, reject or counter the offer and any communication takes place regarding such decision with the party who provided the offer; and it is further

**ORDERED**, that at least once a week, with such reporting to beginning on the Thursday following entry of this Order, Sotheby's, with the full consent of the Debtor, shall provide an update, which update may be in the form of an e-mail, to the Debtor's counsel and counsel for the Official Committee of Unsecured Creditors regarding all activity related to the Residence, including, without limitation, showings, open houses, outreach, in-bound inquiries and any other information related to the sale of the Residence; and it is further

**ORDERED**, that Sotheby's shall not be entitled to be reimbursed for expenses incurred for third-party consultants, other than by separate order of the Court; and, it is further

**ORDERED**, that in the event of any inconsistency between the Listing Agreement, the Application, and this Order, this Order shall govern; and, it is further

**ORDERED**, that upon the closing of any sale of the Residence, Sotheby's commission as set forth in this Order shall be held by Debtor's counsel or such other entity as approved by Order of the Court, pending approval of Sotheby's final fee application and payment of Sotheby's commission as approved by this Court; and it is further

**ORDERED**, that this Order shall apply to the Debtor's successors, including any trustee appointed by this Court; and it is further

**ORDERED**, that notwithstanding the foregoing, or anything to the contrary in the Listing Agreement, Sotheby's shall not be paid any amounts in connection with the sale of the Residence without an order from the Court approving: (1) the sale of the Residence; and (2) any proposed payment to Sotheby's; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated: June 7, 2024
       White Plains, New York

                                              */s/ Sean H. Lane*
                                              United States Bankruptcy Judge