WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2
U.S. Department of Justice
Office of the United States Trustee
Alexander Hamilton U.S. Custom House
One Bowling Green
New York, NY 10004
Tel. (212) 510-0500
andrea.b.schwartz@usdoj.gov
By:    Andrea B. Schwartz, Esq.
       Trial Attorney

<u>**Hearing Date and Time:**</u>
**June 17, 2024, at 11:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- X

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| RUDOLPH W. GIULIANI, a/k/a, | : | Case No. 23-12055 (SHL) |
| RUDOLPH WILLIAM GIULIANI, | : | |
| | : | |
| Debtor. | : | |
| | : | |

--------------------------------------------------------- X

## STATEMENT OF THE UNITED STATES TRUSTEE CONCERNING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF RUDOLPH W. GIULIANI FOR ENTRY OF AN ORDER DIRECTING THE IMMEDIATE <u>APPOINTMENT OF A TRUSTEE PURSUANT TO 11 U.S.C. § 1104</u>

William K. Harrington (the "U.S. Trustee"), the United States Trustee for Region 2, respectfully submits this statement (the "Statement") concerning the motion of the Official Committee of Unsecured Creditors (the "UCC" or "Committee") requesting the immediate appointment of a chapter 11 trustee in the bankruptcy case of Rudolph Giuliani (the "Debtor").

### FACTS

1.      On December 21, 2023 (the "Petition Date"), the Debtor filed a voluntary petition commencing his bankruptcy case under chapter 11 of the Bankruptcy Code. ECF No. 1.

2.      Since the Petition Date, the Debtor has continued to operate his non-debtor businesses and manage his properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On May 28, 2024, the Official Committee of Unsecured Creditors (the "Committee") filed a motion seeking the immediate appointment of chapter 11 trustee pursuant to section 1104 of the Bankruptcy Code (the "Trustee Motion"). ECF No. 233.

4.      Contemporaneously with the filing of the Trustee Motion, the Committee submitted a proposed form of order (the "Proposed Order"). Trustee Motion, at Ex. A.

5.      The Proposed Order contains the following provisions:

> 2.  The U.S. Trustee, after consultation with the Committee, is directed to immediately appoint, subject to Court approval, one disinterested person as a chapter 11 trustee for the Debtor.
>
> ***
>
> 4.  The chapter 11 trustee shall (i) take control of the companies in which the Debtor holds a controlling ownership interest (the "Debtor-Owned Companies"); (ii) be appointed as the sole manager, member, director and officer, as applicable, of each of the Debtor-Owned Companies; and (iii) succeed to the powers of the current managers, members, directors, officers and any such other governing bodies of the Debtor-Owned Companies, including, without limitation, any positions held by the Debtor in any capacity, which powers and authority shall include, without limitation: (a) managing and overseeing all day-to-day operations of the Debtor Owned Companies, (b) managing all ongoing financial obligations of the Debtor-Owned Companies and (c) performing such other actions as may be necessary or required of the chapter 11 trustee in order to fulfill his or her obligations under the Bankruptcy Code and the Bankruptcy Rules.
>
> 5.  The Debtor and any other individual or entity in possession of the Debtor's records and property, including, without limitation, the employees of the Debtor-Owned Companies, shall (i) cooperate with the chapter 11 trustee in all respects, including, without limitation, in furtherance of paragraph 4 of this Order

2

and (ii) immediately turn over to the chapter 11 trustee all
records and property of the estate in their possession or control
as directed by the chapter 11 trustee.

## STATEMENT

The U.S. Trustee takes no position regarding the Committee's request for the appointment

of a chapter 11 trustee in this case. Should the Court grant the relief that the Committee seeks,

however, the Court should not adopt all the provisions in the Proposed Order for the following

reasons:

*Proposed Order, Paragraph 2*

Section 1104(d) of the Code sets forth the process that the U.S. Trustee must employ if the

Court directs the appointment of a chapter 11 trustee. 11 U.S.C. § 1104(d). Specifically, section

1104(d) requires that the U.S. Trustee:

> … after consultation with parties-in-interest, shall appoint, subject
> to the court's approval, one disinterested person other than the
> United States trustee to serve as trustee …

11 U.S.C. § 1104(d). In contrast to the language of section 1104(d), paragraph 2 of the Proposed

Order provides that the U.S. Trustee must "immediately" appoint a trustee "upon consultation with

the Committee." Proposed Order at ¶ 2. As set forth above, the Code requires the U.S. Trustee to

consult with parties-in-interest. The Court should not impose consulting duties upon the U.S.

Trustee that stray from the specific provisions of the Code. The U.S. Trustee takes his

responsibilities under this and every statutory provision in the Code seriously and as such, the U.S.

Trustee will consult with parties-in-interest prior to appointing one disinterested person to serve

as the chapter 11 trustee.

Further, Section 1104 does not impose a time limitation upon which the U.S. Trustee must

appoint a chapter 11 trustee and nor should this Court. The proposed Order, however, directs the

U.S. Trustee to appoint a chapter 11 trustee **immediately**. Proposed Order at ¶ 2 (emphasis added).

Again, the U.S. Trustee vigorously exercises his responsibilities under Section 1104. While the

U.S. Trustee always acts to appoint without delay, the Committee's request for inclusion of a

provision directing the U.S. Trustee to make an "immediate" appointment—a requirement not in

the Code—should be rejected.

Accordingly, Paragraph 2 of the Proposed Order should be modified to conform to the

Code and Rules.

*Proposed Order, Paragraphs 4 and 5*

A chapter 11 trustee assumes management and control of a bankruptcy estate from the

debtor and serves as a fiduciary responsible to the various parties-in-interest in the case pursuant

to the provisions of the Code. In doing so, the chapter 11 trustee will be expected to—and will—

exercise his or her independent business and professional judgment. The Proposed Order, however,

seeks to vitiate the independent business judgment of the chapter 11 trustee by mandating—even

before the trustee has an opportunity to conduct even the most cursory of investigations—that:

> 4. The chapter 11 trustee shall (i) take control of the companies
> in which the Debtor holds a controlling ownership interest
> (the "Debtor-Owned Companies"); (ii) be appointed as the
> sole manager, member, director and officer, as applicable, of
> each of the Debtor-Owned Companies; and (iii) succeed to
> the powers of the current managers, members, directors,
> officers and any such other governing bodies of the Debtor-
> Owned Companies, including, without limitation, any
> positions held by the Debtor in any capacity, which powers
> and authority shall include, without limitation: (a) managing
> and overseeing all day-to-day operations of the Debtor
> Owned Companies, (b) managing all ongoing financial
> obligations of the Debtor-Owned Companies and (c)
> performing such other actions as may be necessary or
> required of the chapter 11 trustee in order to fulfill his or her
> obligations under the Bankruptcy Code and the Bankruptcy
> Rules.

4

*See* Proposed Order at ¶ 4. These expansive provisions leave little room for any chapter 11 trustee appointed to exercise his or her independent business judgment. Instead, the chapter 11 trustee is instructed to control, manage, and oversee all Debtor-Owned Companies without question. Of even more concern is that, should the Proposed Order be approved by the Court, the chapter 11 trustee may be subjected to potential liabilities (i) without the benefit of the trustee having had the opportunity to even begin to investigate these "Debtor-Owned Companies" in which the Debtor has a "controlling ownership interest" and (ii) without having obtained a bond. With respect to a bond, Rule 2008 provides that the trustee must obtain a bond as security for the estate's assets. Fed. R. Bankr. P. 2008. If the Proposed Order were approved and the trustee was ordered to take control of the Debtor-Owned Companies, the chapter 11 trustee would be obligated to secure a bond to secure the assets of all of those companies. But at this juncture it is not clear what assets— tangible or intangible—the Debtor-Owned Companies may have, and the trustee will not know if a bond is necessary until the trustee has an opportunity to investigate. Accordingly, Paragraph 4 should not be included in any instructions as to how the trustee should conduct his or her obligations and duties prior to his or her appointment in this case.

Similarly, the provisions of Paragraph 5 should also be rejected. The provisions of this paragraph direct that any individual or entity in possession of the Debtor's records and property must immediately turn over to the chapter 11 trustee all records and property of the estate in their possession or control. However, the chapter 11 trustee should have an opportunity to determine in the exercise of his or her independent business and professional judgment what documents may be of value to the chapter 11 trustee as well as an opportunity to determine whether discovery— formal or informal—should be taken. Paragraph 5 provides no ability for the trustee to exercise that judgment, nor for any due process to be afforded to individuals or entities in possession of

documents that arguably belong to the Debtor. Should the chapter 11 trustee determine in the exercise of his or her independent judgment that documents are necessary, he or she will proceed in the ordinary course to obtain such documents. These specific provisions are not necessary.

For all these reasons, the U.S. Trustee respectfully requests that should the Court direct the appointment of a trustee, an appropriate order that complies with the Code and Rules be entered.

Dated: New York, New York
June 10, 2024

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:    /s/ Andrea B. Schwartz
Andrea B. Schwartz
Trial Attorney