Rachel C. Strickland
Aaron E. Nathan
James H. Burbage
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
rstrickland@willkie.com
anathan@willkie.com
jburbage@willkie.com

Michael J. Gottlieb
Meryl Governski (admitted *pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
mgottlieb@willkie.com
mgovernski@willkie.com

Von A. DuBose (*pro hac vice* forthcoming)
DUBOSE MILLER LLC
75 14th Street NE
Suite 2110
Atlanta, GA 30309
Telephone: (404) 720-8111
dubose@dubosemiller.com

Rachel Goodman
John Langford
UNITED TO PROTECT DEMOCRACY
82 Nassau Street, #601
New York, NY 10038
Telephone: (202) 579-4582
rachel.goodman@protectdemocracy.org
john.langford@protectdemocracy.org

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RUDOLPH W. GIULIANI<br>a/k/a RUDOLPH WILLIAM GIULIANI<br><br>              Debtor. | Chapter 11<br><br>Case No. 23-12055 (SHL) |

### JOINDER OF RUBY FREEMAN AND WANDREA' ARSHAYE MOSS
### TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
### CREDITORS OF RUDOLPH W. GIULIANI FOR ENTRY OF AN ORDER DIRECTING
### THE IMMEDIATE APPOINTMENT OF A TRUSTEE PURSUANT TO 11 U.S.C. § 1104.

Ms. Ruby Freeman and Ms. Wandrea' ArShaye "Shaye" Moss (the "Freeman Plaintiffs"),

as creditors and parties-in-interest of Mr. Rudolph W. Giuliani a/k/a Rudolph William Giuliani

(the "Debtor"), by and through their undersigned counsel, hereby submit this joinder to the *Motion*

*of the Official Committee of Unsecured Creditors of Rudolph W. Giuliani for Entry of an Order*

*Directing the Immediate Appointment of a Trustee Pursuant to 11 U.S.C. § 1104* (the "Trustee

Appointment Motion") [Docket No. 233].[1]

## JOINDER

1.      The Freeman Plaintiffs have never believed that Mr. Giuliani intended to approach

his chapter 11 case in good faith.  Approximately six months into this case, that conclusion is

prescient.  As detailed in the Trustee Appointment Motion, Mr. Giuliani has spent his time in

chapter 11 grossly mismanaging his estate, not complying with deadlines, and refusing to move

this case forward.  Put simply, Mr. Giuliani's conduct has unquestionably demonstrated the type

dishonestly, incompetence, and gross mismanagement that constitutes "cause" under section 1104

of the Bankruptcy Code and merits the appointment of a chapter 11 trustee.

2.      Perhaps the most galling example of Mr. Giuliani's gross mismanagement of his

estate is his post-petition conduct towards the Freeman Plaintiffs.  After filing for bankruptcy, Mr.

Giuliani repeatedly made the same types of defamatory comments about the Freeman Plaintiffs

that resulted in the judgment of approximately $145,900,000 (plus attorneys' fees) that precipitated

this case.  In response to these comments, the Freeman Plaintiffs filed administrative expense

claims and initiated an adversary proceeding seeking to permanently enjoin Mr. Giuliani from

making similar comments in the future, thereby further eroding the value that could be distributed

to creditors (the "Permanent Injunction").  *See* Claim Nos. 8, 9; *Freeman, et al. v. Giuliani*, Adv.

Pro. No. 24-01320 (SHL) (Bankr. S.D.N.Y. Feb. 23, 2024).  While Mr. Giuliani ultimately

consented to the Permanent Injunction, the damage to his estate has been done.  To state the

---

[1]    Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Trustee
Appointment Motion.

2

obvious, these types of comments directly conflict with Mr. Giuliani's duty to maximize value for his creditors.

3.      In his opposition papers to the Trustee Appointment Motion, Mr. Giuliani does not even acknowledge his post-petition comments about the Freeman Plaintiffs. *See* Docket No. 250 (the "Objection").  Instead, the Objection yet again tries to convince this Court that appealing the Freeman Judgment is the best way to advance this chapter 11 case.  Indeed, the Objection takes the highly unusual (and unrequested) step of attaching a "preliminary, appellant brief."  *See* Objection, Exhibit A.  Of course, the Court denied Mr. Giuliani's request to appeal the Freeman Judgment and determined that strategy would not advance this chapter 11 case forward.  The Debtor's inability to move past this strategy only further underscores why an independent trustee should be appointed.  Accordingly, for these reasons, and other reasons set forth therein, the Freeman Plaintiffs urge the Court to approve the Trustee Appointment Motion.

*[Remainder of Page Left Intentionally Blank]*

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Freeman Plaintiffs join the Committee's

Motion and respectfully request that the Court order the immediate appointment of a chapter 11

trustee for the Debtor.

Dated: June 13, 2024

By: */s/ Rachel C. Strickland*

Rachel C. Strickland
Aaron E. Nathan
James H. Burbage
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
rstrickland@willkie.com
anathan@willkie.com
jburbage@willkie.com

Michael J. Gottlieb
Meryl C. Governski (admitted *pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
mgottlieb@willkie.com
mgovernski@willkie.com

Von A. DuBose (*pro hac vice* forthcoming)
DUBOSE MILLER LLC
75 14th Street NE
Suite 2110
Atlanta, GA 30309
Telephone: (404) 720-8111
dubose@dubosemiller.com

Rachel Goodman
John Langford
UNITED TO PROTECT DEMOCRACY
82 Nassau Street, #601
New York, NY 10038
Telephone: (202) 579-4582
rachel.goodman@protectdemocracy.org
john.langford@protectdemocracy.org