Berger, Fischoff, Shumer,
Wexler & Goodman, LLP
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
Heath S. Berger, Esq.
Gary C. Fischoff, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                    Chapter 11

RUDOLPH W. GIULIANI                                       Case No: 23-12055
a/k/a RUDOLPH WILLIAM GIULIANI

                      Debtor
-----------------------------------------------------------X

### DEBTOR'S APPLICATION FOR AN ORDER FURTHER EXTENDING DEBTOR'S EXCLUSIVE PERIODS DURING WHICH DEBTOR MAY FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO 11 U.S.C. § 1121

TO:   HONORABLE SEAN H. LANE
      UNITED STATES BANKRUPTCY JUDGE

Rudolph W. Giuliani, the debtor and debtor-in-possession (the "Debtor"), by and through his attorneys, Berger, Fischoff, Shumer, Wexler & Goodman, LLP, respectfully submits this as and for the Debtor's application (the "Application") seeking entry of an Order, substantially in the form of the proposed Order annexed hereto, further extending the Debtor's exclusive period during which the Debtor may file a plan and solicit acceptances thereof pursuant to Section 105 (a) and 1121 (d)(1) of Title 11 of the United States Code (the "Bankruptcy Code"), and states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. §§ 157(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1408, et seq.

## BACKGROUND

2. The Debtor commenced a voluntary petition for relief from its creditors under Chapter 11 of the Bankruptcy Code on December 21, 2023.

3. The Debtor continues to manage and operate its business as a debtor-in-possession under Bankruptcy Code Sections 1107(a) and 1108. An Official Committee of unsecured creditors was appointed on January 12, 2024. As of the date of this motion no trustee or examiner has been appointed in this case[1].

4. The Debtor is an individual who currently resides at 316 South Lake Drive, Palm Beach, Florida 33480. The Debtor broadcasts a podcast as his sole sources of earned income.

5. The Debtor's assets consists primarily of a New York City co-op (which is up for sale[2]) and a Florida condominium and affiliated entities from which he conducts his broadcasts.

6. The Debtor's liabilities consists of various unliquidated claims by way of various lawsuits and a judgment for defamation in an amount in excess $148,000,000.00 arising from the case entitled "Freeman v. Giuliani" pending in Federal District Court for Washington D.C.

7. On February 20, 2024 the Court entered an order allowing the Debtor's special litigation counsel Joseph Sibley of Camara & Sibley, LLP to file a motion for a new trial and also file a notice of appeal in the Freeman case. The post trial motions were filed and denied. A notice of appeal has been filed but this Court has not authorized the Debtor to perfect the appeal.

8. A motion for summary judgment was filed on April 5, 2024 by the Freeman parties requesting an order finding the judgment to be a non-dischargeable debt pursuant to Section

---

[1] The creditors committee filed a motion on May 28, 2024 seeking the appointment of a chapter 11 trustee. It is returnable on June 17, 2024.
[2] On June 7, 2024 the Court entered an order authorizing and approving the retention of Sotheby's International as the real estate broker to sell the New York City co-op.

523(a)(6) of the Bankruptcy Code . The motion has been fully briefed by the parties. A hearing on the motion is currently scheduled for July 10, 2024.

9. The committee has been conducting an extensive and wide ranging discovery process. They have issued at least twenty eight subpoenas so far. It has served numerous subpoenas and document demands to a widening group of persons both inside and outside of the Debtor's orbit. The committee has not disclosed whether the discovery efforts have uncovered any additional potential assets for the estate.

10. On June 11, 2024 the Court entered an order on the Debtor's first motion to extend the Debtor's exclusivity to file a plan until June 18, 2024 and an extension to solicit acceptances until August 17, 2024. By this motion the Debtor is requesting a second extension for an additional sixty days until August 17, 2024 and a corresponding 60 days from August 18, 2024 until October 17, 2024 to solicit acceptances of a plan.

## RELIEF REQUESTED

11. The Debtor requires an additional extension of time because the pieces to prepare and file a plan have not fallen into place. The Debtor has been criticized for his financial reporting. He has been improving his reporting and is continuing those efforts. It has been a difficult path because he has been unable to find an accounting professional willing to assist.

12. Additionally, the Debtor intends to renew his request for authority to perfect the appeal in the Freeman case. The Debtor wholeheartedly believes a final outcome on the appeal would have a fundamental impact on the course of the case. As disclosed in the Debtor's opposition to Committee's motion to appoint a Trustee, the Debtor believes that the appeal would be successful and is not some pie in the sky pipe dream, but is grounded in solid legal analysis.

13. The Debtor has also obtained approval and authority to have Sotheby's International as its real estate broker to sell the New York apartment. Some of the delay on obtaining final approval is attributed to the various parties input into the retention. Now that is has been resolved the apartment is formally listed on the market. The amount of money the sale would yield is still unknown pending an accepted offer.

14. Finally the pending motion to appoint a Trustee casts a long shadow over the direction of the case – and in the event the extension is granted, it would not prejudice the Committee's request for the appointment of a Trustee because Section 11211(c)(1) provides the appointment of a trustee ends the Debtor's exclusivity. So in actuality, there is no prejudice to the Committee or creditors if the extension is granted.

15. By this Application, the Debtor seeks the entry of an Order, substantially in the form of the proposed order annexed hereto, further extending the exclusive time to file a plan for an additional 60 days, 120 days during which only the Debtor may file a plan of reorganization and the 180 Day Period during which the Debtor may solicit acceptances to any such plan (collectively, the "Exclusive Periods") through and including August 17, 2024 and October 16, 2024 respectively, pursuant to section 1121(e) of the Bankruptcy Code.

## LEGAL AUTHORITY

16. Section 1121 of the Bankruptcy Code sets the standard of who may file a plan in a Chapter 11 bankruptcy case. "The Debtor may file a plan with a petition commencing a voluntary case, or at any time in a voluntary case or an involuntary case." 11 U.S.C. § 1121(a). *"Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter."* 11 U.S.C. § 1121(2).

17. Section 1121 (c) of the Bankruptcy Code provides in pertinent part that:

> Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if –
>
> (1) a trustee has been appointed under this chapter;
>
> (2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or
>
> (3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.

11 U.S.C. § 1121 (c).

18. "Section 1121(d) provides that these exclusivity periods may be shortened or lengthened for 'cause.'" *In re: Manville Forest Products Corp.*, 31 B.R. 991 (S.D.N.Y. 1983) (Court granted debtor five (5) extensions without indicating a basis for a finding of cause due to "the sheer mass, weight, volume and complication of the filings"). Whether "cause" exists to extend a debtor's exclusive periods to file and solicit acceptances of a plan is a decision committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. *See In re Adelphia Communs. Corp.*, 342 B.R. 122 (Bankr. S.D.N.Y. 2006) ("[T]he notion that creditor constituency unhappiness, without more, constitutes cause to undermine the debtor's chances of winning final confirmation of its plan during the exclusivity period has been judicially rejected"); *see also In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *see also In re Texaco, Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987). The legislature intended to give the bankruptcy court maximum flexibility to make such a determination, *Gibson*, 101 B.R. at 409; *citing In re Public Service Company of New Hampshire*, 88 B.R. 521, 524 (Bankr. D.

N.H. 1988); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Oh. 1996); *see also,* H.R. Rep. No. 95-595 95th Cong. 2d. Sess. 221-22 and *In re Gibson, supra.*

19. In determining whether cause exists to extend a debtor's exclusive periods, courts examine several factors, including the following:

   (1) the size and complexity of the case;

   (2) the existence of unresolved contingency and the need to resolve claims that may have a substantial effect on a plan;

   (3) the existence of good faith progress toward reorganization;

   (4) whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands; and

   (5) whether the debtor is paying its bills as they come due.

*In re Crescent Mfg. Co.*, 122 B.R. 979, 982 (Bankr. N.D. Oh. 1990); *citing Texaco*, 76 B.R. at 322; *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). When evaluating these factors, the goal is to determine whether a debtor has had a reasonable opportunity to negotiate an acceptable plan with various interested parties and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors. *See e.g., McLean*, 87 B.R. at 833-84; *Texaco*, 76 B.R. at 326. Sufficient cause exists in the Debtor's case for the extension of the Exclusive Periods as requested by the Debtor in this Application based on the size and complexity of the case alone.

20. It has been held that a creditor's unhappiness with a debtor's proposed plan is not a basis for terminating or denying an extension of exclusivity under 11 U.S.C. §1121(d)(1). In re: SW Boston Hotel Venture, LLC, 2011 Bankr. Lexis 1726 at p. 8 (U.S.B.C. Mass. 2011).

## ARGUMENT

21. This Court entered an Order for Relief on December 21, 2023, thus the Debtor's exclusive period to file a plan originally expired on April 19, 2024. This period was extended by Court order to June 18, 2024

22. The Debtor's Exclusive Periods should be extended again because the Debtor's bankruptcy case is complex, there exist unresolved contingencies which may have a substantial effect on a plan, and the Debtor is proceeding in good faith towards resolving those issues.

### *The Debtor's Case is Increasingly Complex*

23. The Debtor's chapter 11 case is sufficiently large and complex to warrant an extension of the Exclusive Periods as requested herein.

24. As this Court is aware, the Debtor has multiple pending lawsuits as well as the Freeman litigation. The Debtor is trying to obtain Bankruptcy Court consent to perfect a pending appeal. The brief for the appeal is essentially prepared and the Debtor would also file a motion with the Circuit Court to expedite and appeal. The Debtor's New York City co-op unit is listed for sale and the proceeds should help fund a plan.

### *There Exist Unresolved Contingencies Which May Have a Substantial Effect on a Plan*

25. The existence of unresolved contingencies and the need to resolve claims that may have a substantial effect on a plan warrants an extension of exclusivity. *Gibson*, 101 B.R. at 310; *In re Swatara Coal Co.*, 49 B.R. 898, 899-900 (Bankr. E.D. Pa. 1985). In this instant chapter 11 proceeding, there are numerous unresolved contingencies, not the least of which is the ultimate outcome of the post-petition Freeman litigation and the complaint filed by the Freeman plaintiff objecting to the dischargeability of the debt. There is a pending motion for summary judgment with a return date of July 10, 2024. The Debtor is still trying

to obtain Court authority to perfect a pending appeal on the Freeman case which if allowed could have a significant impact on any non-dischargeability ruling and the amount of funds available to pay creditors.

26. As of June 13, 2024 at least one contingency has been resolved. The defamation claims against the Debtor by Hunter Biden was voluntary discontinued.

### *The Debtor Has Made Progress Toward Resolving the Issues*

27. An extension of a debtor's exclusive periods is also justified by a debtor's progress in resolving issues facing his creditors and estate. *In re Amko Plastics, Inc.,* 197 B.R. at 77 (Bankr. S.D.O.H. 1996); *In re Pine Run Trust, Inc.,* 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986); *In re Swatara Coal Co.,* 49 B.R. at 900. While initially there were some difficulties with the Debtor financial report – the Debtor has been making improvements without the assistance of an accounting professional and believe this reflects an improving trend for his administrative obligations. It is still early in this case that involves a myriad of issues, including pre-petition litigation with numerous claimants as well as potential post trial activity for the Freeman case. The Debtor is moving forward with purpose and direction even if it is not up to the creditors wishes. In this case, the Debtor has made progress and that progress warrants an extension of the Exclusive Periods. The creditor's committee has is conducting extensive discovery which is fundamental to their role to learn the nature and extent of the Debtor's assets available to fund a plan, but with discovery involving more than twenty subpoenas, the process is still ongoing.

### *The Debtor is Not Using Exclusivity to Pressure Creditors*

28. Courts have denied extensions of exclusive periods where plan negotiations among parties in interest have broken down, and the continuation of exclusivity would merely give the

debtor unfair bargaining leverage over the other parties in interest. *See Gibson*, 101 B.R. at 409; *In re United Press International, Inc., 60 B.R. 265* (Bankr. D.C. 1986). The Debtor's request for an extension of the Exclusive Periods herein, is not a negotiating tactic, but instead a reflection of the fact that this case is not ripe for the formulation and confirmation of a viable plan of reorganization.

### *The Debtor is Paying its Bills as they Come Due*

29. Courts considering an extension of exclusivity also may assess a debtor's liquidity and solvency. *See In re Trainer's Inc.*, 17 B.R. 246, 247 (Bankr. E.D. Pa. 1982) see also *In re McLean Industries, Inc.*, 87 B.R. 830 (Bankr. S.D.N.Y. 1987). The Debtor has been paying his post-petition bills from his limited cash flow and notably, from exempt personal retirement account withdrawals, as they come due. Accordingly the Debtor's post-petition obligations remain current.

WHEREFORE, the Debtor respectfully requests that this Court: (i) enter an Order substantially in the form annexed hereto further extending the 120 Day Period during which the Debtor may file a plan until August 17, 2024 and the 180 Day Period during which the Debtor may solicit acceptances to a plan, through and including October 17, 2024, pursuant to section 1121 (d)(3) of the Bankruptcy Code; together with (ii) such other and further relief as this Court deems just, proper and equitable.

Dated: Syosset, New York
       June 14, 2024

                                        BERGER, FISCHOFF, SHUMER,
                                        WEXLER & GOODMAN, LLP
                                        *Attorneys for the Debtor*

                                              */s/ Gary C. Fischoff*
                                        Gary C. Fischoff, Esq.
                                        6901 Jericho Turnpike, Suite 230
                                        Syosset, New York 11791