# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

June 26, 2024

**VIA ECF**

Hon. Sean H. Lane
United States Bankruptcy Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

Re:   *Freeman, et al. v. Giuliani*, Adv. Pro. No. 24-01320-SHL;
       *In re Rudolph W. Giuliani*, No. 23-12055-SHL

Dear Judge Lane:

Plaintiffs Ruby Freeman and Wandrea' Moss respectfully submit this response to Defendant Rudolph W. Giuliani's letter dated June 20, 2024, filed on the docket of the main bankruptcy case. *See* Letter, *In re Rudolph W. Giuliani*, No. 23-12055-SHL (Bankr. S.D.N.Y. June 20, 2024) [ECF No. 265] ("Sur-Reply").[1] As explained below, Mr. Giuliani's untimely submission is utterly without merit—many times over. Meanwhile, Mr. Giuliani's continued obsession with appealing the Freeman Judgment further illustrates that a successful chapter 11 reorganization is nowhere near the top of his to-do list.[2] Unbelievably, Mr. Giuliani continues to spend estate, party, and judicial resources in pursuit of an appeal that would be fully briefed by now had *he himself* not chosen to seek chapter 11 reorganization instead. This is one more demonstration among many that Mr. Giuliani cannot be trusted to manage his own bankruptcy. *See generally* Motion to Appoint Trustee, *In re Rudolph W. Giuliani*, No. 23-12055-SHL (Bankr. S.D.N.Y. May 28, 2023), [ECF No. 233].

As for Mr. Giuliani's Sur-Reply, it is untimely, improper, and meritless.

**First**, Mr. Giuliani's letter is an unauthorized sur-reply in opposition to Plaintiffs' motion for summary judgment. "The Court need not consider a sur-reply or sur-sur-reply where permission was neither sought nor granted," *Lawtone-Bowles v. U.S. Bank Nat'l Ass'n as Tr. for Holders of MLMI Tr. 2002-AFC Asset-Backed Certificates, Series 2002-AFC1*, No. 19-CV-05786 (PMH), 2021 WL 1518329, at *1 (S.D.N.Y. Apr. 16, 2021), and "[s]ur-replies filed without the court's permission are generally considered improper," *Trombetta v. Novocin*, No. 18-CV-993 (RA), 2021 WL 6052198, at *13 (S.D.N.Y. Dec. 21, 2021). The Court can and should simply disregard Mr. Giuliani's improper sur-reply.

---

[1] A copy of Mr. Giuliani's Sur-Reply, which was not filed on the docket of this adversary proceeding, is attached to this letter as Exhibit A. Plaintiffs are simultaneously filing this letter on the main bankruptcy docket, where Mr. Giuliani filed his Sur-Reply, and on the docket of this adversary proceeding.

[2] Indeed, since the filing of his Sur-Reply, Mr. Giuliani has now filed a *third* motion to lift the automatic stay so that he can pursue his appeal of the Freeman Judgment. *See* Debtor's Renewed Motion for an Order Modifying the Automatic Stay, *In re Rudolph W. Giuliani*, No. 23-12055-SHL (Bankr. S.D.N.Y. June 26, 2024), [ECF No. 269].

June 26, 2024
Page 2

***Second***, even if Mr. Giuliani had obtained leave to file a sur-reply, his new argument regarding the application of collateral estoppel is waived. Plaintiffs argued in their motion for summary judgment that collateral estoppel applies to this case notwithstanding the pendency of Mr. Giuliani's appeal. ECF No. 7 ("Motion"), at 10 n.1, 13 n.3. Mr. Giuliani had the opportunity to raise his latest objection to collateral estoppel in his opposition brief, but he did not. *See* ECF No. 13 ("Opp."). As is well established, "a party who does not raise an argument in his opposition to summary judgment waives that argument." *Liberty Mut. Fire Ins. Co. v. JDS Constr. Grp. LLC*, No. 1:21-CV-01931 (JLR), 2023 WL 6143559, at *11 (S.D.N.Y. Sept. 20, 2023) (cleaned up). Thus, even if the Court were to consider Mr. Giuliani's improper sur-reply, the arguments within it would still be waived.

***Third***, as Plaintiffs pointed out in their Reply, any possible dispute about the application of collateral estoppel is now moot, given that Mr. Giuliani has independently conceded all of the facts necessary to compel summary judgment in Plaintiffs' favor through his failure to controvert any material facts under Local Rule 7056-1. ECF No. 16 ("Reply"), at 3-5. Accordingly, collateral estoppel is no longer necessary to establish all of the facts sufficient to compel summary judgment in Plaintiffs' favor. Mr. Giuliani's Sur-Reply does not even mention, much less contest, that independent ground for summary judgment.

***Fourth***, and perhaps most importantly, Mr. Giuliani's Sur-Reply is simply wrong. Under federal preclusion law, "a judgment's preclusive effect is generally immediate, notwithstanding any appeal." *Coleman v. Tollefson*, 575 U.S. 532, 539 (2015); *see* Motion at 10 n.1. That is no less true in the bankruptcy context, where appeals are routinely halted by the automatic stay: A "stay of appeal does not detract from the application of the doctrine of collateral estoppel because the pendency of an appeal would not affect the finality of the" underlying judgment. *In re DeLancey*, 77 B.R. 424, 427 (Bankr. S.D.N.Y. 1987). In other words, even if Mr. Giuliani's appeal were *not* stayed, it would still be appropriate for this Court to apply collateral estoppel to the Freeman Judgment while the appeal is pending. The fact that the appeal *is* stayed makes no difference.[3]

Mr. Giuliani relies on *Gelb v. Royal Insurance Co.*, 798 F.2d 38, 44 (2d Cir. 1986), for the proposition that "inability to obtain appellate review" prevents application of collateral estoppel. Sur-Reply at 1. *Gelb* merely restates the established rule that when circumstances beyond an appellant's control foreclose appellate review of a particular issue, preclusion as to that issue may be inappropriate. Accordingly, multiple courts in this District have rejected Mr. Giuliani's precise reading of *Gelb*, explaining that *Gelb*'s passing, in *dictum* reference to an "'inability to obtain appellate review' refers not to a temporary barrier to appeal that may eventually be lifted by the conclusion of the case," like the automatic stay here, "but only to decisions that are unreviewable as a matter of law by their very nature."

---

[3] Mr. Giuliani's fixation on this order of events seems to arise from his mistaken belief that resolving this summary judgment motion will forever lock in the preclusive effect of a judgment that he believes may one day be reversed. But this type of thing happens all the time, and there is a procedure for dealing with it. If, by some chance, Mr. Giuliani is successful in his eventual appeal, he can do what litigants ordinarily do in that situation and seek to reopen the judgment in *this* case under Federal Rule of Civil Procedure 60. *See, e.g., Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, No. 08-CV-4207 (JFB) (WDW), 2012 WL 1038804, at *10 (E.D.N.Y. Mar. 28, 2012) (noting that "collateral estoppel applies even if plaintiffs are pursuing appeals of the [underlying] decisions. If such an appeal is successful, plaintiffs can attempt to have this Court vacate its judgment and re-open this case under Rule 60 of the Federal Rules of Civil Procedure"). Of course, whether relief under Rule 60 would be justified in that hypothetical situation is not at issue here, and Plaintiffs make no concessions on that score.

*United States v. Walker*, 239 F. Supp. 3d 738, 741 (S.D.N.Y. 2017); *accord Ferring B.V. v. Serenity Pharms., LLC*, 391 F. Supp. 3d 265, 285 (S.D.N.Y. 2019).

Moreover, everything that has given rise to collateral estoppel in this case has been fully within Mr. Giuliani's control. Mr. Giuliani had a full and fair opportunity to contest Plaintiffs' allegations in the Freeman Litigation; instead, *Mr. Giuliani*'s willful conduct incurred the default judgment that resolved those allegations against him, and *Mr. Giuliani* chose to file a bankruptcy petition that triggered the automatic stay of his appeal. Indeed, Mr. Giuliani filed his bankruptcy petition *before he even filed a notice of appeal* in the Freeman Litigation.

For that very reason, Mr. Giuliani's appeal to equity is without merit. In particular, the notion that it would be "unfair" to apply collateral estoppel "without allowing the Debtor to appeal" is baseless. Sur-Reply at 2. Mr. Giuliani's inability to appeal is entirely of his own making.[4] Indeed, the only reason that Mr. Giuliani's appeal remains timely under 11 U.S.C. § 108(b) is that, despite Mr. Giuliani failing to meet his burden for relief, *the Freeman Plaintiffs* consented to limited stay relief to permit Mr. Giuliani to file his post-judgment motions and a notice of appeal. Their cooperation has since been rewarded only with delay and obstruction. It was Mr. Giuliani, not the Freeman Plaintiffs, who chose to be in bankruptcy court rather than litigating Mr. Giuliani's appeal in the D.C. Circuit. It is long past time for Mr. Giuliani to live with that choice.

Respectfully submitted,

*s/* Rachel C. Strickland

---

[4] Mr. Giuliani has previously complained that he was forced into this situation by Judge Howell's decision to dissolve the Rule 62's automatic and unsecured 30-day stay of execution of the Freeman Judgment. But that is also false. Before Judge Howell, Mr. Giuliani did not even attempt to argue (as he could have) that the District Court should have granted a permanent stay of execution *without* bond. Such exceptions from Rule 62's requirements are permissible in "unusual circumstances," but Mr. Giuliani did not even make the request, much less argue that any such circumstances existed. *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980); *see* Response to Motion to Dissolve Stay of Execution, *Freeman v. Giuliani*, No. 21-cv-3354-BAH (D.D.C. Dec. 19, 2023), [ECF No. 143]. If Mr. Giuliani wanted the freedom to appeal without facing execution proceedings, that was his opportunity to ask for it. *See* Memorandum Opinion and Order at 12, *Freeman v. Giuliani*, No. 21-cv-3354-BAH (D.D.C. Dec. 20, 2023), [ECF No. 144] ("[T]o obtain a stay of enforcement of the judgment pending any appeal beyond the 30-days of the automatic stay, Giuliani would have to comply with the usual requirement of a full supersedeas bond or demonstrate why that requirement should not apply."); *see id.* at 2 (holding that dissolution of the stay was "both appropriate and warranted").