# Exhibit A



**Berger, Fischoff, Shumer, Wexler & Goodman, LLP**
Attorneys & Counselors at Law

Heath S. Berger
Maryanne Buatti
Gary C. Fischoff*
Peter J. Goodman
Andrew S. Nachamie**
Steven E. Shumer
Joel G. Wexler

Dana Goldstein
Joan A. Keely
Brad A. Schlossberg
Randi E. Taub

6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
Ph: 516.747.1136   Fax: 516.747.0382

2801 Emmons Avenue, Suite 104
Brooklyn, New York 11235
Ph: 718.934.8811   Fax: 516.740.0887

Of Counsel:

Lawrence P. Krasin
Andrew M. Lamkin
Jeffrey L. Wechsler

also admitted in New Jersey*
also admitted in District of Columbia**

Reply to: ☒ Syosset Office
[ ] Brooklyn Office

June 20, 2024

Via ECF
Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: Rudolph W. Giuliani Chapter 11 Case No: 23-12055
Freeman et al v. Giuliani – Adv Pro No: 24-01320

Dear Judge Lane:

The Debtor respectfully submits this supplemental letter-memorandum of law in further opposition to the Freeman parties' motion for an order holding that the debt embodied in the Freeman Judgment is non-dischargeable. The motion is scheduled to be heard on July 10, 2024. This is submitted in light of the Court's recent denials of the Debtor's motion for relief from the stay to perfect the pending appeal.

The Freeman parties seek an order that the debt owed to them is non-dischargeable pursuant to Section 523(a)(6) of the Bankruptcy Code. They rely on the doctrine of collateral estoppel, contending that the Debtor is collaterally estopped from relitigating here the issues decided against him in the Freeman Litigation in Washington, D.C. The Court, however, should apply collateral estoppel on condition that the Debtor be allowed to exercise his right to appeal in the Freeman Litigation.

Collateral estoppel and appeal go hand in hand. "The doctrine of collateral estoppel represents a choice between the competing values of correctness, uniformity, and repose. . . . Appellate review plays a central role in assuring the accuracy of decisions. Thus, although failure to appeal does not prevent preclusion, [citations omitted], inability to obtain appellate *review*, or the lack of such review once an appeal is taken, *does prevent preclusion*." *Gelb v. Royal Ins. Co.*, 798 F.2d 38, 44 (2d Cir. 1986).

www.bfslawfirm.com
East Islip, New York | Centereach, New York
(by appointment only)

Here, because of the bankruptcy stay, the Debtor has an inability to obtain appellate review of the Freeman judgment. Accordingly, if the Court applies collateral estoppel in favor of the Freeman parties, then the Court should lift the stay to allow the Debtor to appeal.

The Court should not allow the Freeman parties to have it both ways—enjoying the benefits of collateral estoppel without its burdens. Collateral estoppel is an "equitable doctrine," which does not apply where the application would be unfair. *CBF Industria de Gusa S/A/ v. AMCI Holdings, Inc.*, 850 F.3d 58, 77-78 (2d Cir. 2017). Here, it would be unfair to apply collateral estoppel unless the Court also lifts the stay. The Freeman parties should not have the benefit of collateral estoppel without allowing the Debtor to appeal, to "assur[e] the accuracy of" the Freeman judgment. *Gelb*, 798 F.2d at 44.

Based upon the foregoing, it is requested that the Court (a) grant the Debtor's relief from the stay to perfect the pending appeal or (b) adjourn or deny the motion for summary judgment until such time as the Court grants the Debtor's relief from the stay.

Respectfully,

Gary C. Fischoff

cc: Aaron E. Nathan, Esq. – via email
James H. Burbage, Esq. – via email
Rachel Biblo Block, Esq. – via email
Andrea B. Schwartz, Esq. – via email