**Hearing Date and Time:  July 10, 2024 at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  July 8, 2024 at 4:00 p.m. (prevailing Eastern Time)**

AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Counsel to the Official Committee of*
*Unsecured Creditors of Rudolph W. Giuliani*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **RUDOLPH W. GIULIANI** | : | **Case No. 23-12055 (SHL)** |
| **a/k/a RUDOLPH WILLIAM GIULIANI,** | : | |
| | : | |
| **Debtor.** | : | |

---------------------------------------------------------------x

**NOTICE OF HEARING ON**
**MOTION OF THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS FOR ENTRY OF AN ORDER:**
**(I) COMPELLING THE DEBTOR AND CERTAIN RELATED**
**PARTIES TO PRODUCE DOCUMENTS IN RESPONSE TO THE**
**COMMITTEE'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS,**
**(II) HOLDING THEM IN CONTEMPT AND (III) GRANTING SANCTIONS**

**PLEASE TAKE NOTICE** that, on June 28, 2024, the Official Committee of Unsecured

Creditors (the "Committee") appointed in the chapter 11 case of the above-captioned debtor and

debtor in possession filed the *Motion of the Official Committee of Unsecured Creditors for Entry*

*of an Order: (I) Compelling the Debtor and Certain Related Parties to Produce Documents in*

*Response to the Committee's Requests for the Production of Documents, (II) Holding Them in Contempt and (III) Granting Sanctions* (the "<u>Motion</u>").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion (the "<u>Hearing</u>") will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), 300 Quarropas Street, White Plains, New York 10601, on **July 10, 2024 at 11:00 a.m. (prevailing Eastern Time)**.  Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, must make an electronic appearance (an "<u>eCourt Appearance</u>") through the Court's website at *https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl*.  eCourt Appearances must be made by **July 9, 2024 at 4:00 p.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (iii) be filed electronically with the Court on the docket of this chapter 11 case by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at *http://www.nysb.uscourts.gov*); and (iv) be served so as to be actually received by the Court and the Committee no later than **July 8, 2024 at 4:00 p.m. (prevailing Eastern Time).**

**PEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may

decide that you do not oppose the relief requested in the Motion and may enter an order granting

the relief requested by the Committee.  If no responses or objections are timely filed and served

with respect to the Motion, the Committee may submit to the Court an order substantially in the

form of the proposed order attached to the Motion as **Exhibit A**, which order may be entered with

no further notice or opportunity to be heard.

      **PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings

filed in this chapter 11 case may be obtained by visiting the Court's website at

*http://www.nysb.uscourts.gov* in accordance with the procedures and fees set forth therein.

Dated:  June 28, 2024
      New York, New York

*Philip C. Dublin*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
One Bryant Park
New York, New York 10036
Tel:    (212) 872-1000
Fax:    (212) 872-1002
Email:  idizengoff@akingump.com
        pdublin@akingump.com
        aqureshi@akingump.com

- and -

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Tel:    (214) 969-2800
Fax:    (214) 969-4343
Email:  rbibloblock@akingump.com

*Counsel to the Official Committee of*
*Unsecured Creditors of Rudolph W. Giuliani*

Hearing Date and Time:  July 10, 2024 at 11:00 a.m. (prevailing Eastern Time)
Objection Deadline:  July 8, 2024 at 4:00 p.m. (prevailing Eastern Time)

AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile:  (212) 872-1002

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile:  (214) 969-4343

*Counsel to the Official Committee of*
*Unsecured Creditors of Rudolph W. Giuliani*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **RUDOLPH W. GIULIANI** | : | **Case No. 23-12055 (SHL)** |
| **a/k/a RUDOLPH WILLIAM GIULIANI,** | : | |
| | : | |
| **Debtor.** | : | |

---------------------------------------------------------------x

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR ENTRY OF AN ORDER: (I) COMPELLING THE DEBTOR AND CERTAIN**
**RELATED PARTIES TO PRODUCE DOCUMENTS IN RESPONSE TO THE**
**COMMITTEE'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS,**
**(II) HOLDING THEM IN CONTEMPT AND (III) GRANTING SANCTIONS**

The Official Committee of Unsecured Creditors (the "Committee")[1] appointed in the

above-captioned chapter 11 case (the "Chapter 11 Case") of Rudolph W. Giuliani ("Giuliani" or

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Order Granting Motion of the Official Committee of Unsecured Creditors for the Entry of an Order Pursuant to Bankruptcy Code Section 105 and Federal Rule of Bankruptcy Procedure 2004 Authorizing Discovery of the Debtor and Third Parties* [Docket No. 164] (the "Rule 2004 Order").

the "Debtor") hereby brings this motion (this "Motion"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), rule 45 of the Federal Rules of Civil Procedures (the "Civil Rules"), rules 7037, 9014 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 7007-1, for the entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (i) compelling the Debtor, the Debtor Related Entities[2] and Maria Ryan ("Ryan," and together with the Debtor Related Entities, the "Non-Producing Related Parties" and the Non-Producing Related Parties, together with the Debtor, the "Non-Producing Parties") to comply with this Court's Rule 2004 Order and, where applicable, the subpoenas; (ii) holding the Non-Producing Parties in contempt; (iii) imposing appropriate sanctions for their refusal to comply with the Court's Rule 2004 Order; and (iv) granting related relief.  In support of this Motion, the Committee submits the Declaration of David F. Hill, IV (the "Decl. in Support"), filed contemporaneously herewith, and respectfully represents as follows.

### PRELIMINARY STATEMENT

1.      Since its appointment, the Committee has been vigorously investigating, per its statutory and fiduciary duties, the assets and liabilities of the Debtor's estate.  This investigation has been particularly warranted here, given the well-documented, and Debtor-conceded, deficiencies in his financial reporting and disclosures, both during the Chapter 11 Case and prior thereto.[3]   The first stage in a Bankruptcy Rule 2004 examination is, traditionally and

---

[2]     "Debtor Related Entities" refers to Giuliani Partners, LLC; Giuliani Communications, LLC ("Giuliani Communications"); Giuliani Security & Safety, LLC; Giuliani Group, LLC; Giuliani & Company, LLC and WorldCapital Payroll Corporation.

[3]     *See, e.g.*, *Motion of the Official Committee of Unsecured Creditors of Rudolph W. Giuliani for Entry of an Order Directing the Immediate Appointment of a Trustee Pursuant to 11 U.S.C. § 1104* [Docket No. 233] (describing the Debtor's deficient postpetition disclosures and reporting and gross mismanagement of the estate); *Debtor's Opposition to the Motion of the Official Committee of Unsecured Creditors of Rudolph W. Giuliani for Entry of an Order Directing the Immediate Appointment of a Trustee Pursuant to 11 U.S.C. § 1104* [Docket No. 250]

unsurprisingly, the collection of documents.  Indeed, pursuant to the Rule 2004 Order, the Committee has served requests for document production on more than twenty individuals and entities to date, nearly all of which have at least begun to comply with the Committee's requests. Yet, the most important recipients—the Debtor himself, the Debtor Related Entities (including his admitted "alter-ego" limited liability company through which all of his alleged income flows) and a close personal and business associate—have utterly failed to comply with their discovery obligations, electing instead to impede the Committee's investigation into the Debtor's assets, liabilities and financial condition.

2.      Specifically, the Non-Producing Parties have refused to comply with the Committee's duly issued and served Requests for the Production of Documents (the "Requests"). The Committee issued the Requests to the Non-Producing Parties seeking production of documents and information necessary for its investigation of the Debtor's assets, liabilities and financial condition.[4]  The Requests seek documents (the "Requested Documents") critical to understanding the assets, liabilities and financial condition of the Debtor—especially crucial where, as here, the Debtor has failed time and time again to make adequate disclosures of his assets, liabilities and finances.  Further, the Non-Producing Parties constitute the most definitive source of financial information regarding the Debtor, and their failure to comply with the Rule 2004 Order simply cannot be permitted to continue.

3.      The Debtor's conduct during the Chapter 11 Case is a clear continuation of his prepetition practice of shirking his discovery obligations and flouting court orders.  The Debtor agreed to a production deadline of May 24, 2024, for himself and the Debtor Related Entities,

---

(noting the Debtor's longstanding inappropriate relationships with his wholly-owned entities and that the Debtor's "compliance with the operating guidelines [for a debtor-in-possession has] not [been] up to par").

[4]     True and correct copies of the Requests as served on the Non-Producing Parties, as well as affidavits of service and supporting materials, are attached to the Decl. in Support as **Exhibits 2-19**.

which deadline is set forth in the Rule 2004 Order.  However, that date came and went without the

Debtor's or the Debtor Related Entities' completion of their respective productions.  Instead, on

May 6 and May 8, 2024, the Debtor produced a paltry **15 documents** in his personal capacity, and

the Debtor Related Entities produced ***nothing whatsoever***—nowhere near completion on either

front.  Nor did the Debtor request an extension of the deadline or provide an explanation to the

Committee regarding his failure to comply; instead, his counsel simply has not responded to

Committee counsel's follow-up communications.

4.      The Debtor's post hoc excuses for his failure to comply with the Rule 2004 Order

prove uncompelling and unavailing.  At the June 17, 2024 discovery conference (the "Discovery

Conference") held to address the Non-Producing Parties' violation of the Rule 2004 Order, the

Debtor blamed his and his entities' failure to produce on the difficulty of retaining financial

professionals and the recent illness of a part-time employee.[5]  Despite numerous follow-up

communications from Committee counsel, the Debtor failed to raise either of these issues with the

Committee or to request an extension, prior to or after the May 24, 2024 deadline.  Further, the

Debtor attempted to justify his failure to produce documents by claiming that the availability of

similar documents from other non-Debtor entities obviates his and his entities' discovery

obligations.[6]  As the Court noted, the Debtor and the Debtor Related Entities have an obligation to

produce responsive documents in their possession, custody or control—whether or not such

documents are potentially duplicative of another's productions—and the Requested Documents

---

[5]     *In re Giuliani*, No. 23-12055 (SHL) (Bankr. S.D.N.Y. May 14, 2024), Discovery Conf. Tr. at 75:24-25; 76:1-8.
[6]     *Id.* at 109:4-22.

are indisputably within the Debtor's possession, custody and control.[7]  Indeed, "Mr. Giuliani holds the keys."[8]

5.      Likewise, Ryan, who by her own admission often acts as a liaison for various financial matters of the Debtor and is intimately involved with the Debtor's business ventures, including those of Giuliani Communications,[9] failed to comply with Requests duly served upon her via subpoena.  Ryan offered no explanation for her failure to meet her June 4, 2024 production deadline despite multiple emails from Committee counsel seeking her voluntarily compliance, until the morning of the Discovery Conference at which she declined to appear.  Belatedly responding to Committee counsel's June 5 and June 7, 2024 emails, Ryan inexplicably claimed that she had never been served, despite the existence of photographic and documentary evidence of service, which are discussed below.

6.      Unfortunately, the Non-Producing Parties' failure to comply with the Rule 2004 Order has impaired the flow of necessary information to the Committee.  To date, the Debtor has failed to make adequate financial disclosures in his bankruptcy filings and has failed to produce documents regarding his assets, liabilities and financial condition, stonewalling the Committee's attempts to discover information it is required to investigate.  Likewise, Ryan has refused to comply with her obligations under the Rule 2004 Order and the subpoena issued to her thereunder. None of the Non-Producing Parties have disputed the relevance or discoverability of any of the Requested Documents, and the Committee's efforts to resolve consensually the Non-Producing Parties' failure to provide the Requested Documents and the Discovery Conference have been unsuccessful.

---

[7]    *Id.*

[8]    *Id.* at 110:2-3.

[9]    *See May 15, 2024 Letter Motion from M. Ryan* [Docket No. 264].

7.     Accordingly, the Committee seeks entry of the Proposed Order (i) compelling the Non-Producing Parties to produce the Requested Documents, (ii) finding the Non-Producing Parties in contempt and (iii) imposing sanctions against each of the Non-Producing Parties for further non-compliance.  Since the Committee's appointment, the Debtor has kept the Committee in the dark regarding his finances, including the receipts and disbursements of Giuliani Communications, his self-proclaimed "alter ego."  This obfuscation and failure to comply with this Court's order cannot be permitted to continue.

## JURISDICTION & VENUE

8.     The United States Bankruptcy Court for the Southern District of New York (this "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York entered February 1, 2012.

9.     This matter is a core proceeding within the meaning of 28 U.S.C. § 157, and the Committee confirms its consent to the Court's entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the Committee, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

10.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

11.     The statutory bases for the relief requested herein are Bankruptcy Code section 105, Civil Rule 45, Bankruptcy Rules 7037, 9014 and 9016 and Local Bankruptcy Rule 7007-1.[10]

---

[10]   The Decl. in Support, which attaches exhibits demonstrating the Committee's various good faith attempts to resolve the issues raised by this Motion with the Non-Producing Parties via email and the Discovery Conference, demonstrates that the Committee has complied with the requirements set forth in Local Bankruptcy Rule 7007-1.

## BACKGROUND

### A.    General Background

12.    On December 21, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, just days after the entry of a $148 million judgment against him in the Freeman Litigation[11] stemming from discovery misconduct.  Giuliani claims an estimated $10.6 million in assets compared to approximately $153 million in liabilities and multiple additional unliquidated liabilities stemming from other pending civil suits.

13.    The Debtor has continued in possession of his property and is managing his affairs as a debtor and debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  On May 28, 2024, the Committee filed a motion for the entry of an order directing the immediate appointment of a trustee pursuant to Bankruptcy Code section 1104 [Docket No. 233] (the "Trustee Motion").  On June 17, 2024, the Court held a hearing on the Trustee Motion.  As of the date hereof, the Court has not ruled on the Trustee Motion.

14.    On January 12, 2024, the Committee was appointed by the United States Trustee for the Southern District of New York (the "U.S. Trustee") [Docket No. 46].  On January 16, 2024, the Committee selected Akin Gump Strauss Hauer & Feld LLP as its counsel.  On February 9, 2024, the Committee selected Global Data Risk LLC as its specialized forensic financial advisor.

15.    On March 7, 2024, the Committee filed the *Motion of the Official Committee of Unsecured Creditors for the Entry of an Order Pursuant to Bankruptcy Code Section 105 and Federal Rule of Bankruptcy Procedure 2004 Authorizing Discovery of the Debtor and Third*

---

[11]    The "Freeman Litigation" means the lawsuit brought by Ms. Ruby Freeman and Ms. Wandrea' ArShaye Moss in the U.S. District Court for the District of Columbia against Giuliani in connection with his relentless public defamation of them following the 2020 presidential election.  In the Freeman Litigation, Giuliani continually refused to comply with his discovery obligations and with various court orders, ultimately leading to the entry of "death penalty sanctions" against him with a default judgment for defamation, intentional infliction of emotional distress, civil conspiracy and punitive damages.

*Parties* [Docket No. 140] (the "Rule 2004 Motion").  Following a hearing on the Rule 2004 Motion on April 4, 2024, Committee counsel engaged with the Debtor's counsel regarding the proposed form of order approving the Rule 2004 Motion and, ***at the Debtor's request***, extended the production deadline for the Debtor and Debtor Related Entities to May 24, 2024.[12]  On April 9, 2024, the Committee submitted revised proposed orders approving the Rule 2004 Motion [Docket Nos. 161, 162], and the Court entered the Rule 2004 Order [Docket No. 164] on April 11, 2024.

16.     On June 17, 2024, the Court held a hearing on the Trustee Motion and, at the Committee's request, the Discovery Conference concerning the Non-Producing Parties' failure to comply with their discovery obligations.

**B.       The Debtor and the Debtor Related Entities**

17.     On April 19, 2024, the Committee duly served the Requests on each of the Debtor Related Entities.  As set forth in the Rule 2004 Order, the agreed extended deadline for completion of Debtor's and the Debtor Related Entities' productions was May 24, 2024.  Yet to date, the Committee has received neither the Requested Documents nor any suitable explanation for the Debtor's disregard for his discovery obligations.  Indeed, on April 30, 2024, as a result of the Committee's concerns that the Debtor and the Debtor Related Entities had not produced any documents, Committee counsel sent an email to the Debtor's counsel reiterating the May 24, 2024 production completion deadline.[13]  In response, the Debtor made two limited productions by Federal Express, totaling 15 documents, on May 6 and May 8, 2024, neither of which were from the Debtor Related Entities.  The Debtor failed to make any subsequent productions, and the Debtor Related Entities have not made any productions.

---

[12]     *See* Decl. in Support, Exhibit 1.

[13]     *See* Decl. in Support, Exhibit 20.

18.     On June 6, 2024, Committee counsel once again reached out to Debtor's counsel in an effort to obtain the Debtor's compliance with the Rule 2004 Order, which outreach has gone unanswered.  Met with a deafening silence, on June 10, 2024, the Committee contacted the Court's chambers to schedule the Discovery Conference.  That same day, the Debtor filed his opposition to the Trustee Motion [Docket No. 250], outrageously asserting that the Debtor "has always been fully transparent and open about his finances." *Id.* at ¶ 16.  The Debtor's refusal to produce critical financial information, despite months of Committee efforts to obtain the same, has been anything but "transparent and open."

19.     Indeed, it was not until the Discovery Conference that the Debtor provided any explanation for his failure to comply with the May 24, 2024 deadline, where he noted the difficulty of obtaining professional financial assistance and the recent illness of a part-time bookkeeper.  *See* Discovery Conf. Tr. at 75:24-76:25.  As noted by the Court, this ignores the "well established [notion] that a party that has possession, custody, or control of documents is supposed to produce the documents." *Id.* at 109:4-22.  Moreover, neither explanation addresses the Debtor's failure to comply with discovery requests that were initially provided to him by the Committee in early March or his counsel's failure to respond to the Committee's follow-up inquiries.  At the Discovery Conference, the Debtor's counsel said, "one thing sometimes takes priority over another," and it is readily apparent that the Debtor does not consider his Court-ordered discovery obligations to be a priority. *Id.* at 110:9-10.  Indeed, on June 21, 2024, Committee counsel informed the Debtor's counsel that the Committee would be filing this Motion today and, again, received no response. Hopefully this Motion, and the sanctions sought by the Committee, will help the Debtor realign his priorities.

C.        **Maria Ryan**

20.      On May 14, 2024, the Committee duly served the Requests upon Ryan.  After locating her at the Debtor's Palm Beach, Florida residence, the Committee's process server successfully identified and served Ryan despite her attempt to evade service by closing the door. Despite Ryan's later claims via email that she was never served, photographic and documentary evidence confirms that Ryan was duly served on May 14, 2024.[14]   The deadline for Ryan's production was June 4, 2024.  On June 5, 2024, Committee counsel reached out to her by email, at her "@giulianipartners" email address, requesting that she contact Committee counsel immediately to discuss compliance with the subpoena.[15]   Having not received a response, Committee counsel followed up again on June 7, 2024.[16]

21.      On June 10, 2024, Committee counsel requested the Discovery Conference, copying Ryan on the related correspondence to the Court's chambers.  It was not until the morning of the Discovery Conference—twelve days after the Committee's initial email—that Ryan responded and denied being served.  Nor did Ryan appear at the Discovery Conference.  *See* Discovery Conf. Tr. at 100:16-18.  When sent the affidavit of service, and a repeated request that she comply with the Committee's subpoena, Ryan's only response was that the Committee had "been duped."[17]   Unsurprisingly, the Committee has received none of the Requested Documents, nor any indication of future compliance, from Ryan.

---

[14]    *See* Decl. in Support, Exhibits 17-19.

[15]    *See* Decl. in Support, Exhibit 21.

[16]    *Id.*

[17]    *Id.*

22.     On June 21, 2024, the Committee contacted Ryan and the Debtor's counsel separately, noting (i) the Committee's intention to file this Motion on June 28, 2024 and (ii) that the Court will hold a hearing on the Motion on July 10, 2024.

23.     On the evening of June 26, 2024, Committee counsel received a call from an attorney who represented that he was in the process of being retained by Ryan in connection with the Committee's subpoena and this Motion.  Committee counsel reiterated its desire to have Ryan voluntarily comply with the Requests but would otherwise be moving forward with the Motion. As of the filing of the Motion, Ryan, through counsel or otherwise, had not agreed to comply with the Requests.

24.     Ryan possesses particularly relevant information and documents related to the central topics of the Committee's investigation.  The Debtor has identified Ryan as "president of Giuliani Communications" who "oversees the advertisers" and "runs the podcast operation," as working for Giuliani Partners, and as producer of the Debtor's radio shows.[18]  According to counsel for the Debtor in the Freeman Litigation, Ryan is the "only remaining employee with a Giuliani partners email."[19]

25.     Further, Ryan has identified herself as being involved with the Debtor's financial affairs and business relationships.  *See May 15, 2024 Letter Motion from M. Ryan* [Docket No. 264] (explaining Ryan coordinates "all the business deals for Giuliani Communications, LLC" and that, since the Petition Date, "Giuliani and his bankruptcy at[t]orneys have relied on [Ryan] to

---

[18]   *See Revised Plaintiffs' Motion to Compel Giuliani Partners and Giuliani Communications to Respond to Plaintiffs' Properly Served Rule 45 Subpoenas and Rule 30(b)(6) Deposition Subpoenas* (filed June 22, 2023), [Freeman Litigation Docket No. 70] at 3; *see also In re Giuliani*, No. 23-12055 (SHL) (Bankr. S.D.N.Y. Feb. 7, 2024), 341 Meeting Tr. at 14:16-15:2 (noting Ryan is president of Communications, produces radio shows for the Debtor and co-hosts a podcast with the Debtor).

[19]   *Revised Plaintiffs' Motion to Compel Giuliani Partners and Giuliani Communications to Respond to Plaintiffs' Properly Served Rule 45 Subpoenas and Rule 30(b)(6) Deposition Subpoenas* (filed June 22, 2023), [Freeman Litigation Docket No. 70]

gather information for the monthly [operating] reports").  Indeed, immediately prior to the Discovery Conference, the Debtor provided the Committee with a new contract that once again routes the Debtor's compensation through Giuliani Communications but also puzzlingly includes Ryan as a signatory "Contractor."[20]  Accordingly, Ryan possesses plainly relevant documents and information necessary to examining the assets, liabilities and financial condition of the Debtor and Debtor Related Entities.

26.    Despite the Committee's best efforts to resolve these issues with the Non-Producing Parties without seeking the Court's intervention, the Non-Producing Parties have refused to comply with the Rule 2004 Order and have provided no indication that compliance is forthcoming.  Accordingly, the Committee now respectfully requests that the Court grant this Motion in order to compel prompt production of the Requested Documents—materials critical to the Committee's investigation—and encourage, via appropriate sanctions, the Non-Producing Parties to take their discovery obligations seriously.

## RELIEF REQUESTED

27.    The Committee seeks the entry of the Proposed Order: (i) compelling the Non-Producing Parties to comply with this Court's Rule 2004 Order and produce any and all relevant documents and communications pursuant to the Requests; (ii) holding the Non-Producing Parties in contempt; (iii) imposing appropriate sanctions for their refusal to comply with the Court's Rule 2004 Order; and (iv) granting such other such and further relief as this Court deems just and proper.

## BASIS FOR RELIEF

28.    The Requested Documents are relevant to the Committee's and the Court's assessment of the Debtor's assets, liabilities and financial condition.  Understanding the Debtor's

---

[20]    *See* Decl. in Support, Exhibit 22.

financial condition and the universe of his assets and liabilities is required for any reorganization. The Non-Producing Parties have made no objections to the Requests but have nonetheless disregarded their Court-ordered discovery obligations to produce the Requested Documents with no suitable explanation or justification.

29.    For the reasons discussed herein, the Court should grant the Motion.

### A.    Legal Standard

30.    "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Transmar Commodity Grp. Ltd.*, 2018 WL 4006324, at *4 (Bankr. S.D.N.Y. Aug. 17, 2018) (internal quotation and citation omitted). This includes revealing the nature and extent of the estate and discovering assets of the debtor that may have been intentionally or unintentionally concealed. *See In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996); *see also In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) ("Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred.") (internal quotation and citation omitted).

31.    Any party opposing discovery of relevant and otherwise discoverable information (here, the Non-Producing Parties) bears the burden of demonstrating why the requested materials should not be produced. *See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 605 B.R. 617, 629 (Bankr. S.D.N.Y. 2019) ("The requesting party bears the initial burden of demonstrating any possibility of relevance sufficient to warrant discovery, but once that showing is made, the party resisting discovery bears the burden of demonstrating that the requests are irrelevant, or are overly broad, burdensome, or oppressive."); *Edwards v. Middleton*, 19 Civ. 1362 (VB)(JCM), 2021 WL 961762, at *2 (S.D.N.Y. Mar. 15, 2021) ("[T]he 'party object[ing] to [the] discovery . .

. bears the burden of showing why discovery should be denied.'"); *Hake v. Citibank, N.A.*, 19-mc-00125 (JGK) (KHP), 2020 WL 1467132, at *5 (S.D.N.Y. Mar. 26, 2020) ("If the recipient of the subpoena objects to producing the information requested in whole or in part, it has the burden to demonstrate that the subpoena is unduly burdensome or provide other reasons why it should not be required to produce the documents requested.").

32.     Further, Bankruptcy Code section 105(a), in relevant part, states that this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Additionally, this Court has inherent authority to enforce its orders. *See, e.g.*, *In re MF Glob. Holdings Ltd.*, 562 B.R. 41, 52 (Bankr. S.D.N.Y. 2017); *In re Covelli*, 550 B.R. 256, 269 (Bankr. S.D.N.Y. 2016); *In re Sledziejowski*, No. 13-22050 (RDD), 2015 WL 2128595, at *5 (Bankr. S.D.N.Y. May 5, 2015); *see also In re Dieffenbacher*, Case No. 12-48533-CEC, Docket No. 74 (Bankr. E.D.N.Y. 2014) (granting the trustee's motion to compel and directing the debtor to comply with the court's order entered pursuant to Bankruptcy Rule 2004).

## B.      The Court Should Compel Production of the Requested Documents

33.     The Requested Documents are plainly relevant because they are aimed at assessing the Debtor's assets, liabilities and financial condition—core issues that the Committee is obligated to investigate, especially in light of the Debtor's woefully inadequate and incomplete disclosures. *See* Fed. R. Bankr. P. 2004 (providing that the "acts, conduct, or property or [] liabilities and financial condition of the debtor, or [] any matter which may affect the administration of the debtor's estate, or [] the debtor's right to a discharge" as relevant topics for Rule 2004 discovery). Further, the Non-Producing Parties are key sources of information regarding the Debtor's finances, assets and liabilities. At the same time, the Non-Producing Parties would face a minimal burden in connection with producing the Requested Documents, which are in their possession and plainly

relevant to the Chapter 11 Case voluntarily initiated by the Debtor.  *See* Discovery Conf. Tr. at 109:04-110:03.  Further, the Requested Documents are relevant and proportional to the needs of the case, discoverable in this Chapter 11 Case and therefore should be produced.  Therefore, the Court should grant this Motion and compel the relief requested in the Proposed Order.

34.     Moreover, the Non-Producing Parties have had ample opportunities to object and resolve any issues with the Rule 2004 Motion, the Rule 2004 Order and the Requests.  First, the Non-Producing Parties could have raised any objections to the Rule 2004 Motion.  They did not.  Instead, the Debtor participated in selecting the May 24, 2024 deadline and signed off on the proposed Rule 2004 Order reflecting that deadline.  Following entry of the Rule 2004 Order, the Committee served the Requests on the Non-Producing Parties.

35.     Further, the Non-Producing Parties subsequently declined several more opportunities to voice any objections.  The Non-Producing Parties had three weeks following service to respond and object to any portion of the Requests and to meet and confer with the Committee regarding the same.  They made no attempt to do so and instead ignored the Committee, impeding the Committee's efforts to obtain timely and complete productions from each of the Non-Producing Parties without filing this Motion.  For example,

- The Debtor's counsel never responded to Committee counsel's email on April 30, 2024 to note entry of the 2004 Order and reiterate the production deadline;

- The Debtor's counsel never responded to Committee counsel's email on June 6, 2024 to note the Debtor's failure to meet the deadline and the absence of any documents produced from the Debtor Related Entities;

- Ryan ignored Committee counsel's emails on June 5, 2024 and June 7, 2024 notifying her of the lapsed production deadline and the Committee's intention to seek a motion compelling her compliance, responding twelve-days later with a baseless statement that she had not been served;

- The Debtor's counsel and Ryan never responded to Committee counsel's June 10, 2024 request to the Court's chambers for the Discovery Conference;

15

- Ryan did not even appear at the Discovery Conference, and during the Discovery Conference, the Non-Producing Parties did not raise any credible objection to the Requests or otherwise offer any satisfactory explanation for their failure to comply with the Rule 2004 Order; and

- The Debtor's counsel has not responded to Committee counsel's June 21, 2024 emails that the Committee would be filing this Motion on June 28, 2024.

Each Non-Producing Party has failed to respond meaningfully to the Requests at any point leading up to, during or following the Discovery Conference. None of the Non-Producing Parties have contacted the Committee with a plan, or even a willingness, to rectify their failure to comply with the Rule 2004 Order.

36. Thus, the Non-Producing Parties are plainly in violation of this Court's Rule 2004 Order and, where applicable, the subpoenas issued thereunder. As a result, the Committee requests that the Court utilize its power to compel the Non-Producing Parties to produce the Requested Documents and to issue appropriate sanctions for their continued non-compliance.

## C. The Non-Producing Parties Should be Held in Civil Contempt

37. In order to hold a party in civil contempt, "the court need only (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that the order was not complied with, and (3) find that the alleged contemnor has not clearly established his inability to comply with the terms of the order." *Huber v. Marine Midland Bank,* 51 F.3d 5, 10 (2d Cir. 1995). In a civil contempt proceeding, a finding of contempt will be upheld so long as the order violated "is clear and unambiguous, the proof of non-compliance [with the order] is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply." *In re Corso,* 328 B.R. 375, 385 (E.D.N.Y. 2005) (alteration in original) (quoting *United States v. Local 1804–1, Int'l Longshoremen's Assn.*, 44 F.3d 1091, 1096 (2d Cir. 1995)). Additionally, a party that fails to timely respond or object to a subpoena within the mandated period is not permitted to raise objections later. *See id.* at 384-85 ("Because [the subpoenaed party] did not raise any timely

objections to the Trustee's subpoena, or move to quash it in a timely manner [it] waived its right to object to the Subpoena.").

38.     Further, Civil Rule 45(e), made applicable to this Chapter 11 Case via Bankruptcy Rule 9016, provides that "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." *Id.*, 328 B.R. at 385 (quoting Civil Rule 45(e)); *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) ("Where a party fails to object to a subpoena and also fails to comply, it may be held in contempt, pursuant to Rule 45[(e)]" (internal quotations omitted)).

39.     Finally, courts may sanction a party that fails to respond or object to a subpoena. *See PaineWebber Inc.*, 211 F.R.D. at 249 ("Where a party fails to object to a subpoena and also fails to comply, it may be held in contempt, pursuant to Rule 45[(e)], and sanctions may therefore be imposed." (internal quotations omitted)); *Corso*, 328 B.R. at 385-86 (upholding bankruptcy court's sanction of a party that made "no effort" to comply with a Rule 2004 subpoena).

40.     Here, the Court entered "a clear and unambiguous order" in the form of the Rule 2004 Order, which fixes—clearly and unambiguously—21 days following service (*i.e.*, May 10, 2024) as the deadline for responses and objections from the Debtor and the Debtor Related Entities and May 24, 2024 as the date for completion of their productions.  With respect to Ryan, she was duly served on May 14, 2024, with a response deadline of June 4, 2024, pursuant to the terms of both her subpoena and the Rule 2004 Order.  Both May 24, 2024 and June 4, 2024 have long since passed.  Despite the Non-Producing Related Parties' awareness of the subpoenas and each of the Non-Producing Parties' awareness of the Rule 2004 Order, none of the Non-Producing Parties have complied with the Requests nor have the Committee's numerous attempts to resolve the discovery disputes elicited any meaningful, much less sufficient, response.  *See Corso*, 328 B.R.

at 385-86 (affirming bankruptcy court's contempt order where service of subpoena was clear and unambiguous and no effort was made to comply).

41.    In order to encourage the Non-Producing Parties to comply with their discovery obligations and obey the Court's orders, the Court should impose appropriate sanctions, which could include daily monetary sanctions until they comply.[21]   Indeed, courts within the Second Circuit routinely impose daily monetary sanctions in order to motivate litigants to comply with court orders.  *See, e.g.*, *Funk v. Belneftekhim*, 861 F.3d 354, 373 (2d Cir. 2017) ("[T]he district court acted within its discretion under Fed. R. Civ. P. 37(b) in ordering daily monetary sanctions and litigation costs in an initial effort to induce discovery compliance"); *Sistem Muhendislik Insaat Sanayi Ve Ticaret, A.S. v. Kyrgyz Republic*, 12-CV-4502 (ALC), 2022 WL 5246422, at *1 (S.D.N.Y. Oct. 6, 2022) ("The current motion for increased sanctions is a result of Defendant Republic of Kyrgyz's continued noncompliance with outstanding order[ed] discovery for multiple years despite the Court previously imposing daily sanctions of $5,000 per day."); *Tacuri v. Nithun Constr. Co.*, 14-CV-02908 (CBA) (RER), 2019 WL 6914042, at *3 (E.D.N.Y. Dec. 19, 2019) (imposing a daily fine until defendants complied with discovery).

42.    Accordingly, entry of the Proposed Order is appropriate and necessary.

## **NO PRIOR REQUEST**

43.    The Committee has not previously sought the relief requested herein from this or any other court.

---

[21]    If the Court decides to impose monetary sanctions on the Debtor, those sanctions should be paid solely from the Debtor's otherwise exempt assets, so as to not cause further harm to the Debtor's estate as a result of his failure to comply with the Rule 2004 Order.

## CERTIFICATION OF COUNSEL AND CONFERENCE

44.      As set forth above, Committee counsel has attempted to meet and confer with each of the Non-Producing Parties or their counsel in good faith to resolve this dispute, but such efforts were unsuccessful.[22]

45.      Further, the Committee has complied in good faith with its obligation to conduct a discovery conference with the Non-Producing Parties, and the Discovery Conference was held on June 17, 2024, which unfortunately, did not prompt the Non-Producing Parties to comply with their discovery obligations.

## NOTICE

46.      Notice of this Motion will be served on: (i) the U.S. Trustee; (ii) bankruptcy counsel to the Debtor; (iii) the Debtor Related Entities; (iv) Ryan; and (v) all parties having filed a request for notice herein.  The Committee submits that, in light of the nature of the relief requested, no other or further notice needs to be given.

---

[22]    The Decl.in Support, filed contemporaneously herewith, attaches documents and communications evidencing the Committee's various attempts to confer with the Non-Producing Parties, including by telephone, email and the Discovery Conference.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A,** (i) compelling the Non-Producing Parties to comply with this Court's Rule 2004 Order and, where applicable, the subpoenas; (ii) holding the Non-Producing Parties in contempt; (iii) imposing appropriate sanctions for their refusal to comply with the Court's Rule 2004 Order; and (iv) granting related relief.

Dated:  June 28, 2024
New York, New York

*/s/ Philip C. Dublin*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
One Bryant Park
New York, New York 10036
Tel:     (212) 872-1000
Fax:     (212) 872-1002
Email:   idizengoff@akingump.com
            pdublin@akingump.com
            aqureshi@akingump.com

- and -

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Tel:     (214) 969-2800
Fax:     (214) 969-4343
Email:   rbibloblock@akingump.com

*Counsel to the Official Committee of*
*Unsecured Creditors of Rudolph W. Giuliani*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re:                                          :        **Chapter 11**
                                                :
**RUDOLPH W. GIULIANI**                         :        **Case No. 23-12055 (SHL)**
**a/k/a RUDOLPH WILLIAM GIULIANI,**             :
                                                :
                Debtor.                         :
-------------------------------------------------------------x

## ORDER: (I) COMPELLING THE DEBTOR AND CERTAIN RELATED PARTIES TO PRODUCE DOCUMENTS IN RESPONSE TO THE COMMITTEE'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS, (II) HOLDING THEM IN CONTEMPT AND (III) GRANTING SANCTIONS

Upon the motion (the "Motion")[1] of the Official Committee of Unsecured Creditors (the "Committee") of Rudolph W. Giuliani (the "Debtor") for entry of an order, pursuant Bankruptcy Code section 105(a), Civil Rule 45 and Bankruptcy Rules 7037, 9014 and 9016, compelling the Debtor, the Debtor Related Entities[2] and Maria Ryan to produce all documents and communications responsive to the Requests (Docket Nos. 172, 173, 174, 177, 178, 179, 184, 193, 211) (collectively, the "Requested Documents") and for appropriate sanctions; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion on July 10, 2024 (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT**:**

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

[2]   "Debtor Related Entities" refers to Giuliani Partners, LLC; Giuliani Communications, LLC; Giuliani Security & Safety, LLC; Giuliani Group, LLC; Giuliani & Company, LLC; and WorldCapital Payroll Corporation.

1.      The Motion is GRANTED as set forth herein.

2.      The Debtor, the Debtor Related Entities and Maria Ryan are hereby held in contempt for their willful failure to comply with the Rule 2004 Order.

3.      No later than seven (7) days after the entry of this Order, the Non-Producing Parties shall produce the Requested Documents to the Committee in full.

4.      If any of the Debtor, Debtor Related Entities or Maria Ryan fail to produce the Requested Documents, in full, within seven (7) days of the entry of this Order, then appropriate sanctions will be imposed against them until they complete production of the Requested Documents.

5.      The Debtor shall make payment of any civil contempt sanctions levied against him only from the Debtor's exempt assets, and no non-exempt assets may be used to pay any party's civil contempt sanctions.

6.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry, including, without limitation, with respect to any sanctions against the Debtor.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: _____, 2024
            White Plains, New York


_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE