1

1

2   UNITED STATES BANKRUPTCY COURT

3   SOUTHERN DISTRICT OF NEW YORK

4   - - - - - - - - - - - - - - - - - - - -x

5

6   In the Matter of:

7   RUDOLPH W. GIULIANI,                 Main Case No.

8            Debtor.                     23-12055-shl

9

10  - - - - - - - - - - - - - - - - - - - -x

11

12              United States Bankruptcy Court

13              One Bowling Green

14              New York, New York

15

16              July 3, 2024

17              10:08 AM

18

19

20

21  B E F O R E:

22  HON. SEAN H. LANE

23  U.S. BANKRUPTCY JUDGE

24

25  ECRO:  ELECTRONIC RECORDING

2

1

2   Status Conference Re: Doc. #277 Debtor's Motion To Convert

3   Chapter 11 Case To Chapter 7

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20   Transcribed by:  River Wolfe

21   eScribers, LLC

22   7227 North 16th Street, Suite #207

23   Phoenix, AZ 85020

24   (800) 257-0885

25   operations@escribers.net

3

A P P E A R A N C E S (All present by video or telephone):

BERGER, FISCHOFF, SHUMER, WEXLER & GOODMAN, LLP

      Attorneys for Debtor

      6901 Jericho Turnpike

      Suite 230

      Syosset, NY 11791

BY:   HEATH S. BERGER, ESQ.

      GARY C. FISCHOFF, ESQ.

Kenneth Caruso Law LLC

      Attorneys for Debtor

      15 West 72nd Street

      New York, NY 10023

BY:   KENNETH A. CARUSO, ESQ.

4

WILLKIE FARR & GALLAGHER LLP

    Attorneys for Ruby Freeman and Wandrea ArShaye Moss

    787 Seventh Avenue

    New York, NY 10019

BY:   JAMES BURBAGE, ESQ.

    MARINE LOISON, ESQ.

    AARON E. NATHAN, ESQ.

    RACHEL C. STRICKLAND, ESQ.

AKIN GUMP STRAUSS HAUER & FELD LLP

    Attorneys for Official Committee of Unsecured Creditors

    2300 North Field Street

    Suite 1800

    Dallas, TX 75201

BY:   RACHEL L. BIBLO BLOCK, ESQ.

1

2  AKIN GUMP STRAUSS HAUER & FELD LLP

3       Attorneys for Official Committee of Unsecured Creditors

4       One Bryant Park

5       New York, NY 10036

6

7  BY:   PHILIP C. DUBLIN, ESQ.

8        SHANT K. EULMESSEKIAN, ESQ.

9        ABID QURESHI, ESQ.

10

11

12  U.S. DEPARTMENT OF JUSTICE

13       Attorneys for Office of the U.S. Trustee

14       One Bowling Green

15       New York, NY 10004

16

17  BY:   ANDREA BETH SCHWARTZ, ESQ.

18

19

20

21

22

23

24

25

6

1

2   OFFICE OF THE NYS ATTORNEY GENERAL

3         Attorneys for NYS Department of Taxation and Finance

4         28 Liberty Street

5         New York, NY 10005

6

7   BY:   LEO V. GAGION, ESQ.

8         ENID NAGLER STUART, ESQ.

9

10

11  CAIN & SKARNULIS PLLC

12        Attorneys for Dr. Eric Coomer

13        303 Colorado Street

14        Suite 2850

15        Austin, TX 78701

16

17  BY:   CHARLIE J. CAIN, ESQ.

18        RYAN E. CHAPPLE, ESQ.

19        BRAD KLOEWER, ESQ.

20

21

22

23

24

25

7

1

2   BUCHALTER, A PROFESSIONAL CORPORATION

3          Attorneys for US Dominion, Inc.

4          1000 Wilshire Boulevard

5          Suite 1500

6          Los Angeles, CA 90017

7

8   BY:   JOEL G. SAMUELS, ESQ.

9

10

11   WINSTON & STRAWN LLP

12          Attorneys for Interested Party

13          1901 L Street, Northwest

14          Washington, DC 20036

15

16   BY:   KENNETH L. PERKINS, ESQ.

17

18

19

20

21

22

23

24

25

8

1

2 | ALSO PRESENT:

3 |         RICK ARCHER, Law360

4 |         DAVID COLLINS, Associated Press

5 |         NOELLE DUNPHY

6 |         CLARA ELLEN GEOGHEGAN, Law360

7 |         TAYLOR HARRISON, ION Group

8 |         ELLA LEE, The Hill

9 |         RANDI LOVE, Bloomberg

10 |         MATTHEW NAHAM, Law&Crime Network

11 |         ZACHARY SCHONFELD, The Hill

12 |         EILEEN SULLIVAN, New York Times

13 |         MICHAEL TOMBACK, Reorg

14 |         ALEX WITTENBERG, Law360

15 |         BECKY YERAK, Wall Street Journal

16

17

18

19

20

21

22

23

24

25

P R O C E E D I N G S

1

2          THE COURT:  Good morning.  This is Judge Sean Lane in

3    the United States Bankruptcy Court for the Southern District of

4    New York, and we're here for the Chapter 11 case, Rudolph

5    Giuliani.

6          So let me level set here a bit for what is a status

7    conference.  This conference was scheduled at the Court's

8    request yesterday, and I appreciate folks making themselves

9    available.  I know there's a holiday weekend.  And so I

10   appreciate you making the time today.

11         The reason for the scheduling of the status conference

12   is in recent hearings, we've had a hearing on the official

13   committee's request to appoint a Chapter 11 trustee.  We have

14   matters coming up in the not-too-distant future that deal with

15   request to extend exclusivity.  And in the wake of all that, I

16   couldn't also help but notice that there was a document filed

17   the other day by the debtor that was a request to convert the

18   case to Chapter 7.

19         And since inefficiency is expensive and it doesn't

20   help anyone and confusion is not very beneficial to anyone, I

21   thought it was best to at least touch base with the parties to

22   figure out if there's any -- whether a conversation about the

23   status of the case could be productive and helpful in terms of

24   understanding where we are, where we're going, what we're

25   doing, and what we're not doing.  I have no desire to spend

1   your time and money trying to do things just in case.  So

2   that's a long way of introduction again.

3           Let me get appearances, so starting with the debtor.

4           MR. FISCHOFF:  Good morning, Judge.  Berger, Fischoff,

5   Shumer, Wexler & Goodman by Gary Fischoff.  And Mr. Berger is

6   also on for the Debtor.

7           MR. BERGER:  Good morning, Your Honor.  Heath Berger,

8   Berger, Fischoff, Shumer, attorney for the debtor.

9           THE COURT:  All right.  Good morning to you both.

10          And on behalf of the official committee of unsecured

11  creditors.

12          MR. DUBLIN:  Good morning, Your Honor.  Phil Dublin,

13  Akin Gump Strauss Hauer & Feld, on behalf of the committee.

14  And with me are Abed Qureshi and Rachel Biblo Block.

15          THE COURT:  All right.  Good morning.

16          And on behalf of the parties we've been referring to

17  as the Freeman plaintiffs.

18          MS. STRICKLAND:  Good morning, Your Honor.  Rachel

19  Strickland, Willkie Farr & Gallagher.

20          THE COURT:  All right.  Good morning.

21          And on behalf of the United States Trustee's office.

22          MS. SCHWARTZ:  Good morning, Your Honor.  Andrea

23  Schwartz for the United States Trustee.

24          THE COURT:  All right.  Good morning.

25          I know there are a lot of other folks on the Zoom, but

**RUDOLPH W. GIULIANI**

11

1   many of them are just listen only.  So let me find out if

2   there's anyone else who needs to make an appearance at this

3   time who's not yet done so.

4          All right.  All is quiet.

5          So given that the filing that precipitated the status

6   conference was made by the debtor, I thought it made sense to

7   hear from debtor's counsel first to get a sense of where they

8   see the case going and what the significance is of the recent

9   filing that I noticed was signed by the debtor himself.

10         MR. FISCHOFF:  Yes, Judge.  Gary Fischoff for the

11  debtor.  So I think the application by the debtor for

12  conversion to a Chapter 7 speaks for itself.  Where all the

13  other pending matters go, I think, would have -- I mean, some

14  of them may have to wait for the appointment of a Chapter 7

15  trustee, which I'm sure, upon conversion, the Office of U.S.

16  Trustee will promptly attend to.

17         But there is a motion objecting to the

18  dischargeability of the Freeman debt that perhaps is unaffected

19  by the conversion.  Even a Chapter 7 or 11, that's a

20  determination.  That's not, I believe, part of the trustee's

21  marshaling and liquidation of assets.

22         The motion for the extension of time to exclusivity

23  would obviously be mooted by the conversion of the case.

24         There's a discovery motion outstanding, and perhaps

25  that would be adjourned for the trustee to step in and

1   determine how they want to handle it, or he or she wants to

2   handle it.  And because obviously, the debtor still has an

3   obligation to provide financial disclosure, whether it's to a

4   creditors committee or to a trustee.  So that's ultimately is

5   not going to change, but the exact method of getting there

6   might change.

7          And I think that -- oh, and there's also a motion to

8   allow the debtor to perfect the pending appeal, which is on for

9   July.  And I think for now, that could be left alone to give

10  the trustee an opportunity to get involved in the case and

11  determine how he or she may want to handle that motion.

12         So I think that sums up all of the outstanding issues,

13  some of which would go away upon conversion, and some, only the

14  future will tell, I guess.

15         THE COURT:  All right.  Thank you very much.

16         And so let me circle the virtual room, starting with

17  the committee.

18         MR. DUBLIN:  Again, for the record, Your Honor.  Phil

19  Dublin, Akin Gump Strauss Hauer & Feld, for the committee.

20  Your Honor, I think Mr. Fischoff is jumping the gun a little

21  bit in assuming that we are actually going to have a situation

22  where this case is converted to Chapter 7.  But today is not

23  the hearing on the application to convert, which Your Honor

24  rightfully notes was signed by the debtor and not by his

25  counsel.

1         The motion hasn't even been -- or the application

2    hasn't even been noticed yet.  We have a right.  All parties

3    have a right under Bankruptcy Rule 2002(a)(4) for notice in a

4    hearing with respect to the application.  And we don't believe

5    that this debtor has an absolute right to convert his case to

6    Chapter 7.  And precedent in this district agrees with us.

7         Your Honor, the facts of the case are well known to

8    you.  Our view is we do not have a good faith debtor.  He has

9    misbehaved every step of the way, as was detailed in our

10   trustee motion and as we discussed at the hearing on the

11   motion, which is currently with Your Honor for awaiting ruling.

12   I don't really need to get into those issues today, but the UCC

13   has not had a sufficient time to formulate a position with

14   respect to the request.  I anticipate --

15        THE COURT:  Let me just -- let me just interrupt you

16   there.  I recognize in scheduling today's status conference

17   that that is certainly understandable.  So in that sense, I

18   apologize for jumping the gun.  I'm not trying to put anybody

19   on the spot.  At the same time, my thought was, at least we can

20   get some clarity as to what to do about some things so you

21   don't all spend time spending time and money on some things

22   that are not necessary.  But go ahead.  I just wanted to

23   make -- I'm not expecting you to have a view today of something

24   that was just filed so --

25        MR. DUBLIN:  I appreciate that, Your Honor.  And I'm

1   going to get to how we believe we should deal with the calendar

2   as it relates to the 10th.

3          I do want to note that I do not expect the committee

4   will acquiesce to the application.  I think that, subject to

5   further discussions with the committee, we are going to come

6   out and likely request that the Court rule on the trustee

7   motion before considering the application or on the

8   alternative, dismiss the Chapter 11 cases.  We think, again,

9   that the debtor here has been trying to gain the system.  He

10  has not complied with court orders.  He has not complied with

11  our discovery.  He has not complied with the Bankruptcy Rules.

12  All things that we covered previously in our trustee motion and

13  other pleadings.

14         What his true motivation is we don't really know.  I'm

15  sure he's grown tired of this committee.  And he's trying to

16  get us disbanded by converting his case to Chapter 7.  He could

17  be hoping that a Chapter 7 trustee will be less difficult than

18  we have been to date and make things easier for him.  It could

19  be he's trying to get access to revenue that he generates on a

20  post-petition basis, which if you're Chapter 7 situation, as

21  opposed to Chapter 11, would be outside the estate.

22         We don't believe he will be successful.  A Chapter 7

23  trustee undoubtedly will look to monetize the debtor's assets

24  very quickly.  And the Chapter 7 trustee would take control of

25  the debtors wholly owned "alter ego" businesses and be entitled

1   to control those entities and be entitled to all the revenue

2   from those entities.  So even if the debtor thought he was

3   going to get access to that revenue, that would not be the

4   case.

5          Your Honor, again, as I noted, we do want to have an

6   opportunity to reply to the application and then advise Your

7   Honor as to whether we believe it's more appropriate to rule on

8   the trustee motion or more likely to explore potentially

9   dismiss the Chapter 11 cases.  Again, I don't think conversion

10  to Chapter 7 is something that we are going to sit idly by and

11  allow to happen.

12         With respect to the other matters that are on for

13  hearing on the 10th, we think it probably makes sense to

14  adjourn them all by at least a week initially, subject to Your

15  Honor's calendar and the availability of the parties, pending

16  what happens on the 10th.  What we would like to do would be to

17  respond to the application, actually have it noticed for the

18  10th, file a reply that, again, I anticipate would include a

19  request to dismiss if a Chapter 11 trustee is not appointed in

20  advance of a hearing on the application, and then treat the

21  response that contemplates potential dismissal as a motion to

22  dismiss to be heard on the same date.

23         We would have no issue with the debtor replying

24  verbally at the hearing or orally at the hearing on the 10th.

25  But given the holiday weekend and the timing of the filing the

```
 1   application, we would request an opportunity to file our
 2   response on July 8th.
 3             THE COURT:  All right.  Thank you very much.
 4             Ms. Strickland, I believe it's to you.
 5             MS. STRICKLAND:  Thank you, Your Honor.  For the
 6   record, Rachel Strickland, Willkie Farr & Gallagher, on behalf
 7   of the Freeman plaintiffs.
 8             For the last six months, my clients and the committee
 9   have been sounding alarm bells about Mr. Giuliani's problematic
10   conduct, including his underhanded litigation tactics.  Pre-
11   petition, he refused to comply with discovery requests and
12   court orders.  Post-petition, he continued to ignore court
13   orders.  And then the unsecured creditors committee launched
14   2004 discovery against Mr. Giuliani and his nondebtor entities.
15             This is right out of the playbook of Mr. Giuliani.
16   He's barely participated in the process.  Now, he's facing a
17   motion to compel discovery.  So conveniently, now is the time
18   he files an application to convert to a Chapter 7.  These are
19   just games.  I share Mr. Dublin's view.
20             He knows that the motion to appoint the trustee is
21   pending.  And he also knows that when that would be granted,
22   which is a strong presumption, that he would be foreclosed from
23   seeking this relief under 1112(a).  He, I believe, is banking
24   on the chance that converting the case will dissolve the
25   committee and sideline Akin's investigation for the foreseeable
```

1   future.

2          So we too are wholly against it and do not believe

3   this is something that the debtor can do as a matter of right.

4   They cannot possibly explain how they went from moving for an

5   extension of exclusivity and arguing that a trustee should not

6   be appointed to now arguing for conversion to a Chapter 7.

7   That is a super about face and really demonstrates, yet again,

8   incredible bad faith.

9          Your Honor has asked us all before to think about

10  where do we go from here.  I agree with Mr. Dublin.

11  Procedurally, he needs to notice the application.  We too are

12  comfortable with that being heard on the 10th and are prepared

13  to reply by the 8th or whatever date Your Honor sets.

14         Heads up, we are going to be asking for dismissal of

15  these cases.  We think that the conversion request just

16  underscores his bad faith approach and don't think that this is

17  a party that should be allowed to exploit the bankruptcy

18  process any longer.  We are very reluctant, I would say, to

19  delay the other matters that are scheduled for July 10, since

20  Mr. Giuliani is clearly employing a litigation delay tactic.

21  That said, we don't really want to scramble around drafting

22  things and arguing things that may very well be moot if the

23  case is thrown out.

24         So what we would ask for, similar to Mr. Dublin's

25  request, is that there be an adjournment, but a short one.  We

**RUDOLPH W. GIULIANI**

18

1  are not looking to hit the pause button on these cases, so

2  subject to the Court's availability.  We're prepared to put it

3  off a week, but obviously subject to Your Honor's schedule.  We

4  really don't want to backburner any of these items at all,

5  assuming the case is still pending.

6        So we would ask that we put things to the back burner,

7  and that includes also the objection to the motion to deal with

8  the list stay.  I think it's their eighteenth request.  I'm

9  being slightly facetious.  But we've had a lot of them, and

10  none of the underlying facts have changed.  So the objections

11  to that are due July 15th.  That one probably makes sense to

12  truly put on the back burner, since not one thing has happened

13  differently since the seven weeks has passed that Your Honor

14  denied it the last time.

15        So again, just so there's no surprises, we are going

16  to be asking for dismissal.  And we'll put that in our reply,

17  and they can argue it however they want.  They can put in two

18  paragraphs, as they are fond of doing, or they can submit a

19  Post-it note or just argue from the podium.  But we think that

20  this case speaks for itself and so would echo most of the

21  requests in terms of how we move forward that the committee has

22  made.

23        THE COURT:  All right.  Thank you very much.

24        And the United States Trustee's office.

25        MS. SCHWARTZ:  Thank you, Your Honor.  Andrea Schwartz

**RUDOLPH W. GIULIANI**

19

1   for the United States Trustee.  Your Honor, we have no

2   objection to the debtor's motion to convert.  In fact, we

3   support it.  However, if the Court determines that it's in the

4   best interest of the creditors and the estate to keep the case

5   in 11 and appoint a trustee, we would be fine with that as

6   well.  We definitely think that a trustee should be appointed.

7            THE COURT:  All right.  Thank you very much.

8            So let me send it back to Mr. Fischoff to primarily on

9   the matter of scheduling and what goes first, second, and

10  third.  And again, just to be clear where I am, I agree that we

11  need to figure out a sequence for these things unless everybody

12  spends all their time doing everything all at once.  So there

13  are several decisions that one could write an opinion on in the

14  not-too-distant future, whether it's a decision to convert the

15  case, whether it's a decision to appoint a Chapter 11 trustee,

16  whether it's a decision on nondischargeability, or whether it's

17  a decision on discovery.  And so I don't know that that's a

18  great outcome to live in that kind of a Schrodinger's Cat

19  universe.

20           So Mr. Fischoff, your thoughts?

21           MR. FISCHOFF:  Well, on scheduling -- well, first of

22  all, I believe the debtor has an absolute right to convert, and

23  an order and application was the appropriate process.  That

24  being said, we're okay with the Court having a hearing on the

25  debtor's application on the 10th and those parties that want to

1    file opposition file by the 8th.  There is a date in July 20th

2    or 22nd, I'm not sure, where there's already a motion.  So I

3    would suggest everything else be moved to that date in the

4    interim, and what happens on the 10th will obviously be

5    determinative of what goes forth on that adjourned date.  So I

6    think that would make the most sense at this point.

7            THE COURT:  All right.  So if I'm understanding this

8    correctly, the motion to extend exclusivity would be pushed

9    off.  We could talk about further scheduling if necessary on

10   that motion.  But again, the menu of options appear to be

11   Chapter 11 trustee or Chapter 7 or dismissal, and so I have a

12   hard time imagining that this particular exclusivity motion

13   will ever be something that needs to be decided or heard,

14   frankly.

15           For the lift stay, we're in a similar situation in

16   that if we're talking about a Chapter 7 trustee or a Chapter 11

17   trustee, they are going to want and should have a right to

18   weigh in on that.  And if there's dismissal, there's no reason

19   to hear that motion.

20           Nondischargeability is more likely to be heard just

21   because it will have to be heard if the case stays in

22   bankruptcy, which seems to be the request of the debtor and

23   certainly among the requests of the other parties in terms of

24   going ahead with the Chapter 11 trustee.

25           So my thought would be to move everything to the 22nd

**RUDOLPH W. GIULIANI**

21

1    for now, but we can talk about further scheduling on the 10th.

2    I would anticipate we would do that after hearing the motion

3    that the debtor has asked to be heard.  So it needs to be

4    calendared for that date with a notice sent out that

5    contemplates any opposition papers or responsive papers to be

6    filed on the 8th.  And I'd ask, if you perhaps could do that,

7    again, that would be included in the notice.

8            So everybody seems to be fine with that process.  The

9    one thing I want to be abundantly clear is it sounds like there

10   is one of the -- one of the responses to that motion is going

11   to be a request to dismiss.  And I assume that having that

12   discussion today, that everybody's fine with that being the

13   response in the sense that it is discussed on the 10th.

14           Because I think we all know what the facts and

15   circumstances are of the case.  I have a pretty good idea what

16   people are going to argue.  What I don't know is what they're

17   going to say about the law in terms of absolute right to

18   convert versus the Chapter 11 option or dismissal option.  And

19   so it's really a legal question that's going to be briefed more

20   than anything else because I have a lot of briefing on where

21   the case stands that's fairly recent.

22           So Mr. Fischoff, let me ask you if you have a

23   question, if you have any issue with hearing that request to

24   dismiss that I'm going to get in response to your motion.

25           MR. FISCHOFF:  No, Judge.  We will be -- we're willing

```
 1   to consider the two options, conversion or dismissal, on the

 2   10th.  So we'll look forward to the papers from the Freeman

 3   plaintiffs and the committee, and we'll be ready on the 10th.

 4            THE COURT:  All right.

 5            MS. STRICKLAND:  Your Honor, just one question --

 6            THE COURT:  Yes.

 7            MS. STRICKLAND:  -- regarding the other date.  So in

 8   the event this case is still standing, I was curious whether

 9   there was a date -- the date that we have, I believe, is 7/23.

10   That was for the lift stay 3.0 or 4.0 or whatever the heck it

11   is.  That's thirteen days past -- it's almost a full two weeks

12   past we were going to have nondischargeability and the motion

13   to compel heard.  The motion to compel may also become less

14   relevant since Mr. Giuliani will likely no longer be in charge

15   of his own affairs if there is any of the nondismissal relief

16   is granted.  But with respect to nondischargeability, I was

17   curious whether there was an earlier date in case dismissal

18   does not occur.

19            THE COURT:  That's a very fair question.  Let me take

20   a look and let you know.  Let me consult with Ms. Ebanks, the

21   Zen master of the calendar.

22            MS. STRICKLAND:  Okay.

23            THE COURT:  And then she will send around an email to

24   let you know what other dates we have.  So that's perfectly

25   fine.
```

**RUDOLPH W. GIULIANI**

23

1        So what we're going to do, though, I want to make it

2    clear, just in terms of saving people time and expense because

3    we're all here and because there's not enough assets to pay the

4    creditors, is the pens will be down for nondischargeability --

5    I'm sorry.  Let me rephrase that.  Nondischargeability is not

6    in that group.  The pens will be down on the motion to compel,

7    exclusivity, and the lift stay.  Until we have a further

8    discussion, nobody will be briefing -- doing any further

9    briefing, filing opposition, replies, whatever it is.

10       What will be briefed between now and our hearing

11   that's coming up on the 10th is the motion to convert, and I'll

12   get the oppositions on the 8th.

13       And as to nondischargeability, I believe that's

14   completely briefed, so including bonus letters.  So I have all

15   that, so what I will do is get you other dates for that.  And

16   so we'll do that -- it's 10:30.  We'll do that before noon

17   today, and we'll let you know.

18       All right.  So with that, let me ask anybody has

19   anything else they want to address or if there's anything I've

20   missed in terms of scheduling and trying to be as efficient as

21   possible in the management of the case.

22       MS. SCHWARTZ:  (Indiscernible) Your Honor?  Thank you.

23   Andrea Schwartz for the U.S. Trustee, I'm assuming, but it

24   wasn't mentioned here, that the U.S. Trustee can also put

25   papers in with respect to the motion to convert.

**RUDOLPH W. GIULIANI**

24

1          THE COURT:  I would think so, yeah.

2          MS. SCHWARTZ:  Yeah.

3          THE COURT:  I don't see any dissenting voices.

4    There's no virtual hands raised to --

5          MS. SCHWARTZ:  I'm not saying we definitely will.  I

6    just want to know that we can.

7          THE COURT:  No, no, that's absolutely fine and a

8    reasonable thing to ask.  Again, the point of today's status

9    conference is to try to figure out how to most efficiently

10   handle the circumstances that we have.  That's the point.  So

11   it's a very reasonable question that's fully in line with our

12   conversation.

13         So anything else from the debtor?

14         Or anything else from the committee?

15         MR. DUBLIN:  Yes, Your Honor.  I believe we also have

16   scheduled for the hearing on the 10th the committee's motion

17   for internal compensation procedures for our financial advisor

18   TDR and another related matter.  I think in some way or shape

19   or form we're going to need to deal with that issue, whether

20   the case is converted or dismissed or Chapter 11 trustee is

21   appointed, to ensure that our advisor is able to get paid.

22         THE COURT:  I'm perfectly fine with that, but perhaps

23   we don't need the motion for interim comp procedures because

24   the procedures are really going to be dictated by how the rest

25   of the case goes in terms of what Chapter we're in and whether

1  we're here at all.  So what I would say is why don't we put

2  that on as a status for the 10th?  We can have that

3  conversation about where to go from there.  Obviously, I

4  understand that people have been working on the case, and we

5  need to figure out how to get those applications teed up.

6        MR. DUBLIN:  Thank you, Your Honor.

7        THE COURT:  All right.  Anything from the Freeman

8  plaintiffs?

9        MS. STRICKLAND:  No, Your Honor.  Thank you.

10        THE COURT:  All right.  So unless there's anything

11  from any other party, once again, I want to thank everybody for

12  making the time.  And I think this has been a productive call.

13  And we'll get you a date today for the hearing after the 10th

14  for nondischargeability as a holding date.  And if anything

15  comes up and you all need a conference, you'll just to reach

16  out to the Court.  Otherwise, thank you very much, and I wish

17  all of you a very nice July 4th.

18      (Whereupon these proceedings were concluded at 10:33 AM)

19

20

21

22

23

24

25

26

1

2                    C E R T I F I C A T I O N

3

4    I, River Wolfe, certify that the foregoing transcript is a true

5    and accurate record of the proceedings.

6

7

8

9    _____

10   River Wolfe (CDLT-265)

11   TTA-Certified Digital Legal Transcriber

12

13   eScribers

14   7227 North 16th Street, Suite #207

15   Phoenix, AZ 85020

16

17   Date:  July 9, 2024

18

19

20

21

22

23

24

25

## A

**AARON (1)**
4:9
**Abed (1)**
10:14
**ABID (1)**
5:9
**able (1)**
24:21
**absolute (3)**
13:5;19:22;21:17
**absolutely (1)**
24:7
**abundantly (1)**
21:9
**access (2)**
14:19;15:3
**acquiesce (1)**
14:4
**actually (2)**
12:21;15:17
**address (1)**
23:19
**adjourn (1)**
15:14
**adjourned (2)**
11:25;20:5
**adjournment (1)**
17:25
**advance (1)**
15:20
**advise (1)**
15:6
**advisor (2)**
24:17,21
**affairs (1)**
22:15
**again (13)**
10:2;12:18;14:8;
15:5,9,18;17:7;18:15;
19:10;20:10;21:7;
24:8;25:11
**against (2)**
16:14;17:2
**agree (2)**
17:10;19:10
**agrees (1)**
13:6
**ahead (2)**
13:22;20:24
**AKIN (4)**
4:13;5:2;10:13;
12:19
**Akin's (1)**
16:25
**alarm (1)**
16:9
**ALEX (1)**
8:14
**allow (2)**
12:8;15:11

**allowed (1)**
17:17
**almost (1)**
22:11
**alone (1)**
12:9
**alter (1)**
14:25
**alternative (1)**
14:8
**among (1)**
20:23
**ANDREA (4)**
5:17;10:22;18:25;
23:23
**Angeles (1)**
7:6
**anticipate (3)**
13:14;15:18;21:2
**apologize (1)**
13:18
**appeal (1)**
12:8
**appear (1)**
20:10
**appearance (1)**
11:2
**appearances (1)**
10:3
**application (14)**
11:11;12:23;13:1,4;
14:4,7;15:6,17,20;
16:1,18;17:11;19:23,
25
**applications (1)**
25:5
**appoint (4)**
9:13;16:20;19:5,15
**appointed (4)**
15:19;17:6;19:6;
24:21
**appointment (1)**
11:14
**appreciate (3)**
9:8,10;13:25
**approach (1)**
17:16
**appropriate (2)**
15:7;19:23
**ARCHER (1)**
8:3
**argue (3)**
18:17,19;21:16
**arguing (3)**
17:5,6,22
**around (2)**
17:21;22:23
**ArShaye (1)**
4:3
**assets (3)**
11:21;14:23;23:3
**Associated (1)**
8:4

**assume (1)**
21:11
**assuming (3)**
12:21;18:5;23:23
**attend (1)**
11:16
**ATTORNEY (2)**
6:2;10:8
**Attorneys (8)**
4:3,14;5:3,13;6:3,
12;7:3,12
**Austin (1)**
6:15
**availability (2)**
15:15;18:2
**available (1)**
9:9
**Avenue (1)**
4:4
**awaiting (1)**
13:11
**away (1)**
12:13

## B

**back (3)**
18:6,12;19:8
**backburner (1)**
18:4
**bad (2)**
17:8,16
**banking (1)**
16:23
**Bankruptcy (5)**
9:3;13:3;14:11;
17:17;20:22
**barely (1)**
16:16
**base (1)**
9:21
**basis (1)**
14:20
**BECKY (1)**
8:15
**become (1)**
22:13
**behalf (5)**
10:10,13,16,21;
16:6
**bells (1)**
16:9
**beneficial (1)**
9:20
**Berger (5)**
10:4,5,7,7,8
**best (2)**
9:21;19:4
**BETH (1)**
5:17
**BIBLO (2)**
4:19;10:14
**bit (2)**

9:6;12:21
**BLOCK (2)**
4:19;10:14
**Bloomberg (1)**
8:9
**bonus (1)**
23:14
**both (1)**
10:9
**Boulevard (1)**
7:4
**Bowling (1)**
5:14
**BRAD (1)**
6:19
**briefed (3)**
21:19;23:10,14
**briefing (3)**
21:20;23:8,9
**Bryant (1)**
5:4
**BUCHALTER (1)**
7:2
**BURBAGE (1)**
4:7
**burner (2)**
18:6,12
**businesses (1)**
14:25
**button (1)**
18:1

## C

**CA (1)**
7:6
**CAIN (2)**
6:11,17
**calendar (3)**
14:1;15:15;22:21
**calendared (1)**
21:4
**call (1)**
25:12
**can (9)**
13:19;17:3;18:17,
17,18;21:1;23:24;
24:6;25:2
**case (27)**
9:4,18,23;10:1;
11:8,23;12:10,22;
13:5,7;14:16;15:4;
16:24;17:23;18:5,20;
19:4,15;20:21;21:15,
21;22:8,17;23:21;
24:20,25;25:4
**cases (4)**
14:8;15:9;17:15;
18:1
**Cat (1)**
19:18
**certainly (2)**
13:17;20:23

**chance (1)**
16:24
**change (2)**
12:5,6
**changed (1)**
18:10
**CHAPPLE (1)**
6:18
**Chapter (29)**
9:4,13,18;11:12,14,
19;12:22;13:6;14:8,
16,17,20,21,22,24;
15:9,10,19;16:18;
17:6;19:15;20:11,11,
16,16,24;21:18;24:20,
25
**charge (1)**
22:14
**CHARLIE (1)**
6:17
**circle (1)**
12:16
**circumstances (2)**
21:15;24:10
**CLARA (1)**
8:6
**clarity (1)**
13:20
**clear (3)**
19:10;21:9;23:2
**clearly (1)**
17:20
**clients (1)**
16:8
**COLLINS (1)**
8:4
**Colorado (1)**
6:13
**comfortable (1)**
17:12
**coming (2)**
9:14;23:11
**Committee (16)**
4:14;5:3;10:10,13;
12:4,17,19;14:3,5,15;
16:8,13,25;18:21;
22:3;24:14
**committee's (2)**
9:13;24:16
**comp (1)**
24:23
**compel (4)**
16:17;22:13,13;
23:6
**compensation (1)**
24:17
**completely (1)**
23:14
**complied (3)**
14:10,10,11
**comply (1)**
16:11
**concluded (1)**

23-12055-shl    Doc 291    Filed 07/09/24    Entered 07/15/24 09:07:31    Main Document
In the Matter of Rudolph W. Giuliani
Pg 28 of 32

July 3, 2024

25:18
**conduct (1)**
16:10
**conference (7)**
9:7,7,11;11:6;
13:16;24:9;25:15
**confusion (1)**
9:20
**consider (1)**
22:1
**considering (1)**
14:7
**consult (1)**
22:20
**contemplates (2)**
15:21;21:5
**continued (1)**
16:12
**control (2)**
14:24;15:1
**conveniently (1)**
16:17
**conversation (3)**
9:22;24:12;25:3
**conversion (9)**
11:12,15,19,23;
12:13;15:9;17:6,15;
22:1
**convert (10)**
9:17;12:23;13:5;
16:18;19:2,14,22;
21:18;23:11,25
**converted (2)**
12:22;24:20
**converting (2)**
14:16;16:24
**Coomer (1)**
6:12
**CORPORATION (1)**
7:2
**correctly (1)**
20:8
**counsel (2)**
11:7;12:25
**COURT (29)**
9:2,3;10:9,15,20,
24;12:15;13:15;14:6,
10;16:3,12,12;18:23;
19:3,7,24;20:7;22:4,6,
19,23;24:1,3,7,22;
25:7,10,16
**Court's (2)**
9:7;18:2
**covered (1)**
14:12
**Creditors (7)**
4:14;5:3;10:11;
12:4;16:13;19:4;23:4
**curious (2)**
22:8,17
**currently (1)**
13:11

## D

**Dallas (1)**
4:17
**date (13)**
14:18;15:22;17:13;
20:1,3,5;21:4;22:7,9,
9,17;25:13,14
**dates (2)**
22:24;23:15
**DAVID (1)**
8:4
**day (1)**
9:17
**days (1)**
22:11
**DC (1)**
7:14
**deal (4)**
9:14;14:1;18:7;
24:19
**debt (1)**
11:18
**debtor (21)**
9:17;10:3,6,8;11:6,
9,11,11;12:2,8,24;
13:5,8;14:9;15:2,23;
17:3;19:22;20:22;
21:3;24:13
**debtors (1)**
14:25
**debtor's (4)**
11:7;14:23;19:2,25
**decided (1)**
20:13
**decision (4)**
19:14,15,16,17
**decisions (1)**
19:13
**definitely (2)**
19:6;24:5
**delay (2)**
17:19,20
**demonstrates (1)**
17:7
**denied (1)**
18:14
**DEPARTMENT (2)**
5:12;6:3
**desire (1)**
9:25
**detailed (1)**
13:9
**determination (1)**
11:20
**determinative (1)**
20:5
**determine (2)**
12:1,11
**determines (1)**
19:3
**dictated (1)**

24:24
**differently (1)**
18:13
**difficult (1)**
14:17
**disbanded (1)**
14:16
**dischargeability (1)**
11:18
**disclosure (1)**
12:3
**discovery (6)**
11:24;14:11;16:11,
14,17;19:17
**discussed (2)**
13:10;21:13
**discussion (2)**
21:12;23:8
**discussions (1)**
14:5
**dismiss (6)**
14:8;15:9,19,22;
21:11,24
**dismissal (8)**
15:21;17:14;18:16;
20:11,18;21:18;22:1,
17
**dismissed (1)**
24:20
**dissenting (1)**
24:3
**dissolve (1)**
16:24
**District (2)**
9:3;13:6
**document (1)**
9:16
**Dominion (1)**
7:3
**done (1)**
11:3
**down (2)**
23:4,6
**Dr (1)**
6:12
**drafting (1)**
17:21
**DUBLIN (9)**
5:7;10:12,12;12:18,
19;13:25;17:10;
24:15;25:6
**Dublin's (2)**
16:19;17:24
**due (1)**
18:11
**DUNPHY (1)**
8:5

## E

**earlier (1)**
22:17
**easier (1)**

14:18
**Ebanks (1)**
22:20
**echo (1)**
18:20
**efficient (1)**
23:20
**efficiently (1)**
24:9
**ego (1)**
14:25
**eighteenth (1)**
18:8
**EILEEN (1)**
8:12
**ELLA (1)**
8:8
**ELLEN (1)**
8:6
**else (6)**
11:2;20:3;21:20;
23:19;24:13,14
**email (1)**
22:23
**employing (1)**
17:20
**ENID (1)**
6:8
**enough (1)**
23:3
**ensure (1)**
24:21
**entities (3)**
15:1,2;16:14
**entitled (2)**
14:25;15:1
**Eric (1)**
6:12
**ESQ (16)**
4:7,8,9,10,19;5:7,8,
9,17;6:7,8,17,18,19;
7:8,16
**estate (2)**
14:21;19:4
**EULMESSEKIAN (1)**
5:8
**Even (4)**
11:19;13:1,2;15:2
**event (1)**
22:8
**everybody (3)**
19:11;21:8;25:11
**everybody's (1)**
21:12
**exact (1)**
12:5
**exclusivity (6)**
9:15;11:22;17:5;
20:8,12;23:7
**expect (1)**
14:3
**expecting (1)**
13:23

**expense (1)**
23:2
**expensive (1)**
9:19
**explain (1)**
17:4
**exploit (1)**
17:17
**explore (1)**
15:8
**extend (2)**
9:15;20:8
**extension (2)**
11:22;17:5

## F

**face (1)**
17:7
**facetious (1)**
18:9
**facing (1)**
16:16
**fact (1)**
19:2
**facts (3)**
13:7;18:10;21:14
**fair (1)**
22:19
**fairly (1)**
21:21
**faith (3)**
13:8;17:8,16
**FARR (3)**
4:2;10:19;16:6
**FELD (4)**
4:13;5:2;10:13;
12:19
**Field (1)**
4:15
**figure (4)**
9:22;19:11;24:9;
25:5
**file (4)**
15:18;16:1;20:1,1
**filed (3)**
9:16;13:24;21:6
**files (1)**
16:18
**filing (4)**
11:5,9;15:25;23:9
**Finance (1)**
6:3
**financial (2)**
12:3;24:17
**find (1)**
11:1
**fine (6)**
19:5;21:8,12;22:25;
24:7,22
**first (3)**
11:7;19:9,21
**Fischoff (12)**

23-12055-shl    Doc 291    Filed 07/09/24    Entered 07/15/24 09:07:31    Main Document
In the Matter of Rudolph W. Giuliani                    Pg 29 of 32

July 3, 2024

10:4,4,5,8;11:10,
10;12:20;19:8,20,21;
21:22,25
**folks (2)**
9:8;10:25
**fond (1)**
18:18
**foreclosed (1)**
16:22
**foreseeable (1)**
16:25
**form (1)**
24:19
**formulate (1)**
13:13
**forth (1)**
20:5
**forward (2)**
18:21;22:2
**frankly (1)**
20:14
**Freeman (6)**
4:3;10:17;11:18;
16:7;22:2;25:7
**full (1)**
22:11
**fully (1)**
24:11
**further (5)**
14:5;20:9;21:1;
23:7,8
**future (4)**
9:14;12:14;17:1;
19:14

**G**

**GAGION (1)**
6:7
**gain (1)**
14:9
**GALLAGHER (3)**
4:2;10:19;16:6
**games (1)**
16:19
**Gary (2)**
10:5;11:10
**GENERAL (1)**
6:2
**generates (1)**
14:19
**GEOGHEGAN (1)**
8:6
**Giuliani (5)**
9:5;16:14,15;17:20;
22:14
**Giuliani's (1)**
16:9
**given (2)**
11:5;15:25
**goes (3)**
19:9;20:5;24:25
**Good (12)**

**9:**2;10:4,7,9,12,15,
18,20,22,24;13:8;
21:15
**Goodman (1)**
10:5
**granted (2)**
16:21;22:16
**great (1)**
19:18
**Green (1)**
5:14
**Group (2)**
8:7;23:6
**grown (1)**
14:15
**guess (1)**
12:14
**GUMP (4)**
4:13;5:2;10:13;
12:19
**gun (2)**
12:20;13:18

**H**

**handle (4)**
12:1,2,11;24:10
**hands (1)**
24:4
**happen (1)**
15:11
**happened (1)**
18:12
**happens (2)**
15:16;20:4
**hard (1)**
20:12
**HARRISON (1)**
8:7
**HAUER (4)**
4:13;5:2;10:13;
12:19
**Heads (1)**
17:14
**hear (2)**
11:7;20:19
**heard (7)**
15:22;17:12;20:13,
20,21;21:3;22:13
**hearing (14)**
9:12;12:23;13:4,10;
15:13,20,24,24;19:24;
21:2,23;23:10;24:16;
25:13
**hearings (1)**
9:12
**Heath (1)**
10:7
**heck (1)**
22:10
**help (2)**
9:16,20
**helpful (1)**

**9:**23
**Hill (2)**
8:8,11
**himself (1)**
11:9
**hit (1)**
18:1
**holding (1)**
25:14
**holiday (2)**
9:9;15:25
**Honor (23)**
10:7,12,18,22;
12:18,20,23;13:7,11,
25;15:5,7;16:5;17:9,
13;18:13,25;19:1;
22:5;23:22;24:15;
25:6,9
**Honor's (2)**
15:15;18:3
**hoping (1)**
14:17

**I**

**idea (1)**
21:15
**idly (1)**
15:10
**ignore (1)**
16:12
**imagining (1)**
20:12
**Inc (1)**
7:3
**include (1)**
15:18
**included (1)**
21:7
**includes (1)**
18:7
**including (2)**
16:10;23:14
**incredible (1)**
17:8
**Indiscernible (1)**
23:22
**inefficiency (1)**
9:19
**initially (1)**
15:14
**interest (1)**
19:4
**Interested (1)**
7:12
**interim (2)**
20:4;24:23
**internal (1)**
24:17
**interrupt (1)**
13:15
**into (1)**
13:12

**introduction (1)**
10:2
**investigation (1)**
16:25
**involved (1)**
12:10
**ION (1)**
8:7
**issue (3)**
15:23;21:23;24:19
**issues (2)**
12:12;13:12
**items (1)**
18:4

**J**

**JAMES (1)**
4:7
**JOEL (1)**
7:8
**Journal (1)**
8:15
**Judge (4)**
9:2;10:4;11:10;
21:25
**July (6)**
12:9;16:2;17:19;
18:11;20:1;25:17
**jumping (2)**
12:20;13:18
**JUSTICE (1)**
5:12

**K**

**keep (1)**
19:4
**KENNETH (1)**
7:16
**kind (1)**
19:18
**KLOEWER (1)**
6:19
**known (1)**
13:7
**knows (2)**
16:20,21

**L**

**Lane (1)**
9:2
**last (2)**
16:8;18:14
**launched (1)**
16:13
**law (1)**
21:17
**Law&Crime (1)**
8:10
**Law360 (3)**
8:3,6,14

**least (3)**
9:21;13:19;15:14
**LEE (1)**
8:8
**left (1)**
12:9
**legal (1)**
21:19
**LEO (1)**
6:7
**less (2)**
14:17;22:13
**letters (1)**
23:14
**level (1)**
9:6
**Liberty (1)**
6:4
**lift (3)**
20:15;22:10;23:7
**likely (4)**
14:6;15:8;20:20;
22:14
**line (1)**
24:11
**liquidation (1)**
11:21
**list (1)**
18:8
**listen (1)**
11:1
**litigation (2)**
16:10;17:20
**little (1)**
12:20
**live (1)**
19:18
**LLP (4)**
4:2,13;5:2;7:11
**LOISON (1)**
4:8
**long (1)**
10:2
**longer (2)**
17:18;22:14
**look (3)**
14:23;22:2,20
**looking (1)**
18:1
**Los (1)**
7:6
**lot (3)**
10:25;18:9;21:20
**LOVE (1)**
8:9

**M**

**makes (2)**
15:13;18:11
**making (3)**
9:8;10;25:12
**management (1)**

23-12055-shl    Doc 291    Filed 07/09/24    Entered 07/15/24 09:07:31    Main Document
In the Matter of Rudolph W. Giuliani
Pg 30 of 32

July 3, 2024

23:21
**many (1)**
 11:1
**MARINE (1)**
 4:8
**marshaling (1)**
 11:21
**master (1)**
 22:21
**matter (3)**
 17:3;19:9;24:18
**matters (4)**
 9:14;11:13;15:12;
 17:19
**MATTHEW (1)**
 8:10
**may (4)**
 11:14;12:11;17:22;
 22:13
**mean (1)**
 11:13
**mentioned (1)**
 23:24
**menu (1)**
 20:10
**method (1)**
 12:5
**MICHAEL (1)**
 8:13
**might (1)**
 12:6
**misbehaved (1)**
 13:9
**missed (1)**
 23:20
**monetize (1)**
 14:23
**money (2)**
 10:1;13:21
**months (1)**
 16:8
**moot (1)**
 17:22
**mooted (1)**
 11:23
**more (4)**
 15:7,8;20:20;21:19
**morning (10)**
 9:2;10:4,7,9,12,15,
 18,20,22,24
**Moss (1)**
 4:3
**most (3)**
 18:20;20:6;24:9
**motion (31)**
 11:17,22,24;12:7,
 11;13:1,10,11;14:7,
 12;15:8,21;16:17,20;
 18:7;19:2;20:2,8,10,
 12,19;21:2,10,24;
 22:12,13;23:6,11,25;
 24:16,23
**motivation (1)**

14:14
**move (2)**
 18:21;20:25
**moved (1)**
 20:3
**moving (1)**
 17:4
**much (5)**
 12:15;16:3;18:23;
 19:7;25:16

## N

**NAGLER (1)**
 6:8
**NAHAM (1)**
 8:10
**NATHAN (1)**
 4:9
**necessary (2)**
 13:22;20:9
**need (6)**
 13:12;19:11;24:19,
 23;25:5,15
**needs (4)**
 11:2;17:11;20:13;
 21:3
**Network (1)**
 8:10
**New (6)**
 4:5;5:5,15;6:5;
 8:12;9:4
**nice (1)**
 25:17
**nobody (1)**
 23:8
**NOELLE (1)**
 8:5
**nondebtor (1)**
 16:14
**nondischargeability (8)**
 19:16;20:20;22:12,
 16;23:4,5,13;25:14
**nondismissal (1)**
 22:15
**none (1)**
 18:10
**noon (1)**
 23:16
**North (1)**
 4:15
**Northwest (1)**
 7:13
**note (2)**
 14:3;18:19
**noted (1)**
 15:5
**notes (1)**
 12:24
**notice (5)**
 9:16;13:3;17:11;
 21:4,7
**noticed (3)**

11:9;13:2;15:17
**not-too-distant (2)**
 9:14;19:14
**NY (4)**
 4:5;5:5,15;6:5
**NYS (2)**
 6:2,3

## O

**objecting (1)**
 11:17
**objection (2)**
 18:7;19:2
**objections (1)**
 18:10
**obligation (1)**
 12:3
**obviously (5)**
 11:23;12:2;18:3;
 20:4;25:3
**occur (1)**
 22:18
**off (2)**
 18:3;20:9
**Office (5)**
 5:13;6:2;10:21;
 11:15;18:24
**Official (4)**
 4:14;5:3;9:12;
 10:10
**once (2)**
 19:12;25:11
**One (10)**
 5:4,14;17:25;18:11,
 12;19:13;21:9,10,10;
 22:5
**only (2)**
 11:1;12:13
**opinion (1)**
 19:13
**opportunity (3)**
 12:10;15:6;16:1
**opposed (1)**
 14:21
**opposition (3)**
 20:1;21:5;23:9
**oppositions (1)**
 23:12
**option (2)**
 21:18,18
**options (2)**
 20:10;22:1
**orally (1)**
 15:24
**order (1)**
 19:23
**orders (3)**
 14:10;16:12,13
**Otherwise (1)**
 11:12
**out (10)**
 9:22;11:1;14:6;

16:15;17:23;19:11;
 21:4;24:9;25:5,16
**outcome (1)**
 19:18
**outside (1)**
 14:21
**outstanding (2)**
 11:24;12:12
**own (1)**
 22:15
**owned (1)**
 14:25

## P

**paid (1)**
 24:21
**papers (4)**
 21:5,5;22:2;23:25
**paragraphs (1)**
 18:18
**Park (1)**
 5:4
**part (1)**
 11:20
**participated (1)**
 16:16
**particular (1)**
 20:12
**parties (6)**
 9:21;10:16;13:2;
 15:15;19:25;20:23
**Party (3)**
 7:12;17:17;25:11
**passed (1)**
 18:13
**past (2)**
 22:11,12
**pause (1)**
 18:1
**pay (1)**
 23:3
**pending (5)**
 11:13;12:8;15:15;
 16:21;18:5
**pens (2)**
 23:4,6
**people (3)**
 21:16;23:2;25:4
**perfect (1)**
 12:8
**perfectly (2)**
 22:24;24:22
**perhaps (4)**
 11:18,24;21:6;
 24:22
**PERKINS (1)**
 7:16
**petition (1)**
 16:11
**Phil (2)**
 10:12;12:18
**PHILIP (1)**

5:7
**plaintiffs (4)**
 10:17;16:7;22:3;
 25:8
**playbook (1)**
 16:15
**pleadings (1)**
 14:13
**PLLC (1)**
 6:11
**podium (1)**
 18:19
**point (3)**
 20:6;24:8,10
**position (1)**
 13:13
**possible (1)**
 23:21
**possibly (1)**
 17:4
**Post-it (1)**
 18:19
**post-petition (2)**
 14:20;16:12
**potential (1)**
 15:21
**potentially (1)**
 15:8
**Pre- (1)**
 16:10
**precedent (1)**
 13:6
**precipitated (1)**
 11:5
**prepared (2)**
 17:12;18:2
**PRESENT (1)**
 8:2
**Press (1)**
 8:4
**presumption (1)**
 16:22
**pretty (1)**
 21:15
**previously (1)**
 14:12
**primarily (1)**
 19:8
**probably (2)**
 15:13;18:11
**problematic (1)**
 16:9
**Procedurally (1)**
 17:11
**procedures (3)**
 24:17,23,24
**proceedings (1)**
 25:18
**process (4)**
 16:16;17:18;19:23;
 21:8
**productive (2)**
 9:23;25:12

**PROFESSIONAL (1)**
7:2
**promptly (1)**
11:16
**provide (1)**
12:3
**pushed (1)**
20:8
**put (8)**
13:18;18:2,6,12,16,
17;23:24;25:1

**Q**

**quickly (1)**
14:24
**quiet (1)**
11:4
**QURESHI (2)**
5:9;10:14

**R**

**RACHEL (5)**
4:10,19;10:14,18;
16:6
**raised (1)**
24:4
**RANDI (1)**
8:9
**reach (1)**
25:15
**ready (1)**
22:3
**really (7)**
13:12;14:14;17:7,
21;18:4;21:19;24:24
**reason (2)**
9:11;20:18
**reasonable (2)**
24:8,11
**recent (3)**
9:12;11:8;21:21
**recognize (1)**
13:16
**record (2)**
12:18;16:6
**referring (1)**
10:16
**refused (1)**
16:11
**regarding (1)**
22:7
**related (1)**
24:18
**relates (1)**
14:2
**relevant (1)**
22:14
**relief (2)**
16:23;22:15
**reluctant (1)**
17:18

**Reorg (1)**
8:13
**rephrase (1)**
23:5
**replies (1)**
23:9
**reply (4)**
15:6,18;17:13;
18:16
**replying (1)**
15:23
**request (14)**
9:8,13,15,17;13:14;
14:6;15:19;16:1;
17:15,25;18:8;20:22;
21:11,23
**requests (3)**
16:11;18:21;20:23
**respect (5)**
13:4,14;15:12;
22:16;23:25
**respond (1)**
15:17
**response (4)**
15:21;16:2;21:13,
24
**responses (1)**
21:10
**responsive (1)**
21:5
**rest (1)**
24:24
**revenue (3)**
14:19;15:1,3
**RICK (1)**
8:3
**right (22)**
10:9,15,20,24;11:4;
12:15;13:2,3,5;16:3,
15;17:3;18:23;19:7,
22;20:7,17;21:17;
22:4;23:18;25:7,10
**rightfully (1)**
12:24
**room (1)**
12:16
**Ruby (1)**
4:3
**Rudolph (1)**
9:4
**Rule (3)**
13:3;14:6;15:7
**Rules (1)**
14:11
**ruling (1)**
13:11
**RYAN (1)**
6:18

**S**

**same (2)**
13:19;15:22

**SAMUELS (1)**
7:8
**saving (1)**
23:2
**saying (1)**
24:5
**schedule (1)**
18:3
**scheduled (3)**
9:7;17:19;24:16
**scheduling (7)**
9:11;13:16;19:9,21;
20:9;21:1;23:20
**SCHONFELD (1)**
8:11
**Schrodinger's (1)**
19:18
**SCHWARTZ (9)**
5:17;10:22,23;
18:25,25;23:22,23;
24:2,5
**scramble (1)**
17:21
**Sean (1)**
9:2
**second (1)**
19:9
**seeking (1)**
16:23
**seems (2)**
20:22;21:8
**send (2)**
19:8;22:23
**sense (7)**
11:6,7;13:17;15:13;
18:11;20:6;21:13
**sent (1)**
21:4
**sequence (1)**
19:11
**set (1)**
9:6
**sets (1)**
17:13
**seven (1)**
18:13
**Seventh (1)**
4:4
**several (1)**
19:13
**SHANT (1)**
5:8
**shape (1)**
24:18
**share (1)**
16:19
**short (1)**
17:25
**Shumer (2)**
10:5,8
**sideline (1)**
16:25
**signed (2)**

11:9;12:24
**significance (1)**
11:8
**similar (2)**
17:24;20:15
**sit (1)**
15:10
**situation (3)**
12:21;14:20;20:15
**six (1)**
16:8
**SKARNULIS (1)**
6:11
**slightly (1)**
18:9
**sorry (1)**
23:5
**sounding (1)**
16:9
**sounds (1)**
21:9
**Southern (1)**
9:3
**speaks (2)**
11:12;18:20
**spend (2)**
9:25;13:21
**spending (1)**
13:21
**spends (1)**
19:12
**spot (1)**
13:19
**standing (1)**
22:8
**stands (1)**
21:21
**starting (2)**
10:3;12:16
**States (5)**
9:3;10:21,23;18:24;
19:1
**status (7)**
9:6,11,23;11:5;
13:16;24:8;25:2
**stay (4)**
18:8;20:15;22:10;
23:7
**stays (1)**
20:21
**step (2)**
11:25;13:9
**still (3)**
12:2;18:5;22:8
**STRAUSS (4)**
4:13;5:2;10:13;
12:19
**STRAWN (1)**
7:11
**Street (5)**
4:15;6:4,13;7:13;
8:15
**STRICKLAND (10)**

4:10;10:18,19;16:4,
5,6;22:5,7,22;25:9
**strong (1)**
16:22
**STUART (1)**
6:8
**subject (4)**
14:4;15:14;18:2,3
**submit (1)**
18:18
**successful (1)**
14:22
**sufficient (1)**
13:13
**suggest (1)**
20:3
**Suite (3)**
4:16;6:14;7:5
**SULLIVAN (1)**
8:12
**sums (1)**
12:12
**super (1)**
17:7
**support (1)**
19:3
**sure (3)**
11:15;14:15;20:2
**surprises (1)**
18:15
**system (1)**
14:9

**T**

**tactic (1)**
17:20
**tactics (1)**
16:10
**talk (2)**
20:9;21:1
**talking (1)**
20:16
**Taxation (1)**
6:3
**TAYLOR (1)**
8:7
**TDR (1)**
24:18
**teed (1)**
25:5
**terms (7)**
9:23;18:21;20:23;
21:17;23:2,20;24:25
**third (1)**
19:10
**thirteen (1)**
22:11
**though (1)**
23:1
**thought (5)**
9:21;11:6;13:19;
15:2;20:25

23-12055-shl    Doc 291    Filed 07/09/24    Entered 07/15/24 09:07:31    Main Document
In the Matter of Rudolph W. Giuliani
Pg 32 of 32

July 3, 2024

**thoughts (1)**
19:20
**thrown (1)**
17:23
**Times (1)**
8:12
**timing (1)**
15:25
**tired (1)**
14:15
**today (7)**
9:10;12:22;13:12,
23;21:12;23:17;25:13
**today's (2)**
13:16;24:8
**TOMBACK (1)**
8:13
**touch (1)**
9:21
**treat (1)**
15:20
**true (1)**
14:14
**truly (1)**
18:12
**Trustee (29)**
5:13;9:13;10:23;
11:15,16,25;12:4,10;
13:10;14:6,12,17,23,
24;15:8,19;16:20;
17:5;19:1,5,6,15;
20:11,16,17,24;23:23,
24;24:20
**Trustee's (3)**
10:21;11:20;18:24
**try (1)**
24:9
**trying (6)**
10:1;13:18;14:9,15,
19;23:20
**two (3)**
18:17;22:1,11
**TX (2)**
4:17;6:15

## U

**UCC (1)**
13:12
**ultimately (1)**
12:4
**unaffected (1)**
11:18
**under (2)**
13:3;16:23
**underhanded (1)**
16:10
**underlying (1)**
18:10
**underscores (1)**
17:16
**understandable (1)**
13:17

**undoubtedly (1)**
14:23
**United (5)**
9:3;10:21,23;18:24;
19:1
**universe (1)**
19:19
**unless (2)**
19:11;25:10
**Unsecured (4)**
4:14;5:3;10:10;
16:13
**up (6)**
9:14;12:12;17:14;
23:11;25:5,15
**upon (2)**
11:15;12:13

## V

**verbally (1)**
15:24
**versus (1)**
21:18
**view (3)**
13:8,23;16:19
**virtual (2)**
12:16;24:4
**voices (1)**
24:3

## W

**wait (1)**
11:14
**wake (1)**
9:15
**Wall (1)**
8:15
**Wandrea (1)**
4:3
**wants (1)**
12:1
**Washington (1)**
7:14
**way (3)**
10:2;13:9;24:18
**week (2)**
15:14;18:3
**weekend (2)**
9:9;15:25
**weeks (2)**
18:13;22:11
**weigh (1)**
20:18
**Wexler (1)**
10:5
**Whereupon (1)**
25:18
**wholly (2)**
14:25;17:2
**who's (1)**
11:3

**willing (1)**
21:25
**WILLKIE (3)**
4:2;10:19;16:6
**Wilshire (1)**
7:4
**WINSTON (1)**
7:11
**wish (1)**
25:16
**WITTENBERG (1)**
8:14
**working (1)**
25:4
**write (1)**
19:13

## Y

**YERAK (1)**
8:15
**yesterday (1)**
9:8
**York (6)**
4:5;5:5,15;6:5;
8:12;9:4

## Z

**ZACHARY (1)**
8:11
**Zen (1)**
22:21
**Zoom (1)**
10:25

## 1

**10 (1)**
17:19
**10:30 (1)**
23:16
**10:33 (1)**
25:18
**1000 (1)**
7:4
**10004 (1)**
5:15
**10005 (1)**
6:5
**10019 (1)**
4:5
**10036 (1)**
5:5
**10th (16)**
14:2;15:13,16,18,
24;17:12;19:25;20:4;
21:1,13;22:2,3;23:11;
24:16;25:2,13
**11 (14)**
9:4,13;11:19;14:8,
21;15:9,19;19:5,15;
20:11,16,24;21:18;

24:20
**1112a (1)**
16:23
**1500 (1)**
7:5
**15th (1)**
18:11
**1800 (1)**
4:16
**1901 (1)**
7:13

## 2

**2002a4 (1)**
13:3
**20036 (1)**
7:14
**2004 (1)**
16:14
**20th (1)**
20:1
**22nd (2)**
20:2,25
**2300 (1)**
4:15
**28 (1)**
6:4
**2850 (1)**
6:14

## 3

**3.0 (1)**
22:10
**303 (1)**
6:13

## 4

**4.0 (1)**
22:10
**4th (1)**
25:17

## 7

**7 (16)**
9:18;11:12,14,19;
12:22;13:6;14:16,17,
20,22,24;15:10;
16:18;17:6;20:11,16
**7/23 (1)**
22:9
**75201 (1)**
4:17
**787 (1)**
4:4
**78701 (1)**
6:15

## 8

**8th (5)**
16:2;17:13;20:1;
21:6;23:12

## 9

**90017 (1)**
7:6