**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>RUDOLPH W. GIULIANI<br>a/k/a RUDOLPH WILLIAM GIULIANI<br><br>                                    Debtor. | Chapter 11<br><br>Case No. 23-12055 (SHL)<br><br>**Ref. Docket Nos. 277, 281, 282, 285, 289, 290 and 294** |

**ORDER: (I) GRANTING MOTION OF RUBY FREEMAN AND WANDREA' ARSHAYE ("SHAY") MOSS TO DISMISS CHAPTER 11 CASE; AND (II) DENYING MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

Upon consideration of the *Application to Convert Chapter 11 to Chapter 7* [Docket No. 277] (the "Application") and the *Motion of the Official Committee of Unsecured Creditors of Rudolph W. Giuliani for Entry of an Order Directing the Immediate Appointment of a Trustee Pursuant to 11 U.S.C. § 1104* [Docket No. 233] (the "Trustee Motion"); the *Objection of the Official Committee of Unsecured Creditors to Debtor's Application to Convert Chapter 11 to Chapter 7* [Docket No. 281] (the "UCC Objection") and the *Objection of Ruby Freeman and Wandrea' ArShaye Moss to Debtor's Application to Convert Chapter 11 to Chapter 7* [Docket No. 282] (the "Freeman Objection" and, together with the UCC Objection, the "Objections"), and the Court having treated the Freeman Objection to include a motion to dismiss the case (the "Motion to Dismiss"), and the *Notice of Debtor's Consent to Dismissal and Proposed Form of Order* [Docket No. 285] (the "Dismissal Notice") of Mr. Rudolph W. Giuliani a/k/a Rudolph William Giuliani (the "Debtor") each filed in the above captioned-case; and upon consideration of the Application, the Trustee Motion, the Motion to Dismiss, the Dismissal Notice, and the Objections, and the relief requested; and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the hearing held on July 10, 2024, before this

Court having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and upon all the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor; and for the reasons stated in the Memorandum of Decision entered July 12, 2024 [Docket No. 289] (the "Memorandum Decision"), including that the relief granted herein is in the best interests of creditors;

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Dismiss the case is GRANTED.

2. The Motion to Appoint a Chapter 11 Trustee is DENIED.

3. Pursuant to sections 105(a) and 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and for the reasons stated in the Memorandum Decision, this chapter 11 case is dismissed upon entry of this Order (the "Dismissal Effective Date"). Upon the occurrence of the Dismissal Effective Date, the Debtor shall be prohibited from voluntarily filing for relief under any chapter of the Bankruptcy Code for a period of one year from the Dismissal Effective Date.

4. Global Data Risk LLC shall file a final fee application no later than twenty (20) days following entry of this Order. The final fee application shall cover the period from Global Data Risk LLC's retention on February 9, 2024, through the date of this Order (the "Final Fee Application"). The Final Fee Application shall be filed and served in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

5. Any objections to the Final Fee Application shall be filed and served on counsel for the Debtor, counsel for the Official Committee of Unsecured Creditors, counsel for the Freeman Plaintiffs, Global Data Risk LLC, and counsel for the United States Trustee no later than seven (7)

days before the hearing on the Final Fee Application (the "<u>Final Fee Hearing</u>"), **[●] [●], 2024, at 4:00 p.m. (prevailing Eastern Time)**.

6. The Court will hold the Final Fee Hearing, if necessary, on **[●] [●], 2024, at [●]:[●] [●].m. (prevailing Eastern Time)** to resolve any disputes related to the Final Fee Application.

7. The Debtor shall pay to the United States Trustee Program all fees due and owing pursuant to 28 U.S.C. Section 1930, together with interest, if any, pursuant to 28 U.S.C. Section 3717, within 10 days of the date of this Order. The Debtor shall also file and serve on the United States Trustee a declaration of all disbursements from April 1, 2024, up to and including the date of this Order, within 10 days of the date of this Order.

8. The Debtor's creditors and parties in interest have received reasonable notice of the proposed dismissal through the Application and the Dismissal Notice.

9. Each of the approved professional retentions by the Debtor's estate is terminated, without the need for further action on the part of this Court, the Debtor, or such firms.

10. The Committee is hereby dissolved as of the date hereof without the need for further action on the part of this Court or the Committee or its members.

11. The Debtor is authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order.

12. This Court shall retain jurisdiction with respect to (i) the submission of requests for, and approval of, professional fees and expenses; (ii) the *Motion of Global Data Risk LLC for Leave to Redact and Filed Under Seal Certain Confidential Information Related to Global Data*

*Risk LLC's Fee Applications* [Docket No. 242]; and (iii) all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

      SO ORDERED.

Dated:    New York, New York
             _____, 2024

                                      HONORABLE SEAN H. LANE
                                      UNITED STATES BANKRUPTCY JUDGE