AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile:  (212) 872-1002

Rachel Biblo Block (admitted *pro hac vice*)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile:  (214) 969-4343

*Counsel to the Official Committee of
Unsecured Creditors of Rudolph W. Giuliani*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | |
|---|---|
| In re: : | **Chapter 11** |
| : | |
| **RUDOLPH W. GIULIANI** : | **Case No. 23-12055 (SHL)** |
| a/k/a RUDOLPH WILLIAM GIULIANI, : | |
| : | |
| **Debtor.** : | |

---------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION WITH RESPECT
TO MOTION OF GLOBAL DATA RISK LLC FOR LEAVE
TO REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL
INFORMATION RELATED TO GLOBAL DATA RISK LLC'S FEE APPLICATIONS**

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), counsel for the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of the above-captioned debtor, hereby certifies as follows:

1. On June 6, 2024, Global Data Risk LLC filed the *Motion of Global Data Risk LLC for Leave to Redact and File Under Seal Certain Confidential Information Related to Global Data Risk LLC's Fee Applications* [Docket No. 242] (the "Motion").

2. Objections or responses to the Motion were required to be filed and served by 4:00 p.m. (prevailing Eastern Time) on July 3, 2024 (the "Objection Deadline"). Local Rule 9075-2(c) provides that a motion or an application, as applicable, may be granted without a hearing, provided that, after the passage of the objection deadline, a proposed order granting the motion or application, as applicable, is submitted to the Court along with a certificate that no objection or other response has been filed or served.

3. The Objection Deadline has passed, and to the best of the knowledge of the undersigned counsel to the Committee and of Global Data Risk LLC, no objection with respect to approval of the Motion has been filed on the docket of this chapter 11 case or served on the counsel to the Committee or on Global Data Risk LLC. The Office of the United States Trustee (the "U.S. Trustee") provided informal comments to the original proposed order attached to the Motion (the "Original Proposed Order"), which have been incorporated into the revised proposed order attached hereto as **Exhibit A** (the "Revised Proposed Order"). The U.S. Trustee agrees to entry of the attached Revised Proposed Order.

4. Attached hereto as **Exhibit B** is a redline of the Revised Proposed Order marked against the Original Proposed Order.

5. In accordance with Local Rule 9075-2, this certificate of no objection is being filed at least forty-eight hours after the expiration of the Objection Deadline.

2

6.    Accordingly, GDR respectfully requests entry of the Revised Proposed Order, at the Court's earliest convenience.

| | |
|---|---|
| Dated: July 16, 2024<br>New York, New York | By: */s/ Philip C. Dublin*<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Abid Qureshi<br>One Bryant Park<br>New York, New York 10036<br>Tel:    (212) 872-1000<br>Fax:    (212) 872-1002<br>Email:    idizengoff@akingump.com<br>            pdublin@akingump.com<br>            aqureshi@akingump.com<br><br>- and -<br><br>Rachel Biblo Block (admitted *pro hac vice*)<br>2300 N. Field St., Suite 1800<br>Dallas, Texas 75201<br>Tel:    (214) 969-2800<br>Fax:    (214) 969-4343<br>Email:    rbibloblock@akingump.com<br><br>*Counsel to the Official Committee of Unsecured Creditors of Rudolph W. Giuliani* |

# **EXHIBIT A**

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:                                                                          : Chapter 11
                                                                                    :
**RUDOLPH W. GIULIANI**                                        : Case No. 23-12055 (SHL)
a/k/a RUDOLPH WILLIAM GIULIANI,             :
                                                                                    :
             **Debtor.**                                             :
-----------------------------------------------------------------x

## ORDER GRANTING
## MOTION OF GLOBAL DATA RISK LLC FOR
## LEAVE TO REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL
## INFORMATION RELATED TO GLOBAL DATA RISK LLC'S FEE APPLICATIONS

Upon the motion (the "Motion")[1] of Global Data Risk LLC ("GDR"), as forensic financial advisor to the Official Committee of Unsecured Creditors of Rudolph W. Giuliani (the "Debtor"), for entry of an order (this "Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), granting GDR leave to redact and file under seal certain Confidential Information in GDR Fee Applications; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York entered February 1, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, his creditors and other parties in interest; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Motion establish just cause for the relief granted herein; and this Court having determined that the relief sought herein is warranted under, and must be protected by, 11 U.S.C. § 107(c); and upon all of the proceedings had before this Court; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is granted as set forth herein.

2. GDR is authorized to file redacted versions of its Fee Applications on the docket in this chapter 11 case, redacting only the Confidential Information (as defined in the Motion).

3. Contemporaneously with filing the redacted version of its Fee Applications, GDR shall file unredacted versions of its Fee Applications under seal and provide copies of the unredacted versions to the Court and to the U.S. Trustee.

4. The unredacted versions of GDR's fee applications shall not be made available to anyone other than the Court, the U.S. Trustee or any other party as may be agreed to by GDR or required by further order of the Court.

5. Notwithstanding the dismissal of the Debtor's bankruptcy case, all Confidential Information filed under seal pursuant to this Order shall remain under seal until further order of the Court.

6. To the extent Confidential Information in GDR's Fee Applications is referenced in any future filings by any party granted access to the Confidential Information in the unredacted Fee Applications under paragraph 4 of this Order, the party shall also file such portions of its future filings referencing the Confidential Information under seal, consistent with paragraph 3 of this Order.

2

7. GDR shall contact the Clerk's Office regarding the return or disposition of GDR's unredacted Fee Applications as soon as practicable following the effective date of any chapter 11 plan in the above-captioned chapter 11 case or any successor case or, as applicable, upon entry of a final decree or dismissal of the case.

8. This Order is without prejudice to the rights of any party in interest or the U.S. Trustee to seek to unseal GDR's Fee Applications.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by such notice.

10. GDR is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11. This Court retains exclusive jurisdiction with respect to all matters arising from, or related to, the implementation, interpretation and enforcement of this Order.

Dated: _____, 2024
New York, New York

                                         THE HONORABLE SEAN H. LANE
                                         UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re:                                                        : Chapter 11
                                                              :
**RUDOLPH W. GIULIANI**                                       : Case No. 23-12055 (SHL)
a/k/a RUDOLPH WILLIAM GIULIANI,                               :
                                                              :
            **Debtor.**                                    :
------------------------------------------------------------- x

## ORDER GRANTING
## MOTION OF GLOBAL DATA RISK LLC FOR
## LEAVE TO REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL
## INFORMATION RELATED TO GLOBAL DATA RISK LLC'S FEE APPLICATIONS

Upon the motion (the "Motion")[1] of Global Data Risk LLC ("GDR"), as forensic financial advisor to the Official Committee of Unsecured Creditors of Rudolph W. Giuliani (the "Debtor"), for entry of an order (this "Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), granting GDR leave to redact and file under seal certain Confidential Information in GDR Fee Applications; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York entered February 1, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that ~~it may enter a final order consistent with Article III of the United States Constitution; and~~ ~~this Court having found that~~ venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, his creditors and other parties in interest; and this Court having found that the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that the relief sought herein is warranted under, and must be protected by, 11 U.S.C. § 107(c); and upon all of the proceedings had before this Court; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is granted as set forth herein.

2. GDR is authorized to file ~~all~~redacted versions of its Fee Applications~~, including any exhibits thereto, that contain~~ on the docket in this chapter 11 case, redacting only the Confidential Information ~~under seal~~(as defined in the Motion).

3. ~~All Confidential Information filed under seal pursuant to this Order shall remain under seal until further order of the Court.~~Contemporaneously with filing the redacted version of its Fee Applications, GDR shall file unredacted versions of its Fee Applications under seal and provide copies of the unredacted versions to the Court and to the U.S. Trustee.

4. The unredacted versions of GDR's fee applications shall not be made available to anyone other than the Court, the U.S. Trustee or any other party as may be agreed to by GDR or required by further order of the Court.

5. Notwithstanding the dismissal of the Debtor's bankruptcy case, all Confidential Information filed under seal pursuant to this Order shall remain under seal until further order of the Court.

~~5~~6. To the extent Confidential Information in GDR's Fee Applications is referenced in any future filings by any party granted access to the Confidential Information in the ~~sealed~~unredacted Fee Applications under paragraph 4 of this Order, the party shall also file such portions of its future filings referencing the Confidential Information under seal, consistent with paragraph ~~2~~3 of this Order.

~~6~~7. GDR shall contact the Clerk's Office regarding the return or disposition of GDR's ~~sealed~~unredacted Fee Applications as soon as practicable following the effective date of any chapter 11 plan in the above-captioned chapter 11 case or any successor case or, as applicable, upon entry of a final decree or dismissal of~~, or other resolution to,~~ the ~~chapter 11~~ case.

~~7~~8. This Order is without prejudice to the rights of any party in interest or the U.S. Trustee to seek to unseal GDR's Fee Applications.

~~8~~9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by such notice.

~~9~~10. GDR is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

~~10~~11. This Court retains exclusive jurisdiction with respect to all matters arising from, or related to, the implementation, interpretation and enforcement of this Order.

Dated: _____, 2024
New York, New York

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE