**Exhibit B**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RUDOLPH W. GIULIANI<br>a/k/a RUDOLPH WILLIAM GIULIANI<br><br>                                     Debtor. | Chapter 11<br><br>Case No. 23-12055 (SHL)<br><br>**Ref. Docket Nos. 277, 281, 282, 285, 289** |

### ORDER (I) APPROVING DISMISSAL OF CHAPTER 11 CASE, (II) ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF PROFESSIONAL FEES; AND (III) GRANTING RELATED RELIEF

Upon consideration of the *Application to Convert Chapter 11 to Chapter 7* [Docket No. 277] (the "Application") and the *Notice of Debtor's Consent to Dismissal and Proposed Form of Order* [Docket No. 285] (the "Dismissal Notice") of Mr. Rudolph W. Giuliani a/k/a Rudolph William Giuliani (the "Debtor") and the *Objection of the Official Committee of Unsecured Creditors to Debtor's Application to Convert Chapter 11 to Chapter 7* [Docket No. 281] (the "UCC Objection") and the *Objection of Ruby Freeman and Wandrea' ArShaye Moss to Debtor's Application to Convert Chapter 11 to Chapter 7* [Docket No. 282] (the "Freeman Objection" and, together with the UCC Objection, the "Objections"), each filed in the above captioned-case; and consideration of the Application, the Dismissal Notice, and the Objections, and the relief requested; and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the hearing held on July 10, 2024 before this Court having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and upon all the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor; and for the reasons stated in the Memorandum of Decision entered July 12, 2024 [Docket No. 289] (the "Memorandum Decision"),

**IT IS HEREBY ORDERED THAT:**

1. The Application is DENIED.

2. Pursuant to sections 105(a) and 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and for the reasons stated in the Memorandum Decision, this chapter 11 case is dismissed upon entry of this Order (the "Dismissal Effective Date"). Upon the occurrence of the Dismissal Effective Date, the Debtor shall be prohibited from voluntarily filing for relief under any chapter of the Bankruptcy Code for a period of one year from the Dismissal Effective Date.

3. Within one (1) business day following entry of this Order, the Debtor shall transfer, or facilitate the transfer of all funds in his savings and checking accounts as of July 11, 2024, not to exceed $350,000.00, to the office of the Clerk of the Court for the United States Bankruptcy Court for the Southern District of New York (the "Court Clerk") for the purpose of paying allowed professional fees and expenses of Global Data Risk LLC.

4. Philip Dublin, a partner at Akin Gump Strauss Hauer & Feld LLP, is hereby appointed as the independent, third-party trustee (in such capacity, the "~~Limited Purpose Trustee~~**Liquidating Agent**") to direct, facilitate and control the monetization of the Debtor's **(A)** New York City apartment (45 East 66th Street, 10W, New York, New York 10065) (the "NYC Apartment"**), and (B) Florida condominium (315 South Lake Drive, Unit 5D, Palm Beach, Florida 33480) (the "Florida Condo"**) with the proceeds thereof going first to the payment of all allowed fees and expenses of Global Data Risk LLC in excess of the amount transferred to the Court of Clerk pursuant to paragraph 3 herein. The Court Clerk shall hold (i) the amount actually transferred in accordance with paragraph 3 herein and (ii) proceeds from the monetization of the NYC Apartment **and/or Florida Condo** in the amount that (i) and (ii)

together equal $350,000.00 (the "Estimated Professional Fees") until such time as Global Data Risk LLC's fees and expenses are approved by the Court and paid from the escrowed Estimated Professional Fees.

5. Upon entry of this Order, the NYC Apartment **and Florida Condo** shall be automatically deemed to be in the possession and control of the ~~Limited Purpose Trustee~~**Liquidating Agent**, and the Debtor shall cooperate in all respects with respect to the sale of the NYC Apartment and **Florida Condo and** promptly provide the ~~Limited Purpose Trustee and the Limited Purpose Trustee's~~**Liquidating Agent and the Liquidating Agent's** Agents (as defined below) with all access, information, documents and records related to the NYC Apartment **and Florida Condo** as requested by the ~~Limited Purpose Trustee or the Limited Purpose Trustee's~~**Liquidating Agent or the Liquidating Agent's** Agents.

6. The ~~Limited Purpose Trustee~~**Liquidating Agent** shall have the rights and powers of a trustee in bankruptcy with respect to (i) directing, facilitating and controlling the monetization of the NYC Apartment and **Florida Condo and** (ii) transferring proceeds therefrom first to the Court Clerk and thereafter in accordance with applicable law. **The rights, powers, duties and obligations of the Liquidating Agent shall terminate upon the closing of a sale of the NYC Apartment and/or Florida Condo and transfer of proceeds to the Court Clerk sufficient to pay the Estimated Professional Fees.**

7. Notwithstanding anything herein to the contrary, neither the ~~Limited Purpose Trustee~~**Liquidating Agent** nor his firms, companies, affiliates, partners, officers, directors, members, employees, professionals, real estate broker(s), advisors, attorneys, financial advisors or agents, and any of such person's successors and assigns (collectively, "Agents") shall incur any responsibility or liability by reason of any error of law or fact or of any matter or thing done

or suffered or omitted to be done under or in connection with the exercise of the ~~Limited Purpose Trustee's~~**Liquidating Agent's** rights and powers granted by this Order, whether sounding in tort, contract, common law or otherwise, except for actual fraud, gross negligence or willful misconduct that is found by a final, non-appealable order to be the cause of damages suffered. In no event shall the ~~Limited Purpose Trustee~~**Liquidating Agent** be liable for indirect, punitive, special, incidental or consequential damage or loss (including, but not limited to, lost profits) whatsoever, even if the ~~Limited Purpose Trustee~~**Liquidating Agent** has been informed of the likelihood of such loss or damages and regardless of the form of action. Neither the ~~Limited Purpose Trustee~~**Liquidating Agent** nor his Agents shall be liable for any error of judgment made in good faith.

8. Until such time as the NYC Apartment **or Florida Condo** is sold and the amount of proceeds provided for herein from the sale of the NYC Apartment **and/or or Florida Condo** are received and transferred to the Court Clerk, the Debtor shall pay all expenses, costs and other amounts associated with, related to or arising from the NYC Apartment **and Florida Condo**.

9. Global Data Risk LLC shall file a final fee application no later than twenty (20) days following entry of this Order. The final fee application shall cover the period from Global Data Risk LLC's retention on February 9, 2024 through the date of this Order (the "Final Fee Application"). The Final Fee Application shall be filed **and served** in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and served on counsel for the Freeman Plaintiffs, counsel for the Official Committee of Unsecured Creditors, the Debtor, and the ~~Office of the~~ United States Trustee.

10. Any objections to the Final Fee Application shall be filed and served on counsel for the Debtor, counsel for the Official Committee of Unsecured Creditors, Global Data Risk

LLC, and ~~the Office of~~<ins>counsel for</ins> the United States Trustee no later than seven (7) days before the hearing on the Final Fee Application (the "<u>Final Fee Hearing</u>"), **[●] [●], 2024, at 4:00 p.m. (prevailing Eastern Time)**.

11. The Court will hold the Final Fee Hearing, if necessary, on **[●] [●], 2024, at [●]:[●] [●].m. (prevailing Eastern Time)** to resolve any disputes related to the Final Fee Application. Upon the Court's approval, Global Data Risk LLC shall be entitled to one hundred percent (100%) of its allowed professional fees and expenses, which shall be paid out of the Estimated Professional Fees.

<ins>12. The Debtor shall pay to the United States Trustee Program all fees due and owing pursuant to 28 U.S.C. Section 1930, together with interest, if any, pursuant to 28 U.S.C. Section 3717, within 10 days of the date of this Order. The Debtor shall also file and serve on the United States Trustee a declaration of all disbursements from April 1, 2024, up to and including the date of this Order.</ins>

<ins>13.</ins> ~~12.~~ The Debtor's creditors and parties in interest have received reasonable notice of the proposed dismissal through the Application and the Dismissal Notice.

<ins>14.</ins> ~~13.~~ Each of the approved professional retentions by the Debtor's estate is terminated<ins>,</ins> ~~effective upon the Dismissal Effective Date~~ without the need for further action on the part of this Court, the Debtor, or such firms.

<ins>15.</ins> ~~14.~~ The Committee is hereby dissolved as of the ~~Dismissal Effective Date~~<ins>date hereof</ins> without the need for further action on the part of this Court or the Committee or its members.

<ins>16.</ins> ~~15.~~ The Debtor is authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order.

5

17. ~~16.~~ This Court shall retain jurisdiction with respect to (i) the submission of requests for, and approval and payment of, professional fees and expenses; (ii) the transfer, deposit, escrow and payment of the Estimated Professional Fees, including, without limitation, the Debtor's obligations set forth in paragraph 3 herein; (iii) the monetization of the NYC Apartment **and the Florida Condo** by the ~~Limited Purpose Trustee~~**Liquidating Agent**; (iv) the *Motion of Global Data Risk LLC for Leave to Redact and Filed Under Seal Certain Confidential Information Related to Global Data Risk LLC's Fee Applications* [Docket No. 242]; and (v) all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: _____, 2024
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE