UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RUDOLPH W. GIULIANI<br>a/k/a RUDOLPH WILLIAM GIULIANI<br><br>                                    Debtor. | Chapter 11<br><br>Case No. 23-12055 (SHL)<br><br>**Ref. Docket Nos. 277, 281, 282, 285, 289, 299, 307** |

**ORDER (I) DISMISSING CHAPTER 11 CASE,
(II) ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND
PAYMENT OF PROFESSIONAL FEES; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the *Application to Convert Chapter 11 to Chapter 7* [Docket No. 277] (the "Application") and the *Notice of Debtor's Consent to Dismissal and Proposed Form of Order* [Docket No. 285] (the "Dismissal Notice") of Mr. Rudolph W. Giuliani a/k/a Rudolph William Giuliani (the "Debtor") and the *Objection of the Official Committee of Unsecured Creditors to Debtor's Application to Convert Chapter 11 to Chapter 7* [Docket No. 281] (the "UCC Objection") and the *Objection of Ruby Freeman and Wandrea' ArShaye Moss to Debtor's Application to Convert Chapter 11 to Chapter 7* [Docket No. 282] (the "Freeman Objection" and, together with the UCC Objection, the "Objections"), each filed in the above captioned-case; and consideration of the Application, the Dismissal Notice, and the Objections, and the relief requested; and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the hearing held on July 10, 2024 before this Court having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and upon all the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor; and for the reasons stated in the Memorandum of Decision entered July 12, 2024 [Docket No. 289] (the "Memorandum Decision"),

**IT IS HEREBY ORDERED THAT:**

1. The Application is DENIED.

2. Pursuant to sections 105(a) and 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and for the reasons stated in the Memorandum Decision, this chapter 11 case is dismissed upon the later of (1) entry of this Order and (2) satisfaction of the Dismissal Condition (as defined below) set forth herein (the "Dismissal Effective Date").  Upon the occurrence of the Dismissal Effective Date, the Debtor shall be prohibited from voluntarily filing for relief under any chapter of the Bankruptcy Code for a period of one year from the Dismissal Effective Date.

3. Within one (1) business day following entry of this Order, the Debtor shall transfer, or facilitate the transfer of, $100,000.00 (the "Initial Professional Fee Amount") to Berger, Fischoff, Shumer, Wexler & Goodman, LLP ("BFS"), counsel for the Debtor, to be held in escrow for the purpose of paying allowed professional fees and expenses of Global Data Risk LLC ("GDR").  The condition set forth in this paragraph, the "Dismissal Condition."

4. BFS shall hold the Initial Professional Fee Amount in an escrow account in trust for the benefit of GDR, and BFS shall not transfer, use or otherwise dispose of the Initial Professional Fee Amount until further order of this Court.

5. The remainder of GDR's approved fees and expenses in excess of the amount transferred to BFS pursuant to paragraph 3 herein (the "Stub Professional Fee Amount" and, together with the Initial Professional Fee Amount, the "Total Professional Fee Amount") shall be paid from the proceeds of the first of the following properties of the Debtor to be sold: (A) New York City apartment (45 East 66th Street, 10W, New York, New York 10065) (the "NYC

Apartment"), or (B) Florida condominium (315 South Lake Drive, Unit 5D, Palm Beach, Florida 33480) (the "Florida Condo").

6.  Following the sale of the NYC Apartment or the Florida Condo, whichever sale occurs first, and in the event the Final Fee Application (defined below) is still pending, the Debtor shall transfer, or facilitate the transfer of, the Stub Professional Fee Amount to the office of the Clerk of the Court for the United States Bankruptcy Court for the Southern District of New York (the "Court Clerk") within three (3) business days following the closing of such sale***, and including a copy of this order.  The Court Clerk is directed to place the funds in the Court's CRIS registry interest-bearing account, specifically the Liquidity Fund, and shall remain pending further Order of the Court [SHL]***.  BFS shall hold the Initial Professional Fee Amount and the Court Clerk shall hold the Stub Professional Fee Amount until such time as GDR's fees and expenses are approved by the Court and paid to GDR.  If the sale of the NYC Apartment or the Florida Condo occurs after an order has been entered in respect of the Final Fee Application, then the Debtor shall pay, or shall facilitate the payment of, the Stub Professional Fee Amount to GDR immediately upon the closing of such sale.

7.  As security for the Total Professional Fee Amount, effective immediately upon entry of this Order, GDR is hereby granted continuing, valid, binding, enforceable, non-avoidable and automatically and properly perfected security interests in and liens (the "GDR Liens") on the shares owned by the Debtor representing his ownership interest in the NYC Apartment and on the Florida Condo.  The GDR Liens are valid, automatically perfected, non-avoidable senior in priority and superior to any security, mortgage, collateral interest, lien or claim on the Debtor's interests in the NYC Apartment and on the Florida Condo.  The GDR Liens shall not be made subject to or *pari passu* with any lien or security interest hereinafter granted or allowed by the Debtor, including

3

in connection with any successor case under the Bankruptcy Code and shall remain valid and enforceable upon dismissal of this chapter 11 case or dismissal or conversion of any successor case for the Debtor under the Bankruptcy Code.

8. A certified copy of this Order may be filed with or recorded in filing or recording offices in addition to or in lieu of notices of lien or similar instruments, and all filing and recording offices are hereby authorized and directed to accept such certified copy of this Order for filing and/or recording, as applicable.

9. For six (6) months following entry of this Order (the "GDR Standstill Period"), GDR shall have no right and shall take no action to foreclose upon the GDR Liens or otherwise seek to exercise or enforce any rights or remedies against the NYC Apartment or Florida Condo other than receive the proceeds from the sale thereof to satisfy the Stub Professional Fee Amount. Upon expiration of the GDR Standstill Period, and until such time GDR's allowed fees and expenses are paid in full, GDR shall have the right to take all actions to foreclose upon, and recover in connection with, the GDR Liens and otherwise seek to exercise or enforce all of its rights and remedies against the NYC Apartment and Florida Condo.

10. If the Freeman Plaintiffs[1] receive proceeds from any sale of the NYC Apartment or the Florida Condo prior to GDR's receipt of its allowed fees and expenses in full, then the Freeman Plaintiffs shall, and agree to, pay the Stub Professional Fee Amount from any sale proceeds of the NYC Apartment or Florida Condo that are received by, and would otherwise be payable to, the Freeman Plaintiffs.

---

[1] The "Freeman Plaintiffs" means Ms. Ruby Freeman and Ms. Wandrea' ArShaye Moss.

4

11. Until such time as the NYC Apartment or Florida Condo is sold and the amount of proceeds equal to the Stub Professional Fee Amount is received by GDR, the Debtor shall:

   a. List at least one of the properties for sale.

   b. Maintain the properties in good condition, at least comparable to their current condition.

   c. Maintain property casualty insurance with respect to each property in an amount not less than the full replacement value of the Debtor's interest in each property.

   d. Not further encumber, transfer or sell either the NYC Apartment or the Florida Condo without the prior written consent of GDR.

12. GDR shall file a final fee application no later than twenty (20) days following entry of this Order. The final fee application shall cover the period from GDR's retention on February 9, 2024 through the date of this Order (the "Final Fee Application"). The Final Fee Application shall be filed and served in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and served on counsel for the Freeman Plaintiffs, counsel for the Official Committee of Unsecured Creditors, the Debtor, and the United States Trustee.

13. Any objections to the Final Fee Application shall be filed and served on counsel for the Debtor, counsel for the Official Committee of Unsecured Creditors, GDR, and counsel for the United States Trustee no later than ***September 13, 2024 at 5:00 p.m. so as to be considered at the Final Fee Hearing on September 24, 2024 at 11:00 a.m., with any replies to the objections to be filed no later than September 18, 2024 at 5:00 p.m. [SHL]*** ~~seven (7) days before the hearing on the Final Fee Application (the "Final Fee Hearing"),~~ **~~[●] [●], 2024, at 4:00 p.m. (prevailing Eastern Time)~~**.

14. The Court will hold the Final Fee Hearing, if necessary, ***on September 24, 2024 at 11:00 a.m. [SHL]*** **~~[●] [●], 2024, at [●]:[●] [●].m. (prevailing Eastern Time)~~** to resolve any disputes related to the Final Fee Application. Upon the Court's approval, GDR shall be entitled

5

to one hundred percent (100%) of its allowed professional fees and expenses, which shall be paid out of the Estimated Professional Fees.

15. The Debtor shall pay to the United States Trustee Program all fees due and owing pursuant to 28 U.S.C. Section 1930, together with interest, if any, pursuant to 28 U.S.C. Section 3717, within 10 days of the date of this Order.  The Debtor shall also file and serve on the United States Trustee a declaration of all disbursements from April 1, 2024, up to and including the date of this Order.

16. The Debtor's creditors and parties in interest have received reasonable notice of the proposed dismissal through the Application and the Dismissal Notice.

17. Each of the approved professional retentions by the Debtor's estate is terminated without the need for further action on the part of this Court, the Debtor, or such firms.

18. Except as may be necessary to enforce the terms of this Order and with respect to the Final Fee Application, the Committee is hereby dissolved as of the date hereof without the need for further action on the part of this Court or the Committee or its members.

19. The Debtor is authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order.

20. If any or all of the provisions of this Order are hereafter reversed, modified, vacated or stayed, such reversal, modification, vacation or stay shall not affect the validity, priority or enforceability of the GDR Liens.

21. This Court shall retain jurisdiction with respect to (i) the submission of requests for, and approval and payment of, professional fees and expenses; (ii) the transfer, deposit, escrow and payment of the Stub Professional Fee Amount, including, without limitation, the Debtor's obligations set forth in paragraph 3 herein; (iii) all of the Debtor's obligations in this Order; and

(iv) all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: August 2, 2024
White Plains, New York

                                                                      */s/ Sean H. Lane*
                                                                    UNITED STATES BANKRUPTCY JUDGE