Hearing Date and Time:  September 24, 2024 at 11:00 a.m. (prevailing Eastern Time)
Objection Deadline:  At the hearing

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re:                                         :   Chapter 11
                                               :
RUDOLPH W. GIULIANI                            :   Case No. 23-12055 (SHL)
a/k/a RUDOLPH WILLIAM GIULIANI,                :
                                               :
                        Debtor.                :
------------------------------------------------------------x
```

**EMERGENCY MOTION OF GLOBAL DATA
RISK LLC FOR LEAVE TO FILE A LATE REPLY TO
THE DEBTOR'S OPPOSITION TO THE FINAL FEE APPLICATION
OF GLOBAL DATA RISK LLC, SPECIALIZED FORENSIC FINANCIAL
ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD FROM FEBRUARY 9, 2024 THROUGH JULY 11, 2024**

Global Data Risk LLC ("GDR"), specialized forensic financial advisor to the Official Committee of Unsecured Creditors (the "Committee") of Rudolph W. Giuliani a/k/a Rudolph William Giuliani (the "Debtor"), files this motion (the "Motion for Leave") for entry of an order granting GDR leave to file a late reply (the "Reply") to the Debtor's Opposition [Docket No. 314] (the "Opposition") to the *Final Fee Application of Global Data Risk LLC, Specialized Forensic Financial Advisor to the Official Committee of Unsecured Creditors for the Period from February 9, 2024 through July 11, 2024* [Docket No. 310] (the "Application").  In support of this Motion for Leave, GDR respectfully states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Southern District of New York (this "Court") has jurisdiction over this Motion for Leave pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York entered February 1, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157, and GDR confirms its consent to the Court's entering a final order in

connection with this Motion for Leave to the extent that it is later determined that the Court, absent consent of GDR, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory basis for the relief requested is rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4.  On April 19, 2024, this Court entered an order [Docket No. 189] (the "Retention Order") authorizing the Committee to retain GDR as specialized forensic financial advisor in connection with the Debtor's chapter 11 case, effective as of February 9, 2024. GDR diligently provided services to the Committee throughout the chapter 11 case in accordance with the Retention Order.

5.  On August 2, 2024, this Court entered the *Order (I) Dismissing Chapter 11 Case; (II) Establishing Procedures for the Allowance and Payment of Professional Fees; and (III) Granting Related Relief* [Docket No. 309] (the "Dismissal Order"), which, among other things, set forth the deadlines for filing the Application, any objections and any replies, respectively, and set a hearing for the Application on September 24, 2024 at 11:00 a.m. (prevailing Eastern Time) (the "Final Fee Hearing").

6.  On August 19, 2024, GDR filed the Application seeking final approval of compensation for the professional services rendered and expenses incurred during the period from February 9, 2024 through and including July 11, 2024. On September 11, 2024, the Debtor filed the Opposition to the Application.

2

7. Prior to the objection deadline for the Application, the United States Trustee for the Southern District of New York (the "U.S. Trustee") reached out to GDR with certain informal comments to, and questions concerning, the Application. In an effort to resolve these comments and answer questions prior to the Final Fee Hearing, GDR engaged in productive and good-faith discussions with the U.S. Trustee. On September 19, 2024, GDR and the U.S. Trustee reached a resolution whereby GDR agreed to voluntarily reduce the amount of fees and expenses for which it is seeking this Court's approval on a final basis. As such, the U.S. Trustee has no objection to the Application.

## RELIEF REQUESTED

8. GDR respectfully requests entry of the proposed order attached hereto as **Exhibit A** (the "Proposed Order") granting GDR leave to file a late Reply to the Opposition.

## BASIS FOR RELIEF

9. Pursuant to the Dismissal Order, "[a]ny objections to the Final Fee Application shall be filed and served on counsel for the Debtor, counsel for the Official Committee of Unsecured Creditors, GDR, and counsel for the United States Trustee no later than ***September 13, 2024 at 5:00 p.m. so as to be considered at the Final Fee Hearing on September 24, 2024 at 11:00 a.m., with any replies to the objections to be filed no later than September 18, 2024 at 5:00 p.m. [SHL]***." Dismissal Order at ¶ 13. Pursuant to Local Rule 9006-1(b), untimely reply papers may be rejected by the Court. However, Bankruptcy Rule 9006(b)(1) provides that when an act is required to be done within a specified period of time by order of court, the court for cause shown may, on motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect. Bankruptcy Rule 9006(b)(1).

10. Here, GDR maintains that cause exists to allow the late filing of the Reply. As described above, the deadline to file the Reply was September 18, 2024 at 5:00 p.m. (the "Reply

3

Deadline"). However, GDR was still engaged in constructive negotiations with the U.S. Trustee at that time with the aim of limiting the number of objecting parties at the Final Fee Hearing and did not reach a final agreement with the U.S. Trustee until the morning of September 19, 2024. As such, GDR was not in a position to file a reply which accurately and comprehensively responded to all potential objections to the Application at the Reply Deadline.

11. Now that GDR has resolved the U.S. Trustee's concerns with respect to the Application, the Opposition is the sole objection to the Application. GDR further submits that cause exists to allow the filing of the Reply to provide the Court and parties in interest with updates regarding the steps GDR has taken to resolve comments in respect of the Application and to respond to the remaining contested issues set forth in the Opposition. Ultimately, permitting GDR to file the Reply will enable the parties to narrow the relevant issues for the Final Fee Hearing and ensure an efficient use of all parties' time and resources. Accordingly, the relief requested herein is reasonable under the circumstances and should be approved.

## NOTICE

12. Notice of this Motion for Leave has been provided to: (i) the U.S. Trustee; (ii) bankruptcy counsel to the Debtor; and (iii) all parties requesting notice under Bankruptcy Rule 2002. Due to the nature of the relief requested herein, GDR submits that no other or further notice need be provided.

## CONCLUSION

**WHEREFORE**, GDR respectfully requests that this Court enter the Proposed Order granting the relief sought herein and grant such other and further relief as may be just and proper.

Dated: September 19, 2024

By: */s/ Erik Laykin*
Erik Laykin
CEO
Global Data Risk LLC

*Specialized Forensic Financial Advisor to the Official Committee of Unsecured Creditor of Rudolph W. Giuliani*

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                              :     Chapter 11
                                                    :
RUDOLPH W. GIULIANI                                 :     Case No. 23-12055 (SHL)
a/k/a RUDOLPH WILLIAM GIULIANI,                     :
                                                    :
            Debtor.                                 :
---------------------------------------------------------------x

**ORDER GRANTING EMERGENCY MOTION OF GLOBAL
DATA RISK LLC FOR LEAVE TO FILE A LATE REPLY TO
THE DEBTOR'S OPPOSITION TO THE FINAL FEE APPLICATION
OF GLOBAL DATA RISK LLC, SPECIALIZED FORENSIC FINANCIAL
ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
<u>FOR THE PERIOD FROM FEBRUARY 9, 2024 THROUGH JULY 11, 2024</u>**

Upon consideration of the *Emergency Motion of Global Data Risk LLC for Leave to File a Late Reply to the Debtor's Opposition to the Final Fee Application of Global Data Risk LLC, Specialized Forensic Financial Advisor to the Official Committee of Unsecured Creditors for the Period from February 9, 2024 through July 11, 2024*, **IT IS HEREBY ORDERED THAT**:

1. The Motion for Leave is **GRANTED**.

2. GDR is permitted to file a late reply, and such reply shall be deemed timely filed.

Dated: _____, 2024
New York, New York

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE