**PETER M. LEVINE**
ATTORNEY AT LAW
444 MADISON AVENUE
SUITE 410
NEW YORK, NEW YORK 10022

TELEPHONE: 212-599-0009
FACSIMILE: 212-838-8663
chief@pmlevinelaw.com

February 20, 2025

shl.orders@nysb.uscourts.gov
Hon. Sean H. Lane
Bankruptcy Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4140

Re:   In re Rudolph W. Giuliani
      Case No. 23-12055

Dear Judge Lane:

      I represent Global Data Risk, LLC. I write to follow up on my letter of February 12, 2025, in which I requested a conference for the purpose of setting a date certain for the debtor, Rudolph Giuliani, to pay in full GDR's allowed administrative claim.

      In my previous letter, I mentioned GDR had moved to intervene in the judgment-enforcement action by Ruby Freeman and Wandrea' ArShaye Moss against Giuliani. District Judge Lewis J. Liman denied the motion February 18 and explained the denial in a Memorandum & Order dated February 19, 2025 [enclosed].

      Having been denied a remedy in the judgment-enforcement action, GDR again seeks relief in this Court. I reiterate my request for a conference to be convened on the earliest possible date.

Very truly yours,

*[signature]*

cc [email & ECF]:
Joseph M. Cammarata, Esq.
Cammarata & De Meyer P.C.
Counsel for Debtor
Joe@CDLawPC.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/19/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
RUBY FREEMAN and WANDREA' MOSS, :
:
Plaintiffs, :
: 24-mc-00353 (LJL)
-v- :
: MEMORANDUM &
RUDOLPH W. GIULIANI, : ORDER
:
Defendant, :
:
-and- :
:
ANDREW H. GIULIANI, :
:
Intervenor-Defendant. :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Proposed intervenor Global Data Risk, LLC ("Proposed Intervenor" or "GDR") moves, by order to show cause, for an order permitting it to intervene in this action pursuant to Federal Rule of Civil Procedure 24 and to be appointed receiver of the New York apartment of Defendant Rudolph Giuliani ("Defendant" or "Giuliani"). Dkt. No. 244. The motion is DENIED.[1]

Plaintiffs Ruby Freeman and Wandrea' Moss are judgment creditors. They are the beneficiaries of a judgment in the amount of $145,969,000.00 plus post-judgment interest, along with costs and attorney's fees, entered in the United States District Court for the District of Columbia against Giuliani on December 18, 2023. Dkt. No. 1. They are also the court-appointed receivers of property that Giuliani was ordered to turn over to satisfy that judgment

---

[1] The Court denied GDR's motion by text-only order on February 18, 2025. Dkt. No. 258. This Memorandum sets forth the Court's reasoning for that denial.

(the "Receivership Property"). Dkt. No. 62. The property includes shares evidencing Giuliani's interest in a cooperative apartment in New York, New York (the "New York apartment"). *Id.* at 16–17. Plaintiffs also claim an interest in Giuliani's Palm Beach, Florida condominium (the "Palm Beach condo"). *Id.* at 14–15. [2] The order of receivership gives Plaintiffs the authority to take possession, ownership, and control of the Receivership Property, including the New York apartment, to transfer, assign or sell the Receivership Property to maximize its value, and to take all necessary steps to conserve and protect the Receivership Property pending a sale. *Id.* at 18–19.

On January 16, 2025, on the eve of a scheduled trial over the homestead status of the Palm Beach condo and over the ownership of other alleged Receivership Property, Plaintiffs and Giuliani filed a joint letter informing the Court that Plaintiffs and Defendant had executed a settlement agreement that, once certain conditions were met, would fully resolve all the issues scheduled for trial and would result in the conclusion of all litigation currently pending between and among the Parties. Dkt. No. 242. Accordingly, that same day, the Court entered an order continuing the trial in this action until March 3, 2025, to permit the parties to consummate the settlement. Dkt, No. 243. The terms of the settlement are confidential and are unknown to the Court.

GDR was specialized forensic financial advisor to the Official Committee of Unsecured Creditors in the reorganization proceedings under chapter 11 of Bankruptcy Code filed by Defendant in the United States Bankruptcy Court for the Southern District of New York. Dkt. No. 245 ¶ 3; *In re Giuliani*, 23-12055-SHL (Bankr. S.D.N.Y.). At the time that case was

---

[2] Unlike the New York apartment, the Palm Beach condo, which is the subject of the related declaratory judgment action at Case No. 24-cv-06563, was not ordered into receivership..

2

dismissed on August 2, 2024, GDR had outstanding fees and expenses in excess of $300,000, which had not yet been approved by the Honorable Sean H. Lane, United States Bankruptcy Judge for the Southern District of New York. Dkt. No. 245 ¶ 14. GDR is the beneficiary of an order (the "Dismissal Order") entered by Judge Lane, which ordered Giuliani to place $100,000 in escrow towards the payment of the allowed professional fees and expenses of GDR as an Initial Professional Fee Amount, Dkt. No. 245-7 ¶ 3, and which directed that "[t]he remainder of [GDR's] approved fees and expenses in excess of the [$100,000] (the 'Stub Professional Fee Amount') [is to] be paid from the proceeds of the first of the following properties of [Giuliani] to be sold," his New York apartment or the Palm Beach condo, *id.* ¶ 5. The Dismissal Order gives GDR a "continuing, valid, binding, enforceable, non-avoidable and automatically and properly perfected security interest in and liens on the shares owned by [Defendant] representing his ownership interest in the NYC Apartment and on the Florida Condo," *id.* ¶ 7; and directs that "[i]f the Freeman Plaintiffs receive proceeds from any sale of the NYC Apartment or the Florida Condo prior to GDR's receipt of its allowed fees and expenses in full, then the Freeman Plaintiffs[3] shall, and agree to, pay the Stub Professional Fee Amount from any sale proceeds of the NYC Apartment or Florida Condo that are received by, and would otherwise be payable to, the Freeman Plaintiffs," *id.* ¶ 10. Judge Lane also ordered Giuliani, until such time as the New York apartment or the Palm Beach condo was sold and the Stub Professional Fee Amount was paid, to (a) list at least one of the properties for sale, and (b) maintain the properties in good condition, at least comparable to their current condition. *Id.* ¶ 11. On October 3, 2024, the Bankruptcy Court awarded GDR professional fees of $300,480.47 and expenses of $5,615.10. Dkt. No. 245 ¶ 26. On October 15, 2024, Defendant paid GDR $100,000 as the Initial

---

[3] The Freeman Plaintiffs are the two individuals who are Plaintiffs here.

3

Professional Fee Amount. *Id.* ¶ 27. The Stub Professional Fee Amount remains unpaid. On February 12, 2025, over a month after the settlement was announced, GDR filed this motion to intervene and to be appointed receiver of the New York apartment, ostensibly to protect its interest in that property. Dkt. No. 244.[4]

GDR is not entitled to mandatory or permissive intervention.

Federal Rule of Civil Procedure 24(a)(2) provides that, "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent their interest." Fed. R. Civ. P. 24(a)(2).[5] To be entitled to intervention as a matter of right under Rule 24(a), the proposed intervenor must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *In re New York City Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 799 (2d Cir. 2022) (quoting *"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006)). "All four parts of the test must be satisfied to qualify for intervention as of right." *Washington Elec. Coop, Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96 (2d Cir. 1990).

---

[4] On February 14, 2025, the Court ordered the parties to show cause why the motion should not be granted. Dkt. No 248. On that same day, the Court granted the motion of the parties to expedite consideration of the motion to intervene and to be appointed receiver. Dkt. No. 254. Plaintiffs filed a memorandum of law in opposition to the motion to intervene on February 14, 2025. Dkt. No. 235. Intervenor Andrew H. Giuliani filed a joinder in that opposition. Dkt. No. 256. GDR filed a reply memorandum on February 18, 2025.

[5] GDR does not claim a right to intervene under Rule 24(a)(1), which applies when a party "is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1).

4

GDR has not shown an "interest" in the action or that such interest might be impaired by the disposition of the action. "For an interest to be cognizable by Rule 24(a)(2), it must be 'direct, substantial, and legally protectable.'" *In re New York City Policing*, 27 F.4th at 799 (quoting *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010)). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001) (quoting *Washington Elec. Co-op.*, 922 F.2d at 97). GDR asserts an interest in being paid from the sale of one of Defendant's two apartments, but its only right to payment under the Dismissal Order arises *if and when* either the New York apartment or the Palm Beach condo is sold. Dkt. No. 245-7 ¶ 10. It has no right under that order to force a sale or to require Plaintiffs to sell the New York apartment. If Giuliani were to satisfy the Stub Professional Fee Amount through the sale of the Palm Beach condo (which is not in the receivership) or through some other means, GDR would have no right whatsoever to any proceeds from a sale of the New York apartment.

More important, GDR has not demonstrated how the disposition of this action could impair any of the rights that GDR has under the Dismissal Order. GDR contends that its interests will be impaired by the parties' settlement "[b]ecause the parties made no provision for the payment of the administrative claim in their settlement agreement" and thus "GDR may be relegated to commencing separate proceedings to recover what is indisputably owed." Dkt. No. 246 at 3–4. The settlement of this action will leave GDR no worse off than if the action had not been brought or had not been settled. The terms of the settlement have not been disclosed, but in no event will they impair GDR's interests. Under the Dismissal Order, GDR has a right to be paid if one of the two apartments is sold and has a security interest in those apartments. Its right

5

to be paid will not be impaired by the disposition of this action. If the settlement provides for the sale of the New York apartment or Palm Beach condo (and if the Stub Professional Fee Amount has not been otherwise satisfied), then Plaintiffs will have to pay that amount from the proceeds of the sale. If Plaintiffs fail to do so, then they will be in violation of Judge Lane's order. And, if the settlement does not provide for the sale of either property, then GDR will be able to execute on their security interest in one or the other property, as GDR itself acknowledges. Dkt. No. 257 at 5–6. Its security interest is not impaired by the resolution of this case. As a result of the settlement, GDR may be "relegated to commencing separate proceedings" to enforce its rights against Giuliani, but it was never entitled to free-ride off of Plaintiffs' efforts to enforce their rights against Giuliani.[6]

Finally, and for substantially the same reasons, GDR has not shown that its interests will not be adequately protected by the parties. To the extent that the settlement involves the transfer of either property to the Plaintiffs, the Plaintiffs will have the same interest as GDR in maximizing the value of that property. Under Judge Lane's order, the first dollars from any sale are to go to GDR. To the extent that the settlement leaves the two properties in the possession of Giuliani, GDR will have the same interest as it had at the start of this litigation—a security interest in those properties.

Federal Rule of Civil Procedure 24(b) gives the Court discretion to grant intervention to anyone who, on a timely motion, shows it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "The court considers

---

[6] The Court need not address Plaintiffs' other arguments that the motion is untimely.

6

substantially the same factors whether the claim for intervention is 'of right' under Fed. R. Civ. P. 24(a)(2) or 'permissive' under Fed. R. Civ. P. 24(b)(2)." *"R" Best Produce, Inc.*, 467 F.3d at 240.

GDR's argument fails at the threshold. It does not identify a common question of law or fact. The sole questions in this case as it pertains to the New York apartment involved Plaintiffs' rights as judgment creditors to a turnover of the apartment under the New York Civil Practice Law and Rules. Those rights were not disputed. GDR is not a judgment creditor but a mere lienholder. It has contingent rights as against Giuliani and as against Plaintiffs in the event of a sale of the New York apartment or Florida condo under Judge Lane's order, but those rights are separately enforceable under that order. They do not involve issues that would have been litigated in this action. As noted above, GDR also does not demonstrate it has an interest in this action that would be impaired by its disposition or one that is not adequately protected by the parties. Finally, intervention would unduly delay or prejudice the rights of the parties. If GDR was "permitted to intervene at this late date, there is no question that the settlement . . . would be jeopardized." *Farmland Dairies v. Commissioner of New York State Dept. of Agriculture & Markets*, 847 F.2d 1038, 1044 (2d Cir. 1988); *see also In re NASDAQ Market-Makers Antitrust Litig.*, 184 F.R.D. 506, 514–15 (S.D.N.Y. 1999) (same; citing cases).

The motion for intervention is denied.

SO ORDERED.

Dated: February 19, 2025
New York, New York

LEWIS J. LIMAN
United States District Judge