**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

March 4, 2025

**VIA ECF**

Hon. Sean H. Lane
United States Bankruptcy Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   In re Rudolph W. Giuliani, No. 23-12055 (SHL)

Dear Judge Lane:

This firm represents Ruby Freeman and Wandrea' ArShaye Moss (the "Freeman Plaintiffs") in connection with the above-captioned matter. The Freeman Plaintiffs respectfully submit this letter in response to the letters filed by Global Data Risk, LLC ("GDR") (ECF Nos. 323, 324), and to request that the Freeman Plaintiffs be excused from the March 11, 2025 conference in this matter, as they no longer have any interest in this matter. The United States Trustee does not object to this request. Counsel for GDR has stated that GDR takes no position on this request, stating that it is "fine" if the Freeman Plaintiffs attend the conference and "OK" if the Freeman Plaintiffs do not attend, and has further requested that if any party is permitted to appear remotely then all parties be permitted to appear remotely. Counsel for the Freeman Plaintiffs have attempted to confer with counsel for Mr. Giuliani to obtain his position but has not received a response.

As the Court is aware, GDR has sought a conference with the Court to discuss issues relating to payment of the Stub Professional Fee Amount (as defined in this Court's Order of August 2, 2024, ECF No. 309). The Court has scheduled such a conference for March 11, 2025, and directed counsel for all parties to appear in person. ECF No. 325.

On February 24, 2025, the Freeman Plaintiffs filed satisfactions of judgment in the United States District Court for the District of Columbia and in each jurisdiction where that judgment had been registered pursuant to 28 U.S.C. § 1963. *See Freeman v. Giuliani*, No. 21-cv-3354 (D.D.C. Feb. 24, 2025), ECF No. 167; *see also Freeman v. Giuliani*, No. 24-mc-353 (S.D.N.Y. Feb. 24, 2025), ECF No. 260; *Freeman v. Giuliani*, No. 24-mc-22979 (S.D. Fla. Feb. 25, 2025), ECF No. 3. The Freeman Plaintiffs also filed, jointly with Mr. Giuliani, stipulations dismissing the enforcement actions previously pending in this District. *Freeman v. Giuliani*, No. 24-mc-353 (S.D.N.Y. Feb. 24, 2025), ECF No. 262; *Freeman v. Giuliani*, No. 24-cv-6563 (S.D.N.Y. Feb. 24, 2025), ECF No. 220. On February 25, 2025, the United States District Court for the Southern District of New York dissolved the receivership that had previously been created to liquidate certain of Mr. Giuliani's assets. *Freeman v. Giuliani*, No. 24-mc-353 (S.D.N.Y. Feb. 25, 2025), ECF No. 263.

March 4, 2025
Page 2

As reflected in those filings, the Freeman Plaintiffs' judgment against Mr. Giuliani has been satisfied. The Freeman Plaintiffs are no longer judgment creditors or lienholders with respect to Mr. Giuliani, no longer serve as receivers with respect to any property of Mr. Giuliani, will have no role in any sale of any of Mr. Giuliani's property that may occur, and will not "receive proceeds from any sale" of either of Mr. Giuliani's residential properties. ECF No. 309, ¶ 10. Accordingly, the conditions specified in the Court's Dismissal Order that would trigger an obligation on the part of the Freeman Plaintiffs with respect to the Stub Professional Fee Amount will not occur and, consistent with the terms of the Court's August 2, 2024 Order, the Freeman Plaintiffs will have no role in the implementation of that Order or in the payment of the Stub Professional Fee Amount. *See id.* ("*If* the Freeman Plaintiffs receive proceeds from any sale of the NYC Apartment or the Florida Condo prior to GDR's receipt of its allowed fees and expenses in full, *then* the Freeman Plaintiffs shall, and agree to, pay the Stub Professional Fee Amount from any sale proceeds of the NYC Apartment or Florida Condo that are received by, and would otherwise be payable to, the Freeman Plaintiffs.") (emphases added).

In short, the Freeman Plaintiffs no longer have any interest or role in what remains of these proceedings. For these reasons, the Freeman Plaintiffs respectfully request that attendance at the March 11, 2025 conference be excused, or in the alternative that counsel the Freeman Plaintiffs be permitted to attend via Zoom (rather than in-person), should the Court have any further questions for the Freeman Plaintiffs.

The United States Trustee does not object to this request. Counsel for GDR has stated that GDR takes no position on this request, stating that it is "fine" if the Freeman Plaintiffs attend the conference and "OK" if the Freeman Plaintiffs do not attend, and has further requested that if any party is permitted to appear remotely then all parties be permitted to appear remotely. Counsel for the Freeman Plaintiffs have attempted to confer with counsel for Mr. Giuliani to obtain his position but has not received a response.

Except as stated above, the Freeman Plaintiffs take no position on the issues raised by GDR's letters to the Court.

Respectfully submitted,

s/ Aaron E. Nathan

cc:  Peter M. Levine, *Counsel for Global Data Risk, LLC* (via email)
     Joseph Cammarata, *Counsel for Rudolph W. Giuliani* (via email)